Teresa C. Chow (SBN 237694)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:     310.820.8800
Facsimile:     310.820.8859
Email:         tchow@bakerlaw.com

Attorneys for Defendant
DIRECTTOU, LLC

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HOANG TO, individually and on behalf of all others similarly situated, | **Case No.:** |
| Plaintiff, | *[Removed from Alameda County Superior Court, Case No. 24CV086809]* |
| v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1441, AND 1446** |
| DIRECTTOU, LLC, | |
| Defendant. | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## NOTICE OF REMOVAL

### TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS:

PLEASE TAKE NOTICE that Defendant DirectToU, LLC ("Defendant"), hereby removes to this Court the state action described below, pursuant to 28 U.S.C. §§ 1367(a), 1441, and 1446. In support thereof, Defendant states as follows:

### I.      PROCEDURAL BACKGROUND AND ALLEGATIONS

1.      On August 12, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Alameda, entitled *Jonathan Hoang To, individually and on behalf of all others similarly situated, v. DirectToU, LLC*, Case No. 24CV086809 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A**.

2.      The Complaint alleges a federal claim under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and state law claims under California Civil Code § 1799.3 and California Business and Professional Code § 17200 *et seq.*

3.      In accordance with 28 U.S.C. § 1446(a), in addition to the above-referenced Exhibit A, Defendant attaches to this Notice of Removal the following documents, which are all the process, pleadings, and orders served upon Defendant and/or filed in the State Court Action, prior to the instant Notice of Removal:

        a.  Civil Case Cover Sheet, attached hereto as **Exhibit B;**

        b.  Summons on Complaint ("Summons"), attached hereto as **Exhibit C;**

        c.  Proof of Service of Summons, attached hereto as **Exhibit D;**

        d.  Notice of Case Management Hearing, attached hereto as **Exhibit E;** and

        e.  Tentative Ruling (Complex Determination Hearing), attached hereto as **Exhibit F.**

### II.      TIMELINESS OF REMOVAL

4.      On August 15, 2024, Plaintiff served Defendant with the Summons and Complaint.

5.      Notice of removal is timely if it is filed within 30 days after service of the complaint or summons. *See* 28 U.S.C. § 1446(b).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6. Defendant's Notice of Removal is timely because it is filed within 30 days of service of process.

III. **FEDERAL QUESTION JURISIDICTION**

A. **This Court Has Original Jurisdiction Over Plaintiff's VPPA Claim.**

7. Plaintiff's first cause of action pled in his Complaint is for violation of the VPPA, 18 U.S.C. § 2710.

8. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In addition, even if a plaintiff asserts one or more claims that are not subject to removal, an entire civil action may be removed if it includes at least one removable claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c).

9. Because Plaintiff has asserted a federal claim arising under the VPPA, this Court has original jurisdiction under 28 U.S.C. § 1331 and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

B. **This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

10. District courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. This Court has supplemental jurisdiction over Plaintiff's two state law claims, pursuant to 28 U.S.C. § 1367(a), as these claims arise out of the same case or controversy and nucleus of operative facts.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**IV.    THE CLASS ACTION FAIRNESS ACT PROVIDES AN ALTERNATIVE, INDEPENDENT BASIS FOR REMOVAL.**

12.    "[A]ny civil action brought in state court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant." 28 U.S.C. § 1441(a). This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") had Plaintiffs initially filed this action in federal court. *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting the procedure for removing class actions).

13.    CAFA gives federal courts original jurisdiction over putative class actions in which (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

14.    Based on the allegations pleaded in the Complaint, which are taken as true for purposes of removal, this action satisfies CAFA's requirements and is removable to this Court. Defendant denies Plaintiffs' factual allegations and further denies that Plaintiff, or the class he purports to represent, are entitled to the requested damages. Defendant opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

**A.    Class Size**

15.    This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

16.    Plaintiff seeks certification of the proposed class under California Code of Civil Procedure § 382, which authorizes "representative actions" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." (Exhibit A, Compl. ¶ 61.)

17.     Plaintiff alleges that the putative class contains "on information and belief, more than one hundred" potential members. (Exhibit A, Compl. ¶ 66.)

18.     Accordingly, this is a putative class action in which the aggregate number of proposed class members exceeds 100 members.

**B.      Minimal Diversity Exists**

19.     Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20.     Upon information and belief, Plaintiff is a citizen of California, (Exhibit A, Compl. ¶ 6), and the class is defined as "All natural persons residing in California who while having a Facebook account, ordered Blu-ray or DVD videos on www.deepdiscount.com during the time the Meta Pixel was active on www.deepdiscount.com," (*Id.* ¶ 62); *Aminiasl v. Volkswagen Grp. of Am., Inc.*, No. CV 23-1186-MWF (AFMx), 2023 WL 3005003, at *2 (C.D. Cal. Apr. 19, 2023) ("Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because 'a person's residence is prima facie evidence of domicile and citizenship.'") (quoting *Lee v. BMW of N.A., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 U.S. Dist. LEXIS 216086, at *2 (C.D. Cal. Dec. 16, 2019); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A defendant's allegations of citizenship may be based solely on information and belief.")

21.     For the purposes of minimal diversity, a limited liability company ("LLC") is a "citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10)

22.     Defendant is an LLC and is organized in Delaware with its principal place of business in Florida. Therefore, Defendant is a citizen of Delaware and Florida.

23.     The minimal diversity requirement is met because at least one putative class member is diverse from Defendant.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### C.   Amount in Controversy

24.   CAFA permits courts to aggregate the claims of the individual putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

25.   Where a class action complaint does not expressly allege that more than $5 million is in controversy, "the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal." *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)

26.   Plaintiffs seek attorney fees, costs, and injunctive relief, all of which further contribute to an amount in controversy exceeding $5 million. See *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorney fees included in determining amount in controversy); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (noting amount in controversy may include cost of complying with an injunction).

27.   Plaintiff alleges the damages purportedly suffered by him and the putative class are extensive. Plaintiff requests liquidated damages of $2,500 per violation of the VPPA and "reasonable attorneys' fees, other litigation costs, injunctive and declaratory relief, and ***punitive damages*** in an amount to be determined by a jury and sufficient to prevent and deter the same or similar conduct by DeepDiscount in the future." (Exhibit A, Compl. ¶ 80); liquidated damages of $500 per violation of the Cal. Civ. Code § 1799.3 (*id.* ¶ 104); and extensive injunctive relief and restitution under the UCL (*id.* ¶¶ 105-06). It stands to reason that Plaintiff is plausibly seeking amounts in excess of $5,000,000 in damages and/or other relief related to the individual and proposed class-wide claims.

28.   Defendant does not concede, however, that Plaintiff or any putative class member is entitled to any damages or other relief or concede that Defendant is liable for any conduct alleged in this action.

NOTICE OF REMOVAL

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**D.     CAFA Exceptions**

29.     This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9) or 28 U.S.C. § 1453(d).

**V.     VENUE**

30.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a) because the Complaint was filed in Alameda County, a county within this District, and this is the judicial district in which the action arose.

31.     Assignment to the San Francisco Division or the Oakland Division is appropriate under Civil Local Rule 3-2(d) because this action arose in the County of Alameda.

**VI.    NOTICE TO THE STATE COURT AND TO PLAINTIFF**

32.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of California, County of Alameda, pursuant to 29 U.S.C. § 1446(d).

**PRAYER FOR REMOVAL**

WHEREFORE, Defendant respectfully requests that the above action now pending in the Superior Court of California, County of Alameda, be removed to the United States District Court for the Northern District of California.

Dated:    September 12, 2024         Respectfully submitted,

BAKER & HOSTETLER LLP

By: _____
    Teresa C. Chow

Attorneys for Defendant
DIRECTTOU, LLC

NOTICE OF REMOVAL

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pblandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**08/12/2024 at 10:20:22 AM**
By: Damaree Franklin,
Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | Case No. **24CV086809**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of the Video Privacy Protection Act (18 U.S.C. § 2710);**<br><br>**(2) Violation of Cal. Civ. Code § 1799.3; and**<br><br>**(3) Violation of Business & Professional Code §§ 17200 et seq. (UCL).**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jonathan Hoang To alleges the following based upon personal knowledge, or, where applicable, information, belief, and the investigation of counsel:

## NATURE OF THE ACTION

1.            This is a privacy class action lawsuit brought under California Code of Civil Procedure § 382 against Defendant DirectToU, LLC ("Defendant" or "DeepDiscount") seeking statutory damages, civil penalties, restitution, disgorgement of profits, declaratory relief, public injunctive relief, and reasonable attorney's fees and costs pursuant to the Video Privacy Protection Act, 18 U.S.C. § 2710 (the "VPPA"), Cal. Civ. Code § 1799.3, and Cal. Business & Professions Code §§ 17200 ("UCL").

2.        DeepDiscount develops, owns and operates a a website www.deepdiscount.com that sells DVD and Blu-ray videos to customers in the U.S. and internationally.[1]  The website features over three hundred thousand (300,000) prerecorded DVD and Blu-ray videos.[2] As DeepDiscount states on its website, "DeepDiscount.com is dedicated to providing heavily discounted prices when shopping for DVDs, Blu-rays, CDs and Vinyl online."[3]

3.        Despite its clear legal obligations under the federal and California law, Defendant knowingly and intentionally discloses its customers' personally identifiable information— including a record of every DVD or Blu-ray video they purchased ("Personally Identifiable Information" or "PII")—to a third party, Meta Platforms Inc. (formerly known as Facebook) ("Meta" or "Facebook"), without its customers' consent.

4.        Federal law recognizes, through the Video Privacy Protection Act ("VPPA"), that our video-viewing habits are intimately private. The law accordingly requires companies that sell, rent, or offer subscriptions to prerecorded videos to maintain their customers' privacy and prohibits, among other things, the knowing disclosure of customers' video choices to any third party without the customers' specific advance written consent.

---

[1] *See* https://www.deepdiscount.com (Last visited August 12, 2024)

[2] *See* https://www.deepdiscount.com/search (Last visited August 12, 2024).

[3] *See* https://www.deepdiscount.com/about-us (Last visited August 12, 2024.

5.      The California Constitution similarly recognizes that all people are by nature entitled to a right to privacy.[4] Cal. Civ. Code § 1799.3 accordingly prohibits video sellers or renters from disclosing "any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is subject of the record, without the written consent of that individual."[5]

## PARTIES

6.      Plaintiff Huang To is, and has been at all relevant times, a resident of Los Angeles, California. In or about May 15, 2023, Plaintiff purchased three movies from www.deepdiscount.com. Throughout the time that Plaintiff purchased prerecorded DVDs and Blu-rays on Defendant's website, he has had a Facebook account.

7.      Defendant DirectToU, LLC is a Delaware Limited Liability Company, based in Plantation, Florida.

## JURISDICTION

8.      This Court has jurisdiction over Plaintiff's claim pursuant to 18 U.S.C. § 2710.

9.      This Court has jurisdiction over Plaintiff's claim pursuant to Cal. Civ. Code § 1799.3.

10.      This Court has jurisdiction over Plaintiff's claims for restitution, disgorgement or profits, and public injunctive relief pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq.

11.      This Court has personal jurisdiction over the parties because Defendant has continuously and systematically conducted business in the State of California, and Defendant directs substantial business activity, including the shipping of DVD's and Blu-rays, into California. Likewise, Plaintiff is a California resident whose rights were violated in the State of California as a result of his contact with Defendant from and within California.

///

///

## VENUE

---

[4] Ca. Const., art. I, § 1.
[5] *See* Cal. Civ. Code § 1799.3(a).

COMPLAINT
3

12.     Venue is proper in the County of Alameda pursuant to Cal. Code Civ. Proc. § 395(a) and § 395.5, because Defendant does not reside in California and has not designated any principal place of business in California and may therefore be sued in any county.

## FACTUAL BACKGROUND

### I.     DeepDiscount Provides Video Tape Services to Plaintiff and Its Other Customers.

13.     DeepDiscount operates a DVD and Blu-ray sales website (www.deepdiscount.com), on which consumers can purchase prerecorded videos on DVD and Blu-ray formats.[6]

14.     DeepDiscount's website offers  hundreds of thousands of pre-recorded videos for sale.

15.     Once a customer purchases a DVD or Blu-ray video, Defendant ships the purchased DVD or Blu-ray to the customer.[7]

16.     Thus, Defendant is a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4) because it is engaged in the business of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials."

17.     And, Plaintiff and other customers are "consumers" within the meaning of 18 U.S.C. § 2710(a)(1) because they are "subscriber[s] of goods or services from a video tape service provider."

18.     Defendant is also a "person providing video recording sales or rental services" within the meaning of Cal. Civ. Code § 1799.3(a), because it is engaged in the business of "providing video recording sales or rental services."

19.     And, Plaintiff and other customers are "person[s] who is the subject of the records" under Cal. Civ. Code § 1799.3(c).

---

[6] See https://www.deepdiscount.com/movies (last visited on August 12, 2024).

[7] See https://www.deepdiscount.com/checkout (last visited August 12, 2024).

## II.      **DeepDiscount Maintains a Meta Pixel on Its Website**

20.      On information and belief, Defendant first implemented the Meta Pixel on its website beginning in or about November 2016 and continues to maintain the Meta Pixel on its website at present.

21.      According to the FTC: "Pixel tracking can be monetized in several ways. One way to monetize pixel tracking is for companies to use the tracking data collected to improve the company's own marketing campaigns. The data can be used to target more specific audiences with ads and other marketing messages. Another is that companies can monetize the data collected by further optimizing their own ad targeting systems and charging other companies to use its advertising offerings."[8]

22.      Meta, which operates Facebook and was called Facebook, Inc. until changing its name in January 2022, is the world's largest social media company. Meta reported having 2.04 billion daily active users as of March 2023,[9] and reported $116.61 billion in revenue in fiscal year 2022.[10]

23.      Meta's current revenue, as well as its revenue when the company was called Facebook, Inc., has been derived almost entirely from selling targeted advertising to Facebook users, users of its family of apps including Instagram, and internet users on non-Facebook sites that integrate Meta marketing source code on their websites. Meta reported in Fiscal Year 2022 that its revenue from advertising was over $113 billion and Meta stated that it "generated substantially all of our revenue from selling advertising placements on our family of apps to marketers."[11] In its 10k

---

[8] *See* https://www.ftc.gov/policy/advocacy-research/tech-at-ftc/2023/03/lurking-beneath-surface-hidden-impacts-pixel-tracking (citing M. Eddy. "How Companies Turn Your Data Into Money." PC Mag. October 10, 2018. https://www.pcmag.com/news/how-companies-turn-your-data-into-money) (last visited June 13, 2023.)

[9] Meta Reports First Quarter 2023 Results, https://s21.q4cdn.com/399680738/files/doc_news/Meta-Reports-First-Quarter-2023-Results-2023.pdf
[10] Meta Reports Fourth Quarter and Full Year 2022 Results, 2/1/23, https://s21.q4cdn.com/399680738/files/doc_financials/2022/q4/Meta-12.31.2022-Exhibit-99.1-FINAL.pdf (last visited 6/6/2023).
[11] Meta, SEC 10k filing for the Fiscal Year Ending Dec. 31, 2022, https://www.sec.gov/Archives/edgar/data/1326801/000132680123000013/meta-20221231.htm (last visited June 19, 2022).

filing covering the fiscal year 2018, Facebook similarly admitted that, "We generate substantially all of our revenue from selling advertising placements to marketers."[12]

24.      Facebook describes itself as a "real identity platform,"[13] meaning users are allowed only one account and must share "the name they go by in everyday life."[14]  Therefore, when users create an account, they must provide their first and last name, along with their birthday and gender. [15]

25.      Facebook sells advertising space by highlighting its ability to target users.[16] Facebook can target users so effectively because it surveils user activity both on and off its site.[17] This allows Facebook to make inferences about users beyond what they explicitly disclose, like their "interests," "behavior," and "Connections".[18] Facebook complies this information into a generalized dataset called "Core Audiences", which advertisers use to apply highly specific filters and parameters for their targeted advertisements.[19]

26.      Advertisers can also build "Custom Audiences."[20] Custom Audiences enable advertisers to reach "people who have already shown interest in [their] business, whether they're loyal customers or people who have visited [their] website."[21]  Advertisers can use a Custom Audience to target existing customers directly, or they can use it to build a "Lookalike Audiences," which "leverages information such as demographics, interests, and behavior from your source

---

[12] Facebook, SEC 10k filing for the Fiscal Year Ending Dec. 31, 2018.
https://www.sec.gov/Archives/edgar/data/1326801/000132680119000009/fb-12312018x10k.htm.
[13] Sam Schechner and Jeff Horwitz, *How Many Users Does Facebook Have? The Company Struggles to Figure It Out*, WALL. ST. J. (Oct. 21, 2021).
[14] FACEBOOK, COMMUNITY STANDARDS, PART IV INTEGRITY AND AUTHENTICITY,
https://www.facebook.com/communitystandards/integrity_authenticity.
[15] FACEBOOK, SIGN-UP, http://www.facebook.com/
[16] FACEBOOK, WHY ADVERTISE ON FACEBOOK, https://www.facebook.com/business/help/205029060038706.
[17] FACEBOOK, ABOUT FACEBOOK PIXEL,
https://www.facebook.com/business/help/742478679120153?id=1205376682832142.
[18] FACEBOOK, AD TARGETING: HELP YOUR ADS FIND THE PEOPLE WHO WILL LOVE YOUR BUSINESS,
https://www.facebook.com/business/ads/ad-targeting.
[19] FACEBOOK, EASIER, MORE EFFECTIVE WAYS TO REACH THE RIGHT PEOPLE ON
FACEBOOK,https://www.facebook.com/business/news/Core-Audiences.
[20] FACEBOOK, ABOUT CUSTOM
AUDIENCES,https://www.facebook.com/business/help/744354708981227?id=2469097953376494
[21] FACEBOOK, ABOUT EVENTS CUSTOM
AUDIENCE,https://www.facebook.com/business/help/366151833804507?id=300360584271273.

audience to find new people who share similar qualities."[22] Unlike Core Audiences, Custom Audiences require an advertiser to supply the underlying data to Facebook. They can do so through two mechanisms: by manually uploading contact information for customers, or by utilizing Facebook's "Business Tools," which collect and transmit the data automatically.[23] One such Business Tool is the Meta Tracking Pixel.

27.     The Meta Tracking Pixel is a piece of code that advertisers, like Defendant, can integrate into their website.  Once activated, the Meta Tracking Pixel "tracks the people and type of actions they take."[24] When the Meta Pixel captures an action, it sends a record to Facebook.  Once this record is received, Facebook processes it, analyzes it, and assimilates it into datasets like the Core Audiences and Custom Audiences.

28.     Advertisers control what actions—or, as Facebook calls it, "events"—the Meta Tracking Pixel will collect along with what pages a visitor views and what buttons a visitor clicks.[25] Advertisers can also configure the Meta Tracking Pixel to track other events.  Meta offers a menu of "standard events" from which advertisers can choose, including what content a visitor views or purchases.[26]

29.     An advertiser can also create their own tracking parameters by building a "custom event."[27]

30.     Advertisers control how the Meta Tracking Pixel identifies visitors. The Meta Tracking Pixel is configured to automatically collect "HTTP Headers" and "Pixel-specific Data."[28]

---

[22] FACEBOOK, ABOUT LOOKALIKE AUDIENCES, https://www.facebook.com/business/help/164749007013531?id=401668390442328.
[23] FACEBOOK, CREATE A CUSTOMER LIST CUSTOM AUDIENCE, https://www.facebook.com/business/help/170456843145568?id=2469097953376494.
[24] FACEBOOK, RETARGETING, https://www.facebook.com/business/goals/retargeting.
[25] See FACEBOOK, FACEBOOK PIXEL, ACCURATE EVENT TRACKING, ADVANCED, https://developers.facebook.com/docs/facebook-pixel/advanced/; see also FACEBOOK, BEST PRACTICES FOR FACEBOOK PIXEL SETUP, https://www.facebook.com/business/help/218844828315224?id=1205376682832142.
[26] FACEBOOK, SPECIFICATIONS FOR FACEBOOK PIXEL STANDARD EVENTS, https://www.facebook.com/business/help/402791146561655?id=1205376682832142.
[27] FACEBOOK, ABOUT STANDARD AND CUSTOM WEBSITE EVENTS, https://www.facebook.com/business/help/964258670337005?id=1205376682832142.
[28] FACEBOOK, FACEBOOK PIXEL, https://developers.facebook.com/docs/facebook-pixel/.

Http Headers collect "IP Addresses, information about web browser, page location, document, [referrer] and persons using the website."[29] Pixel-specific Data includes "the Pixel ID and cookie."[30]

31.     FTC Commissioner Rohit Chopra addressed the harms that can be caused by sharing information with Facebook when he stated in 2019, "Because behavioral advertising allows advertisers to use mass surveillance as a means to their undisclosed and potentially nefarious ends, Facebook users are exposed to propaganda, manipulation, discrimination, and other harms.  . . . Facebook's massive, private, and generally unsupervised network of advertisers has virtually free rein to microtarget its ads based on every aspect of a user's profile and activity. The company's detailed dossiers of private information includes things like a user's location and personal connections, but it also includes the history of everything a user has ever done wherever Facebook is embedded in the digital world."[31]

### III.   DeepDiscount Knowingly and Intentionally Sends Plaintiff's and Other Customers' Personally Identifiable Information (PII) to Meta

32.     As stated above, beginning in or about November 2016 and continuing to the present, Defendant has maintained the Meta Pixel on its website—www.deepdiscount.com—and transmitted Plaintiff's and other customers' personal information or the contents of any record, including [their] sales or rental information," including "information which identifies a person as having requested or obtained specific video materials or services", including their personal identifiers, without their consent, to Meta in accordance with the Meta Pixel's configuration.

33.     When Plaintiff visited www.deepdiscount.com, the Meta Pixel automatically caused the Plaintiff's or other customers' personal identifiers, including IP addresses and the c_user, _fr, _and datr cookies, to be transmitted to Meta, attached to the fact that the Plaintiff/customer had visited the website and the titles of the webpages the Plaintiff/other customer viewed.

---

[29] *See id.*
[30] *See id.*
[31] *See* Dissenting Statement of FTC Commissioner Rohit Chopra, In re Facebook, Inc., Commission File No, 1823109, July 24, 2019.
https://www.ftc.gov/system/files/documents/public_statements/1536911/chopra_dissenting_statement on facebook_7-24-19.pdf.

34.     The cookies that were transmitted as a result of the Meta Pixels that Defendant installed on its website conveyed Plaintiff's and customers' Facebook IDs (through the c_user cookie), which can be used by Facebook and any ordinary person to find the user's real name, the specific and unique web browser from which the customer is sending the communication, and an encrypted combination of the information contained in those two cookies (fr cookie).

35.     DeepDiscount's hosted Meta Tracking Pixel transmits information associated with the Purchase event to Facebook, which is shown in Figure #1 below:[32]

**Figure #1**



36.     The information associated with the Purchase event transmitted to Facebook, permits an ordinary person to identify a specific individual's video purchasing behavior.

37.     When a customer purchases a pre-recorded DVD or Blu-ray video, the Purchase event transmits the Uniform Resource Locator ("URL") accessed, which contains the title ID ("Title ID") of the purchased DVD or Blu-ray, which is shown in Figure #2 below:

---

[32] This data derives from a tool created and offered by Facebook.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Figure #2**



38.     The Title ID of the purchased DVD and/or Blu-ray video can be used to identify the movie by an ordinary person as follows.  The Title ID can be entered into DeepDiscount.com's search bar, and the title of the purchased video is then identified, as shown in Figure #3 below:

**Figure #3**



39.     A visitor who has not logged out of Facebook while purchasing a video on DeepDiscount will transmit the c_user cookie to Facebook. The c_user cookie contains that visitor's unencrypted Facebook ID. When accessing the above video, for example, the Meta Pixel on DeepDiscount's website compels the visitor's browser to send multiple cookies, in addition to the c_user cookie, as shown in Figure #4 below:

**Figure #4**

| Name | Value |
|------|-------|
| c_user | 10000 ███████ ← |
| datr | saFWZXu696kRJfnBDt3cUDkn |
| fr | 12ku163EnBwCtjWps.AWX0k1uyp6JGlDbA... |
| presence | EDvF3EtimeF1717420984EuserFA21B0311... |
| ps_n | 1 |
| sb | saFWZTYcT89vhNpJu_mc48fL |
| usida | eyJ2ZXIiOjEsImlkIjoiQXNlaWFWFpZTNtb2F3Y... |
| xs | 9%3AdXxBtLEXwuwdrA%3A2%3A1716322... |

40.     A Facebook ID, along with the title of the prerecorded video purchased, is PII. Anyone can identify a Facebook profile-and all personal information publicly listed on that profile, including a person's first and last name—by appending the Facebook ID to the end of Facebook.com. For example, Meta CEO Mark Zuckerberg's Facebook ID is four and the URL "www.facebook.com/4" will take you to Mark Zuckerberg's Facebook page.

41.     By compelling a visitor's browser to disclose the c_user cookie alongside event data for videos, DeepDiscount knowingly and intentionally discloses information sufficient for an ordinary person to identify a specific individual's video viewing and purchasing behavior.

42.     When a visitor's browser has recently logged out of Facebook, DeepDiscount compels the browser to send a smaller set of cookies, which are shown in Figure #5 below:

**Figure #5**

| datr | saFWZXu696kRJfnBDt3cUDkn |
|------|---------------------------|
| fr   | 1i1olLNOUTlVrEu8l.AWVb7joBQBKPDnwLnRKM6E94... |

43.     The fr cookie contains, at least, an encrypted Facebook ID and browser identifier.[33] The datr cookies also identifies a browser.[34] Facebook, at a minimum, uses the fr cookies to identify users.[35]

44.     Without a corresponding Facebook ID, the fr cookie contains, at least, an abbreviated and encrypted value that identifies the browser. Upon information and belief, Facebook uses the cookie for targeted advertising.

45.     Facebook, at a minimum, uses the fr and c_user cookies to link Facebook IDs and corresponding Facebook profile.

**IV.     Plaintiff's Experience with DeepDiscount**

46.     In or about 2010, Plaintiff created a Facebook account.

47.     In 2023 and 2024, Plaintiff purchased prerecorded Blu-ray videos on www.deepdiscount.com.

48.     Plaintiff frequently visits www.deepdiscount.com to, among other things, purchase prerecorded DVD and Blu-ray videos.

---

[33] DATA PROTECTION COMMISSIONER, FACEBOOK IRELAND LTD, REPORT OF RE-AUDIT (Sept. 21, 2012), http://www.europe-v-facebook.org/ODPC_Review.pdf.
[34] FACEBOOK, COOKIES & OTHER STORAGE TECHNOLOGIES, https://www.facebook.com/policy/cookies/.
[35] Id.

49.     Plaintiff's default browser is Google Chrome, and he uses Google Chrome to access www.deepdiscount.com.

50.     When Plaintiff purchases videos on www.deepdiscount.com, on information and belief, Defendant discloses to Facebook his Facebook ID, browser identifiers, and other identifying information.

51.     When Plaintiff purchases videos on www.deepdiscount.com, on information and belief, Defendant discloses his Purchase data, which includes the purchases that he makes. This Purchase data, which DeepDiscount transmits through first-party cookies, contains the ID's of prerecorded videos that Plaintiff purchases.

52.     Plaintiff discovered that DeepDiscount surreptitiously collected and transmitted his Personally Identifiable Information in or about April 2024.

## **TOLLING OF THE STATUES OF LIMITATIONS**

53.     Each unauthorized transmission of Plaintiff's and customers' Personally Identifiable Information by Defendant is a separate unlawful act that triggers anew the relevant statute of limitations.

54.     Additionally, any applicable statutes of limitation have been tolled by: (1) the fraudulent concealment doctrine based on Defendant's knowing and active concealment and denial of the facts alleged herein including but not limited to its incorporation of the tracking pixels and devices; and (2) the delayed discovery doctrine, as Plaintiff and customers did not and could not reasonably have discovered Defendant's conduct alleged herein until shortly before the filing of this Complaint. Plaintiff and customers did not discover and could not reasonably have discovered that Defendant was disclosing and releasing their Personally Identifiable Information in the ways set forth in this Complaint until shortly before this lawsuit was filed in consultation with counsel.

55.     The Meta Pixel, and other tracking tools on DeepDiscount's website, were and remain entirely invisible to a website visitor.

56.     Through no fault of their own or lack of diligence, Plaintiff and other customers were deceived and could not reasonably discover Defendant's unlawful conduct. Defendant's

Privacy Policy does not inform Defendant's customers that their Personally Identifiable Information will be disclosed to unauthorized third parties such as Meta as described in this Complaint.

57.     Plaintiff was therefore ignorant of the information essential to pursue his claims, without any fault or lack of diligence on his part.

58.     Defendant has exclusive knowledge that DeepDiscount's website incorporates the Meta Pixel, and other tracking tools, and the information those pixels and tools are configured to collect and disclose, and yet Defendant failed and continues to fail to disclose to its website visitors, including Plaintiff and other customers, that by interacting with DeepDiscount's website their PII would be disclosed to, released to, or intercepted by Meta and other unauthorized third parties.

59.     Under the VPPA and California law, Defendant was and continues to be under a duty to disclose the nature, significance, and consequences of its collection and treatment of website visitors' and customers' PII. However, to date, Defendant has not conceded, acknowledged, or otherwise indicated to DeepDiscount's customers and other website visitors that DeepDiscount discloses or releases their PII to unauthorized third parties. Accordingly, Defendant is estopped from relying on any statute of limitations.

60.     Moreover, all applicable statutes of limitation have also been tolled pursuant to the discovery rule.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.

62.     Pursuant to Code of Civil Procedure § 382, Plaintiff seeks to represent the following Class (members of which are collectively referred to herein as "Class Members"):

> All natural persons residing in California who while having a Facebook account, ordered Blu-ray or DVD videos on www.deepdiscount.com during the time the Meta Pixel was active on www.deepdiscount.com.

63.     Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, the members of their immediate families, and Plaintiff's counsel.

64. Plaintiff reserves the right to revise or amend the above Class definition based on the discovery of new information.

65. This action has been brought and may be properly maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiff is a proper representative of the Class.

66. **Numerosity:** The potential members of the proposed Class, as defined and identified herein, are, on information and belief, more than one hundred, and so numerous that joinder of all members of the Class is impracticable.

67. **Typicality:** Plaintiff 's claims are typical of the claims of the Class. Plaintiff has been a customer to DeepDiscount since 2023, he used DeepDiscount's website to purchase DVD's and Blu-ray videos and, as a result, his PII was disclosed to Meta.

68. **Commonality:** Common questions of fact and law exist as to all Class Members and predominate over the questions affecting only individual members of the Class. With respect to the Class Members these common questions include but are not limited to:

(a) Whether Defendant had Meta Pixels embedded on its website that disclosed Class Members' PII to Meta and/or any other unauthorized third party;

(b) Whether Defendant is engaged in the business of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials" and, thus, is a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4);

(c) Whether Class Members are "subscriber[s] of goods or services from a video tape service provider" and, thus, are "consumers" within the meaning of 18 U.S.C. § 2710(a)(1);

(d) Whether Class Members' information collected, disclosed, and shared by Defendant with unauthorized third parties, including Meta, constitutes PII within the meaning of the Video Privacy Protection Act, 18 U.S.C. §§ 2710 *et seq.*;

(e) Whether Defendant obtained "informed, written consent" from Class Members within the meaning of 18 U.S.C. § 2710(b)(2)(b);

(f)      Whether DeepDiscount's acts and practices violated the Video Privacy Protection Act, 18 U.S.C. §§ 2710 et seq.;

(g)      Whether the Class is entitled to liquidated penalties under 18 U.S.C. § 2710(c)(2)(A), as a result of DeepDiscount's conduct;

(h)      Whether the information DeepDiscount disclosed to Meta concerning Class Members' video views and downloads constitutes "personal information or the contents of any record, including sales or rental information, which is prepared or maintain" by DeepDiscount within the meaning of Cal. Civ. Code § 1799.3(a);

(i)      Whether Defendant knowingly and intentionally disclosed Plaintiff's and Class Members' "personal information or the contents of any record, including sales or rental information" to Meta within the meaning of Cal. Civ. Code § 1799.3(a);

(j)      Whether Class Members provided written consent to DeepDiscount's disclosure of their personal information or record contents to Meta within the meaning of Cal. Civ. Code § 1799.3(a);

(k)      Whether DeepDiscount's acts and practices violated Cal. Civ. Code § 1799.3;

(l)      Whether the Class is entitled to civil penalties under Cal. Civ. Code § 1799.3(c), as a result of DeepDiscount's conduct;

(m)      Whether Defendant's acts and practices violated Business and Professions Code §§ 17200, et seq;

(n)      Whether Defendant's acts and practices harmed Plaintiff and Class Members;

(o)      Whether Plaintiff and the Class Members are entitled to an injunction and equitable relief, including but not limited to, restitution and disgorgement of profits; and

(p)      Whether Plaintiff and the Class Members are entitled to damages and other monetary relief, and if so, what is the appropriate amount of damages or other monetary relief; and

(q)     Whether Plaintiff and Class Members are entitled to reasonable attorneys' fees and costs.

69.     **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with those of Class Members, he is not subject to any unique defenses, and has retained competent and experienced counsel that has experience in complex consumer protection class action and cases, as well as sufficient financial and legal resources to prosecute this case on behalf of the Class.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class. Plaintiff and counsel anticipate no difficulty in managing the litigation of this case as a class action.

70.     **Superiority of the Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions of law and fact affecting only individual members of the Class. Class treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

71.     Plaintiff reserves the right to add representatives for the Class, provided Defendant is afforded an opportunity to conduct discovery as to those representatives.

## FIRST CAUSE OF ACTION

### *Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq.*

72.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

73.     The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifying information" concerning any "consumer" to a third party without the "informed, written consent . . . of the consumer" and the opportunity to opt out of disclosures. See generally 18 U.S.C. § 2710.

74.     DeepDiscount is a "video tape service provider" because it is "engaged in the business, in or affecting interstate commerce, of . . . delivery of prerecorded . . . audiovisual materials." 18 U.S.C. § 2710(a)(4).

75.    Plaintiff and Class Members are "consumers" because they are "subscribers" to DeepDiscount's services, each having purchased a video(s) from DeepDiscount's library of pre-recorded videos. 18 U.S.C. § 2710(a)(1).

76.    DeepDiscount discloses "personally identifiable information" of Plaintiff and other Class Members to Meta, and, on information and belief, other unauthorized third parties, because DeepDiscount sends "information which identifies a person as having requested or obtained specific video materials" from DeepDiscount, 18 U.S.C. § 2710(a)(3), specifically the title and/or identity of every video purchased alongside information that would permit an ordinary person to identify the user.

77.    DeepDiscount does not seek, let alone receive, "informed, written consent" from Plaintiff and other Class Members, 18 U.S.C. § 2710(b)(2)(B), and it consequently never provides them the opportunity to withdraw any such consent, 18 U.S.C. § 2710(b)(2)(iii).

78.    DeepDiscount provides Plaintiff's and Class Members' PII to Meta, and, on information and belief, other unauthorized third parties, knowingly. In particular, DeepDiscount installed, embedded, and/or otherwise permitted the presence of the Meta Pixel, on its website and knew that this pixel and tracking tool would gather and disclose the titles and/or identities of prerecorded videos purchased by Plaintiff and Class Members.

79.    By knowingly disclosing Plaintiff's and other Class Members' personal viewing habits, DeepDiscount violates Plaintiff's and other Class Members' statutorily protected right to privacy in their video-viewing habits and activities. See 18 U.S.C. § 2710(c).

80.    As a result of the above-described violations, DeepDiscount is liable to Plaintiff and each Class Member for actual damages in an amount to be determined at trial or, alternatively, for "liquidated damages in an amount of $2,500." 18 U.S.C. § 2710(c)(2)(A). Under the Act, DeepDiscount is also liable for reasonable attorneys' fees, other litigation costs, injunctive and declaratory relief, and punitive damages in an amount to be determined by a jury and sufficient to prevent and deter the same or similar conduct by DeepDiscount in the future.

81.    Plaintiff, on behalf of himself and the Class, seeks relief as further described below.

**SECOND CAUSE OF ACTION**

*Violation of Cal. Civ. Code § 1799.3*

82.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

83.     Cal. Civ. Code § 1799.3(a) prohibits video sellers from disclosing "any personal information or the contents of any record, including sales or rental information, which is prepared or maintained by that person, to any person, other than the individual who is subject of the record, without the written consent of that individual".

84.     DeepDiscount is a "person providing video recording sales or rental services" under Cal. Civ. Code § 1799.3(a) because it is in the business of selling prerecorded videos.

85.     DeepDiscount knowingly and intentionally disclosed information that identified Plaintiff's and Class Members' video DVD and Blu-ray purchase history to Meta, including their Facebook ID's and the title of the videos that Plaintiff and Class Members purchased.

86.     Plaintiffs and Class Members did not consent, in writing or otherwise, to DeepDiscount's disclosure of their video purchases to Meta. DeepDiscount's disclosure of this information to Meta therefore violated Cal. Civ. Code § 1799.3(a).

87.     Plaintiff, on behalf of himself and the Class, seeks relief as further described below.

**THIRD CAUSE OF ACTION**

*Violation oF California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, et seq.*

88.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

89.     The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  California Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.

90.     Defendant's acts, omissions, practices, and non-disclosures as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.

91.     The UCL draws upon various sources of law to establish regulations and standards for business practices within California. Defendant has engaged and continues to engage in business acts and practices that are unlawful because they violate Cal. Civ. Code. § 1799.3 and the VPPA, as set forth in this complaint.

92.     Defendant's acts and practices are also "unfair" in that they are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers. Defendant secretly disclosed, released, and otherwise misused Plaintiff's and other customers' video viewing information, with no corresponding benefit to its affected customers and other website visitors. And, because customers were unaware of Defendant's incorporation of tracking tools into its website and/or that Defendant would disclose and release their video viewing information to unauthorized third parties, they could not have avoided the harm.

93.     Defendant should be required to cease its unfair and/or illegal disclosure of user data. Defendant has reaped and continues to reap unjust profits and revenues in violation of the UCL.

94.     "Actions for relief" under the UCL may be brought by various government officials and "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Bus. & Prof. Code § 17204.

95.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's acts and practices because he would not have paid for Defendant's services had he known that Defendant was disclosing his and other customers' personal identifiers and video viewing information to unauthorized third parties in violation of its legal obligations, social norms, own statements on its website, and reasonable consumer expectations.

96.     To protect consumers from Defendant's unfair and/or unlawful practices, Plaintiff seeks an order from this Court enjoining Defendant from unlawfully disclosing customers' private

information about their personal video-viewing habits and activities to unauthorized third parties without their customers informed and written consent.

97.     Plaintiff lacks an adequate remedy at law because the ongoing harms from Defendant's collection and disclosure of its customers' information must be addressed by public injunctive relief and, due to the ongoing and nature of the harm, the harm cannot be adequately addressed by monetary damages alone.

98.     This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit on the general public.  Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.  Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff also seeks the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Code of Civil Procedure § 1021.5 and other applicable law.

99.     Plaintiff seeks relief as further described below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief and judgement as follows:

100.     An order appointing Plaintiff as the Class Representative;

101.     An order appointing the undersigned attorneys as Class Counsel;

102.     An order declaring that Defendant's conduct violates the statutes referenced herein;

103.     An order awarding Plaintiff and Class Members actual damages but not less than liquidated damages in an amount of $2,500 per Class Member per violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq;

104.     An order awarding Plaintiff and Class Members a civil penalty of $500 per violation pursuant to Cal. Civ. Code § 1799.3(c);

105.     An order restoring to Plaintiff and other Class Members any money and property acquired by Defendant through its wrongful conduct;

106.     An injunction forbidding Defendant from disclosing information about users' video viewing choices to third parties pursuant to 18 U.S.C. § 2710(c)(2)(D) and pursuant to Cal. Bus. & Prof. Code § 17200 et seq.;

107.    An award of reasonable attorneys' fees and costs of suit, including costs of investigation pursuant to 28 U.S.C § 2710(c)(2)(C), Cal. Civ. Proc. § 1021.5 and any other applicable law;

108.    An award of pre- and post-judgment interest as provided by law; and

109.    An award of such other and further relief, at law and in equity, as the nature of this case may require or as this Court deems just and proper.

Respectfully submitted,

Dated: August 12, 2024                    _____/s/ Julian Hammond_____
                                          JULIAN HAMMOND (SBN 268489)
                                          jhammond@hammondlawpc.com
                                          ADRIAN BARNES (SBN 253131)
                                          abarnes@hammondlawpc.com
                                          POLINA BRANDLER (SBN 269086)
                                          pbrandler@hammondlawpc.com
                                          ARI CHERNIAK (SBN 290071)
                                          acherniak@hammondlawpc.com
                                          HAMMONDLAW, P.C.
                                          1201 Pacific Ave, 6th Floor
                                          Tacoma, WA 98402
                                          (310) 807-1666

                                          *Attorneys for Plaintiff and the Putative Class*

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Julian Hammond (SBN 268489)
HammondLaw P.C.1201 Pacific Avenue, Suite 600
Tacoma WA 98402

TELEPHONE NO.: 310.601.6766   FAX NO.: 310.295.2385
ATTORNEY FOR *(Name)*: JONATHAN HOANG TO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
JONATHAN HOANG TO v. DIRECTTOU, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/12/2024 at 10:20:22 AM
By: Damaree Franklin,
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 24CV086809   JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30),
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✓ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* See Attached
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 12, 2024
Julian Hammond
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* American LegalNet, Inc. |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear This Form

# EXHIBIT C

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DIRECTTOU, LLC, a Delaware Limited Liability Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONATHAN HOANG TO, individually and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
08/12/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland CA 94612 | **24CV086809** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HammondLaw, P.C., Julian Hammond, 1201 Pacific Avenue, Suite 600, Tacoma WA 98402; (310)-601-6766

| DATE:<br>*(Fecha)* 08/12/2024 Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* D. Franklin | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Directtou, LLC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 8/15/2024

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.  [Print this form]  [Save this form]  [Clear this form]

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**JULIAN HAMMOND, ESQ.**

HAMMONDLAW , P.C.
1201 PACIFIC AVENUE, SUITE 600
TACOMA, WA 98402

TELEPHONE NO.: 310-601-6766      FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/15/2024 at 11:06:21 AM
By: Carrie Thao,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF      ALAMEDA
STREET ADDRESS:    1225 FALLON STREET
MAILING ADDRESS:   OAKLAND, CA 94612
CITY AND ZIP CODE
BRANCH NAME:       RENE C. DAVIDSON

PLAINTIFF/PETITIONER:    JONATHAN HOANG TO, ET AL.

DEFENDANT/RESPONDENT:    DIRECTTOU, LLC

CASE NUMBER:
24CV086809

**PROOF OF SERVICE OF SUMMONS**

ref No. or File No.

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☒ summons
   - b. ☒ complaint
   - c. ☐ Alternative Dispute Resolution (ADR)) package
   - d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents):* NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE OF E-FILING CONFIRMATION
3. a. Party served *(specify name of party as shown on documents served):*

   DIRECTTOU, LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   THE CORPORATION TRUST COMPANY AS REGISTERED AGENT, ACCEPTED BY: ROBIN HUTT-BANKS (MANAGING AGENT EMPLOYED BY REGISTERED AGENT)
4. Address where the party *was* served:
   1209 ORANGE ST., WILMINGTON, DE 19801
5. I served the party (check proper box)
   - a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 08/15/2024      (2) at *(time):*  11:00 AM
   - b. ☐ **by substituted service. On** *(date):*      at *(time):*-      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). 1 mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.

     (5) ☐ I attach a declaration, **of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER:   JONATHAN HOANG TO, ET AL. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT:   DIRECTTOU, LLC | 24CV086809 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　　(1) on (date):　　　　　　　　　　　(2) from (city):

　　　　(3) ☐　with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. proc., § 415.30.)

　　　　(4) ☐　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d. ☐　by other means (specify means of service and authorizing code section):

　　　　☐　Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
　　a. ☐　as an individual defendant.
　　b. ☒　as the person sued under the fictitious name of (specify):
　　c. ☐　as occupant.
　　d. ☒　On behalf of (specify):　　DIRECTTOU, LLC
　　　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.1 0 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 Joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: ___LLC___ |

7. Person who served papers
　　a. Name:　　KEVIN S. DUNN
　　b. Address:　　PO BOX 1360, WILMINGTON, DE 19899
　　c. Telephone number:　302-475-2600
　　d. The fee for service was: $
　　e. I am:
　　　　(1) ☒　not a registered California process server.
　　　　(2) ☐　exempt from registration under Business and Professions Code section 22350(b).
　　　　(3) ☐　a registered California process server:
　　　　　　(i) ☐　owner　☐　employee　☐　independent contractor.
　　　　　　(ii) Registration No.:
　　　　　　(iii) County:

8. ☒　I declare under penalty of perjury under the laws of the State of California that the foreqoinq is true and correct.

　　or

9. ☐　I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:　　08/15/2024

KEVIN S. DUNN
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶　　(SIGNATURE)

PROOF OF SERVICE OF SUMMONS

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

08/12/2024

Chad Finke, Executive Officer/Clerk of the Court

By: _____ Deputy

D. Franklin

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Jonathan Hoang To

DEFENDANT:
DirectToU, LLC, a Delaware Limited Liability Company

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
24CV086809

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/10/2024   Time: 8:30 AM   Dept.: 21
>
> Location: Rene C. Davidson Courthouse
>            Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>08/12/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>Jonathan Hoang To | |
| DEFENDANT/RESPONDENT:<br>DirectToU, LLC, a Delaware Limited Liability Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV086809 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Julian Hammond
HAMMONDLAW PC
1201 Pacific Ave Suite 600
Tacoma, WA 98402

Chad Finke, Executive Officer / Clerk of the Court

Dated: 08/12/2024                    By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT F

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

### 24CV086809: TO vs DIRECTTOU, LLC, A DELAWARE LIMITED LIABILITY COMPANY
### 09/11/2024 Complex Determination Hearing in Department 21

Tentative Ruling - 08/27/2024 Noël Wise

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA**

**24CV086809: TO vs DIRECTTOU, LLC, A DELAWARE LIMITED LIABILITY
COMPANY**
**09/11/2024 Complex Determination Hearing in Department 21**

or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this
order.

The Case will be reassigned to a Complex Overflow Department.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

PLEASE NOTE: This tentative ruling will become the ruling of the court if uncontested by
04:00pm the day before your hearing. If you wish to contest the tentative ruling, then both notify
opposing counsel directly and the court at the eCourt portal found on the court's website:
www.alameda.courts.ca.gov.

If you have contested the tentative ruling or your tentative ruling reads, "parties to appear,"
please use the following link to access your hearing at the appropriate date and time:
https://alameda-courts-ca-gov.zoomgov.com/my/department21 . If no party has contested the
tentative ruling, then no appearance is necessary.

## CERTIFICATE OF SERVICE

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Montgomery Street, Suite 3100, San Francisco, CA 94111-2806.  On September 12, 2024, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1441, AND 1446**

☑ **By EMAIL** by electronically transmitting a copy of the document listed above via email to the address(es) as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

☑ **By FIRST-CLASS MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By PERSONAL SERVICE:** by causing to be served on all other parties to this action by requesting that a messenger from Express Network deliver true copies of the above-named documents, enclosed in sealed envelopes addressed as indicated above.

☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on September 12, 2024, at San Francisco, California.

_Michael Folger_
_____
Michael Folger

NOTICE OF REMOVAL

1

## SERVICE LIST

| | |
|---|---|
| JULIAN HAMMOND<br>ADRIAN BARNES<br>POLINA BRANDLER<br>ARI CHERNIAK<br>HAMMONDLAW, P.C.<br>1201 Pacific Ave, 6th Floor<br>Tacoma, WA 98402<br>(310) 601-6766 (Office)<br>(310) 295-2385 (Fax)<br>Email:  acherniak@hammondlawpc.com<br>pbrandler@hammondlawpc.com<br>abarnes@hammondlawpc.com<br>jhammond@hammondlawpc.com<br><br><br>*Attorneys for Plaintiff* | |

Baker & Hostetler LLP<br>Attorneys at Law<br>Los Angeles

NOTICE OF REMOVAL