EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JONATHAN HOANG TO, individually and
on behalf of others similarly situated,

    Plaintiff,

    v.

DIRECTTOU, LLC,

    Defendant.

Case No. 3:24-cv-06447-WHO

### CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into between and among (i) Plaintiff Jonathan Hoang To ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant DirectToU, LLC ("Defendant"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

### RECITALS

WHEREFORE, this putative class action was filed on or about August 12, 2024, in the Superior Court for the State of California, County of Alameda, and subsequently removed to the U.S. District Court for the Northern District of California on or about September 12, 2024. The material allegations of the complaint center on Defendant's alleged disclosure to third parties of information which identifies a person as having requested or obtained specific video materials or

services, allegedly without permission in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 et seq. (the "VPPA") and California laws;

WHEREFORE, after the filing, the Parties discussed the prospect of resolution;

WHEREFORE, in order to competently assess their relative negotiating positions, the Parties exchanged information, including on issues such as the size of the putative class, and certain facts related to the strength of Defendant's defenses. Given that the information exchanged was similar to the information that would have been provided in formal discovery related to the issues of class certification and summary judgment, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses;

WHEREFORE, at all times, Defendant and Released Parties (defined below) have denied and continue to deny any wrongdoing whatsoever and have denied and continue to deny that they committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any statements and negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever;

WHEREFORE, Plaintiff believes that the claims asserted in the Action against Defendant have merit. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel

also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement;

NOW, THEREFOR, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties and the Settlement Class from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    "Action" means *Jonathan Hoang To v. DirectToU, LLC*, originally filed in the Superior Court for the State of California as Case No. 24CV086809 and subsequently removed to the U.S. District Court for the Northern District of California as Case No. 3:24-cv-06447.

**1.2** "Approved Claim" means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is personally signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

**1.3** "Claim Form" means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment, shall be available in electronic and paper format in the manner described below.

**1.4** "Claims Deadline" means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as sixty (60) days after issuance of Notice (as defined in Section 1.17 below). The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.5** "Class Counsel" means Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C.

**1.6** "Class Representative" means that named Plaintiff in this Action, Jonathan Hoang To.

**1.7** "Court" means the U.S. District Court for the Northern District of California.

**1.8** "Defendant" means DirectToU, LLC.

**1.9** "Defendant's Counsel" means Joel Griswold and Bonnie Keane DelGobbo of Baker & Hostetler LLP.

**1.10** "Defendant's Website" means any U.S. website, application, program, and/or software presently or previously owned, managed, controlled, or operated by or on behalf of Defendant.

**1.11** "Effective Date" means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.12** "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation or a federally insured credit union insured by the National Credit Union Share Insurance Fund. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of thirty (30) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

**1.13** "Fee Award" means the amount of attorney fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.14** "Final" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all

deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.15** "Final Approval Hearing" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the Incentive Award to the Class Representative.

**1.16** "Final Judgment" means the Final Judgment and Order to be entered by the Court in a form that is mutually agreeable to the Parties approving the Agreement after the Final Approval Hearing and dismissing the Action with prejudice.

**1.17** "Incentive Award" means the incentive/service award for the Class Representative as approved by the Court, as set forth in Paragraph 8.3.

**1.18** "Notice" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process and is substantially in the form of Exhibits B and C hereto.

**1.19** "Notice Date" means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than sixty (60) days after Preliminary Approval.

**1.20** "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as thirty (30) days after the Notice Date, or such other date as ordered by the Court.

1.21    "Operative Complaint" means the First Amended Complaint filed on October 1, 2024.

1.22    "Plaintiffs" means Jonathan Hoang To and the Settlement Class Members.

1.23    "Preliminary Approval" means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.24    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.25    "Released Claims" means any and all actual, potential, filed, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations, whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures relating to or arising out of the collection of information and/or the sharing of information with third parties which identifies a person as having requested or obtained specific video materials or services, including all claims that were alleged or brought or could have been alleged or brought in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

1.26    "Released Parties" means Defendant DirectToU, LLC as well as any and all of each of their respective present or past heirs, executors, estates, administrators, predecessors,

successors, assigns, direct or indirect parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managers, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, owners, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations, and each of their respective aforementioned persons and entities .

1.27    "Releasing Parties" means Plaintiff and those Settlement Class Members who do not timely opt out of the Settlement Class, and anyone asserting an interest by, through, or on behalf of them.

1.28    "Settlement Administration Expenses" means up to one hundred twenty-five thousand dollars ($125,000.00) in expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services. The Settlement Administration Expenses shall be paid out of the Settlement Fund.

1.29    "Settlement Administrator" means a reputable settlement administration company that has been selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

1.30    "Settlement Class" means all persons who reside in the United States, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the

"Settlement Class" are all persons who reside in California, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.31**    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

a.    "Settlement Fund" means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of one million seven hundred fifty thousand dollars ($1,750,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any Incentive Award to the Class Representative, and any Fee Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above- listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax

filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may

be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary

obligations under this Agreement. In no event shall Defendant's total monetary obligation with

respect to this agreement exceed $1,750,000.00 USD, plus the interest earned on such income,

except that if the class size increases by more than 5% above 291,128, the Settlement Fund will

increase proportionally (*i.e.*, if the Class size is 7% more than 291,128, the Settlement Fund will

increase by 2%).

**2.      SETTLEMENT RELIEF.**

 **2.1      Payments to Settlement Class Members.**

  **(a)**      Defendant shall pay or cause to be paid into the Escrow Account the amount

of the Settlement Fund ($1,750,000 USD), as specified in Paragraph 1.32 of this Agreement, within

fourteen (14) days after entry of the Final Judgment. No appeal shall affect the timing of this

Paragraph's funding obligation.

  **(b)**      Settlement Class Members shall have until the Claims Deadline to submit

an Approved Claim. Each Settlement Class Member with an Approved Claim shall be entitled to

a *pro rata* portion of the Settlement Fund by electronic payment method approved by the

Settlement Administrator or check after deducting the Settlement Administration Expenses, any

Fee Award, and any Incentive Award, provided that they satisfy the criteria for the cash payment

portion set out in the definition of Approved Claim.

  **(c)**      The Settlement Administrator shall pay from the Settlement Fund all

Approved Claims by (i) electronic payment method approved by the Settlement Administrator or

(ii) check with said checks being sent via first class U.S. mail to the Settlement Class Members

who submitted such Approved Claims. Payments to all Settlement Class Members with Approved Claims shall be made within forty-five (45) days after the Effective Date.

(d)      All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance. To the extent within one-hundred eighty (180) days after the date of issuance of payment any checks issued to a Settlement Class Member are not cashed or there remain residual funds from failed electronic payments, such uncashed check funds and residual funds from failed electronic payments shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution and who received their electronic payments, but only to the extent each Settlement Class Member would receive at least $10.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $10.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible (as determined by the Settlement Administrator or by mutual agreement of the Parties), any uncashed check funds shall, subject to Court approval, revert to a not-for-profit legal aid organization mutually selected by the Parties and approved by the Court.

(e)      Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the Settlement shall pass to the Escrow Account. No money shall be distributed out of the Escrow Account until after the Effective Date has occurred. In the event that the Effective Date does not occur, all money in the Escrow Account will be returned to Defendant, less the amount specified in the amount specified in Paragraph 6.3 of this Agreement.

      **2.2**    **Prospective Relief.** Within 45 days of the Preliminary Approval Order, Defendant will modify the Facebook Pixel settings on Defendant's Website so that specific product information is not shared with Facebook. Additionally, Defendant will not knowingly share information which identifies a person as having requested or obtained specific video materials or services with third parties, except   as permitted by the VPPA. Defendant will remain bound by the obligations in this Paragraph 2.2 unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court or any federal court of appeals). Additionally, solely with respect to customers who provide California addresses to Defendant, Defendant will remain bound by the obligations in this Paragraph 2.2 unless and until Cal. Civ. Code § 1799.3 is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the California Supreme Court).  Nothing herein shall prohibit the use of the Facebook Pixel where the disclosure of information to Facebook does not identify specific video materials that a user has requested or obtained, nor does this Agreement prohibit the sharing of information that would otherwise be permitted under the VPPA (or, solely with respect to customers who provide California addresses, under Cal. Civ. Code § 1799.3).

**3.**    **RELEASE.**

      **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

      **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class

Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.

## 4.    NOTICE TO THE CLASS.

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Settlement Class List*. No later than fourteen (14) days after Preliminary Approval, Defendant shall produce to the Settlement Administrator on a confidential basis an electronic list from its records that includes the names and email addresses, to the extent available, belonging to Persons within the Settlement Class. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information, consistent with the written consent provisions of the VPPA. This electronic document shall be called the "Class List," and shall be provided on a confidential basis directly to the Settlement Administrator. Class Counsel and the Settlement Administrator shall not use the Settlement Class List, or any information contained within it, for any other purposes other than administering the settlement, and shall take reasonable measures to protect the information from any third-party disclosure. Class Counsel and the Settlement Administrator may not use the Class List to send advertisements, solicitations, or communications to the Settlement Class to solicit Class members to retain Class Counsel for any other matters or disputes.

**(b)**    *Direct Notice*. In the event that the Court preliminarily approves the Settlement, no later than the Notice Date, the Settlement Administrator shall send Notice via email

substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

       **(c)**    *Reminder Notice*. Both thirty (30) days prior to the Claims Deadline and seven (7) days prior to the Claims Deadline, the Settlement Administrator shall again send Notice via email substantially in the form attached as Exhibit B (with minor, non-material modifications to indicate that it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List.

       **(d)**    For those emails that bounce back, the Settlement Administrator shall promptly perform an in-depth search for a valid email address and resend the Long-Form Notice to that updated email address.  If the email bounces back again, or no other valid email address can be found, the Settlement Administrator shall mail a post card notice, attached as Exhibit F to the Settlement Class Member's most recent mailing address to the extent a mailing address is available in Defendant's records or can be located by the Settlement Administrator. If the postcard notice is returned to the Settlement Administrator with a forwarding address, it will be automatically re-mailed to the updated address. If the post card Notice is returned without a forwarding address, it will be sent through an advanced address search process in an effort to find a more current address for the record. If an updated address is obtained through the advanced search process, the Settlement Administrator will re-mail the notice to the updated address.

       **(e)**    *Settlement Website.* Within fourteen (14) days from entry of the Preliminary Approval Order, Notice shall be provided on a website which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

    **(f)**    Contact from Class Counsel. Class Counsel, in its capacity as counsel to Settlement Class Members, may from time-to-time contact Settlement Class Members to provide information about the Settlement Agreement and to answer any questions Settlement Class Members may have about the Settlement Agreement.

    4.2    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

    4.3    Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including an attestation under penalty of perjury; (3) all grounds for the objection, including citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement

indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court). No other person may sign on behalf of the objector, including an objector's attorney. The objection must be filed in the U.S. District Court for the Northern District of California, Case No. 3:24-cv-06447, on or before the Objection/Exclusion Deadline.

4.4     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the applicable appellate rules and not through a collateral attack.

4.5     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator as specified in the Notice, providing his/her name and address, his/her signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be

excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. No other person may sign on behalf of the Person seeking exclusion, including the Person's attorney. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. No Settlement Class Member may submit both an objection to the Settlement and a request to be excluded from the Settlement. If any Settlement Class Member submits both an objection to the Settlement and a request to be excluded from the Settlement, the objection will be deemed null and void.

4.6     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1(f) is provided.

4.7     Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties arising from, related to or otherwise concerning in any way the Released Claims.

## 5.     SETTLEMENT ADMINISTRATION.

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator

shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel; including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number

approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      **(d)**    Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

      **5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraphs 1.2 and/or 1.3, above, or is submitted after the Claims Deadline. Subject to practical limitations to be determined by the Settlement Administrator in its sole discretion, each claimant who submits an invalid Claim Form to the Settlement Administrator shall be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

      **5.3**    Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Court for a binding determination.

5.4     In exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

## 6.     TERMINATION OF SETTLEMENT.

6.1     Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice ("Termination Notice"), on or before the Effective Date, to all the other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect, (ii) the Court's refusal to grant final approval of this Agreement in any material respect, (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect, (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2     Subject to Paragraphs 9.1-9.3 below, Defendant shall have the right, but not the obligation, in its sole discretion, to terminate this Agreement by providing written notice to Class Counsel within twenty-five (25) days of the following events: (i) individuals comprising more than five percent (5%) of the Settlement Class in total have timely and validly opted out of and/or objected to the Agreement; or (ii) the Class Representative and his agents, or any other individuals operating at his direction or in coordination with him, or Class Counsel, file or threaten to file any arbitrations or additional lawsuits against Defendant related to the Released Claims at any time prior to Final Judgment.

**6.3**    If Defendant seeks to terminate the Agreement on the basis of 6.2 above, the Parties agree that any dispute as to whether Defendant may invoke section 6.2 to terminate the Agreement that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Court for binding determination. In the event this Agreement is voided, terminated, or canceled due to lack of approval from the Court or any other reason, costs incurred by the Administrator up to the date the Agreement is terminated shall be paid for out of any interest that has accrued on the Settlement Fund. Any remaining costs shall be split evenly between Defendant and Class Counsel.

**6.4**    The Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to the Class Counsel and/or the Incentive Award set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

**7.    PRELIMINARY APPROVAL ORDER AND FINAL JUDGMENT.**

**7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, and C hereto. Defendant shall have no obligation to make separate filings in support of the Motion for Preliminary Approval. The Preliminary Approval Order, which shall be substantially similar to Exhibit D, shall also authorize the Parties, without further approval from the Court, to

agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**   Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant and Released Parties retain all of their objections, arguments, and defenses with respect to class certification and any other issue, and reserve all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Judgment, if the Court's approval is reversed or vacated on appeal, if this this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledges that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated  on appeal, if this Settlement Agreement is terminated as provided herein or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

**7.3**   At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.4**    No later than fourteen (14) before the Final Approval Hearing, Plaintiff shall move the Court for an entry of Final Judgment in a form substantially similar to Exhibit E, which will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)    find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

      **(f)**     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(g)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

      **(h)**     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(i)**     incorporate any other provisions, as the Court deems necessary and just.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**8.1**     Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees of up to 25% of the Settlement Fund, and costs of up to $20,000, subject to Court approval . Class Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

**8.2**    The Fee Award shall be payable from the Settlement Fund within thirty (30) days after the Effective Date, provided all tax I.D. numbers for Class Counsel have been provided to the Settlement Administrator.

**8.3**    Class Counsel intends to file a motion for Court approval of an Incentive Award for the Class Representative, to paid from the Settlement Fund, in addition to any funds the Class Representative stands to otherwise receive from the Settlement. With no consideration having been given or received for this limitation, the Class Representative will seek no more than five thousand dollars ($5,000.00) as an Incentive Award. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund for distribution to eligible Settlement Class Members. Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within thirty (30) days after the Effective Date.

**9.    CONDITIONS    OF    SETTLEMENT,    EFFECT    OF    DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**    The Parties and their counsel have executed this Agreement;

**(b)**    The Court has entered the Preliminary Approval Order;

**(c)**    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and The Final Judgment has become Final, as defined above, or, in the

event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

**9.2**      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the settling parties.

**9.3**      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as if this Agreement had never been entered into. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into

**9.4**      If any Party institutes any legal action or other proceeding against another Party or Parties to enforce this Agreement or to declare rights and/or obligations under this Agreement, the prevailing party will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs incurred in connection with any such action.

**10.    MISCELLANEOUS PROVISIONS.**

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable good-faith efforts to accomplish the foregoing terms and conditions of this Agreement, to secure Final Judgment, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the agreement via Final Judgment.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any statement made,

Docusign Envelope ID: FA1E78D5-642F-4994-B1D1-B4DF46C3613B

act performed, or document executed pursuant to or in furtherance of this Agreement or the settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    is, may be deemed, or shall be used, offered or received against Defendant, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

Docusign Envelope ID: FA1E78D5-642F-4994-B1D1-B4DF46C3618B

     **(d)**     is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

     **(e)**     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

     **10.5**     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

     **10.6**     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

     **10.7**     All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

     **10.8**     This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified

only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.9**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.10**    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.11**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12**    This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**    This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**10.15**   Defendant consents to personal and subject matter jurisdiction in this Court for purposes of implementing and enforcing this Settlement Agreement.

**10.16**   The Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be in writing sent to the undersigned counsel, Joel Griswold and Bonnie Keane DelGobbo of Baker & Hostetler LLP for Defendant and Julian Hammond of HammondLaw, P.C. for Plaintiff and Settlement Class Members, and shall be delivered personally, by courier; by FedEx; by UPS; by US mail that provides tracking information and delivery verification such as, without limitation, Express Mail, Priority Mail, or US mail with a return receipt; or via email. All notices (other than those delivered via email) shall be deemed to have been duly given or made as of the date delivered or if delivery is refused, then as of the date presented. Any notice delivered via email shall be deemed to have been duly given or made as of the date that the sender of the email receives a written confirmation of receipt from the intended recipient (which, if delivered via email, may only be in the form of a non-automated email response). Notices may also be delivered via any other method and shall be deemed duly given or made upon actual receipt by the intended recipient.

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:                              Jonathan Hoang To

                                    By:_____
                                    Jonathan Hoang To, individually and as
                                    Representative of the Class

Dated: 10/23/2024          DirectToU, LLC

                           By: _Bruce Ogilvie_____
                           Name: Bruce Ogilvie
                           Title: Chairman


IT IS SO STIPULATED BY COUSNEL:

Dated:                     HammondLaw, P.C.
                           By:_____
                           Julian Hammond, Class Counsel

Dated:                     Baker & Hostetler LLP
                           By:_____
                           Joel Griswold, Defense Counsel

**10.15** Defendant consents to personal and subject matter jurisdiction in this Court for purposes of implementing and enforcing this Settlement Agreement.

**10.16** The Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17** Where this Agreement requires notice to the Parties, such notice shall be in writing sent to the undersigned counsel, Joel Griswold and Bonnie Keane DelGobbo of Baker & Hostetler LLP for Defendant and Julian Hammond of HammondLaw, P.C. for Plaintiff and Settlement Class Members, and shall be delivered personally, by courier; by FedEx; by UPS; by US mail that provides tracking information and delivery verification such as, without limitation, Express Mail, Priority Mail, or US mail with a return receipt; or via email. All notices (other than those delivered via email) shall be deemed to have been duly given or made as of the date delivered or if delivery is refused, then as of the date presented. Any notice delivered via email shall be deemed to have been duly given or made as of the date that the sender of the email receives a written confirmation of receipt from the intended recipient (which, if delivered via email, may only be in the form of a non-automated email response). Notices may also be delivered via any other method and shall be deemed duly given or made upon actual receipt by the intended recipient.

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:  10/23/2024              Jonathan Hoang To

By:_____
Jonathan Hoang To, individually and as
Representative of the Class

Dated:                          DirectToU, LLC

By:_____
Name:_____
Title:_____

IT IS SO STIPULATED BY COUSNEL:

Dated: 10/23/24                    HammondLaw, P.C.
                                   By:_____
                                   Julian Hammond, Class Counsel

Dated: 10/23/2024 | 4:03 PM PDT    Baker & Hostetler LLP
                                   By: Joel Griswold
                                   Joel Griswold, Defense Counsel

## SCHEDULE OF EXHIBITS

| Exhibit | Name of Document |
|---------|------------------|
| **A** | Settlement Claim Form |
| **B** | Email Notice of Proposed Class Action Settlement |
| **C** | Settlement Website Notice |
| **D** | Proposed Preliminary Approval Order |
| **E** | Proposed Final Approval Order |

## EXHIBIT A

*Jonathan Hoang To v. DirectToU, LLC*

In the U.S. District Court for the Northern District of California
Case No. 3:24-cv-06447

### Settlement Claim Form

| |
|---|
| **If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [_____], or submitted online on or before [_____].** |

Please read the full notice of this settlement (available at WEB ADDRESS) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

> **ONLINE:**    Submit this Claim Form at WEB ADDRESS.
>
> **MAIL**:         **[ADDRESS]**

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

| | |
|---|---|
| | |
| **FIRST NAME** | **LAST NAME** |

| |
|---|
| |

**STREET ADDRESS**

| | | |
|---|---|---|
| | | |
| **CITY** | **STATE** | **ZIP CODE** |

| |
|---|
| |

_____
**EMAIL ADDRESS**

[                                    ]

---

## PART TWO: COMPENSATION

---

You may be entitled to receive a payment if you are a member of the settlement class, you timely submit a valid claim form, and the settlement receives final approval. The payment will be sent in the form of a check, unless otherwise indicated. If you would like payment in a different form, please select **one** of the following options:

☐  **Prepaid Mastercard** – Enter the **email address** where you will receive the Prepaid Mastercard: _____

☐  **Venmo** – Enter the mobile number associated with your Venmo account: _ _ _- _ _ _- _ _ _ _

☐  **Zelle** – Enter the email address or mobile number associated with your Zelle account:

_____

☐  **PayPal** – Enter your PayPal email address: _____

☐  **Physical Check** – Payment will be mailed to the address provided above.

---

## PART THREE: ATTESTATION UNDER PENALTY OF PERJURY

---

I declare under penalty of perjury under the laws of the United States of America that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.

[                              ]        [                              ]

**SIGNATURE**                          **DATE**

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Jonathan Hoang To v. DirectToU, LLC*

**U.S. District Court for the Northern District of California, Case No. 3:24-cv-06447**

**Our Records Indicate You Have Purchased a Video or Videogame or Signed Up to Receive Notices About Videos or Videogames from DirectToU LLC and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that DirectToU LLC ("Defendant") disclosed its customers' personally identifiable information ("PII") to third parties, allegedly without consent in violation of the Video Privacy Protection Act (the "VPPA") and California law. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law. The Court has not determined who is right. Rather, the parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

<u>**Am I a Class Member?**</u> Our records indicate you may be a Class Member. Class Members are all persons who reside in the United States, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

<u>**What Can I Get?**</u> If the settlement is approved by the Court, Defendant will establish a Settlement Fund of $1,750,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund. The Settlement also requires Defendant to modify the Facebook Pixel settings on Defendant's Website so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California, or a California state court of general jurisdiction).

<u>**How Do I Get a Payment?**</u> You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [**here.**] Your payment will come by check unless you elect to receive payment electronically by a prepaid Mastercard, Venmo, Zelle, or PayPal.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator at the following address: [ADD ADDRESS]. Exclusion requests must be postmarked no later than [**objection/exclusion deadline**] and must include your name and address, your signature, the name and number of this case, and a statement that you wish to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than the address designated in this Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. No other person may sign on behalf of the Person seeking exclusion, including the Person's attorney. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit.

Alternatively, you may object to this Settlement. If you intend to object to this Settlement, you must present the objection in writing, which must be personally signed by you, and must include (1) your name and address; (2) an explanation of the basis upon which you claim to be a Settlement Class Member, including an attestation under penalty of perjury that you purchased a video from Defendant's website; (3) all grounds for the objection, including citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court). No other person may sign on your behalf, including your attorney. If you or any of the Objecting Attorneys has objected to any class action settlement where you or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the applicable appellate rules and not through a collateral attack. Your written objection must be filed in the U.S. District Court for the Northern District of California, Case No. 3:24-cv-06447, no later than [**objection/exclusion deadline**].

You may not submit both an objection to the Settlement and a request to be excluded from the Settlement. If you submit both an objection to the Settlement and a request to be excluded from the Settlement, your objection will be deemed null and void.

Specific instructions about how to object to, or exclude yourself from, the Settlement are also available at [**WEB ADDRESS**]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, as more fully described in the Settlement Agreement, your claims against Defendant and the Released

Parties relating to the alleged collection and/or disclosure of your information by or to third parties will be released.

**Who Represents Me?** The Court has appointed lawyers Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. to represent the class. This attorney is called Class Counsel. You will not be charged for these lawyers, they will be paid from the settlement fund. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **[a/p]**.m. on **[Month 00]**, 2025. Any changes to this date or time will be noted on the court docket for this case and on this website. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs, and decide whether to award the Class Representative $_____ from the Settlement Fund for his service in helping to bring and settle this case. Class Counsel is entitled to seek up to 25% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement, go to **[WEB ADDRESS]**; contact the settlement administrator at 1-**[__]**-**[__]**-**[__]** or DirectToU Privacy Settlement Administrator, **[address];** or email Class Counsel at **[EMAIL]**.

## EXHIBIT C

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Jonathan Hoang To v. DirectToU, LLC*, Case No. 3:24-cv-06447

**Our Records Indicate You Have Purchased a Video or Videogame or Signed Up to Receive Notices About Videos or Videogames from DirectToU LLC and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against DirectToU LLC ("Defendant"). The class action lawsuit accuses Defendant of disclosing its customers' personally identifiable information ("PII") to third parties, allegedly without consent in violation of the Video Privacy Protection Act (the "VPPA") and California law. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law, but has agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person who resides in the United States, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval. Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund. The Settlement also requires Defendant to modify the Facebook Pixel settings on Defendant's Website so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California or a California state court of general jurisdiction).

- Read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you do not like the Settlement. |
| **DO NOTHING** | You won't get Your share of the Settlement Fund and You will give up your rights to sue the Defendant and Released Parties about the claims in this case. |

**Your rights and options, and the deadlines to exercise them, are explained in this Notice.**

BASIC INFORMATION

1. **Why was this Notice issued?**

   A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

   The Honorable William H. Orrick of the U.S. District Court for the Northern District of California, is overseeing this case. The case is called *Jonathan Hoang To v. DirectToU, LLC*. The person who has sued is called the Plaintiff. The Defendant is DirectToU, LLC.

2. **What is a class action?**

   In a class action, one or more people called the class representative (in this case, Jonathan Hoang To) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

3. **What is this lawsuit about?**

   This lawsuit claims that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq. ("VPPA") and California law by disclosing personally identifiable information ("PII") to third parties via, allegedly without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendant denies that it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

4.    <u>**Why is there a Settlement?**</u>

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

WHO'S INCLUDED IN THE SETTLEMENT?

5.    <u>**How do I know if I am in the Settlement Class?**</u>

The **Settlement Class** is defined as:

All persons who reside in the United States, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

THE SETTLEMENT BENEFITS

6.    <u>**What does the Settlement provide?**</u>

***Monetary Relief***: Defendant has agreed to create a Settlement Fund totaling $1,750,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys fees and costs and the Class Representative's Incentive Award will also come out of this fund (*see* Question 13).

***Prospective Changes***: In addition to this monetary relief, the Settlement also requires Defendant to modify the Facebook Pixel settings on Defendant's Website so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California, or a California state court of general jurisdiction).

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement.</u> [insert hyperlink]

7.    <u>**How much will my payment be?**</u>

If you are a member of the Settlement Class you may submit a Claim Form to receive a

portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund. Based on historical claim rates, Class Counsel estimates the cash payment to be in the range of $35 to $65, which all depends on how many individuals submit a claim. The actual amount may be higher or lower than those estimates.

8.    <u>**When will I get my Cash Payment and Voucher?**</u>

The hearing to consider the fairness of the settlement is scheduled for [**Final Approval Hearing Date**]. Any changes to this date or time will be noted on the Court docket for this case and on this website. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their cash payment approximately 45 days after the Settlement has been finally approved and any appeals process has expired or is complete. The payment will be made in the form of a check, unless you elect to receive payment by prepaid Mastercard, Venmo, Zelle, or PayPal, and all checks will expire and become void 180 days after they are issued.

**HOW TO GET BENEFITS**

9.    <u>**How do I get a payment?**</u>

If you are a Class Member and you want to get a payment, you <u>**must**</u> complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking <u>here</u> **[hyperlink]**, or by printing and mailing a paper Claim Form, copies of which are available for download <u>here</u> **[hyperlink]**.

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

**REMAINING IN THE SETTLEMENT**

10.    <u>**What am I giving up if I stay in the Class?**</u>

If the Settlement becomes final, you will give up your right to sue Defendant and the Released Parties for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant and Released Parties. You will be "releasing" the Defendant and certain of its affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims whether you submit a claim or not. The Settlement Agreement is available through the "Court Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

11.    <u>**What happens if I do nothing at all?**</u>

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant or Released Parties for the claims being resolved by this Settlement.

### THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in the case?**

The Court has appointed Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. to be the attorneys representing the Settlement Class. These attorneys are called Class Counsel. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13.    How will the lawyers be paid?**

Class Counsel's attorneys' fees, costs and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than twenty-five percent of the Settlement Fund for these items, subject to Court approval.

As approved by the Court, the Class Representative will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $_____ as an incentive award, but the Court may award less than this amount.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

**14.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Hoang To v. DirectToU, LLC*, Case No. 3:24-cv-06447, settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

DirectToU Privacy Settlement
**[0000 Street]**
**[City, ST 00000]**

**15.    If I don't exlude myself, can I sue the Defendant for the same thing later?**

No. If you don't exclude yourself, you give up any right to sue the Defendant and Released Parties for the claims being resolved by this Settlement.

**16.    If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

### OBJECTING TO THE SETTLEMENT

**17.** **How do I object to the Settlement?**

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Hoang To v. DirectToU, LLC*, Case 3:24-cv-06447, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name and address; an explanation of the basis upon which you claim to be a Settlement Class Member, including an attestation under penalty of perjury; the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection or who may profit from the pursuit of the objection; a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court, as explained below in answer to Question Number 21); and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption and amount of payment received. If you intend to object and speak at the Final Approval Hearing (with or without a lawyer), these requirements may be excused by the Court upon a showing of good cause.

Class Counsel will file with the Court and post on this website its request for attorneys' fees no later than [two weeks prior to objection deadline].

You must file the objection with the Court no later than **[objection deadline].**

**18.** **What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

**19.** **When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **[time]** on **[Month 00]**, via Zoom [Zoom Webinar ID: 161 181 2513; Zoom Password: 478314]. Any changes to this date or time will be noted on the Court docket for this case and on this website.

The purpose of the hearing will be for the Court to determine whether to approve the

Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys fees and expenses, and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check the Court docket and [WEB ADDRESS]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but you do not have to.

**21.    May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in Hoang To v. DirectToU, LLC" It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court no later than **[objection deadline]**.  This requirement may be excused upon a showing of good cause.

**GETTING MORE INFORMATION**

**22.    Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [WEB ADDRESS]. You may also write with questions to DirectToU Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or email or call Class Counsel at [ADD EMAIL, ADD PHONE], if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| Jonathan Hoang To, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DirectToU, LLC,<br><br>Defendant. | Case No. 3:24-cv-06447 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court entitled *Jonathan Hoang To v. DirectToU, LLC*; and

WHEREAS, Plaintiff Jonathan Hoang To and Defendant DirectToU, LLC have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the Court having read and considered the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised on all aspects of this dispute,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's length negotiations between experienced class action attorneys;(b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any

claims asserted in the Action or of any wrongdoing or any violation of law.

## Final Approval Hearing

5.      The Final Approval Hearing shall be held before this Court on

_____, at _____ via Zoom [Zoom Webinar ID: 161 181 2513; Zoom Password:

478314] to determine (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should

be given final approval by the Court; (b) whether a judgment and order of dismissal with

prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and

expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the

Class Representative. The Court may adjourn the Final Approval Hearing without further notice

to members of the Settlement Class.

6.      Class Counsel shall file papers in support of their Fee Award and Class

Representative Incentive Award (collectively "Fee Petition") on or before ____ [Suggested date

of 62 days after entry of this Order, (i.e. 14 days before the Objection/ Exclusion Deadline).

## Certification of the Settlement Class

7.      For purposes of settlement only: (a) Julian Hammond, Adrian Barnes, Polina

Brandler, and Ari Cherniak of HammondLaw, P.C. are appointed Class Counsel for the

Settlement Class; and (b) Jonathan Hoang To is named Class Representative. The Court finds

that this attorney is competent and capable of exercising the responsibilities of Class Counsel and

that Plaintiff Hoang To will adequately protect the interests of the Settlement Class defined

below.

8.      For purposes of settlement only, the Court conditionally certifies (i.e., finds that it

will likely be able to certify) the following Settlement Class as defined in the Settlement

Agreement:

> All persons who reside in the United States, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendant unlawfully disclosed to third parties Plaintiff's and the Settlement Class's PII without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiff and the Settlement Class members are entitled to uniform statutory damages under the VPPA); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action. Excluded from the Class are (1) any Judge presiding over this Action and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and

file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

9.      If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representative and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

## Notice and Administration

10.      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including Settlement Claim Form (the "Claim Form") attached to the Settlement Agreement as Exhibit A, the notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B and C thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The

Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11.    The Court approves the request for the appointment of _____ as Settlement Administrator of the Settlement Agreement.

12.    Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Submission of Claims and Requests for Exclusion from Class**

13.    Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within the time specified in the Notice. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Class. Any such person may do so if, on or before the Objection/ Exclusion Deadline of _____ *[suggested date of 60 days after Notice Date]* they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

14.    Any members of the Settlement Class who elect to exclude themselves or "opt out" of the settlement, must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must

comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, his/her signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of the Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be permitted.

15.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

## Appearances and Objections

17.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the Attorneys fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

18.     To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of no later than sixty (60) days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in

the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including an attestation under penalty of perjury; his or her signature; and all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court. If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

19.    Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award for the Class Representative.

20.    To be valid, objections must be filed with the Court and sent to the following:

Class Counsel Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak, HammondLaw, P.C., 1201 Pacific Ave., 6th Floor, Tacoma, WA 98402; and Defense Counsel Joel Griswold and Bonnie Keane DelGobbo, BakerHostetler, 1 N. Wacker Dr., Ste. 3700, Chicago, IL 60606. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

## Further Matters

21.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

22.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24.     Any Settlement Class Member who does not timely and validly submit a claim: shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (c) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit,

cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in

the United States or elsewhere, on their own behalf or in a representative capacity, that is based

upon or arises out of any or all of the Released Claims against any of the Defendant and the other

Released Parties, as more fully described in the Settlement Agreement.

25.     If the Settlement Agreement is not approved by the Court in complete accordance

with its material terms, each party will have the option of having the Action revert to its status as

if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such

event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

26.     In the event that the Settlement Agreement is terminated pursuant to the

provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not

become Final then (i) the Settlement Agreement shall be null and void, including any provision

relating to the award of attorneys' fees, and shall have no further force and effect with respect to

any party in this Action, and shall not be used in this Action or in any other proceeding for any

purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in

connection therewith shall be without prejudice to any person or party hereto (including the

Released Parties), shall not be deemed or construed to be an admission by any party (including

the Released Parties) of any act, matter, or proposition, and shall not be used in any manner or

for any purpose in any subsequent proceeding in this Action or in any other action in any court or

other proceeding, provided, however, that the termination of the Settlement Agreement shall not

shield from subsequent discovery any factual information provided in connection with the

negotiation of this Settlement Agreement that would ordinarily be discoverable but for the

attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the

event of its termination, the Settlement Agreement shall have no further force and effect with

respect to any party (including the Released Parties) and shall not be used in the Action or any

other proceeding for any purpose; and (iv) any party (including the Released Parties) may elect

to move the Court pursuant to the provisions of this paragraph, and none of the non-moving

parties (or their counsel) shall oppose any such motion.

      IT IS SO ORDERED, this _____day of _____, 2024

 

 

_____

The Honorable William H. Orrick

**EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jonathan Hoang To on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DirectToU, LLC,<br><br>Defendant | Case No. 3:24-cv-06447 |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court entitled Jonathan Hoang To v. DirectToU, LLC; and

WHEREAS, Plaintiff Jonathan Hoang To and Defendant DirectToU, LLC have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") and the Court having read and considered the Settlement Agreement and exhibits attached to (ECF No. [_____]);

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement ( ECF No.), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement (ECF No. ), Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses, and Incentive Award (ECF No. ), together with all the exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on _____2025, and the record in

the Action, and good cause appearing;

      IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

      1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

      2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

      3.      The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. [___]) and order granting Preliminary Approval (ECF No. [____]), including (i) direct notice to the Settlement Class via email, based on the customer list provided by Defendant, and (ii) the creation of the Settlement Website fully complied with the requirements of due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

      4.      This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of an arm's length negotiation

between the Parties support this finding. The Court finds that these facts demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

5.      The Court has specifically considered the factors relevant to class action settlement approval.

6.      The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

7.      Accordingly, the Settlement is hereby finally approved in all respects. Any objections to the Settlement are hereby overruled.

8.      The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

9.      This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

10.      Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims) including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations ("Releasing Parties") from  any and all actual, potential, filed, known or

unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims,

demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims,

damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or

obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in

law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and

description whatsoever, whether based on the VPPA or other state, federal, local, statutory or

common law or any other law, rule or regulation, against the Released Parties, or any of them,

arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements,

representations, omissions or failures to act regarding the use of Defendant's Website and/or the

sharing of information with third parties, including but not limited to alleged collection and/or

disclosure of the Settlement Class Members' personally identifiable information and video

purchasing or viewing behavior by or to any third party, including all claims that were brought or

could have been brought in the Action relating to the collection and/or disclosure of information

belonging to any and all Releasing Parties.

   11. Upon the Effective Date of this Final Judgment, the above release of claims and

the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on,

all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and

all other Settlement Class Members and Releasing Parties. All Settlement Class Members are

hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in,

or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction

based on or arising out of any of the Released Claims.

   12. The Court has also considered Plaintiff's Motion for Attorneys' Fees, Costs,

Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations

(ECF Nos. _____), and adjudges that the requested amount of attorney fees, costs, and expenses is reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

13.    The Court has also considered Plaintiff's Motion and Memorandum of Law and supporting declarations for an incentive award to the Class Representative, Jonathan Hoang To *See* ECF No. [ ]. The Court adjudges that the payment of an incentive award in the amount of $_____ to Mr. Hoang To to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See* ECF No. [ ]. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.    All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to the Settlement Fund, to be distributed pro rata to claiming Settlement Class Members, if practicable. If such a secondary distribution would result in Settlement Class Members receiving less than $10.00, or if a secondary distribution would be otherwise infeasible (as determined by the Settlement Administrator or by mutual agreement of the Parties), any uncashed funds will revert to _____, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their bear their own costs and attorneys' fees.

15.    The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of

Settlement Class Members.

16.    This Court hereby enters Final Judgment.

IT IS SO ORDERED, this _____day of _____, 2025.


_____
The Hon. William H. Orrick