JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
535 Mission Street, 14th Floor
San Francisco, CA 94105
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Counsel for Proposed Intervenors*

Teresa C. Chow (SBN 237694)
tchow@bakerlaw.com
BAKER HOSTETLER, LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Phone: (310) 820-8800
Fax: (310) 820-8859

Joel C. Griswold (*pro hac vice*)
jcgriswold@bakerlaw.com
Bonnie Keane DelGobbo (*pro hac vice*)
bdelgobbo@bakerlaw.com
BAKER HOSTETLER, LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606-1901
Phone: (312) 416-6200
Fax: (310) 416-6201

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DIRECTTOU, LLC**, a Delaware Limited Liability Company,<br><br>Defendant.<br><br>**DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL**, individually and on behalf of all others similarly situated,<br><br>Proposed Intervenors. | Case No. 3:24-CV-06447-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:    Hon. William H. Orrick<br>Courtroom:  2 (Zoom Videoconference)<br>Hearing Date: November 13, 2024<br>Hearing Time: 2:00 p.m. |

Pursuant to the Court's November 5, 2024 Order, Plaintiff Jonathan Hoang To ("Plaintiff"), Defendant DirectToU, LLC ("Defendant") (collectively, the "Parties"), and Proposed Intervenors Douglas Feller, Jeffry Heise, and Joseph Mull ("Proposed Intervenors") have met and conferred and submit a Joint Case Management Statement to address the issues requested by the Court as follows:

**PLAINTIFF'S POSITION**

### I.   Background On Issues In This Case

Following investigation by Plaintiff's Counsel that began in November 2023, Plaintiff filed the instant action ("Hoang Action") in the Alameda County Superior Court on August 12, alleging a cause of action under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and state law claims under Cal. Civil Code § 1799.3 and Cal. Business & Professions Code §§ 17200 et. seq. on behalf of a class of California consumers. Defendant removed Plaintiff's action to this Court on September 12, 2024, following which Plaintiff filed a First Amended Complaint adding a VPPA claim on behalf of a nationwide class.

On October 11, 2024, Defendant's Counsel reached out to Plaintiff's Counsel and asked whether Plaintiff was interested in exploring settlement. On that date, the Parties began to engage in settlement negotiations, which culminated in a settlement agreement on October 23, 2024. Plaintiff filed a Notice of Settlement with the Court on October 28, 2024. Plaintiff's counsel has extensive experience in litigating complex class actions and privacy cases in particular, is currently putative class counsel in several privacy class actions, and has successfully settled three other similar privacy class actions this year. Based on their experience and extensive investigation, Plaintiff's Counsel believes that the settlement is an outstanding result for the Class. The negotiated monetary relief is *at the higher end* of recent comparable VPPA settlements (*see* Dkt. 26 at pp. 22:10-17) and the settlement also provides key prospective relief that ensure that Defendant ceases the challenged practices. In fact, Plaintiff's Counsel already secured an agreement from Defendant as part of the settlement to remove from its websites all tracking tools (i.e., the Meta Pixel and the Facebook like button), and in reliance on that Settlement Agreement Defendant has removed the Meta Pixel and the Facebook like button. Plaintiff's Counsel also independently confirmed that customers' information has been removed from NextMark, and Defendant has represented that it is not sharing

any customers' purchase history with any data brokers.

On October 28, 2024, the same day the Parties filed their Notice of Settlement, Proposed Intervenors filed their Motion to Intervene and Dismiss and/or Transfer. On October 29, 2024, the Parties filed a joint stipulation to remand. On November 11, 2024, Plaintiff, through and by stipulation of the Parties, filed his Second Amended Complaint, adding allegations regarding the sharing of PII as defined by the VPPA with data brokers. On November 4, 2024, Plaintiff filed a Motion for Preliminary Approval.

### a.  The Parties Have Withdrawn Their Stipulation to Remand

Following the meet and confer with the Parties and the Proposed Intervenors, Plaintiff and Defendant withdrew their Stipulation in order to conserve judicial resources.

## II.   Plaintiff's Counsel's Investigation Began in November 2023

Plaintiff's Counsel began investigating the instant case in November 2023. Briefly, the investigation included Plaintiff's Counsel's visiting Defendant's websites to review and analyze the sign up process and the purchase process, to review the Terms of Use and Privacy Policy on each site, and to capture and conduct technical analysis of the ".har" files to determine whether Defendant's websites had any embedded tracking tools and how those tracking tools were configured (i.e. what information was being shared by the tracking tools with third parties). HammondLaw, P.C. was then retained by Plaintiff in April 2024. In May 2024, after searching his records, Plaintiff provided proof of his use of and prerecorded video purchases made on Defendant's www.deepdiscount.com website. After completing their investigation and drafting a detailed complaint, Plaintiff's Counsel filed it on August 12, 2024.

## III.   Communication Between Plaintiff and Defendant

Plaintiff's Counsel first communicated with Defendant's Counsel on September 3, 2024.

//
//
//

**PROPOSED INTERVENORS' POSITION**[1]

Proposed Intervenors are the plaintiffs and putative class representatives in *Feller, et. al. v. Alliance Entertainment, LLC, et. al.*, No. 0:24-cv-61444-RAR (S.D. Fla., filed Aug. 8, 2024) (hereinafter the "*Feller* Action"), the first putative class action filed against Defendant DirectToU, LLC (as well as a second defendant, Alliance Entertainment, LLC) for alleged violation of the VPPA.

I.   **Background**

In 2019, Proposed Intervenors' counsel at Hedin LLP began investigating Defendants' practices of disclosing their customers' personally identifying video purchase-related information to third parties – the alleged conduct that, generally speaking, underlies both the *Feller* Action and the instant matter.

Specifically, in August 2019, Hedin LLP began investigating Defendants' data-sharing practices by reviewing and analyzing "data cards" published by Defendants on the websites of Nextmark, SRDS and Data Axle (formerly known as Infogroup). On each of these data cards, Defendants offered to rent or exchange their customer lists, which contain detailed information concerning the prerecorded video products that each of their customers purchased, to any member of the public interested in acquiring this data, at the prices listed on the data cards. Since at least as far back as August 2019 continuing through the filing of the *Feller* Action, these data cards also advertised the availability of highly detailed personal information and attributes pertaining to each of Defendants' customers. Based on further investigation into Defendants' practices by Hedin LLP, along with the firm's extensive knowledge of this industry developed in the course of litigating

---

[1] Proposed Intervenors initially interpreted the Court's November 5, 2024 Order (ECF No. 30) as requiring a full Joint Case Management Statement in compliance with Civil Local Rule 16-9, which also addresses the issues specifically identified by the Court in the November 5, 2024 Order. Upon conferring with Defendant's and Plaintiff's counsel, Proposed Intervenors understand that Plaintiff and Defendant interpret the Order as requiring only statements addressing the issues specifically identified in the November 5, 2024 Order. For consistency, Proposed Intervenors limit their submission to those subjects, but remain willing and able to submit a Joint Case Management Statement comporting with Civil Local Rule 16-9 if requested by the Court.

similar matters[2], the availability of such highly personalized information pertaining to all of Defendants' customers, as advertised in Defendants' data cards, demonstrates that Defendants were likely also disclosing files containing all of their customers' information to companies known as "data appenders," which then added the various categories of personal information about each of the customers listed in Defendants' files before transmitting the files back to Defendants to then rent and exchange in the data brokerage marketplace (at higher prices than they would have been able to charge without the appended data in the files). Between August 2019 and the filing of the *Feller* action in 2024, Proposed Intervenors' counsel continued to monitor Defendants' data cards on the websites of Nextmark, SRDS, and Data Axle, and saved copies of these data cards, as they existed at various points during that time period, on their system for use in future litigation.[3]

Additionally, beginning in approximately late 2022 and continuing up until the filing of the *Feller* action in 2024, Proposed Intervenors' counsel engaged in a comprehensive investigation

---

[2] Hedin LLP has substantial experience litigating data-privacy class actions arising from conduct similar to that alleged in the *Feller* Action, including companies' rental, sale, and exchange of consumers' private information in the data-brokerage marketplace, as evidenced by "data cards" (posted publicly on Nextmark and other such websites) where the availability of such data is advertised. *See e.g.*, *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging defendant's sale, rental, and disclosure of lists containing customers' personal information in violation of Michigan's Preservation of Personal Privacy Act, obtained $52.5 million non-reversionary class settlement with automatic payments (without the need to submit claim forms) to each of the approximately 67,000 class members);; *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (same, $9.5 million all-cash non-reversionary settlement with automatic payments (without the need to submit claim forms) to each of the approximately 15,000 class members); *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (same, $9.5 million all-cash non-reversionary settlement with automatic payments (without the need to submit claim forms) to each of the approximately 23,000 class members*)*; *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (same, $6.8 million all-cash non-reversionary settlement with automatic payments (without the need to submit claim forms) to each of the approximately 17,400 class members); *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (same, $5 million all-cash non-reversionary settlement with automatic payments (without the need to submit claim forms) to each of the approximately 13,000 class members).

[3] Proposed Intervenors note that, shortly after the filing of the *Feller* Action, Defendants removed their data cards from all of the websites where those data cards had been continuously advertised from 2019 through the filing of the *Feller* Action.

of numerous online tracking technologies installed on consumer-facing websites across the Internet, including the Meta Pixel (formerly Facebook Pixel) technology used by Meta (formerly Facebook), to gain a comprehensive understanding of how these technologies operate, how to find them in website source code, and how to identify what information is tracked and transmitted from the websites on which they are installed. Proposed Intervenors' counsel retained an expert to assist in these efforts. These investigative efforts included reviewing and analyzing Defendants' use of the Meta Pixel (formerly Facebook Pixel) technology on the websites where they sell prerecorded video products to consumers.

At various points during the course of their investigations, Proposed Intervenors' counsel communicated with and reviewed materials provided by potential clients who interacted with and made purchases on Defendants' websites, in order to determine whether they were capable of adequately representing the interests of the proposed classes. It was not until July 2024 that Hedin LLP was retained by Douglas Feller, Jeffry Heise, and Joseph Mull to bring an action against Defendants for violation of the VPPA on behalf of themselves and others similarly situated. Shortly thereafter, Proposed Intervenors' counsel worked with their clients to prepare the Class Action Complaint, which was filed to initiate the *Feller* Action on August 8, 2024. The Class Action Complaint in the *Feller* Action alleges VPPA claims arising from disclosures of customers' information allegedly made by Defendants to data appenders, data aggregators, and renters and exchangers of such information in the data-brokerage marketplace, as well as to Meta via the Meta Pixel technology.

Over the past three months, Proposed Intervenors and their counsel have been busy conducting discovery in the *Feller* Action. They have served written discovery requests to the Defendants, noticed depositions of key witnesses (including corporate representatives), and served five subpoenas to relevant third parties. Proposed Intervenors' counsel are presently meeting and conferring with Defendants and these third parties concerning their responses and objections to producing the requested materials and information. Between November 1, 2024, when Defendants served written responses and objections to Proposed Intervenors' discovery requests in the *Feller* Action, and the present, Defendants' counsel have refused to meet and confer with Proposed

Intervenors' counsel concerning Defendants' responses and objections to Proposed Intervenors' discovery requests in the *Feller* Action, and have stated that they have not searched for and will not produce any responsive documents at this time. Following the October 10, 2024 mediation, Defendants' counsel stated that Defendants' corporate representatives are unavailable for deposition on the dates proposed by Proposed Intervenors and, over the course of the past month, have refused to meet and confer with Proposed Intervenors' counsel to schedule dates for these depositions to occur. The parties recently agreed to an Agreed Confidentiality Order and Electronically Stored Information Protocol.

On September 6, 2024, the parties to the *Feller* action agreed to attend a mediation before the Honorable James F. Holderman (Ret.), a JAMS mediator and formerly a U.S. District Judge for the Northern District of Illinois, on the condition (negotiated by Proposed Intervenors' counsel) that Defendants would produce certain information and materials in advance of the mediation that Proposed Intervenors and their counsel needed in order to intelligently negotiate on behalf of members of the putative classes. On October 10, 2024, the parties to the *Feller* Action participated in a full-day mediation before Judge Holderman but were unable to reach a resolution. The parties' negotiations continued after the mediation, however, including by way of a settlement offer made by Defendants on October 16, 2024 and a settlement demand made by Proposed Intervenors on October 18, 2024. All of Proposed Intervenors' settlement demands were made on the condition of Defendants producing confirmatory discovery to confirm the accuracy of certain information that Proposed Intervenors considered important to the proposed settlements.

On October 24, 2024, as these ongoing settlement discussions were unfolding, and as Proposed Intervenors' counsel was also repeatedly attempting to meet and confer with Defendants' counsel concerning a motion for appointment of interim counsel that they intended to file in the *Feller* Action, a motion to intervene and to dismiss that they intended to file in the instant action, and matters of deposition scheduling in the *Feller* action, Proposed Intervenors' counsel were advised by Defendants' counsel that the parties to the *Hoang To* action had signed a class-action settlement agreement that, if approved, would release the claims of all members of the classes proposed in the first-filed *Feller* Action. On November 4, 2024, Plaintiff Hoang To filed a motion

for preliminary approval of the proposed settlement in this action. (ECF No. 26.) Defendants have filed a motion to stay the *Feller* Action pending resolution of the Plaintiff's motion for preliminary approval in this case.

In an effort to protect the interests of class members from what Proposed Intervenors and their counsel believe is a poor, reverse auction-produced settlement, Proposed Intervenors have filed: (1) a motion for appointment of Hedin LLP as interim class counsel in the *Feller* Action, filed on October 27, 2024[4] (*Feller,* ECF No. 38); (2) a motion to intervene in and to dismiss, stay, or transfer this action (on first-to-file grounds), filed on October 28, 2024[5] (ECF No. 14); and (3) a response in opposition to the motion to stay in the *Feller* Action, filed on October 28, 2024[6] (*Feller,* ECF No. 40).   Each of these motions remains pending.

On October 12, 2024, the court presiding over the *Feller* Action advised the parties at a hearing that the court would be issuing an order staying the *Feller* Action to await this Court's decision on Proposed Intervenors' motion to intervene in and to dismiss, stay, or transfer the *Hoang To* Action, requiring the parties to file a status report in the *Feller* Action within 14 days advising the court of any developments in the *Hoang To* action, and ordering Defendants and all relevant third parties to preserve all materials relevant to the litigation notwithstanding the court's order staying the case.[7]

---

[4]   Any responses in opposition to this motion are due by November 19, 2024.

[5]   Any responses in opposition to this motion are due by November 12, 2024.

[6]   The Court presiding over the *Feller* Action has scheduled a hearing on this motion for November 12, 2024.

[7]   Defendants state below that "Defendant does not know what the Proposed Intervenors' reference to "confirmatory discovery to confirm the accuracy of certain information that Proposed Intervenors considered important to the proposed settlements" means and denies their assertions on this issue."  To refresh their recollection, Proposed Intervenors would direct Defendants to the mediation statement served by Proposed Intervenors in advance of the *Feller* mediation.

**DEFENDANT'S POSITION**

Defendant denies that it has violated any law, denies that any class could be certified in either case in the absence of settlement, and denies that any named Plaintiff or putative class member would be entitled to any relief absent the settlement. Defendant has entered into the Class Action Settlement Agreement solely as a compromise of disputed claims.

Defendant filed a Rule 12(b)(6) motion to dismiss in the *Feller* case on November 1, 2024. Defendant has not produced any documents in the *Feller* case other than the insurance agreement covered by Fed. R. Civ. P. 26(a)(1)(A)(iv). Proposed Intervenors (Plaintiffs in the *Feller* action) have not produced any documents or provided responses to any written discovery requests.[8] As far as Defendant is aware, no third party has produced any documents in response to any subpoenas that Proposed Intervenors served in the *Feller* action.[9] No depositions have been taken and none are currently scheduled. Defendant moved to stay the *Feller* action pending conclusion of settlement approval proceedings in this case. Defendant repeatedly advised the Proposed Intervenors that Defendant would meet and confer regarding discovery disputes, if needed, after a ruling on the motion to stay. At the hearing on the motion to stay on November 12, 2024, the court orally ruled that the *Feller* case would be administratively closed pending further order from the Court and asked the parties to submit a status report within 14 days to advise the Court of the status of proceedings in the *Hoang To* matter. Defendant anticipates that a written order to that effect will be entered on the *Feller* docket shortly.

Defendant does not know what the Proposed Intervenors' reference to "confirmatory discovery to confirm the accuracy of certain information that Proposed Intervenors considered important to the proposed settlements" means and denies their assertions on this issue.

---

[8] Plaintiffs' discovery responses were due on November 11, 2024.

[9] Plaintiffs have represented to Defendant that they have communicated with the subpoena recipients and would produce any information received from third-party subpoena recipients by November 11, 2024. Nothing has been produced.

**PROPOSED SCHEDULING**

**Plaintiff's Position:**

In light of the fact that the Parties withdrew their Stipulation to Remand, Plaintiff's position is that the pending substantive motions (Proposed Intervenors' Motion to Intervene, Dismiss, or, in the Alternative Transfer, and Plaintiff's Motion for Preliminary Approval) should be considered by the Court at the same time/date either on December 4 or on December 18.

**Proposed Intervenors' Position:**

Two motions are currently pending before this Court: (1) Proposed Intervenors' motion to intervene in and to dismiss, stay, or transfer this action (ECF No. 14); and (2) Plaintiff's motion for preliminary approval of class-action settlement (ECF No. 26).

Proposed Intervenors believe that the most prudent path forward is for the Court to first resolve Proposed Intervenors' motion to intervene in and to dismiss, stay, or transfer this action (ECF No. 14). If intervention is granted and the case is dismissed, the motion for preliminary approval will be moot. Or, if intervention is granted and the case is transferred, the court presiding over the *Feller* Action will be called upon to resolve the motion for preliminary approval. On the other hand, if intervention is granted but the case remains before this Court, Proposed Intervenors would then, as intervenors, have standing to file a response in opposition to the motion for preliminary approval.[10] *See, e.g., Sweet v. Cardona*, No. 19-cv-03674-WHA, 2022 WL 4596629, at *1 (N.D. Cal. Aug. 31, 2022), *aff'd*, No. 23-15049, 2024 WL 4675573 (9th Cir. Nov. 5, 2024); *see also, e.g., Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 662 (D. Colo. 2018).

With these circumstances in mind, Proposed Intervenors make the following "scheduling proposal to address the pending motions" (ECF No. 30 at 2):

> **November 19, 2024**: Deadline for Proposed Intervenors to file a reply, if necessary, in support of their motion to intervene and to dismiss, stay, or transfer (ECF No. 14).

---

[10] Proposed Intervenors believe the proposed settlement is objectionable in numerous respects (such that the dissemination of notice to the proposed classes is unwarranted), and they intend to file written objections to the proposed settlement prior to a decision on the motion for preliminary approval if they are granted intervention.

**December 4, 2024**: Hearing date, set by the Court on October 29, 2024 (ECF No. 17), on Proposed Intervenors' motion to intervene and to dismiss, stay, or transfer (ECF No. 14).

**14 Days After any Decision Denying Proposed Intervenors' Motion to Dismiss, Stay, or Transfer:** Deadline for Proposed Intervenors to file any objections in opposition to Plaintiff's motion for preliminary approval (ECF No. 26).

**21 Days After any Decision Denying Proposed Intervenors' Motion to Dismiss, Stay, or Transfer:** Deadline for Plaintiff to file any to file any reply in support of Plaintiff's motion for preliminary approval (ECF No. 26).

**30 Days After any Decision Denying Proposed Intervenors' Motion to Dismiss, Stay, or Transfer:** Hearing date on Plaintiff's motion for preliminary approval (ECF No. 26).

**Defendant's Position:**

Defendant believes that the most efficient path forward is for Proposed Intervenors' Motion to Intervene and to Dismiss, or Alternatively To Transfer or Stay (ECF No. 14) and Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 26) to be considered by the Court at the same hearing, either on December 4 or on December 18. As Defendant will explain more fully in its forthcoming Response in Opposition to Motion to Intervene and to Dismiss, or Alternatively To Transfer or Stay, intervention is not appropriate and, to the extent Proposed Intervenors have an interest in the terms of the settlement, they will be able to protect it through the ordinary process of opt-outs and objections afforded all putative settlement class members under Rule 23 and the settlement agreement itself.

Respectfully submitted,

Dated: November 12, 2024                    HAMMONDLAW, P.C.

                                             By: /s/ Julian Hammond
                                                 Julian Hammond

Dated: November 12, 2024                    HEDIN LLP

                                             By: */s/ Frank Hedin*
                                                 Frank Hedin

Dated: November 12, 2024                                    BAKER & HOSTETLER LLP

                                                            By: */s/ Bonnie DelGobbo*
                                                                Bonnie DelGobbo

### ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Julian Hammond, hereby certify that I have obtained the concurrence in the filing of the foregoing Stipulation from all other signatories listed above.

Dated: November 12, 2024                                    */s/ Julian Hammond*
                                                            Julian Hammond