Teresa C. Chow
tchow@bakerlaw.com
BAKER HOSTETLER, LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Phone: (310) 820-8800
Fax: (310) 820-8859

Joel C. Griswold (*pro hac vice*)
jcgriswold@bakerlaw.com
Bonnie Keane DelGobbo (*pro hac vice*)
bdelgobbo@bakerlaw.com
BAKER HOSTETLER, LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606-1901
Phone: (312) 416-6200
Fax: (310) 416-6201

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | Case No 3:24-CV-06447-WHO<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY**<br><br>**L.R. 6-2**<br><br>Current Hearing Date: 12/18/24<br>New Hearing Date: 12/04/24 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

LEGAL STANDARD ....................................................................................................... 2

ARGUMENT .................................................................................................................... 3

    I.    Proposed Intervenors Do Not Satisfy The Requirements For Intervention As of Right ................................................................................. 3

        A.    Proposed Intervenors' Motion Is Untimely. ................................ 3

        B.    Proposed Intervenors Need Not Intervene to Protect Their Interest in a Fair Settlement .......................................................... 5

        C.    Existing Parties Adequately Protect Proposed Intervenors' Interests ........................................................................................ 7

    II.    Proposed Intervenors Should Not Be Granted Permissive Intervention Pursuant to Rule 24(b). ........................................................................... 11

CONCLUSION ............................................................................................................... 12

i

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Bedolla*,
　787 F.3d 1218 (9th Cir. 2015) .................................................................................. 6

*Arakaki v. Cayetano*,
　324 F.3d 1078 (9th Cir. 2003) ..................................................................... 3, 5, 7, 9

*Bergman v. Thelen LLP*,
　No. C-08-05322 EDL, 2009 WL 1308019 (N.D. Cal. May 11,
　2009) ..................................................................................................................... 7, 9

*Chavez v. PVH Corp.*,
　No. 13-cv-01797-LHK, 2015 WL 12915109 (N.D. Cal. Aug. 6,
　2015) .......................................................................................................................... 6

*In re Cloudera, Inc. Secs. Litig.*,
　No. 5:19-CV-03221-LHK, 2021 WL 1238301 (N.D. Cal. Apr. 2,
　2021) .......................................................................................................................... 9

*Cody v. SoulCycle, Inc.*,
　No. CV 15-06457-MWF, 2017 WL 8811114 (C.D. Cal. Sept. 20,
　2017) ........................................................................................................................ 11

*Cohorst v. BRE Properties, Inc.*,
　No. 10-cv-2666 JM (BGS), 2011 WL 3475274 (S.D. Cal. Aug. 5,
　2011) .......................................................................................................................... 7

*Davis v. J.P. Morgan Chase & Co.*,
　775 F. Supp. 2d 601 (W.D.N.Y. 2011) ..................................................................... 6

*Devlin v. Scardelletti*,
　536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) ............................................. 6

*Donnelly v. Glickman*,
　159 F.3d 405 (9th Cir. 1998) .................................................................................. 3

*Feller et al. v. Alliance Entertainment, LLC*,
　et al., Case No. 0:24-CV-61444-RAR (S.D. Florida) ............................................ 2

ii

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER
OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

*Harvey v. Morgan Stanley Smith Barney LLC*,
   No. 18-CV-02835-WHO, 2019 WL 9441672 (N.D. Cal. Sept. 5,
   2019), *aff'd,* No. 19-16955, 2022 WL 3359174 (9th Cir. Aug. 15,
   2022) ........................................................................................................... 6

*Kang v. Wells Fargo Bank, N.A.*,
   No. 17-CV-06220-BLF, 2021 WL 4170735 (N.D. Cal. Sept. 14,
   2021), *aff'd sub nom. Kang v. Fyson*, No. 22-15694, 2022 WL
   6943174 (9th Cir. Oct. 12, 2022) ............................................................... 9

*Lane v. Facebook, Inc.*,
   No. C 08-3845 RS, 2009 WL 3458198 (N.D. Cal. Oct. 23, 2009) ............ 4, 6

*Orange Cnty. v. Air Cal.*,
   799 F.2d 535 (9th Cir. 1986) ....................................................................... 3

*Perkins v. Ryder Integrated Logistics, Inc.*,
   No. 23-CV-00502-WHO, 2023 WL 8481817 (N.D. Cal. Dec. 7,
   2023) ................................................................................................. 6, 9, 11

*Perry v. Proposition 8 Official Proponents*,
   587 F.3d 947 (9th Cir. 2009) ..................................................................... 11

*Rahman v. Gate Gourmet, Inc.*,
   No. 3:20-CV-03047-WHO, 2021 WL 5973046 (N.D. Cal. Nov. 22,
   2021) .......................................................................................................... 10

*Raquedan v. Centerplate of Delaware Inc.*,
   376 F. Supp. 3d 1038 (N.D. Cal. 2019) ....................................................... 6

*Smith v. Marsh*,
   194 F.3d 1045 (9th Cir. 1999) ..................................................................... 3

*U.S. v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) .................................................................... 2, 5

*Wilson*, 131 F.3d at 1308 ................................................................................. 11

*Zepeda v. PayPal, Inc.*,
   No. 10CV02500SBAJCS, 2014 WL 1653246 (N.D. Cal. Apr. 23,
   2014), *objections overruled*, No. C 10-1668 SBA, 2014 WL
   4354386 (N.D. Cal. Sept. 2, 2014) .......................................................... 3, 6

**Statutes**

Cal. Civ. Code § 1799.3 ................................................................................................. 2

California's Business & Professional Code § 17200 et seq. ...................................... 2

Video Privacy Protection Act ............................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 1, 10

Fed. R. Civ. P. 24 ......................................................................................................... 2

Fed. R. Civ. P. 24(a) .................................................................................................. 11

Fed. R. Civ. P. 24(a)(2) ............................................................................................ 2, 3

Fed. R. Civ. P. 24(b) .............................................................................................. 3, 11

Fed. R. Civ. P. 24(b)(3) ............................................................................................... 3

iv

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

## INTRODUCTION

Proposed Intervenors fail to satisfy the requirements for intervention as of right, and permissive intervention should be denied. They have no protectable interest in participating in *preliminary* approval proceedings that will not determine their rights. Specifically, to the extent they have an interest in the terms of the settlement, they will be able to protect it through the ordinary process of opt-outs and objections afforded all putative settlement class members under Rule 23 and the settlement agreement itself. If Proposed Intervenors find the terms undesirable, they are free to opt-out of the settlement. And, if Proposed Intervenors wish to participate, but find the terms unreasonable, they are free to file their objections to the settlement – just like any other putative settlement class member.

Moreover, Proposed Intervenors have failed to overcome the presumption that Plaintiff and Plaintiff's counsel in this action are adequate representatives. As explained in Plaintiff's Motion for Preliminary Approval, the terms of the settlement are well within the range of court-approved Video Privacy Protection Act ("VPPA") class settlements. Tellingly, Proposed Intervenors sought to intervene and oppose the settlement as purportedly unfair before the terms of the Settlement even became public and have not explained why the terms of the settlement are not fair and reasonable. Accordingly, it is apparent that the proposed intervention is not about protecting interests of any putative settlement class, but rather, about protecting Proposed Intervenors' individual interests – which they will have the right to exercise when deciding whether to opt-out or file an objection to the settlement.

Proposed Intervenors represent only themselves at this juncture and are putative settlement class members. They can raise their objections to the settlement, if any, in the ordinary course provided under Rule 23 and as set forth in the class settlement agreement. Or, if they prefer, they can opt-out of the settlement altogether and resume prosecution of their individual claims. Proposed Intervenors' untimely and unnecessary motion to intervene should be denied.

1

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER
OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

## BACKGROUND

On August 12, 2024, Plaintiff Jonathan Hoang To ("Plaintiff") filed this action in the Superior Court of California, County of Alameda, asserting a violation of the VPPA, as well as violations of California's state analog to the VPPA, Cal. Civ. Code § 1799.3 and California's Business & Professional Code § 17200 et seq.

On September 12, 2024, Defendant removed this action to the Northern District of California. On September 18, 2024, Defendant informed the Court of the pendency of *Feller et al. v. Alliance Entertainment, LLC*, et al., Case No. 0:24-CV-61444-RAR (S.D. Florida) as the basis for seeking an extension of time to respond to the complaint, which was granted. ECF 8-9.

On October 23, 2024, the parties executed a class action settlement agreement and informed Proposed Intervenors that a settlement had been reached on October 24, 2024.

On October 28, 2024, Proposed Intervenors Douglas Feller, Jeffry Heise, and Joseph Mull, who are plaintiffs in *Feller et al. v. Alliance Entertainment, LLC*, et al., Case No. 0:24-CV-61444-RAR (S.D. Florida) ("Proposed Intervenors"), filed a Motion to Intervene and to Dismiss or alternatively, Transfer this case to the Southern District of Florida or Stay ("Motion to Intervene"). ECF 14. To date, no class has been certified in the *Feller* Action nor have Proposed Intervenors moved for class certification.

On November 4, 2024, Plaintiff filed his unopposed Motion for Preliminary Approval of the class action settlement in this action. ECF 26.

## LEGAL STANDARD

Intervention by members of a putative class is subject to the ordinary requirements of Federal Rule of Civil Procedure 24. *See* Fed. R. Civ. P. 24(a)(2). The party seeking intervention bears the burden of demonstrating that Rule 24 is satisfied. *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Unless a would-be party satisfies Rule 24(a)'s requirements for intervention as of right, the

decision to allow intervention under Rule 24(b) is almost purely discretionary. *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

The Ninth Circuit has adopted a four-part test for intervention as of right under Rule 24(a)(2). *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Id.* Each element is mandatory, and failure to establish any one is grounds to deny intervention. *See Smith v. Marsh*, 194 F.3d 1045, 1049-50 (9th Cir. 1999). Permissive intervention under Rule 24(b) likewise requires a timely motion. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). More fundamentally, however, decisions on permissive intervention are always discretionary. *Orange Cnty.*, 799 F.2d at 539. In exercising that discretion, the Court must consider whether intervention will cause undue delay for the original parties. Fed. R. Civ. P. 24(b)(3).

## ARGUMENT

### I. Proposed Intervenors Do Not Satisfy The Requirements For Intervention As of Right

#### A. Proposed Intervenors' Motion Is Untimely.

The Motion to Intervene is not timely. The court determines timeliness by evaluating three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Zepeda v. PayPal, Inc.*, No. 10CV02500SBAJCS, 2014 WL 1653246, at *3 (N.D. Cal. Apr. 23, 2014), *objections overruled*, No. C 10-1668 SBA, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014).

3
DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER
OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

Proposed Intervenors were aware or should have been aware of this action when it was filed and did not take any action to intervene until the action had been pending for months and after the action had settled. In early September, Defendant's counsel conferred with Proposed Intervenors' counsel and suggested scheduling a global mediation to resolve this pending action along with the *Feller* Action. **Ex. A**, Decl. of Bonnie DelGobbo ¶¶ 4, 6. Proposed Intervenors rejected that proposal (*id.* ¶ 6) and did not take any action at that time to intervene in this case. Accordingly, Proposed Intervenors mediated the *Feller* Action while fully aware that this parallel action was still proceeding in their absence. In short, Proposed Intervenors sat on whatever rights they might otherwise have had to intervene until after the action settled and, by so doing, rendered their belated motion untimely.[1]

This situation is similar to *Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 WL 3458198, at *3 (N.D. Cal. Oct. 23, 2009). In *Lane*, the parties reached a class settlement in a putative VPPA class action for which they were seeking preliminary approval when the named plaintiffs in another out-of-district putative VPPA class action filed a motion to intervene only after the settlement had been reached – which was untimely. As the court explained, "[w]hatever rights or interests Proposed Intervenors may have had in enforcing a first-filed rule, those rights and interests (if any) necessarily arose the moment this action was filed, and were known or should have been known to Proposed Intervenors when they learned of the very *existence* of this lawsuit." *Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 WL 3458198, at *3 (N.D. Cal. Oct. 23, 2009)(emphasis in original).

---

[1] The declaration submitted by Proposed Intervenors' counsel asserts that he began investigating alleged VPPA claims against Defendant in 2019—five years before Proposed Intervenors filed their case. If that assertion is true, it underscores the issue of untimeliness because challenged practices were allowed to continue for five years without alerting Defendant to any allegation of unlawfulness. Moreover, the statute of limitations on VPPA claims is two years.

4

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER
OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

In addition to the passage of time, the stage of the proceedings renders the Motion to Intervene untimely. Indeed, the Ninth Circuit has explained that, "a party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored." *Alisal Water Corp.*, 370 F.3d at 922 (affirming denial of motion to intervene by judgment creditor where creditor sought to intervene to contest a possible award of damages to the plaintiff in the action). Here, Proposed Intervenors – who represent only themselves at this juncture – seek to intervene to effectively contest the class settlement agreement, thereby prejudicing the putative settlement class by delaying their receipt of notice of the settlement and substantial relief provided them under the settlement.

Because Proposed Intervenors have not shown that the Motion to Intervene is timely, this necessary element has not been satisfied and the Motion to Intervene should be denied.

B. **Proposed Intervenors Need Not Intervene to Protect Their Interest in a Fair Settlement**

Proposed Intervenors have not identified any "significantly protectable interest" that would be impaired if they cannot participate at the preliminary approval stage. To intervene as of right, Proposed Intervenors must identify both a "significantly protectable interest," and articulate why intervention is necessary to protect it. *See Arakaki*, 324 F.3d at 1083. In their Motion, Proposed Intervenors appear to assert an interest in the ultimate outcome of this litigation, but fail to show that protecting it requires an opportunity to separately oppose preliminary approval of the class action settlement.

First, Proposed Intervenors do not identify a protectable interest to justify their intervention at this juncture. Indeed, there is no "significantly protectable interest incumbent in an opportunity to object to preliminary approval," because "the Court will make its determination as to whether *final* approval should be granted based on the facts and law before it at that point in time . . . and [will] not be influenced by

previously granted *preliminary* approval." *Lane*, 2009 WL 3458198, at *5 (emphasis added); *see also Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011) (noting that preliminary approval, "in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause''" to give class members' notice and hold a "full-scale" fairness hearing). It is no coincidence that there is "no Civil Local Rule, Federal Rule of Civil Procedure, or other authority that permits a putative class member to file objections to a motion for preliminary approval." *Chavez v. PVH Corp.*, No. 13-cv-01797-LHK, 2015 WL 12915109, at *3 (N.D. Cal. Aug. 6, 2015).

Indeed, "[t]he Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may 'largely be addressed through the normal objection process.'" *Raquedan v. Centerplate of Delaware Inc.*, 376 F. Supp. 3d 1038, 1041–42 (N.D. Cal. 2019)(citing *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002) (explaining that "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening").); *see also Perkins v. Ryder Integrated Logistics, Inc.*, No. 23-CV-00502-WHO, 2023 WL 8481817, at *2 (N.D. Cal. Dec. 7, 2023)(denying intervention and explaining that The central themes of these cases is that intervention is not appropriate where the ability of the proposed intervenor can be protected by the options to opt-out of or object to the proposed settlement. These are adequate mechanisms for *Nance* to challenge the fairness and adequacy of any proposed settlement and protect her own interests here. *Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *4, 8 (N.D. Cal. Apr. 23, 2014) ("Allowing the Putative Interveners to opt out or object to the settlement in the fairness hearings would be far less disruptive than allowing them to intervene, and it would still preserve their interests."); *Harvey v. Morgan Stanley Smith Barney LLC*, No. 18-CV-02835-WHO, 2019 WL 9441672, at *3 (N.D. Cal. Sept. 5, 2019)(J. Orrick)(denying motion to intervene by putative class member, explaining that

"Intervention is also unnecessary to protect the interest of the Proposed Intervenors. Lucadano is a class member. He may object or opt out."), *aff'd,* No. 19-16955, 2022 WL 3359174 (9th Cir. Aug. 15, 2022).

Here, the settlement agreement expressly provides the Proposed Intervenors with opt-out rights, and the Proposed Intervenors also have the ability to object to the settlement. ECF 26-2 at ¶¶4.2 – 4.5.  Accordingly, Proposed Intervenors' alleged interests are sufficiently protected. *See*, *e.g.*, *Bergman v. Thelen LLP*, No. C-08-05322 EDL, 2009 WL 1308019, at *2 (N.D. Cal. May 11, 2009) ("The disposition of the action will not, as a practical matter, impede or impair applicants' ability to protect their interest[,]" and they "may opt of the class action and assert any claims they wish to pursue against Defendants."); *Cohorst v. BRE Properties, Inc.*, No. 10-cv-2666 JM (BGS), 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011)(denying intervention motion where proposed intervenor "may raise any objections to the settlement at the time of the Final Hearing[]").

### C. Existing Parties Adequately Protect Proposed Intervenors' Interests

Proposed Intervenors fail to show that their protectable interest is not adequately represented by the existing parties. A "presumption of adequacy of representation arises" when the "applicant for intervention and an existing party have the same ultimate objective." *Arakaki*, 324 F.3d at 1086. Proposed Intervenors and named Plaintiffs have the same objective: obtaining relief for the purported harms they allegedly experienced as a result of Defendant's alleged disclosure of PII under the VPPA. *Compare* ECF 23 (Second Am. Compl.) *with* ECF 14 (*Feller* Action Compl.).  Specifically, Plaintiff has brought this action on behalf of the following putative nationwide class and California sub-class:

**Nationwide Class**

> All natural persons residing in the United States who purchased a video or videogame from Defendant or signed

7

up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party, including, but not limited to, Meta.

**California Sub-Class**

All natural persons residing in California who purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party, including, but not limited to, Meta.

ECF 23 at ¶¶69-70.

The putative classes in this action encompass the putative class alleged in the *Feller* Action:

(a) The Data Brokerage Class: All persons in the United States who, during the two years preceding the filing of this action, purchased prerecorded video material from Defendants and had their Private Viewing Information disclosed to a third-party by Defendant.

(b) The Meta Pixel Class: All persons in the United States who, during the two years preceding the filing of this action purchased prerecorded video material from Defendants' website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc.

ECF 14 at ¶85.

First, there is a presumption of adequate representation when "the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." *Bergman,* 2009 WL 1308019, at *2 (internal quotation omitted). This presumption can only be rebutted with a "compelling showing" to the contrary. *Arakaki*, 324 F.3d at 1086. Proposed Intervenors have made no such showing, because they offer no "evidence of collusion, nonfeasance, adversity of interest, incompetence, or lack of financial resources." *In re Cloudera, Inc. Secs. Litig.*, No. 5:19-CV-03221-LHK, 2021 WL 1238301, at *2-3 (N.D. Cal. Apr. 2, 2021) (internal quotation omitted).

Courts in this District have denied intervention where putative class members in parallel pending cases seek to intervene and oppose preliminary approval of a class settlement by launching baseless accusations of "collusion." *See, e.g., Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 4170735, at *4 (N.D. Cal. Sept. 14, 2021), *aff'd sub nom. Kang v. Fyson*, No. 22-15694, 2022 WL 6943174 (9th Cir. Oct. 12, 2022) (denying intervention despite contention that "intervention is required to permit him to raise and explore the impact of a supposedly secret side deal," as proposed intervenor did not adequately explain why intervention was not sought earlier nor "why the [ ] issue cannot be addressed through 'the normal objection process.' "); *Perkins v. Ryder Integrated Logistics, Inc.*, No. 23-CV-00502-WHO, 2023 WL 8481817, at *1 (N.D. Cal. Dec. 7, 2023). Contrary to Proposed Intervenor's imagined "collusion" between the parties, the reality is that the plaintiff in the *Hoang To* Action made the opening settlement demand without any input or suggestion of valuation from Defendants, at no time during the negotiation of settlement valuation did Defendants tell the *Hoang To* plaintiff's firm that Defendants had engaged in any settlement discussions in the *Feller* case, and at no time during these settlement negotiations did Defendants tell the *Hoang To* plaintiff's firm any settlement figures that Defendants had exchanged

9

DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1

with the *Feller* plaintiffs' firm. DelGobbo Decl. at ¶¶8-10. Defendants conducted settlement negotiations with the *Hoang To* Plaintiff at arms-length and they were able to reach a resolution after exchanging multiple monetary and non-monetary positions. *Id.* at ¶¶8-9. Just because Plaintiffs in the *Feller* action were unable to reach their own settlement agreement with Defendants does not give rise to an inference that anyone else capable of negotiating a settlement must have "colluded."[2]

Moreover, Proposed Intervenors falsely imply that there had been "significant discovery" in the *Feller* action prior to culmination of the settlement agreement in *Hoang To* on October 23, 2024. (ECF No. 14 at 23.) However, the reality is that the parties had agreed to stay discovery pending the mediation, and no discovery responses were due from either side until after settlement had been reached. **Ex. B**, 10/10/2024 Email from A. Ravindran. Moreover, no response to the Complaint in either case had yet been filed.

---

[2] Proposed Intervenors' reliance on *Rahman v. Gate Gourmet, Inc.*, No. 3:20-CV-03047-WHO, 2021 WL 5973046, at *5 (N.D. Cal. Nov. 22, 2021) is misplaced. First, Rahman did not grant a motion to intervene. Rather, the Court merely lifted a stay previously agreed upon between the parties to allow the California state court an opportunity to assess the plaintiff's efforts to intervene and challenge to a class settlement pending in state court. After the state court judge directed the parties to seek this Court' guidance as to whether the case should proceed, this Court granted the plaintiff's motion to lift the stay. The Court noted, however, that the state court judge – before whom the motion for preliminary approval of the class settlement was pending – was "better positioned than I to assess the concerns about collusion that I have raised." Here, Judge Ruiz in the *Feller* Action has administratively closed that matter so this Court may decide the motions to intervene and motion for preliminary approval pending before it. Unlike *Rahman*, the preliminary approval motion and the Proposed Intervenors objections to the settlement are before this Court, which should be addressed in the normal course through the objection process afforded putative class members under Rule 23. Moreover, as explained *supra*, there was no collusion in reaching the settlement in this matter – which was well within the valuation range of VPPA class settlements.

At most, Proposed Intervenors suggest that the settlement – the terms of which they had not even reviewed at the time they filed their motion to intervene – might contain settlement provisions with which they disagree, but "[a]dequacy of representation does not turn on whether an existing party will litigate the case 'in the exact manner' that a putative intervenor would if they controlled the litigation." *Id.* at *3 (citing *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009)).

Second, the Settlement is fair and reasonable on its face, as Plaintiff explains in detail in the Memorandum in Support of Preliminary Approval, *see* ECF 26. Proposed Intervenors largely ignore that analysis, which Defendant incorporates herein by reference. Indeed, the Settlement's terms are comparatively more favorable in the aggregate than many VPPA settlements that have received final approval. *See* ECF 26 at 21-23. Moreover, Settlement's terms are particularly fair to the Proposed Intervenors in light of the strength of Defendant's defenses to *their* claims and against class certification. *See* ECF 26 at 13-21.

## II. Proposed Intervenors Should Not Be Granted Permissive Intervention Pursuant to Rule 24(b).

This Court should also deny permissive intervention for similar reasons. Timeliness is also a threshold requirement under Rule 24(b), and the Ninth Circuit has explained that it is analyzed "more strictly" in that context than under Rule 24(a). *Wilson*, 131 F.3d at 1308. Because Proposed Intervenors' motion is untimely, *see supra* 3-5, the Court need not go further in order to deny it. But in any case, permissive intervention is further inappropriate here because it would "'unduly delay or prejudice adjudication of the original parties' rights'" for the reasons explained above. *See Cody v. SoulCycle, Inc.*, No. CV 15-06457-MWF (JEMx), 2017 WL 8811114, at *5 (C.D. Cal. Sept. 20, 2017) (denying permissive intervention where the request is "*not* timely and risks compromising or postponing final settlement"). Notably, upon learning that a class settlement had been reached and before even

inquiring of the terms of the settlement, Proposed Intervenors' counsel stated that he would "file appeal after appeal," "tie up these cases for years," and drive up defense costs. **Ex. A**, Decl. of Bonnie DelGobbo ¶10. Permitting intervention by individuals whose stated intention is to cause delay and pursue a vindictive vendetta is not in anyone's best interest – much less the best interest of the settlement class.

## CONCLUSION

Proposed Intervenors have not carried their burden to intervene. Their objections should be heard through the ordinary settlement class member objection process specified in the settlement agreement, not by way of a belated and disruptive attempt at intervention. The Court should deny Proposed Intervenors' Motion to Intervene.

Dated: November 12, 2024    **BAKER & HOSTETLER LLP**

By: */s/Bonnie DelGobbo*
Bonnie DelGobbo

*Attorneys for Defendant*
DIRECTTOU, LLC

12
DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY - CLASS ACTION COMPLAINT
CASE NO 3:24-CV-06447-WHO

4860-0031-8712.1