JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | **Case No 3:24-CV-06447-WHO**<br><br>**PLAINTIFF'S OPPOSITION TO PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY**<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2<br>Hearing Date: Dec. 4, 2024<br>Hearing Time: 2:00 p.m. |

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II. RELEVANT BACKGROUND .......................................................................................... 2

III. ARGUMENT ........................................................................................................................ 4

   A. Proposed Plaintiff-Intervenors are Not Entitled to Intervention as of Right ................ 4

      1. Proposed Plaintiff-Intervenors Can Protect Their Interests by Either Objecting to or Opting Out of the Class Settlement During the Approval Process ...................... 6

      2. Proposed Plaintiff-Intervenors Have Not Shown that Their Interests Will Not Be Adequately Represented by Counsel for Plaintiff ..................................................... 7

   B. The Court Should Find Permissive Intervention under Rule 24(b) Inappropriate ......... 8

   C. The Court Should Decline to Stay or Transfer the Instant Action ............................... 10

IV. CONCLUSION .................................................................................................................. 13

PLTF'S OPP. TO MOTION TO INTERVENE AND
DISMISS, OR TO TRANSFER OR STAY

i

Case No. 3:24-CV-06447-WHO

# TABLE OF AUTHORITIES

**CASES**

*Alaniz v. California Processors, Inc.,* 73 F.R.D. 289 (N.D. Cal. 1976) ........................................ 6

*Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622 (9th Cir. 1991) ........................................ 10

*Arakaki v. Cayetano*, 324 F. 3d 1078 (9th Cir. 2003) ..................................................................... 7

*Ashe v. Pepsico, Inc.*, 443 F. Supp. 84 (S.D.N.Y.1977) ................................................................. 11

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) ............................................... 9

*Church of Scientology of California v. U.S. Dept. of Army,* 611 F.2d 738 (9th Cir. 1979) ........... 12

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ..................... 4

*Cochran v. Accellion, Inc.*, No. 21-CV-01887-EJD, 2021 WL 5161921 (N.D. Cal. Nov. 5, 2021) 6

*Cohorst v. BRE Properties, Inc.*, No. 10-cv-2666, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ... 6

*Cooper v. Newsom*, 13 F. 4th 857 (9th Cir. 2021) .......................................................................... 9

*Davis v. J.P. Morgan Chase & Co.,* 775 F. Supp. 2d 601 (W.D.N.Y. 2011) ................................... 7

*Doe v. Cin-Lan, Inc.,* No. 08-cv-12719, 2011 WL 37970 (E.D. Mich. Jan. 5, 2011) ..................... 7

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ..................................................................... 9

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) ........................... 9

*Grilli v. Metropolitan Life Ins. Co., Inc.,* 78 F.3d 1533 (11th Cir. 1996) ....................................... 7

*Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180 (1952) ................................. 10

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002), abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ..................................... 9

*K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702 (C.D. Cal. July 9, 2009) .... 11

*League of United Latin American Citizens v. Wilson*, 131 F.3d 1297 (9th Cir. 1997) .................... 8

*Negrete v. Allianz Life Ins. Co. of N.A.*, 523 F.3d 1091 (9th Cir. 2008) ......................................... 5

*Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir. 1982) ..................................... 10

*Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947 (9th Cir. 2009) ..................................... 4, 7

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) ............................................................................ 4

*Reynolds v. National Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002) .................................... 5

*Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180 (10th Cir. 2002) .................................... 5

*SAES Getters S.p.A. v. Aeronex, Inc.*, 291 F. Supp. 2d 1081 ((S.D. Cal. 2002) ............................ 12

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ........................................ 4

*Thomas Properties Group, Inc. v. Strategic Advisory Inc.*, No. CV 12-05331 MMM (EX), 2012 WL 12952056 (C.D. Cal. Oct. 19, 2012) .................................................................................. 11

*Tuttle v. Audiophile Music Direct Inc.*, 2023 WL 3318699 (W.D. Wa. May 9, 2023) .................... 5

*United States v. Allegheny–Ludlum Indus., Inc.,* 517 F.2d 826 (5th Cir.1975) ............................... 6

*Venegas v. Skaggs*, 867 F. 2d 527 (9th Cir. 1989), aff'd on other grounds, *Venegas v. Mitchell*, 495 U.S. 82 (1990) .................................................................................................................... 9

*Viet Bui v. Sprint Corp.*, 2015 WL 3828424 (E.D. Cal. June 19, 2015) ........................................ 12

*Ward v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994) ............................................................. 10

*Wells Fargo Bank, N.A. Tr. for Natividad Caballero 2007 Ins. Tr. v. Principal Life Ins. Co.*, No. CV 09-00068 DDP (RZx), 2009 WL 10671947 (C.D. Cal. Apr. 22, 2009) .............................. 11

*Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JSC), 2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ................................................................................................................................ 6, 7, 9

*Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663 (N.D. Cal. 2003) ............................ 10

**STATUTES**

Fed. R. Civ. P. 24(b)(1)(B) .............................................................................................................. 8

Fed. R. Civ. P. 24(a)(2) ................................................................................................................... 4

Case 3:24-cv-06447-WHO   Document 35   Filed 11/12/24   Page 5 of 17

I.  **<u>INTRODUCTION</u>**

Counsel for Plaintiff and Plaintiff have reached an excellent settlement of Plaintiff's VPPA and California state law claims against Defendant DirectToU, LLC ("DirectToU" or "Defendant"). Counsel for Plaintiff having used their skill, experience, and industry to negotiate – at arm's length – a settlement which Plaintiff has presented to the Court for preliminary approval, Plaintiff now faces the proposed Plaintiff-Intervenors' Motion to Intervene and to Dismiss, or Alternatively to Transfer or Stay, which is replete with unfounded and offensive accusations about Counsel for Plaintiff and their work on the instant case, as well as entirely inaccurate assertions that the Plaintiff-Intervenors' case is at an advanced stage.

Stripped of its conclusory, unsupported claims the Motion does not establish that proposed Plaintiff-Intervenors are entitled to intervention as of right and it should not persuade the Court that permission to intervene should be granted when proposed Plaintiff-Intervenors will be able to adequately protect their interests by opting-out of the proposed settlement class or objecting to the settlement and pursuing that objection through the fairness hearing process. Moreover, in light of the extremely limited time between the filing of the two competing cases and the fact that the parties in the instant case have reached a settlement which has been submitted for preliminary approval, the Court should exercise its discretion not to mechanically follow the first-to-file rule and should decline to transfer or stay the instant case.

Counsel for Plaintiff are not unsympathetic to the situation Counsel for the proposed Plaintiff-Intervenors are in. Both firms have spent considerable time investigating and litigating similar claims regarding the same conduct. It was Counsel for the proposed Plaintiff-Intervenors, however, who refused to permit Counsel for Plaintiff and Plaintiff to participate in a mediation that might have resolved both cases, it was Counsel for the Plaintiff-Intervenors who were unable to reach a settlement at that mediation, and it is Counsel for the Plaintiff-Intervenors who have now cautioned Defendant that they intend to "file appeal after appeal," and "tie up these cases for years." DelGobbo Decl. ¶ 10, attached as Ex. A to the Decl. of Julian Hammond, filed herewith. Such conduct, combined with the shrill accusations in the instant Motion, undercuts proposed Plaintiff-Intervenors' implicit claims to be the aggrieved party and is hardly consistent with a desire to

Pltf's Opp. to Motion to Intervene and
Dismiss, or to Transfer or Stay

1

Case No. 3:24-cv-06447-WHO

represent the best interests of the Settlement Class. In contrast, Counsel for Plaintiff's own actions are above reproach; Counsel has diligently and expeditiously investigated Defendant's conduct, has zealously represented Plaintiff, and has negotiated an outstanding settlement. Plaintiff respectfully suggests that this context, properly understood, should further persuade the Court to deny proposed Plaintiff-Intervenors' motion in its entirety.

## II.    RELEVANT BACKGROUND

Counsel for Plaintiff began its investigation into Defendant DirectToU, LLC's ("DirectToU" or Defendant), conduct underlying Plaintiff's operative Second Amended Complaint in or about November 2023. Hammond Decl. ¶ 3. Since then, Counsel for Plaintiff has diligently pursued additional information and, since filing Plaintiff's initial Complaint in the California Superior Court for Alameda County, on August 12, 2024, has continued to expeditiously and conscientiously pursue the instant case. Hammond Decl. ¶¶ 3-4.

On October 11, 2024, after Defendant removed Plaintiff's case to this Court, the parties began to engage in settlement discussions. As part of those discussions, Defendant provided Plaintiff with an estimate of the class size (and of the California subclass, which is roughly three times the number of Florida class members). Over the next several days, the Parties exchanged a number of offers and continued to negotiate over the details of a potential settlement, including a potential monetary payment by Defendant. On October 19, 2024, the Parties reached an agreement in principle. Over the following days, through several phone calls and emails, the Parties resolved numerous important issues associated with finalizing the details of the Settlement, including the Notice Plan, the appropriate allocation of the Settlement Fund among Class Members, the claims process, and the distribution plan. Ultimately, on October 23, 2024, the Parties executed the Class Action Settlement Agreement ("Settlement Agreement"). Hammond Decl. ¶¶ 4-5.

The settlement achieved by Plaintiff represents an outstanding result for the proposed Settlement Class. The per-Class Member monetary relief sits comfortably toward the higher end of recent comparable VPPA settlements. Hammond Decl. ¶ 6. And the Settlement Agreement provides for non-monetary relief which requires DirectToU to modify the Facebook Pixel settings on its website such that specific product information is not shared with Facebook, and which will

prospectively prohibit DirectToU from engaging in the conduct that underlies Plaintiff's claims in the instant case. *Id.* ¶ 6. Since reaching settlement, Counsel for Plaintiff have continued to represent the interests of Class Members by securing an agreement from Defendant as part of the settlement to remove tracking tools from Defendant's website (before 45 days after the date of preliminary approval, as required by the settlement agreement) and by engaging an expert to confirm that DirectToU has removed the Meta pixel and that the Facebook "Like" button from its websites. *Id*. Plaintiff's Counsel also independently confirmed that customers' information has been removed from NextMark, and Defendant has represented that it is not sharing any customers' purchase history with any data brokers. *Id.*

Having investigated and filed the instant case, and having subsequently negotiated an excellent settlement for the Class Members they seek to represent, Counsel for Plaintiff are now the subject of offensive and baseless allegations from proposed Plaintiff-Intervenors. To be clear, proposed Plaintiff-Intervenors are entirely wrong to suggest that the instant case was a copy-cat case. Counsel for Plaintiff began their investigation many months before Plaintiff-Intervenors filed their case, and Counsel for Plaintiff filed their initial Complaint in California State Court without being aware that Plaintiff-Intervenors had also filed their initial Complaint a few days earlier in the District Court for the Southern District of Florida. Hammond Decl. ¶ 7.

Proposed Plaintiff-Intervenors are also mistaken in making their insulting, offensive, and baseless accusation that Counsel for Defendant and Counsel for Plaintiff "collusively engineered" the settlement in the instant action. Hammond Decl. ¶ 8. The excellent settlement achieved was negotiated by Counsel for Plaintiff at arm's-length and with no knowledge of the negotiations or the substance of any offers in proposed Plaintiff-Intervenors' case. *Id*. Indeed, Plaintiff's Counsel subsequently learned that Defendant asked proposed Plaintiff-Intervenors to permit Counsel for Plaintiff in the instant case to attend the mediation between the parties in Proposed Plaintiff-Intervenors' case. *Id.* ¶ 9. Had Counsel for Plaintiff been permitted to attend, they would have been aware of the negotiations taking place in proposed Plaintiff-Intervenors' case and a settlement involving counsel for all parties in both cases might have been achieved. It was Counsel for proposed Plaintiff-Intervenors who refused to allow Counsel for Plaintiff in the instant case to

attend. *Id.*

Proposed Plaintiff-Intervenors' suggestion that discovery in their case is further along than in the instant case is simply inaccurate. *Id.* ¶ 10. Defendant provided proposed Plaintiff-Intervenors with the same informal discovery as it provided to Plaintiff in this case. *Id.* Proposed Plaintiff-Intervenors served formal discovery requests only after their settlement discussions came to an impasse, and, in any event, they have not obtained any discovery in response. *Id.*

Now, after Counsel for Plaintiff and Plaintiff have completed the hard work of achieving an outstanding settlement, proposed Plaintiff-Intervenors seek to intervene in the instant case, or, in the alternative, for the instant case to be transferred or stayed pursuant to the discretionary first-to-file rule.

## III.   ARGUMENT

### A.   Proposed Plaintiff-Intervenors are Not Entitled to Intervention as of Right

Federal Rule of Civil Procedure 24(a) provides that upon timely application a person or entity shall be permitted to intervene in an action if that person or entity:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). An applicant for intervention as of right must prove four elements: "'(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks and citation omitted)); *see also Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

In the instant case, rather than even address the four elements required for intervention as of right, proposed Plaintiff-Intervenors devote less than three full pages of argument to the matter of intervention (intervention as of right and permissive intervention combined) and spend almost all of that levelling accusations of collusion and other misconduct against Defendant and entirely mischaracterizing the substance and nature of the settlement negotiations between Plaintiff and Defendant.

With respect to proposed Plaintiff-Intervenors' allegations of collusion and that the settlement was the result of a reverse auction, Plaintiff categorically denies these allegations and notes that they are particularly offensive because they have the "odor of mendacity" about them. *Negrete v. Allianz Life Ins. Co. of N.A.*, 523 F.3d 1091, 1099 (9th Cir. 2008). As the Ninth Circuit has recognized, in an analogous context, a party or intervenor should not be permitted to simply "float[ ] the specter of a reverse auction" without facts. *Id.* Otherwise, "the 'reverse auction argument would lead to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions—none of the competing cases could settle without being accused by another of participating in a collusive reverse auction.'" *Negrete*, 523 F.3d at 1099–1100 (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1189 (10th Cir. 2002) (internal quotation marks omitted)); *see also Tuttle v. Audiophile Music Direct Inc.*, 2023 WL 3318699, *4 (W.D. Wa. May 9, 2023) (holding, in the context of settlement approval, that "[t]hose challenging a settlement as resulting from an alleged reverse auction must provide 'concrete evidence' of collusion.") (citing *Rutter & Wilbanks Corp.*, 314 F.3d at 1189). Instead, one raising a reverse auction argument should provide evidence of the "hallmarks of a reverse auction recognized in the case law: ineffectual lawyers, evidence that the defendant negotiated with those lawyers because of their supposed ineffectiveness, and overly generous attorneys' fees compared to the relief offered to the class. *Tuttle*, 2023 WL 3318699, *4 (citing *Negrete*, 523 F.3d at 1099-1100; *Reynolds v. National Beneficial Nat'l Bank*, 288 F.3d 277, 283 (7th Cir. 2002)). Here, to reiterate, proposed Plaintiff-Intervenors have provided no such evidence; nor could they, because there was no reverse auction and there has been no collusion.

Regardless, unfounded accusations are no substitute for proof of the four elements required

under Rule 24(a) for intervention as of right.[1] At a minimum, Proposed Plaintiff-Intervenors have not and cannot satisfy at least two of the four requirements. First, they cannot establish that disposition of this action will impair or impede their ability to protect their interests; they are able to opt-out of the proposed settlement and pursue their own action against Defendant or to object and participate in the Court's fairness hearings. Second, absent Defendant's conclusory and unfounded allegations regarding collusion, Defendant has offered nothing to suggest that Counsel for Plaintiff will not adequately represent the interests of all Settlement Class Members, including the proposed intervenors. Because Proposed Plaintiff-Intervenors cannot satisfy at least these two requirements of Rule 24(a), their application to intervene as of right must be denied.

   1. <u>Proposed Plaintiff-Intervenors Can Protect Their Interests by Either Objecting to or Opting Out of the Class Settlement During the Approval Process</u>

"[C]ourts in this circuit have consistently held that 'intervention of right is unavailable' where, as in this case, the settlement agreement allows the putative intervenors to protect their interests by opting out of the settlement class or participating in the fairness hearing process. *Cochran v. Accellion, Inc.*, No. 21-CV-01887-EJD, 2021 WL 5161921, at *2 (N.D. Cal. Nov. 5, 2021) (citing *Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JSC), 2014 WL 1653246, at *4, 8 (N.D. Cal. Apr. 23, 2014) ("Allowing the Putative Interveners to opt out or object to the settlement in the fairness hearings would be far less disruptive than allowing them to intervene, and it would still preserve their interests.")). *See also, e.g., Alaniz v. California Processors, Inc.,* 73 F.R.D. 289, 289 (N.D. Cal. 1976) (denying intervention in class action, reasoning that "the ability to opt out precludes the [i]ntervenors from satisfying the impairment-of-interest test") (citing *United States v. Allegheny–Ludlum Indus., Inc.,* 517 F.2d 826, 845 (5th Cir.1975)); *Cohorst v. BRE Properties, Inc.*, No. 10-cv-2666, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011) (denying intervention in class action, reasoning that intervener could opt out of the class and pursue her own damages action or raise objections to the settlement during the final fairness hearing). Indeed, numerous courts,

---

[1] Proposed Plaintiff-Intervenors cite repeatedly to *Rahman v. Gate Gourmet, Inc.*, No. 20-CV-03047, 2021 WL 5973046 (N.D. Cal. Nov. 22, 2021), but, in that case, the court was not considering a Motion to Intervene and, thus, the court's analysis does not address the elements required for intervention as of right or permissive intervention. Plaintiff disagrees strongly with suggestion the *Rahman* is somehow analogous to the instant case. Here, there has been no collusion between Counsel for Plaintiff and Counsel for Defendant, there are no signs or indications of any collusion or an improper reverse auction.

throughout the country have taken this approach. *See, e.g., Grilli v. Metropolitan Life Ins. Co., Inc.*, 78 F.3d 1533, 1536, 1538 (11th Cir. 1996) (affirming district court's denial of intervention in class action because interveners could object to the settlement or opt out and litigate separately); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 605 (W.D.N.Y. 2011) (denying intervention in putative class action, reasoning that putative intervenors' interests "can be fully protected at the fairness hearing for final approval of the settlement" and "class members who do not want to be bound by the settlement will be given an opportunity to opt out and pursue their own claims separately"); *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2011 WL 37970, at *2-3 (E.D. Mich. Jan. 5, 2011) (despite fact that intervenors' motion was timely and they possessed interest in putative class action, "intervention is not necessary to prevent their claims from being settled without their input" and intervenors could simply opt out of the class or remain in the class and voice concerns at the fairness hearing (citations omitted)).

In the instant case, proposed Plaintiff-Intervenors do not dispute that they would be members of the proposed Settlement Class, if certified. Thus, they have "means to protect their interests. That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue their claims separately." *Zepeda*, 2014 WL 1653246 at *6. Indeed, as noted above, proposed Plaintiff-Intervenors do not directly address this issue in their argument at all. There is, then, respectfully, no basis for this Court to find that intervention is necessary for the proposed Plaintiff-Intervenors to be able to protect their respective interests or that a departure from the common practice of courts in this circuit is warranted in the instant case.

### 2. Proposed Plaintiff-Intervenors Have Not Shown that Their Interests Will Not Be Adequately Represented by Counsel for Plaintiff

The Ninth Circuit has held that "[t]he 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950–51 (9th Cir. 2009) (quoting *Arakaki v. Cayetano*, 324 F. 3d 1078, 1086 (9th Cir. 2003) (citations omitted)). Moreover, "[w]here the party and the proposed intervenor

share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary. *Perry*, 587 F.3d at 950-51 (citing *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)).

In the instant case, Plaintiff and the proposed Plaintiff-Intervenors share the same 'ultimate objective'; they seek to vindicate the privacy rights under the VPPA of a nationwide class of consumers. Thus, the burden is on proposed Plaintiff-Intervenors to make a compelling showing that Plaintiff and Counsel for Plaintiff will not adequately represent their interests. Proposed Plaintiff-Intervenors make no attempt to make such a showing. The litany of conclusory complaints made about Defendant's supposed conduct has no bearing on the adequacy of Plaintiff and Counsel for Plaintiff as representatives. And Defendant's entirely inaccurate conclusory assertions that Counsel for Plaintiff simply filed a copy-cat complaint and settled without adequate information to evaluate the settlement and with no arm's-length negotiations are wholly insufficient.

Counsel for Plaintiff are experienced consumer class action attorneys who have, in the past few years, litigated several similar privacy class actions and to date successfully settled three such class actions, including *Smith Washington v. TaxAct, Inc.,* No. 23-cv-830-VC (N.D. Cal.), *Doe I and Doe II v. Family Planning Associates Medical Group, Inc.,* No. 23CV037304 (Alameda County Superior Court), as well one other case the settlement in which has not yet been made public. The settlement in the case against TaxAct, with a value of approximately $23 million, was preliminarily approved by Judge Chhabria and the final approval hearing is set to take place on November 21, 2024. In addition, counsel from HammondLaw is co-lead counsel in a consolidated nationwide privacy case *In re Betterhelp, Inc. Data Disclosure* Cases, No. 23-cv-01033-RS (N.D. Cal.). Counsel for Plaintiff are, then, more than able to adequately represent the interests of proposed Plaintiff-Intervenors.

**B.      The Court Should Find Permissive Intervention under Rule 24(b) Inappropriate**

If a would-be intervenor cannot show a right to intervene a court may, under Rule 24(b), also permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[P]ermissive intervention 'requires

1  (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law
2  and fact between the movant's claim or defense and the main action.'" *Freedom from Religion*
3  *Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l*
4  *Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). It is incumbent upon the applicant for intervention to
5  prove that it meets these three "'threshold requirements'" but, "'[e]ven if an applicant satisfies those
6  threshold requirements, the district court has discretion to deny permissive intervention.'" *Cooper*
7  *v. Newsom*, 13 F. 4th 857, 868 (9th Cir. 2021) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412
8  (9th Cir. 1998)). Indeed, unlike intervention as of right, permissive intervention focuses on possible
9  prejudice to the original parties to the litigation, not the intervenor. *See Cooper*, 13 F. 4th, 868 ("In
10 exercising its discretion [to deny permissive intervention], the district court must consider whether
11 intervention will unduly delay the main action or will unfairly prejudice the existing parties" (citing
12 *Donnelly*, 159 F.3d at 412; *Venegas v. Skaggs*, 867 F. 2d 527, 530 (9th Cir. 1989), aff'd on other
13 grounds, *Venegas v. Mitchell*, 495 U.S. 82 (1990)). Thus, "in exercising its discretion, the court is
14 to consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights
15 of the original parties.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n.10 (9th Cir.
16 2002), abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir.
17 2011) (quoting Fed. R. Civ. P. 24(b)(2)).
18  In the instant case, proposed Plaintiff-Intervenors acknowledge the three threshold
19 requirements for permissive intervention, Def's Mot., Dkt. 14, 19:18-20:1, but do not explain how
20 they are met, *id.* 19:4-22:10 (Argument section on intervention). On that basis, this Court should
21 exercise its discretion to deny proposed Plaintiff-Intervenors permission to intervene.
22  Even setting aside proposed Plaintiff-Intervenors' failure to establish the threshold
23 requirements, the Court should decline to permit intervention because it would unduly delay or
24 prejudice the adjudication of the rights of Plaintiff and Defendant. As other courts have found,
25 particularly when a case has settled, permitting intervention can create *undue* prejudice and delay
26 when "[a]llowing the Putative Interveners to opt out or object to the settlement in the fairness
27 hearings would be far less disruptive than allowing them to intervene, and it would still preserve
28 their interests." *Zepeda*, 2014 WL 1653246, at *8 (citing *Cin–Lan, Inc.,* 2011 WL 37970, at *4

1  (E.D. Mich. Jan. 5, 2011) (denying permissive intervention when settlement had already been reached and proposed intervenors were "able to assert their rights through means less disruptive than intervening" in the case; they could opt out or could "join the settlement and challenge it at the fairness hearing.")). Plaintiff respectfully suggests that, in the instant case, where an excellent settlement has been achieved and proposed Plaintiff-Intervenors have the opportunity to opt-out or to object and challenge the settlement in the appropriate fairness hearings, the Court should find that intervention would create undue prejudice and delay.

Plaintiff also reminds the Court of Counsel for proposed Plaintiff-Intervenors' statement that he intends to "tie up these cases for years." DelGobbo Decl. ¶ 10, attached as Ex. A to Hammond Decl. This makes clear the very real risk that intervention will result in substantial delays. And, any such delay would be "undue" because proposed Plaintiff-Intervenors can adequately protect their interests through this Court's fairness hearing process.

### C. The Court Should Decline to Stay or Transfer the Instant Action

Proposed Plaintiff-Intervenors also ask, in the alternative, that this Court transfer or stay the instant case pursuant to the first-to-file rule. "The 'first to file' rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court." *Z-Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). "In applying this rule, a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Id.* (*citing Ward,* 158 F.R.D. at 648; *Alltrade,* 946 F.2d at 625–26; *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982)).

Even if the threshold factors of the first-to-file rule are met, however, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade,* 946 F.2d at 627–28 (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952)). "District courts can, in the exercise of their discretion, dispense with the rule for reasons of equity." *Z-Line Designs, Inc.*, 218 F.R.D. at 665 (citing *Ward,* 158 F.R.D. at 648; *Alltrade,* 946 F.2d at 625-

26).

In the instant case, there are three sound reasons for this Court to decline to mechanically apply the first-to-file rule. **First**, the initial complaints in the competing cases here – the instant action and proposed Plaintiff-Intervenors' action, were filed on August 12, 2024, and August 8, 2024 respectively; only two court days apart. Even using the date of removal in the instant case, September 12, 2024, the cases were filed only a few weeks apart. Many courts have concluded that the first-to-file rule is of "no utility" where competing cases are field within a short time of each other. *See, e.g., Thomas Properties Group, Inc. v. Strategic Advisory Inc.*, No. CV 12-05331 MMM (EX), 2012 WL 12952056, at *6 (C.D. Cal. Oct. 19, 2012) (citing *K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL 2049702, *2 (C.D. Cal. July 9, 2009) ("Application of the first to file rule here, where the parties filed nearly simultaneous actions in competing jurisdictions, would invoke none of the merits of the rule and would promote a race to the courthouse," citing *Ashe v. Pepsico, Inc.*, 443 F. Supp. 84 (S.D.N.Y. 1977), and collecting cases)). And that makes sense because "the rationale behind the rule is diminished in such cases." *Thomas Properties Group, Inc. v. Strategic Advisory Inc.*, No. CV 12-05331 MMM (EX), 2012 WL 12952056, at *6 (C.D. Cal. Oct. 19, 2012) (citing *K–Swiss*, 2009 WL 2049702 at *2 (concluding "that the first to file rule [wa]s of limited value in resolving the dispute" where plaintiff filed a complaint for Declaratory relief only two business days before defendants filed in another jurisdiction); *Z–Line Designs, Inc. v. Bell'O Intern., LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003) (where first-filed action preceded second by two days, "the importance of the earlier filing date [was] diminished" given "th[e] relatively short time period between the two filings")). *See also Wells Fargo Bank, N.A. Tr. for Natividad Caballero 2007 Ins. Tr. v. Principal Life Ins. Co.*, No. CV 09-00068 DDP (RZx), 2009 WL 10671947, at *4 (C.D. Cal. Apr. 22, 2009) ("the limited time period [between the filing days of the competing suits] diminishes the importance of the earlier filing date; the general assumptions of convenience underlying the first-to-file rule have less force because the first-filed forum has not expended resources on the suit." (citations omitted)).

**Second**, and relatedly, the Ninth Circuit has established an exception to the first-to-file rule where a second-filed matter has progressed to a point where it is impractical or inefficient to dismiss

1   or stay that matter. *See Church of Scientology of California v. U.S. Dept. of Army,* 611 F.2d 738, 750 (9th Cir. 1979). Proposed Plaintiff-Intervenors attempt to persuade the Court to ignore this exception to the first-to-file rule and, implicitly, to disregard the first exception discussed above, by attempting to present their case as more developed than the instant case. In fact, despite proposed Plaintiff-Intervenors' claim to have "engaged in significant discovery," Def's Mot., 23:17-18, Counsel for Defendant has confirmed that Counsel for proposed Plaintiff-Intervenors have received no more class information from Defendant than Counsel for Plaintiff received in the instant case, DelGobbo Decl. ¶¶ 4-8. Moreover, while proposed Plaintiff-Intervenors make much of their efforts to negotiate a settlement, the fact is that they reached an impasse. DelGobbo Decl. ¶ 7. In contrast, Counsel for Plaintiff's contemporaneous settlement efforts resulted in an excellent settlement, regarding which they have already filed a motion for preliminary approval. Dkt. 26. Thus, it is the instant case that has progressed further and, considered in light of the limited time between the initiation of the two cases, Plaintiff respectfully suggests that it would be more efficient and a better use of judicial resources to permit the instant case to proceed in this Court.

**Third**, keeping Plaintiff's case in this Court would best serve the interests of the Class Members. *Viet Bui v. Sprint Corp.,* 2015 WL 3828424, * 3 (E.D. Cal. June 19, 2015) ("Ultimately, the district court is to temper its preference for the first-filed suit by yielding to the forum in which all interests are best served.") (citing *SAES Getters S.p.A. v. Aeronex, Inc.*, 291 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002)). As discussed above, the parties in the instant case already reached settlement and Plaintiff's Motion for Preliminary Approval is pending before this Court. A transfer would cause unnecessary delays. Additionally, there are more Class Members who are residents of California than any other state, and there are approximately three times the number of Class Members who are residents of California as there are Class Members who are residents of Florida.

///

///

///

## IV. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court denies proposed Plaintiff-Intervenors' Motion in its entirety.

Dated: November 12, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*s/ Julian Hammond*
　　　　　　　　　　　　　　　　　　　　　　　　JULIAN HAMMOND (SBN 268489)
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and the Putative Class*