JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | Case No. 3:24-CV-06447-WHO<br><br>**DECLARATION OF JULIAN HAMMOND IN SUPPORT OF PLAINTIFF'S OPPOSITION TO PROPOSED PLAINTIFF-INTERVENORS' MOTION TO INTERVENE AND TO DISMISS, OR ALTERNATIVELY TO TRANSFER OR STAY**<br><br>Judge:     Hon. William H. Orrick<br>Courtroom:  2<br>Hearing Date: Dec. 4, 2024<br>Hearing Time: 2:00 p.m. |

1.      I am an attorney licensed to practice law in California, Washington, and New York. I am over 18 years of age. I have personal knowledge of the facts set forth in this declaration and if called upon to testify, could and would testify competently thereto.

2.      I am the principal of my own law firm HammondLaw, P.C. and attorney of record for Plaintiff Jonathan Hoang To ("Plaintiff" or "Class Representative") and the proposed settlement class consisting of all persons who reside in the United States, purchased a video or videogame from Defendant DirectToU, LLC's ("DirectToU" or Defendant), or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party ("Class Members") between August 8, 2022 and the date of Preliminary Approval ("Class Period").

3.      My firm first began its investigation into conduct underlying Plaintiff's operative Second Amended Complaint in or about November 2023. We have conducted substantial factual investigation and analysis as well as analysis of the legal issues, and prepared and filed a detailed complaint in the California Superior Court for Alameda County, on August 12, 2024.

4.      Defendant removed Plaintiff's case to this Court on September 12, 2024. Subsequently, on October 11, 2024, the parties began to engage in settlement discussions. Over the next several days, the Parties exchanged a number of offers and continued to negotiate over the details of a potential settlement, including a potential monetary payment by Defendant. Counsel for Plaintiff also obtained key informal discovery from Defendant, necessary to evaluate the case for settlement (i.e. estimated class size).

5.      On October 19, 2024, the Parties reached an agreement in principle. Through several phone calls and emails over the following days, the Parties resolved numerous important details associated with finalizing the Settlement, including the Notice Plan, allocation of the

Settlement Fund among Class Members, the claims process, and the distribution plan. On October 23, 2024, the Parties executed the Class Action Settlement Agreement that was filed with the Court on November 4, 2024.

6. As explained in detail in Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the proposed settlement is an outstanding result for the proposed Class. The per-Class Member monetary relief sits comfortably toward the higher end of recent comparable VPPA settlements, and the Settlement Agreement provides for non-monetary relief which requires DirectToU to modify the Facebook Pixel settings on its website such that specific product information is not shared with Facebook, and which will prospectively prohibit DirectToU from engaging in the conduct that underlies Plaintiff's claims in the instant case. Since reaching settlement, HammondLaw has continued to represent the interests of Class Members by (a) securing an agreement from Defendant, as part of settlement, to remove the Meta pixel and another tracking tool, the Facebook "like" button, from Defendant's websites, even before the "45-days from preliminary approval order" deadline set out in the Settlement Agreement, and (b) engaging an expert to confirm that DirectToU has removed these tracking tools from its websites and no longer shares Personally Identifiable Information (as defined by the VPPA). Plaintiff's Counsel also independently confirmed that customers' information has been removed from NextMark, and Defendant has represented that it is not sharing any customers' purchase history with any data brokers.

7. My firm was not aware of the *Feller* case at the time we filed Plaintiff's Complaint in the instant case. The *Feller* complaint was filed on Thursday, August 8, 2024, in the District Court for the Southern District of Florida and Plaintiff's Complaint was filed on Monday, August 12, 2024, in California State Court.

8. My firm did not engage in any sort of collusion with Defendant's Counsel. The settlement negotiations between Plaintiff (represented by our firm) and Defendant proceeded at arm's-length. On October 11, 2024, Defendant's Counsel inquired whether Plaintiff was interested in engaged in settlement discussions, and I said that Plaintiff was interested. I then made an initial settlement demand, which was based on my own knowledge of Plaintiff's case and claims and settlements in similar cases. Plaintiff and Defendant exchanged offers and counteroffers before reaching settlement. At the time of settlement discussions (or anytime thereafter), I had no knowledge of anything (negotiations or the substance of any offers) that was discussed at the mediation or during settlement discussions between *Feller* Counsel and Defendant's Counsel.

9. I later learned, from the filings in the *Feller* case, that Defendant asked proposed Plaintiff-Intervenors to permit Plaintiff (and HammondLaw) to attend the mediation between the parties in Proposed Plaintiff-Intervenors' case. Had my firm been permitted to attend, we would have been aware of the negotiations taking place in proposed Plaintiff-Intervenors' case and a settlement involving counsel for all parties in both cases might have been achieved. It was Counsel for proposed Plaintiff-Intervenors who refused to allow my firm in the instant case to attend.

10. Proposed Plaintiff-Intervenors' suggestion that discovery in their case is further along than in the instant case is inaccurate. Defendant provided proposed Plaintiff-Intervenors with the same information about the settlement class size as Defendant provided to Plaintiff in this case. Proposed Plaintiff-Intervenors served formal discovery requests only after their settlement discussions came to an impasse, and, in any event, they have not obtained any discovery in response.

11. HammondLaw is an experienced consumer class action law firm who have, in the past few years, litigated several similar privacy class actions and to date successfully settled three such class actions, including *Smith Washington v. TaxAct, Inc.*, No. 23-cv-830-VC (N.D. Cal.), *Doe*

*I and Doe II v. Family Planning Associates Medical Group, Inc.,* No. 23CV037304 (Alameda County Superior Court), as well one other case the settlement in which has not yet been made public. The settlement in the case against TaxAct, with a value of approximately $23 million, was preliminarily approved by Judge Chhabria and the final approval hearing is set to take place on November 21, 2024. In addition, counsel from HammondLaw is co-lead counsel in a consolidated nationwide privacy case *In re Betterhelp, Inc. Data Disclosure* Cases, No. 23-cv-01033-RS (N.D. Cal.). HammondLaw is more than able to adequately represent the interests of proposed Plaintiff-Intervenors.

12. A true and correct copy of the Declaration of Bonnie DelGobbo in Response to the Declarations of Frank S. Hedin, signed on October 29, 2024 ("DelGobbo Decl."), filed in the *Feller* action, is attached hereto as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2024.

                                                  *s/ Julian Hammond*
                                                Julian Hammond