# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE ENTERTAINMENT, LLC; et al.,<br><br>Defendants. | Case No. 0:24-cv-61444-RAR<br><br>Hon. Rodolfo A. Ruiz II |

## DECLARATION OF BONNIE DELGOBBO IN RESPONSE TO THE DECLARATIONS OF FRANK S. HEDIN (ECF NOS. 39, 41)

I, Bonnie DelGobbo, declare as follows:

1. I am counsel for Alliance Entertainment, LLC ("Alliance") and DirectToU, LLC ("DirectToU") (collectively, "Defendants") in the above-captioned action. I submit this declaration to correct factual inaccuracies in the Declaration of Frank S. Hedin in Support of Plaintiffs' Motion for Appointment of Interim Class Counsel (ECF No. 39) and the Declaration of Frank S. Hedin in Support of Plaintiffs' Opposition to Defendants' Motion to Stay (ECF No. 41).

2. On or about August 30, 2024, during the parties' Rule 26(f) conference in this case, the parties began discussing the possibility of scheduling an early mediation.

3. Meanwhile, on September 12, 2024, Defendants removed the *Hoang To* case from California state court to the U.S. District Court for the Northern District of California. *Jonathan Hoang To v. DirectToU, LLC*, No. 3:34-cv-6447 (N.D. Cal.), ECF No. 1.

4. On or about September 16, 2024, Defendants agreed to schedule a mediation in this case. Although Plaintiff made various information requests to Defendants in advance of the mediation, Defendants agreed only to produce a single number of persons who would be included

in settlement discussions and a copy of the applicable insurance policy. This is the only information that Defendants provided to Mr. Hedin's firm in advance of the mediation.

5. Defendants filed an extension motion in *Hoang To* on September 18, 2024 in which they informed the Court that another case was pending in the U.S. District Court for the Southern District of Florida. *Hoang To* ECF No. 8.

6. The parties ultimately scheduled the mediation in this case for October 10, 2024. In advance of the mediation, I had a phone conversation with Plaintiff's counsel Arun Ravindran in which I stated that Defendants would prefer to discuss settlement jointly with Mr. Hedin's law firm and HammondLaw, P.C., the law firm representing Plaintiff Jonathan Hoang To in the *Hoang To* case, since both cases were seeking to represent the same putative class with respect to nationwide Video Privacy Protect Act ("VPPA") claims. Mr. Hedin's firm declined.

7. The parties in this case completed a full-day mediation on October 10, 2024 which resulted in impasse, despite Defendants' good-faith efforts to reach resolution. (ECF No. 35.)

8. On October 11, 2024, I called Julian Hammond, one of the attorneys in the *Hoang To* case, to inquire whether Plaintiff Hoang To was interested in discussing early resolution. I provided Mr. Hammond with the same information about settlement class size as I had provided to Mr. Hedin. The parties then proceeded through arms-length settlement negotiations that culminated in a class settlement agreement being signed on the evening of October 23, 2024. Mr. Hammond made the opening settlement demand without any input or suggestion of valuation from Defendants. At no time during the negotiation of settlement valuation did I tell Mr. Hammond or anyone at his firm that Defendants had engaged in any settlement discussions in the *Feller* case. At no time during these settlement negotiations did I tell Mr. Hammond or anyone at his firm any settlement figures that we had exchanged with Mr. Hedin's firm.

9. Meanwhile, on October 16, 2024, the mediator from the *Feller* action called me to convey a revised demand from Mr. Hedin's firm. Defendants were surprised to receive the demand in the *Feller* action since the parties had ended the mediation at impasse. However, since no settlement had yet been reached in the *Hoang To* action, Defendants made a counteroffer to the

Plaintiffs in the *Feller* action that same day. Again, Defendants did not tell either Mr. Hedin's firm or Mr. Hammond's firm that they were engaged in settlement negotiations with the other. On October 18, 2024, the mediator called me again and informed me that Plaintiffs in the *Feller* action had rejected Defendants' counteroffer and made a new counteroffer. Ultimately the class settlement agreement in the *Hoang To* action was finalized and executed on the evening of October 23, 2024.

10. On October 24, 2024, I participated in a Zoom meeting with my colleague Joel Griswold, Mr. Hedin, and other members of Mr. Hedin's firm. Mr. Griswold told Mr. Hedin that Defendants had reached a settlement in the *Hoang To* action that, if approved by the Court, would cover all claims being asserted in the *Feller* action as well as California state law claims arising from the same underlying factual allegations. Mr. Griswold told Mr. Hedin that Defendants intended to file a motion to stay in the *Feller* case pending the outcome of settlement approval hearings in the *Hoang To* case and asked Mr. Hedin whether his clients opposed a stay. Mr. Hedin became irate and repeatedly said "that was a really stupid move." Mr. Hedin stated that he opposed any stay and would "file appeal after appeal" and "tie up these cases for years." Mr. Hedin further stated that Defendants would have to pay more in litigation costs responding to his appeals than they could have paid in settlement. In response to Mr. Hedin's request that Defendant produce a copy of the Settlement Agreement, Mr. Griswold responded that, because it was not yet public, Defendants could not produce a copy but that he would be happy to do so once the plaintiff in the *Hoang To* case filed the motion for preliminary approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of October 2024.

By: *Bonnie DelGobbo*

Bonnie DelGobbo