Frank S. Hedin (SBN 291289)
Hedin LLP
535 Mission Street, 14th Floor
San Francisco, CA 94105
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Proposed Intervenors*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN HOANG TO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTTOU, LLC,<br><br>Defendant,<br><br>and,<br><br>DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>Proposed Plaintiff-Intervenors. | Case No. 24-cv-06447-WHO<br><br>**CORRECTED DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PROPOSED INTERVENORS' OBJECTIONS TO PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: December 4, 2024<br>Time: 2:00 PM<br>Judge: Hon. William H. Orrick<br>Courtroom: 2 |

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and based on my own personal knowledge, that the following statements are true:

1. I am the founding partner at the law firm Hedin LLP and a member in good standing of the Florida Bar and the State Bar of California, and I submit this corrected declaration in support of Proposed Intervenors' Objection to the Motion for Preliminary Approval of Class Action Settlement filed by Plaintiff Jonathan Hoang To in the above-captioned action.

2. From 2012 to 2013, I served as law clerk to the Honorable William Q. Hayes, U.S. District Judge for the Southern District of California. I then worked for four years at a law firm in Miami, Florida, where I represented plaintiffs and defendants in general commercial litigation and intellectual property matters, as well as data-privacy class actions.

3. I co-founded Hedin LLP, previously known as Hedin Hall LLP, in 2018.

4. My firm represents Douglas Feller, Jeffry Heise, and Joseph Mull, the Plaintiffs in the putative class action pending in the U.S. District Court for the Southern District of Florida titled *Feller, et. al. v. Alliance Entertainment, LLC, et. al.*, No. 0:24-cv-61444-RAR (S.D. Fla., filed Aug. 8, 2024) (hereinafter the "*Feller* Action"), and the Proposed Intervenors in the above-captioned action.

5. Hedin LLP has significant experience prosecuting data-privacy class actions, including those involving the types of data brokerage-disclosure allegations at issue in the *Feller* Action, and we have successfully recovered significant monetary relief for class members in many such matters. *See* **Exhibit 1** hereto (Hedin LLP Firm Resume).

6. Bonnie DelGobbo is a partner at the law firm BakerHostetler and represents the Defendant in the instant action and the Defendants in the *Feller* Action.

7. Joel Griswold is a partner at the law firm BakerHostetler and represents the Defendant in the instant action and the Defendants in the *Feller* Action.

8. Julian Hammond is the founder of HammondLaw, P.C., and represents the plaintiff, Jonathan Hoang To, in the instant action.

9. A history of both the *Feller* Action and the instant action is described in the Declaration of Frank S. Hedin filed on the docket of the instant action as ECF No. 15. The attestations made in that declaration are incorporated by reference herein. I am submitting this declaration to supplement that record and respond to certain allegations since made by counsel for Plaintiff and Defendant in the instant action.

10. As described in my previous declaration, Hedin LLP has vigorously litigated the *Feller* Action and previously engaged in settlement negotiations with Defendant's counsel, which ended in an impasse.

11. On October 16, 2024, my firm rejected an offer by Defendants to settle the *Feller* Action on the same monetary terms as those set forth in the proposed settlement later agreed to by Plaintiff Hoang To and his counsel, which is presently before the Court for preliminary approval.

12. All of Proposed Intervenors' settlement demands made during the course of the parties' negotiations overseen by Judge Holderman were made on the condition of Defendants producing confirmatory discovery to Proposed Intervenors to enable them to confirm the accuracy of certain settlement class-size representations made by Defendants during the negotiations. Proposed Intervenors and my firm considered the production of such confirmatory discovery by Defendants an important condition to Proposed Intervenors entering into any proposed settlement on behalf of class members.

13. On October 24, 2024, after being stonewalled for two weeks in our attempts to, *inter alia*, meet and confer with Defendants' counsel on a motion for interim appointment we intended to file in the *Feller* Action and a motion to intervene and dismiss we intended to file in the instant action, I attended a Zoom Meeting with Mr. Griswold, Ms. DelGobbo and members of my firm. During

this meeting, Mr. Griswold conveyed that Defendant had reached a settlement with HammondLaw and the Plaintiff in the instant action and that the settlement would, if approved, release the claims of the putative class members in both actions.

14. On this call, I specifically asked Mr. Griswold how such a settlement was possible given that the claims in the then-operative First Amended Complaint in the instant action did not arise from any of the allegations concerning disclosures to data appenders, data cooperatives, and other third party renters and exchangers of Defendants' customers' video purchase-related information that served as the primary basis for the claims alleged in the *Feller* Action.

15. Mr. Griswold responded that it was his position that the settlement that was reached covered the claims in the *Feller* Action.

16. During the October 24, 2024, meeting, Mr. Griswold refused to disclose the terms of the settlement reached with HammondLaw and the plaintiff in the instant action.

17. Ms. DelGobbo has submitted a declaration on the record in the instant action which claims that I became "irate" during a during this October 24, 2024, Zoom meeting.

18. Although I was upset by what had transpired, I did not become "irate" during the October 24, 2024, Zoom meeting. On the contrary, I calmly explained to Mr. Griswold that what his clients were attempting to do was a "big mistake" because it was plainly improper and would almost certainly not work, especially in the Northern District of California, and that my firm would pursue every available avenue to protect the interests of the putative class members from the reverse auction-produced settlement they had engineered with Mr. Hammond and his client, including by objecting to the settlement and, if it was somehow approved, filing whatever appeals would be necessary to protect the interests of class members, regardless of the amount of time and resources my firm would need to invest along the way.

19. In order to protect the interests of the putative class members in the *Feller* Action from this collusive, reverse auction-produced settlement, the Plaintiffs in the *Feller* Action (Proposed Intervenors in the instant action) filed a Time-Sensitive Motion to Intervene and to Dismiss, or Alternatively to Transfer or Stay Pursuant to the First-To-File Doctrine the instant action. ECF No. 14.

20. On October 29, 2024, Plaintiff Hoang To filed a Joint Stipulation and Proposed Order to Remand to the instant action back to California state court. ECF No. 18.

21. On November 1, 2024, Plaintiff Hoang To filed a stipulation indicating that Defendant agreed to the filing of a second amended complaint. ECF No. 22.

22. That same day, Plaintiff Hoang To filed a second amended complaint in this action that parroted the allegations from the *Feller* Action concerning Defendants' disclosures of customers' video purchase-related to data appenders, data cooperatives, and third-party renters and exchangers of this data. ECF No. 23.

23. On November 4, 2024, Plaintiff Hoang To filed a Motion for Preliminary Approval of Class Action Settlement in the instant action which disclosed that the proposed settlement would release all claims possessed by the Plaintiffs and putative class members in the *Feller* Action in exchange for a settlement fund of $1,750,000 and certain prospective changes in Defendant's practices.

24. On November 5, 2024, the Court ordered Proposed Intervenors and the parties to confer and submit a joint statement regarding the pending motions and stipulation to remand.

25. On November 5, 2024, Julian Hammond attempted to emailed me using an incorrect address fhedin@llp.com, which should have been fhedin@hedinllp.com, to schedule a meet and confer.

26. On November 6, 2024, I received Mr. Hammond's email to my correct email address and promptly communicated my team's availability to him.

27. On November 7, 2024, Proposed Intervenors, Mr. Hammond and his firm, and Defendant's Counsel appeared on a Zoom Call in compliance with the Court's Order.

28. Throughout this call, Mr. Hammond continuously interrupted me, cut me off in my statements, and attempted to strong-arm the discussion. As an example, I informed Mr. Hammond that either he or a member of his firm indicating they would circulate a draft of the case management statement. Mr. Hammond aggressively denied this assertion and suggested that I had made it up. That was until I referenced the email and indicated the email came from Polina Brandler of his firm. Mr. Hammond never corrected his mistaken assumption.

29. Mr. Hammond's aggressive behavior continued until he abruptly disconnected from the call when we disagreed as to the contents of the joint statement. Members of his firm remained on the call to discuss the remaining matters.

30. During the November 7, 2024, call, I communicated that Proposed Intervenors could not consent to holding the hearings on all motions on the same day because Proposed Intervenors need to have a briefing schedule on the parties' stipulation to remand, which Proposed Intervenors intended to oppose.

31. On November 8, 2024, Mr. Hammond filed a notice of withdrawal of the stipulation for remand. ECF No. 32.

32. On November 12, 2024, Proposed Intervenors and the parties filed their joint statement. ECF No. 33.

33. On Wednesday, November 13, 2024, Mr. Hammond (jhammond@hammondlawpc.com) sent me an email entitled "Time for a quick call?". The email from contained no text in the body, only the subject line. *See* **Exhibit 2** hereto.

34. I forwarded the email to Tyler K. Somes, another attorney at my firm, and asked whether he would join the call with Mr. Hammond because I did not want to attend this call alone. He responded that he would join the call. *See* **Exhibit 3** hereto.

35. About forty-five minutes later, we called Mr. Hammond, who promptly answered. Mr. Hammond then attempted to add his co-counsel, Polina Brandler, to the call, but was unable to add her in due to a technical difficulty. Mr. Somes volunteered to dial her and combined the calls.

36. Mr. Hammond opened the call by noting that there was a lot of motion practice coming up in the instant case. He asked whether I had any way of resolving the motions in mind. I answered that I did not.

37. Mr. Hammond then proposed that his firm would pay Hedin LLP "ten percent" of the attorneys' fees that his firm stood to recover in the instant action if the pending settlement was approved. In exchange, he proposed that Hedin LLP would withdraw its clients' pending motions.

38. I responded that my firm would confer with our clients and get back to Mr. Hammond with an answer. The call then ended.

39. Later that day, after my firm conferred with our clients, I sent the following message to Mr. Hammond, copying both Mr. Somes and Ms. Brandler: "Julian, What you proposed on our call – you giving us 10% of your fee in exchange for our clients withdrawing their motions and supporting your settlement – is rejected." *See* **Exhibit 4** hereto.

40. Ms. DelGobbo and Mr. Griswold also represent the Defendant in another case opposite my firm, Hedin LLP, concerning violations of the Video Privacy Protection Act styled *Welbel v. Shout! Factory, LLC*, Case No. 1:24-cv-6426 (ND Ill.). On October 21, 2024 my co-counsel in that case, Jeremiah W. Nixon from The Simon Law Firm, P.C., emailed Ms. DelGobbo asking for her position on plaintiff's proposal to file a consolidated amended complaint. Ms. DelGobbo did not respond to Mr. Nixon's email. Mr. Nixon followed up with a second email asking again for their

position on October 24, 2024. I followed up later that day to request a response and asked Ms. DelGobbo to confirm that she was not planning to sell the settlement of the putative class's claims in that case to the attorney in a newly filed case in a reverse auction. To the date of this declaration, Ms. DelGobbo never responded to those emails.

41. Defendants' discovery responses in the *Feller* Action identify Epsilon (a data appender), Wiland (a data cooperative), Data Axle (a list manager), and Path2Response (a data broker) as recipients of Defendants' customer information. *See* **Exhibit 5** hereto.

42. Our prefiling investigation into the facts underlying the claims in the *Feller* Action dates back to August 2019, and my firm has continued to monitor the use of tracking technologies on Defendants' websites and the availability of data cards advertising its consumers' information for rental and exchange since the filing the *Feller* Action.

I declare, under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November 2024, in Miami, Florida.

*/s/ Frank S. Hedin*
Frank S. Hedin