Teresa C. Chow
tchow@bakerlaw.com
BAKER HOSTETLER, LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Phone: (310) 820-8800
Fax: (310) 820-8859

Joel C. Griswold (*pro hac vice*)
jcgriswold@bakerlaw.com
Bonnie Keane DelGobbo (*pro hac vice*)
bdelgobbo@bakerlaw.com
BAKER HOSTETLER, LLP
One North Wacker Drive, Suite 3700
Chicago, IL 60606-1901
Phone: (312) 416-6200
Fax: (310) 416-6201

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | Case No 3:24-CV-06447-WHO<br><br>**DEFENDANT'S LIMITED REPLY TO PROPOSED INTERVENORS' OBJECTION TO MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Current Hearing Date:   12/18/24<br>New Hearing Date:        12/04/24 |

## INTRODUCTION

Proposed Intervenors, in their scorched earth effort to prevent the class settlement, have resorted to personal and professional aspersions, factually baseless accusations, and – now - breaching their own legal obligations. Shockingly, in the "Corrected Objections to Plaintiff's Motion for Preliminary Approval of Class Action Settlement," Proposed Intervenors publicly filed some monetary settlement positions of the parties that were exchanged through their JAMS mediator, Judge Holderman, in the *Feller* Action. When Defendant immediately reached out to request that Proposed Intervenors withdraw the filing due to the publication of mediation communications, Proposed Intervenors took the position that the mediation had ended and that their JAMS mediator, Judge Holderman, "was simply delivering demands and offers back and forth between the parties at that point as opposed to continuing to conduct a mediation of the case."

Proposed Intervenors' publication of some monetary settlement positions of the parties during mediation, and subsequent refusal to withdraw such publication, violated the terms of the JAMS Mediation Agreement, the U.S. District Court for the Southern District of Florida - Local Rule 16.2(g)(2), Florida Statutes § 44.405, and 28 U.S U.S.C. § 1927. Defendant respectfully requests that the Court disregard Proposed Intervenors' statements regarding the *Feller* Action in deciding Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and place Proposed Intervenors' "Objections" (Doc. 38) and "Corrected Objections" (Doc. 43) under seal.[1]

## ARGUMENT

Prior to the mediation in *Feller v. Alliance Entertainment,* LLC, No. 24-cv-614445 (S.D. Fla.) ("*Feller* Action"), Proposed Intervenors and Defendant executed the JAMS Mediation Agreement, which provides, in pertinent part, as follows:

"**III. Confidentiality.**

---

[1] Defendant expressly reserves all rights to pursue additional and further remedies from this Court and the U.S. District Court for the Southern District of Florida in relation to Proposed Intervenors' transgressions.

      In order to promote communication among the parties, counsel and the mediator and to facilitate settlement of the dispute, each of the undersigned agrees that the entire mediation process, including all discussion during the video-conference and in any medium, is confidential. All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding. These offers, promises, conduct and statements (a) will not be disclosed to third parties, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions."

A copy of the JAMS Mediation Agreement is attached hereto as **Exhibit A.**

    The mediation took place pursuant to the U.S. District Court for the Southern District of Florida, Local Rules. *Feller* Action at Doc. 27. Southern District of Florida L.R. 16.2(g)(2) provides: "Restrictions on the Use of Information Derived During the Mediation Conference. **All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest.** A party is not bound by anything said or done at the conference, unless a written settlement is reached, in which case only the terms of the settlement are binding." Southern District of Florida L.R. 16.2(g)(2) (emphasis added).

      Fla. Stat. § 44.406 outlines the remedies for violation of § 44.405, which include: equitable relief, compensatory damages, attorney's fees, mediator's fees, and costs incurred in the mediation proceeding, reasonable attorney's fees and costs incurred in the application for remedies under this section. *See United States v. Everglades Univ., Inc.*, No. 12-60185-CIV, 2014 WL 11531791 (S.D. Fla. June 4, 2014) (awarding $500 in sanctions when party disclosed details of the mediation and

a media outlet reported on those details); *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1210 (S.D. Fla. 2020) (striking references to an agreement produced during mediation and award attorneys' fees and costs incurred). California courts, likewise, have recognized the importance of protecting mediation communications from disclosure. *See Perez v. Indian Harbor Ins. Co.*, 613 F. Supp. 3d 1171 (N.D. Cal. 2020) (striking certain portions of the complaint); *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) (striking from record all improper references to confidential mediation statements but denying request for sanctions under 28 U.S .C. § 1927); *Apollo Educ. Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 784 F. App'x 500 (9th Cir. 2019) (affirming that party was precluded from introducing certain mediation documents).

Defendant does not oppose Plaintiff's Motion for Preliminary Approval of Class Settlement. As for Proposed Intervenors' continued baseless allegations of collusion, Defendant cites to, and hereby incorporates by reference, its prior Opposition to Proposed Intervenors' Motion to Intervene. (Doc. 34). By not addressing the remainder of Proposed Intervenors' Objection to the Motion for Preliminary Approval of the Class Settlement, Defendant does not concede the merits of any such argument, but rather, leaves them for Plaintiff to address in support of his motion.

## CONCLUSION

Defendant respectfully requests that the Court disregard Proposed Intervenors' statements regarding the *Feller* Action in deciding Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement and place Proposed Intervenors' "Objections" and "Corrected Objections" (Doc. 43) under seal.

Dated: November 25, 2024                           **BAKER & HOSTETLER LLP**

By:   */s/Bonnie DelGobbo*
         Bonnie DelGobbo

*Attorneys for Defendant*
DIRECTTOU, LLC