JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pblandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **DIRECTTOU, LLC,** a Delaware Limited Liability Company <br><br> Defendant. | Case No 3:24-CV-06447-WHO <br><br> Hon. William H. Orrick <br><br> **PLAINTIFF HOANG TO'S ADMINISTRATIVE MOTION TO OPEN LIMITED DISCOVERY** |

## I.  INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 16(b)(4) and 26 and Local Rule 7-11, and the Court's Order denying Plaintiff's Motion for Preliminary Approval without prejudice (Dkt. 57), Plaintiff Jonathan Hoang To, by and through his undersigned counsel, respectfully requests that this Court enter an order permitting Plaintiff to engage in a reasonable period of discovery concerning Defendant's alleged disclosures of its customers' VPPA-protected information to third parties other than Meta Platforms, Inc., including to data appenders, data aggregators, data cooperatives, and other third-party renters and exchangers of such information (the "data brokerage claim").

Following the Court's Order (Dkt. 57), the Parties met and conferred extensively with respect to additional discovery needed to address the Court's concerns. Defendant has provided Plaintiff with documents, on an informal basis, related to the data brokerage claim. Following analysis of those documents, Plaintiff informed Defendant that additional discovery, including third-party discovery, was necessary to property evaluate the data brokerage claim and address the Court's concerns. Defendant has refused to stipulate to the relief sought by this Motion, therefore necessitating this filing.

A reasonable period of discovery limited to this issue will enable Plaintiff and his counsel to adequately assess the strength of these claims on the merits before engaging in further class-wide settlement negotiations with Defendant.

Accordingly, Plaintiff respectfully requests that the Court grant this Motion.

## II.  BACKGROUND

**A. Procedural Background and the Court's Order Requiring Additional Discovery on the Data Brokerage Claim**

Defendant DirectToU LLC removed this case on September 12, 2024. Dkt. 1. On October 1, 2024, Plaintiff filed an amended Complaint. Dkt. 10. On October 28, 2025, after engaging in arms'-length settlement negotiations, the Parties filed Notice of Settlement. Dkt. 16. The same day, plaintiffs in a related case pending in Florida district court ("*Feller* plaintiffs" or "Proposed Intervenors"), filed a Motion to Intervene and Dismiss, or Alternatively, Transfer to the Southern District of Florida. Dkt. 14. On November 4, 2024, Plaintiff filed his Motion for Preliminary Approval

of Class Action Settlement. Dkt. 26.

The Court heard all three motions on December 4, 2024. Following hearing, the Court denied all three motions, with the Motion for Preliminary Approval denied without prejudice. Dkt. 57. As relevant here, in its Order denying Plaintiff's Motion for Preliminary Approval without prejudice, the Court directed Plaintiff to "address the significant concerns raised by Feller regarding the valuation of the claims based not on defendant's use of the Meta pixel, but on <u>defendant's sale or rent of consumer data to data brokers and other non-Meta third parties</u>." *Id.* at p. 1 (emphasis added). And, the Court stated that absent a revised global settlement, it "would expect a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached <u>after sufficient discovery</u>,…" *Id.* at pp. 1-2 (emphasis added).

### B. **Plaintiff's Efforts to Meet and Confer with Defendant as to Data Brokerage Claim Discovery and Defendant's Refusal to Stipulate to Open Discovery**

Plaintiff has met and conferred with Defendant extensively on the issue of additional discovery that the Court ordered Plaintiff's Counsel to conduct. Declaration of Julian Hammond In Supp. Of Plaintiff Hoang To's Administrative Motion to Open Limited Discovery, filed herewith, ("Hammond Decl.") ¶ 3. As a result of these meet and confer efforts, Defendant has provided documents to Plaintiff, on an informal and confidential basis, related to data brokerage claims. *Id.* ¶ 4. Based on analysis of these documents, Plaintiff informed Defendant that additional discovery, including third-party subpoenas, is needed to meaningfully evaluate the data brokerage claim. *Id.* ¶ 5.

Given the posture of the case and the fact that the Parties have not yet conferred pursuant to Fed. R. Civ. P. 26 and discovery has not yet been opened, Plaintiff requested that Defendant stipulate to open limited discovery. *Id.* ¶ 5. However, Defendant has refused to stipulate to open limited discovery, as requested by the Plaintiff, and refused to permit Plaintiff to serve early subpoenas to third parties to obtain any materials in their possession sufficient to adequately evaluate the data brokerage claim. *Id.* ¶ 6. Accordingly, Plaintiff is forced to file the instant motion.

///

### C. Joint Prosecution Agreement

Counsel for the Plaintiff in this action and counsel for the plaintiffs in the *Feller* action have recently agreed to jointly prosecute this litigation going forward, as the Court "encouraged" in its order – including for purposes of assessing the threshold question of whether a "revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims." *Id.* at 1; Hammond Decl. ¶ 7. Both sets of plaintiffs' counsel believe the discovery sought in this motion is critical to evaluating whether such a settlement can be reached at this time. Hammond Decl. ¶ 8.

### III. THE COURT SHOUD GRANT PLAINTIFFS' REQUEST FOR LIMITED DISCOVERY

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) … unless authorized by these rules, by stipulation, or by court order." Thus, a court may grant a request to conduct discovery prior to the parties' meeting under Rule 26(f) and has broad discretion to do so. *See Laub v. U.S. Dep't of Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003). In ruling a request for early discovery, "[c]ourts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause[.]" *G.N. Iheaku & Company Ltd. v. Does 1-3,* No. C 14-02069, 2014 WL 2759075, at 2 (N.D. Cal. June 17, 2014); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.,* 208 F.R.D. at 276.

Good cause exists for the Court to authorize a brief period of discovery limited to the data brokerage claim at this juncture. As the Court explained in its order denying preliminary approval, "sufficient discovery" concerning the "non-Meta pixel claims" is necessary for any proposed settlement in this matter to be considered "fair, reasonable, and adequate." Dkt. 57 at 2. However, discovery has not yet formally commenced, and Defendant has refused to provide (or allow Plaintiff to seek from third parties) sufficient discovery on this issue. The brief period of expedited discovery sought in this motion is thus squarely aimed at furthering "the administration of justice," including enabling Plaintiff's compliance with the Court's Order, without prejudicing Defendant in any way. *See Semitool, Inc*, 208 F.R.D. at 276.

# CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this administrative motion and permit limited discovery as outlined above.

Dated: January 17, 2025                              **HAMMONDLAW, P.C.**

                                            By:    /s/ Julian Hammond
                                                   Julian Hammond
                                                   *Attorneys for Plaintiff*