Teresa C. Chow (State Bar No. 237694)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301
Telephone:	310.820.8800
Facsimile:	310.820.8859
Email:	*tchow@bakerlaw.com*

Bonnie Keane DelGobbo (*pro hac vice*)
Joel C. Griswold (*pro hac vice*)
**BAKER & HOSTETLER LLP**
One North Wacker Drive
Suite 3700
Chicago, IL  60606
Telephone:	312.416.6200
Facsimile:	312.416.6201
Email:	*bdelgobbo@bakerlaw.com*
Email:	*jcgriswold@bakerlaw.com*

*Attorneys for Defendant*
DIRECTTOU, LLC

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HOANG TO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTTOU, LLC,<br><br>Defendant. | **CASE NO.: 3:24-CV-06447-WHO**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE**<br><br>*[Filed concurrently with Declaration; and Proposed Order]*<br><br>Hearing:	March 5, 2025<br>Time:	2:00 PM |

**TO THE COURT, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT at 2:00 p.m. on March 5, 2025 or as soon thereafter as the matter may be heard, via Zoom,[1] Honorable William H. Orrick presiding, Defendant DirectToU, LLC ("Defendant") will and hereby does move for an order dismissing the above-captioned action ("Hoang To Action") pursuant to the first-to file rule; or, in the alternative, transferring the Hoang To Action to the United States District Court for the Southern District of Florida, where an earlier-filed, substantially similar putative class action is pending, *Feller, et al. v. Alliance Entertainment, LLC and DirectToU, LLC*, Case No. 0:24-cv-61444-RAR (S.D. Fla. August 8, 2024) (the "Feller Action"); or, lastly, staying the Hoang To Action pending resolution of the Feller Action ("Motion").

The Hoang To Action should be dismissed under the first-to-file rule because the Feller Action involves substantially similar factual allegations and seeks certification of a purported class that is either entirely inclusive of or substantially similar to the purported class in this case. Therefore, in the interests of judicial economy, this case should be dismissed. If it is not dismissed, this case should be transferred to the Southern District of Florida. Failing both, this Court should stay this matter while the first-filed action (*i.e.,* the Feller Action) is pending.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declaration of Bonnie Keane DelGobbo; all other papers, documents, or exhibits that may be filed in support of this Motion; and the argument of counsel, if any, made at the hearing.

On January 22, 2025, counsel for DirectToU conferred with counsel for Plaintiff, noting it intended to seek an order dismissing the case pursuant to the first-to-file rule, or in the alternative, an order transferring the case to the Southern District of Florida (where the first-filed Feller action

---

[1] If Plaintiff wishes to be heard in person in Courtroom 2 in the Courthouse for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Judge Orrick's procedures, Plaintiff should post a notice of intent to appear in person on ECF at least 48 hours before the hearing is scheduled.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY
UNDER THE FIRST-TO-FILE RULE
CASE NO.: 3:24-CV-06447-WHO

is pending) or an order staying the case pending resolution of the Feller action. After a good-faith discussion, the parties were unable to resolve the issues.

Dated: January 27, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/Bonnie Keane DelGobbo
Bonnie Keane DelGobbo

*Attorneys for Defendant*
DIRECTTOU, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF ISSUES

Plaintiff Jonathan Hoang To filed a putative class action complaint, alleging that Defendant DirectToU, LLC ("Defendant") shared information about videos he purchased on Defendant's website with Meta via the Meta Pixel without his consent, allegedly in violation of the Video Privacy Protection Act, ("VPPA") 18 U.S.C. § 2710, and California law. Hoang To's factual allegations, however, are substantially similar to those in an earlier-filed putative class action pending in the United States District Court for the Southern District of Florida, *Douglas Feller, et al. v. Alliance Entertainment, LLC and DirectToU, LLC*, Case No. 0:24-cv-61444-RAR ("Feller Action"), which also asserts claims against Defendant under the VPPA.

Because both cases involve VPPA claims against Defendant based on substantially similar factual allegations, and because the Feller Action was filed first and has progressed further, the Hoang To Action should be dismissed under the first-to-file rule. Alternatively, this Court should transfer the Hoang To Action to the Southern District of Florida, or stay the Hoang To Action pending resolution of the Feller Action.

## II.  STATEMENT OF FACTS

### A.  The First-Filed Action in Federal Court: Feller

On August 8, 2024, Douglas Feller, Jeffry Heise, and Joseph Mull filed suit against Alliance Entertainment, LLC ("Alliance") and DirectToU, LLC ("DirectToU") in the United States District Court for the Southern District of Florida, Case No. 0:24-cv-61444-RAR. Feller Plaintiffs assert a violation of the VPPA against Alliance Entertainment, LLC and DirectToU, LLC: [Compl., 0:24-cv-61444-RAR, Dkt. No. 1, attached as Exhibit 2 to the DelGobbo Decl.] This claim, according to Feller Plaintiffs, arises out of Alliance and DirectToU's alleged disclosure of personally identifiable information and video viewing information to third parties. Feller Plaintiffs assert their claim against Alliance and DirectToU on behalf of themselves and, purportedly, on behalf of two nationwide classes, defined as:

"The Data Brokerage Class: All persons in the United States who, during the two years preceding the filing of this action, purchased prerecorded video material from Defendants and had their Private Viewing Information disclosed to a third-party by Defendant." [*Id.* ¶ 85.]

"The Meta Pixel Class: All persons in the United States who, during the two years preceding the filing of this action purchased prerecorded video material from Defendants' website while maintaining an account with Meta Platforms, Inc. f/k/a Facebook, Inc." [*Id.* ]

Alliance and DirectToU have already responded to written discovery requests, and the Feller Plaintiffs already served third-party discovery requests on Meta as well as on the data brokers with whom the defendants allegedly shared Plaintiffs' information. [DelGobbo Decl. ¶ 8.] Alliance and DirectToU filed a motion to dismiss the complaint on November 1, 2024. [*Id.* ¶ 10.] On November 12, 2024, the Court granted the defendants' motion to stay the case pending the outcome of preliminary approval proceedings in the Hoang To Action of a class settlement that would have resolved the claims pending in both cases. [*Id.* ¶ 11.] Plaintiffs' responses to discovery requests were due the day the stay was granted. [*Id.*] A joint status report is due on January 27, 2025 [*Id.* ¶ 12], and defendants anticipate the Court will reopen the case now that preliminary approval of the settlement has been denied.

**B.     This Action: Hoang To**

On August 12, 2024, Plaintiff Jonathan Hoang To ("Hoang To") filed in the Superior Court for the State of California, County of Alameda, the Hoang To Action against DirectToU, LLC ("Defendant"). Defendant removed the matter to the United States District Court for the Northern District of California, and Plaintiff amended twice: on October 1, 2024 and November 1, 2024, asserting claims for (1) violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") (2) violation of Cal. Civ. Code § 1799.3 (California's state analog to the VPPA); and (3) violation of Business & Professional Code §§ 17200 *et seq*. [*See* Dkt. No. 10; Dkt. No. 23.] These three claims all arise out of Defendant's alleged disclosure of personally identifiable information and video viewing information to third parties.

Hoang To asserts these claims on behalf of himself and, purportedly, on behalf of a "nationwide class" and "California sub-class" that he defines as follows:

> "All natural persons residing in the United States who purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party, including, but not limited to, Meta." [Dkt. 23, ¶ 69.] ("Class");
>
> "All natural persons residing in California who purchased a video or videogame from Defendant or signed up to receive notices about videos or videogames from Defendant, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendant may have been disclosed to a third party, including, but not limited to, Meta." [*Id.*] ("California Sub-Class").

Hoang To and Defendant reached a class settlement before Defendant's response to the Complaint came due. [Dkt. No. 26]. However, the Court denied preliminary approval and the Parties subsequently reached impasse on further settlement discussions. [Dkt. No. 57.]

### III.  FIRST-TO-FILE RULE STANDARD

"The first-to-file rule is a 'generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). In deciding whether the first-to-file rule applies, courts consider three factors: "(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* The first-to-file rule does not require "exact identity of the parties." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Nor does it require

that the issues be "identical." All that is required is that the parties and issues are "substantially similar." *Id.* ("The issues in both cases also need not be identical, only substantially similar.").

Once it has been determined that the first-to-file rule applies, the court has the discretion to dismiss, transfer, or stay the action. *Dewan v. M-I, L.L.C.*, No. 1:14-CV-01151-AWI, 2015 WL 3797462, at *4 (E.D. Cal. June 18, 2015); *see also Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991) (stating that "the well-established 'first to file rule[]'…allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court"). Despite this discretion, a "court's decision to depart from this general rule must present a sound reason that would make it unjust or inefficient to continue the first-filed action." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987 (N.D. Cal. 2011) (internal quotations omitted). In fact, "[u]nless compelling circumstances justify departure from the rule, the first-filing party," here, the plaintiffs in the Feller action, "should be permitted to proceed without concern about a conflicting order being issued in the later-filed action." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998).

## IV. ARGUMENT

### A. The First-to-File Rule Applies.

As noted above, (1) where another action was filed first; (2) where the parties are similar in both actions; and (3) and where the issues are similar in both actions, the first-to-file rule applies. *Alltrade, Inc.*, 946 F.2d at 625-26. Here, all three factors are met.

#### 1. Feller Was Filed First.

Under the first-to-file rule, "the date on which the original . . . complaint was filed" governs. *Guthy-Renker Fitness*, 179 F.R.D. at 270. The Feller complaint was filed on August 8, 2024, 4 days prior to the filing of the Hoang To complaint. [Compare Feller Complaint with Dkt. 1, Ex. A.] Therefore, the first factor under the first-to-file rule is met.

### 2. The Parties Are Substantially Similar.

"[T]he first-to-file rule does not require exact identity of the parties," only that they be "substantially similar." *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (collecting cases). Here, Feller[2] and Hoang To assert claims against a common defendant—DirectToU—and seek to represent substantially overlapping nationwide putative classes.

Feller seeks to represent two putative nationwide classes, one of which focuses on alleged disclosures to Meta and the other of which focuses on alleged disclosures to data brokers. [Feller Complaint, ¶ 85.] Hoang To seeks to represent a single putative nationwide class in relation to alleged disclosures to both Meta and data brokers. [Dkt. No. 23, ¶ 69]. Although Hoang To names a California subclass and state law claims, the claims stem from the same underlying factual allegations.

Because both Feller and Hoang To are putative class actions, the fact that the named plaintiffs differ is irrelevant. Most California courts apply "the more widely accepted rule of comparing the putative classes even prior to certification." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013). In other words, "[i]n a class action, the similarity of the classes, and not the class representatives, is assessed." *White v. Home Depot U.S.A., Inc.*, No. 22-CV-00276-AJB-AGS, 2022 WL 2489346, at *6 (S.D. Cal. July 6, 2022).

Additionally, the two proposed classes need not be identical for the first-to-file rule to apply. As this Court observed, "[t]he rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id.*; *see also Booker v. Am. Honda Motor Co.*, No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *2 (C.D. Cal. Oct. 20, 2020) ("Exact identity of the proposed classes is not required … and the rule is satisfied as long as both classes seek to represent at least some of the same individuals.").

Here, Feller and Hoang To seek to represent substantially the same nationwide putative classes. Indeed, although the Hoang To class definitions include a California subclass, the

---

[2] Feller also names Alliance Entertainment, LLC, an affiliate of DirectToU, LLC.

California state law claims are based on the same factual allegations as the nationwide VPPA claims asserted in both cases – the alleged disclosure of personally identifiable information and video viewing preferences to Meta and data brokers. [*Compare* Feller Complaint, ¶ 1 *with* Dkt. No. 23, ¶ 3.]. In fact, Hoang To himself falls within Feller's proposed class definition. [See Dkt. No. 23, ¶¶ 57-59 (alleging that his personal information and video viewing habits were shared with third-parties)]; *see also Montijo v. Amazon.com* Servs. LLC, No. 122CV00084ADASAB, 2022 WL 16702134, at *7 (E.D. Cal. Nov. 3, 2022), report and recommendation adopted, No. 122CV00084ADASAB, 2022 WL 17722873 (E.D. Cal. Dec. 15, 2022) (applying first-to-file rule where "Plaintiff is an individual that would qualify as a member of a proposed class in the earlier-filed putative class action.").]

In short, the parties in the Feller and Hoang To Actions are "substantially similar," and the second factor of the first-to-file rule is met.

### 3.     The Issues Are Substantially Similar.

Like the similarity of the parties, "[t]he issues in both cases…need not be identical, only substantially similar." *Kohn Law Grp*., 787 F.3d at 1240-1241. So long as there is "substantial overlap between the two suits," the rule applies. *Id.* Both actions undeniably arise out of substantially similar factual allegations: the alleged disclosure of personally identifiable information and video viewing preferences to Meta and data brokers. [Feller Complaint, ¶ 1; Dkt. No. 23, ¶ 3.] Additionally, Hoang To's Cal. Civ. Code § 1799.3 claim is California's state analog to the VPPA, and the Business & Professional Code §§ 17200 claim seeks equitable relief stemming from the same underlying events. Indeed, regardless of the causes of action asserted, in both actions, plaintiffs seek similar statutory relief.

Finally, if the Court were to decline to apply the first-to-file rule here, "[j]udicial efficiency"—the ultimate goal of the first-to-file rule—"would not be served." *Pacesetter Sys., Inc.*, 678 F.2d at 96 (affirming dismissal because "the goal of judicial efficiency would not have been served by accepting jurisdiction" over the second-filed action). As this Court stated, "'[e]fficiency is lost, and judicial resources are wasted' where," as here, "multiple actions,

- 9 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY
UNDER THE FIRST-TO-FILE RULE
CASE NO.: 3:24-CV-06447-WHO

comprised of substantially similar claims and parties, continue simultaneously." *White*, 2022 WL 2489346, at *7 (quoting *Treasure Garden, Inc. v. Red Star Traders, LLC*, No. CV 12-0857, 2013 WL 12121989, at *5 (C.D. Cal. Apr. 1, 2013)). Furthermore, now that preliminary approval has been denied in this case, the Feller Action is procedurally more advanced than this case. Defendants in the Feller Action have already responded to written discovery requests, the Feller Plaintiffs' discovery responses are due immediately once the case reopens, the Feller Plaintiffs have already served third-party discovery requests on Meta and the data brokers, and there is already a motion to dismiss pending. In contrast, in the Hoang To Action, no deadline has yet been set for Defendant to respond to the Complaint and discovery has not yet begun. Since the parties were not able to resolve both the Hoang To Action and the Feller Action through a class settlement, the best use of judicial and party resources is to proceed with the Feller Action, where a motion to dismiss is already pending and discovery is already underway.

### B.   The Court Should Dismiss This Action without Prejudice.

"The district court has the discretion to transfer, stay, or dismiss an action once it finds that the first-to-file rule applies." *HiTherm, LLC v. Victaulic Co.*, No. 8:22-00924-ADS, 2022 WL 19239750, at *4 (C.D. Cal. July 7, 2022) (emphasis added). "When evaluating which option [under the first-to-file rule] is appropriate, 'courts should be driven to maximize 'economy, consistency, and comity.'" *Gatlin v. United Parcel Serv., Inc*., No. 2:18-CV-03135-SVW-AS, 2018 WL 10161198, at *6 (C.D. Cal. Aug. 23, 2018) (quoting *Kohn Law Grp.*, 787 F.3d at 1240). The Ninth Circuit has looked to the following factors in favoring dismissal over a transfer or stay: "(1) neither the first nor second-filed action ha[s] proceeded past the pleading stage; (2) no apparent bar exist[s] to a second-filing party's presentation of its claims and defenses in the first-filed action; and (3) the first-filed forum [i]s capable of efficiently resolving all issues." *HiTherm, LLC*, 2022 WL 19239750, at *4 (quoting *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-CV-01944-LHK, 2012 WL 588792, at *6 (N.D. Cal. Feb. 22, 2012)).

Here, weighing the factors favors dismissal. First, neither Feller nor this action has "proceeded past the pleading phase." There is a motion to dismiss pending in the Feller Action,

and DirectToU has not yet filed a responsive pleading in this action. Second, although the position of the defendants in both cases is that class certification is not appropriate in either action, Hoang To is a member of the putative class that the Feller Plaintiffs are seeking to represent, and his counsel has represented to this Court that there is a Joint Prosecution Agreement in place with respect to the Hoang To Action and the Feller Action. [Dkt No. 59-1 at ¶ 7.] The defenses that will be raised to Hoang To's claim in the Feller Action are the same as the defenses that will be raised to Hoang To's claim in the Hoang To Action. Third, there is no reason why the Southern District of Florida cannot "efficiently resolv[e] all issues" in the actions.

Additionally, consistent with the first-to-file rule's purpose, dismissal is the most efficient course of action. As noted above, Hoang To's counsel has represented to the Court that Hoang To and the Feller Plaintiffs are jointly prosecuting both actions. [Dkt No. 59-1 at ¶ 7.] With preliminary approval denied, the Feller Action is procedurally more advanced than this case, as explained above. Moreover, Hoang To recently asked this Court to permit third-party discovery in this case, and that same third-party discovery has already been served in the Feller Action. [*Id.*] This action should be dismissed pursuant to the first-to-file rule. *See Pacesetter Sys., Inc*, 678 F.2d at 96 (affirming dismissal under first-to-file rule of second-filed action and "agree[ing] with the district court that the goal of judicial efficiency would not have been served by accepting jurisdiction"); *see also Ward v. Follett Corp*., 158 F.R.D. 645, 650 (N.D. Cal. 1994) (invoking the first-to-file rule to dismiss a case "without prejudice to any motion to transfer based on convenience made in the" court in which the first-filed complaint had been filed).

### C.     Alternatively, This Court Should Transfer the Hoang To Action to the Southern District of Florida.

Should the Court opt not to dismiss the case, transfer is the next best course. It allows the court in the Feller Action to determine, in the first place, "if the cases should be consolidated or otherwise," *Montijo*, 2022 WL 17722873, without risking the very real possibility of conflicting rulings should dismissal or transfer not occur, *Zerez Holdings Corp. v. Tarpon Bay Partners*, LLC, No. 2:17-CV-00029-TLN-DB, 2018 WL 402238, at *6 (E.D. Cal. Jan. 12, 2018) (stating that "[i]f

- 11 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS, TRANSFER, OR STAY
UNDER THE FIRST-TO-FILE RULE
CASE NO.: 3:24-CV-06447-WHO

the [earlier-filed] Action were allowed to run parallel in the District of Connecticut with the instant action proceeding in this Court, wasting judicial resources is unavoidable and the risk of 'the embarrassment of conflicting judgments' is immediately obvious"). Finally, at the very least, absent dismissal or transfer, a stay of this action until the Feller Action is resolved is appropriate.

## V. CONCLUSION

For these reasons, this Court should dismiss this action under the first-to-file rule. Alternatively, this Court should transfer this action to the Southern District of Florida, where the Feller action is pending, or stay the action pending final resolution of the Feller Action.

Dated: January 27, 2025                Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/Bonnie Keane DelGobbo
      Bonnie Keane DelGobbo

*Attorneys for Defendant*
DIRECTTOU, LLC