| | |
|---|---|
| JULIAN HAMMOND (SBN 268489)<br>jhammond@hammondlawpc.com<br>POLINA BRANDLER (SBN 269086)<br>pbrandler@hammondlawpc.com<br>ARI CHERNIAK (SBN 290071)<br>acherniak@hammondlawpc.com<br>HAMMONDLAW, P.C.<br>1201 Pacific Ave, 6th Floor<br>Tacoma, WA 98402<br>(310) 601-6766 (Office)<br>(310) 295-2385 (Fax)<br><br>*Attorneys for Plaintiff and the Putative Class* | Teresa C. Chow (SBN 237694)<br>tchow@bakerlaw.com<br>BAKER HOSTETLER, LLP<br>1900 Avenue of the Stars, Suite 2700<br>Los Angeles, CA 90067-4301<br>Phone: (310) 820-8800<br>Fax: (310) 820-8859<br><br>Joel C. Griswold (*pro hac vice*)<br>jcgriswold@bakerlaw.com<br>Bonnie Keane DelGobbo (*pro hac vice*)<br>bdelgobbo@bakerlaw.com<br>BAKER HOSTETLER, LLP<br>One North Wacker Drive, Suite 3700<br>Chicago, IL 60606-1901<br>Phone: (312) 416-6200<br>Fax: (310) 416-6201<br><br>*Attorneys for Defendant* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO,** individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>**DIRECTTOU, LLC**, a Delaware Limited Liability Company,<br><br>    Defendant. | Case No. 3:24-CV-06447-WHO<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:    Hon. William H. Orrick<br>Courtroom:    2 (Zoom Videoconference)<br>Hearing Date:  February 4, 2025<br>Hearing Time: 2:00 p.m. |

Pursuant to the Court's January 21, 2025 Order, Jonathan Hoang To ("Plaintiff") and Defendant DirectToU, LLC ("Defendant"), submit an Initial Case Management Statement as follows:

**1. Jurisdiction and Service.**

Defendant removed this action under 28 U.S.C. § 1331 and CAFA, 28 U.S.C. § 1332. All parties have been served.

**2. Facts.**

Plaintiff filed the instant action ("*Hoang To* Action") in the Alameda County Superior Court on August 12, 2024 alleging a cause of action under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and state law claims under Cal. Civil Code § 1799.3 and Cal. Business & Professions Code §§ 17200 et. seq. on behalf of a class of California consumers. Defendant removed Plaintiff's action to this Court on September 12, 2024. On October 1, 2024, Plaintiff filed a First Amended Complaint. On November 1, 2024, Plaintiff filed his Second Amended Complaint.

In the Second Amended Complaint, Plaintiff alleges that DirectToU develops, owns and operates websites that sell DVD and Blu-ray videos and/or videogames to customers in the U.S. Plaintiff alleges that Defendant knowingly and intentionally discloses its customers' personally identifiable information ("PII") to a third party, Meta Platforms Inc. (formerly known as Facebook), through the use of the Meta Pixel, without its customers' consent or knowledge. In addition, Plaintiff alleges that Defendant discloses, through rent, sale, or other means, its customers' PII to third parties other than Meta, including data aggregators and data brokers, without its customers' consent or knowledge. Plaintiff alleges that these disclosures violated the VPPA and/or California law.

Plaintiffs in a related action, *Feller, et. al. v. Alliance Entertainment, LLC, et. al.*, No. 0:24-cv-61444-RAR, filed their Complaint on August 8, 2024 ("*Feller* Action") alleging VPPA violations against Defendant as well its affiliate, Alliance Entertainment, LLC. The *Feller* Action case is stayed and administratively closed pending resolution of the *Hoang To* Action.

After the parties in the instant action (Hoang To and Defendant) reached settlement, Plaintiff filed his Motion for Preliminary Approval of Class Action Settlement. (ECF 26.) The *Feller* Plaintiffs filed a Motion to Intervene and Dismiss, or Alternatively, Transfer to the Southern District

of Florida in which they sought to intervene in this case and argued that this case should be dismissed based on the first-filed doctrine. (ECF 14 at 22-25.) Defendant opposed the *Feller* Plaintiffs' request to intervene in this case on the basis that they did not satisfy the requirements for mandatory or permissive intervention, and did not address the *Feller* Plaintiffs' arguments concerning the first-filed doctrine. (ECF 34.) Following hearing on both Motions, the Court denied *Feller* Plaintiffs' Motion and denied Plaintiff's Motion without prejudice.

In its Order denying Plaintiff's Motion without prejudice, the Court "encourage[d] all counsel – for the parties and for *Feller* – to meet and confer to determine if a revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims," or alternatively to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached after sufficient discovery, all showing why the settlement is fair, reasonable, and adequate." (ECF 57 at 1.).  Pursuant to the Court's Order, Plaintiff met and conferred with Defendant to obtain additional discovery concerning the non-Meta pixel claims.  Based on Plaintiff's analysis of the documents produced by Defendant, Plaintiff informed Defendant that it is Plaintiff's position that additional discovery, including third-party discovery, is needed to meaningfully evaluate the non-Meta pixel claim. Defense counsel represents that on a Zoom meeting with Plaintiff's counsel Julian Hammond and Polina Brandler, defense counsel suggested to Plaintiff that Plaintiff, Defendant, and the *Feller* Plaintiffs' counsel  participate in a joint settlement conference with a magistrate judge.[1] Plaintiff agreed that the parties can participate in a joint settlement conference but only if discovery proceeds before a joint settlement conference.[2] Defendant informed Plaintiff that it is Defendant's

---

[1] Plaintiff's counsel confirmed again on January 28, 2025 that they are not willing to participate in a settlement conference with Defendant and the *Feller* Plaintiffs' counsel unless they first engage in additional discovery.

[2] Defendant represents in section 13 below that Defendant suggested to Plaintiff that the counsel in the Feller action also participate in a joint settlement conference with a magistrate judge. However, this is not Plaintiff's Counsel's recollection.

position that because the Parties have reached impasse on further settlement discussions, the Court should set a 30-day deadline for Defendant to respond to the Complaint and that formal discovery should not commence until after the pleadings closed. Plaintiff subsequently (within a few minutes of Defendant's email) filed a motion to open limited discovery, including third-party discovery, and Defendant filed an opposition to that motion.

On January 17, 2025, in Plaintiff's motion to open limited discovery, Plaintiff's counsel informed the Court and Defendant that Plaintiff's counsel and the counsel for *Feller* Plaintiffs have agree to jointly prosecute this litigation going forward. Plaintiff plans to seek leave to amend his operative complaint, including to, *inter alia*, add the *Feller* Plaintiffs as named plaintiffs in this case. On January 27, 2025, Defendant filed a motion to dismiss, transfer, or stay this action based on the first-filed doctrine.

Defendant's Position

It is Defendant's position that with preliminary approval denied in this case, the most efficient path forward is to resume the earlier-filed *Feller* action in which Defendant has already filed a Rule 12(b) motion to dismiss, Defendant has already responded to written discovery requests, the *Feller* Plaintiffs' responses to written discovery will be due imminently, and the *Feller* Plaintiffs have already served the same third-party discovery requests that Plaintiff is seeking leave to serve in this case. Between the time that Hoang To and Defendant executed the class settlement agreement in this case on October 23, 2024 and the time the *Feller* case was stayed on November 12, 2024, and as a direct result of the *Feller* Plaintiffs' insistence on pushing forward with that action despite the class settlement reached in this case, Defendant was forced to file a Rule 12(b) motion to dismiss in the *Feller* action, Defendant was forced to respond to written discovery requests in the *Feller* action, the *Feller* Plaintiffs served the same third-party discovery requests that Plaintiff is seeking leave to serve in this case, and the *Feller* Plaintiffs' responses to written discovery were coming due. Plaintiff and *Feller* Plaintiffs oppose transfer to the Southern District of Florida and believe that the litigation should remain in this Court.

Plaintiff's Position

Plaintiff's position is that the Court previously heard a motion to dismiss, transfer or stay

this case under the first-to-file rule filed by the *Feller* Plaintiffs, Defendant opposed that motion, and the Court denied it (Dkt. 57). Unlike with respect to its denial of the motion for preliminary approval, without prejudice and with leave to refile a renewed motion, the Court did not indicate that denial of the motion to transfer was without prejudice to refiling a renewed motion.  Moreover, Plaintiff's position is that this Court is now more familiar with the facts of the case; Plaintiff seeks to represent a California subclass, in addition to a nationwide class; the *Feller* case is not at a meaningfully more advanced stage (as Defendant previously argued to the Court, there has been no significant discovery in the *Feller* action, Dkt. 34 at p. 10[3]), the *Feller* case is administratively closed pending further order from this Court, and both Plaintiff and *Feller* Plaintiffs oppose transfer.

3. **Legal Issues**

   (a) Whether Defendant had Meta Pixels embedded on its U.S. websites that caused the disclosure of Plaintiff or putative Class Members' and putative California sub-Class Members' PII to Meta;

   (b) Whether Defendant rented, sold, or otherwise disclosed its customers' PII to third parties other than Meta, including Epsilon, Wiland, Data Axle, Path2Response;

   (c) Whether Defendant is engaged in the business of "rental, sale, or delivery of prerecorded video cassette tapes or similar audio-visual materials" and, thus, is a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4);

   (d) Whether Plaintiff or putative Class Members are "subscriber[s] of goods or services from a video tape service provider" and, thus, are "consumers" within the meaning of 18 U.S.C. § 2710(a)(1);

---

[3] In the court filing that Plaintiff cites here, Defendant merely pointed out that "Proposed Intervenors falsely imply that there had been 'significant discovery' in the *Feller* action prior to culmination of the settlement agreement in *Hoang To* on October 23, 2024. [citation] However, the reality is that the parties had agreed to stay discovery pending mediation, and no discovery responses were due from either side until after settlement had been reached." (ECF 34 at 10.)

(e) Whether Plaintiff or putative Class Members are "purchaser[s] . . . of goods or services from a video tape service provider" and, thus, are "consumers" within the meaning of 18 U.S.C. § 2710(a)(1);

(f) Whether Plaintiff or putative Class Members' information allegedly collected, disclosed, and/or shared by Defendant with third parties, including Meta, constitutes PII within the meaning of the Video Privacy Protection Act, 18 U.S.C. §§ 2710 *et seq.*;

(g) Whether Defendant obtained "informed, written consent" from Class Members within the meaning of 18 U.S.C. § 2710(b)(2)(b);

(h) Whether Defendant's acts and practices violated the Video Privacy Protection Act, 18 U.S.C. §§ 2710 et seq.;

(i) Whether the VPPA is constitutional;

(j) Whether Plaintiff or putative Class Members have suffered any injury;

(k) Whether Plaintiff or putative Class Members are entitled to any damages or other relief provided by law, and if so, the amount of damages;

(l) Whether a class may be certified and if so, the scope of any such class.

**4. Motions.**

Prior Motions:

(a) *Feller* Plaintiffs filed a Motion to Intervene and to Dismiss, or Alternatively to Transfer or Stay, on October 28, 2024. That motion was denied on December 16, 2024.

(b) Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement on November 4, 2024. That motion was denied without prejudice on December 16, 2024.

(c) Plaintiff filed an Administrative Motion to Open Limited Discovery on January 17, 2025. Defendant filed an opposition. In response to that Motion, the Court issued a Minute Order stating that it would "address the request for third-party discovery and set a case schedule as necessary" at the Initial CMC.

///

Pending and/or Anticipated Motions:

(a) On January 27, 2025, Defendant filed a motion to dismiss, transfer, or stay based on the first-filed doctrine.

(b) Plaintiff anticipates filing an opposed motion for leave to file a Third Amended Complaint, as discussed in the next section.

(c) Should the Court grant Plaintiff leave to file a Third Amended Complaint, which will, *inter alia*, add the *Feller* Plaintiffs as named plaintiffs, Plaintiff anticipates filing a motion for appointment as co-lead counsel along with counsel for *Feller* Plaintiffs.

(d) Defendant anticipates filing a Rule 12(b)(6) motion to dismiss.

(e) Plaintiff anticipates filing an opposed Motion for Class Certification at the appropriate time.

(f) The Parties anticipate likely filing a motion for summary judgment.

**5. Amendment of Pleadings.**

Plaintiff's Statement: Plaintiff has requested that Defendant stipulate to file a Third Amended Complaint adding: (1) the *Feller* Plaintiffs as named plaintiffs, (2) Alliance Entertainment, LLC as a defendant, and (3) additional factual allegations related to Defendant's disclosures of its customers' PII to third parties other than Meta. Plaintiff will seek leave to file a Third Amended Complaint if Defendant does not so stipulate. Plaintiff believes it is premature to set a deadline to amend the pleadings.

Defendant's Statement: Now that preliminary approval has been denied, Defendant believes that this action should be dismissed, transferred, or stayed based on the first-filed doctrine and consequently opposes any amendment of the pleadings.

**6. Evidence Preservation.**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have complied with these Guidelines, including having taken all reasonable

steps necessary to ensure the preservation of relevant ESI within their possession, custody, or control, and will continue to do so for the duration of the litigation.

Should this case continue past the pleading stage, the Parties will meet and confer concerning an ESI protocol.

**7. Disclosures.**

The Parties will exchange initial disclosures within 14 days after the Court opens discovery.

**8. Discovery.**

<u>Prior Discovery</u>: No formal discovery has been served in the *Hoang To* Action. Defendant has responded to written discovery requests in the *Feller* action, and the *Feller* Plaintiffs' responses to written discovery requests will be due as soon as the *Feller* case is reopened. Subpoenas to relevant third parties were served by the plaintiffs in the *Feller* action, though no materials responsive to those subpoenas were produced prior to the *Feller* court's order staying and administratively closing the case pending resolution of the motion for preliminary approval filed in the instant case.

<u>Scope of Anticipated Discovery</u>: Plaintiff intends to serve formal discovery requests on Defendant (and on Alliance Entertainment, LLC, whom Plaintiff intends to add as a defendant in this case) and subpoenas to relevant third parties as soon the Court permits. Plaintiff believes that it is premature to enter any discovery deadlines or cutoff in light of the ongoing litigation, but proposes an initial period of four months for the parties to conduct discovery limited to issues concerning any disclosures of PII made by or on behalf of Defendant (and Alliance Entertainment, LLC) to third parties other than Meta. Plaintiff believes it is too early to identify any potential discovery disputes. Defendant's position is that discovery should not commence until after resolution of Defendant's anticipated motion to dismiss, transfer, or stay based on the first-filed doctrine and resolution of Defendant's anticipated Rule 12(b) motion to dismiss.

<u>Modifications to Discovery Rules</u>: The Parties do not think deviation from the rules set forth in the Federal Rules of Civil Procedure is needed at this time.  The Parties reserve the right to seek relief for depositions and written discovery requests beyond the limits imposed by the Fed. R. Civ. P. for good cause shown.

<u>Electronically Stored Information</u>:  The Parties will meet and confer regarding entering into a stipulated e-discovery order.

<u>Discovery Disputes</u>: The Parties will meet and confer in an effort to arrive at a stipulated resolution of any disputes and/or narrow any disputed issues prior to presenting them to the Court for resolution.

**9. Class Actions.**

The parties proposed briefing schedule for class certification is contained in Section 16 below.

**10. Related Cases.**

Other than the *Feller* Action, the parties are unaware of any related cases or proceedings. A joint status report was filed on January 27, 2025 in the *Feller* action. The *Feller* court issued an order on January 28, 2025 specifying that the *Feller* case will remain stayed while this Court addresses Defendant's motion to dismiss, transfer, or stay based on the first-filed doctrine, Plaintiff's motion to open discovery, and Plaintiff's anticipated motion to amend the complaint, and ordering the parties to file joint status reports every 60 days advising on the progress of the *Hoang To* action.

**11. Relief.**

<u>Plaintiff's Position</u>: As set forth in his Complaint, Plaintiff seeks to recover liquidated damages, civil and statutory penalties, restitution, attorneys' fees and costs, and other relief as this Court deems just and proper. Until discovery is completed, and the scope of the class damages are clear, Plaintiff cannot set forth with precision actual damages.

<u>Defendant's Position</u>: This case is not suitable for treatment as a class action. Additionally, neither Plaintiff nor putative class members are entitled to any relief.

**12. Settlement and ADR.**

<u>Plaintiff's Position</u>: The parties will promptly comply with ADR L.R. 3-5. The Parties previously reached a class action settlement but the Court denied preliminary approval without prejudice and that Settlement is now void. Plaintiff is still willing to explore a global settlement at the appropriate time, after obtaining the discovery necessary to properly evaluate the claims arising from disclosures of PII to third parties other than Meta.

<u>Defendant's Position</u>: Following the Court's denial of Plaintiff's motion for preliminary approval of the Parties' class settlement without prejudice, Defendant continued working with Plaintiff to provide additional informal discovery concerning the non-Meta pixel claims as well as justification for valuation of those claims, in an effort to work towards a renewed motion for preliminary approval of that class settlement. On January 14, 2025, one day after Plaintiff's counsel for the first time made statements to Defendant that seemed noncommittal as to whether Plaintiff intended to pursue preliminary approval of the existing settlement agreement, Defendant suggested to Plaintiff that Plaintiff, Defendant, and the counsel in the *Feller* action participate in a joint settlement conference with a magistrate judge. Plaintiff refused to further discuss settlement unless Defendant would first agree that Plaintiff could conduct third-party discovery. Consequently, the Parties are at impasse on further settlement discussions at this time.

**13. Other References.**

The Parties agree that this case is not suitable for reference to special master or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues.**

At this time, it is unknown what agreements, motions or procedures would aid the parties in narrowing the issues to be tried in this action.

**15. Expedited Trial Procedure.**

This case is not appropriate for the Expedited Trial Procedure.

**16. Scheduling.**

<u>Plaintiff's Position</u>: Plaintiff intends to file a motion for class certification. However, Plaintiff believes it is premature to set a schedule for the motion for class certification.

<u>Defendant's Position:</u> Defendant intends to file a motion to dismiss, transfer, or stay based on the first-filed doctrine and a Rule 12(b)(6) motion. Defendant requests that the Court set a deadline for it to file the Rule 12(b)(6) motion within the next 30 days. Defendant believes that a further case schedule should not be set, and discovery should not commence, until after resolution of these motions, which present critical threshold issues about whether this case may continue.

///

**17. Trial.**

Plaintiff has demanded a trial by jury on all claims and issues so triable. Plaintiff believes the issues in this case are relatively straightforward and that between one and four trial days (depending on whether a class is certified) would be required to trial the case. Defendant believes that this case presents numerous complex issues and that five to seven days would be needed for trial. The Parties propose deferring setting a trial date and relevant pretrial deadlines at this time.

**18. Disclosure of Non-party Interested Entities or Persons.**

Defendant filed its disclosure of interested entities and persons on September 12, 2024.

**19. Professional Conduct.**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

Dated: January 28, 2025                                     HAMMONDLAW, P.C.

By: */s/ Julian Hammond*
    Julian Hammond

Dated: January 28, 2025                                     BAKER & HOSTETLER LLP

By: */s/ Bonnie DelGobbo*
    Bonnie DelGobbo