JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Tel.)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO; JEFFRY HEISE; and JOSEPH MULL,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company<br><br>Defendant. | Case No. 3:24-CV-06447-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE (Dkt. 62)**<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2<br>Hearing Date: March 5, 2025<br>Hearing Time: 2:00 p.m. |

Plaintiffs submit the following response in opposition to the Motion to Dismiss, Transfer, or Stay Under the First-to-File Rule filed by Defendant DirectToU, LLC (Dkt. 62 (the "Motion")).

I.    INTRODUCTION

The Court should deny Defendant's Motion as moot. On February 7, 2025, after the Court granted Plaintiff Hoang To leave to amend (Dkt. 67), Plaintiff filed his Third Amended Complaint (Dkt. 68), which, *inter alia*, adds two of the plaintiffs in the *Feller v. Alliance Entertainment, LLC,* No. 24-cv-61444-RAR (S.D. Fla.) ("*Feller* Action") as the named Plaintiffs in the instant case,[1] and the *Feller* plaintiffs then promptly filed a notice of dismissal in the *Feller* Action pursuant to Rule 41(a)(1). Because the *Feller* Action has been dismissed, Defendant's request that the Court dismiss, stay, or transfer this case (to allow the litigation to proceed in the *Feller* Action) should be denied as moot. *See Church of Scientology of California v. United States Dept. of the Army,* 611 F.2d 738, 749 (9th Cir. 1979) (first-to-file doctrine "permits one district to decline judgment on an issue <u>which is properly before another district</u>") (emphasis added).

Even if the *Feller* Action's dismissal somehow does not render the Motion moot, the Motion also fails because the Court has already carefully considered and previously denied an identical motion filed by the *Feller* plaintiffs (then in their capacity as proposed intervenors) to dismiss/transfer/stay this action in favor of the *Feller* Action. (Dkt. 57.) And there is no reason why the Court should reconsider its prior decision on the exact same question.

In fact, the current circumstances present an *even stronger set of facts* for denying the relief sought in the Motion. For one thing, as previously mentioned, the first-to-file rule cannot possibly apply given that the *Feller* Action has been dismissed. Moreover, even prior to the *Feller* Action's dismissal, the court presiding over the *Feller* Action, after being informed that this Court denied the motion for preliminary approval, extended the stay of the *Feller* Action[2] instead of lifting it as Defendant had requested – effectively ceding control over the litigation to this Court. And critically,

---

[1] One of the named plaintiffs in the *Feller* Action, Douglas Feller, no longer wishes to be involved in the litigation and is thus no longer prosecuting these claims as a named plaintiff.

[2] On January 28, 2025, after Defendant and the *Feller* Plaintiffs informed the court presiding over the *Feller* Action of the status of the instant case, the *Feller* court extended the stay in the *Feller* Action over the Defendant's objection. *See* Dkt. 65.

1  the interests of judicial economy weigh in favor of the litigation proceeding in this forum, where this
2  Court has already expended considerable resources resolving the motion for preliminary approval (and
3  the objections thereto) and is thus familiar with the issues in the case.
4      For all these reasons, Plaintiffs respectfully urge the Court to deny Defendant's Motion.

5  **II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

6      On August 12, 2024, Plaintiff Hoang To filed this putative class action lawsuit in Alameda
7  County Superior Court, alleging, on behalf of Plaintiff and a putative class of California consumers,
8  that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"), Cal.
9  Civil Code § 1799.3, and Cal. Business & Professions Code §§ 17200 et seq. ("UCL") by disclosing
10 its customers' personally identifying information ("PII") through the Meta pixel. Defendant removed
11 the case to this Court on September 12, 2024 (Dkt. 1) and Plaintiff subsequently filed a First Amended
12 Complaint which added a putative nationwide class with a California subclass. Dkt. 10.

13     On October 23, 2024, the Parties executed a Class Action Settlement Agreement.  See Dkt. 29-
14 1.

15     On October 28, 2024, plaintiffs in the *Feller* Action filed a motion to intervene and to dismiss,
16 stay, or transfer the instant case to the Southern District of Florida pursuant to the first-to-file doctrine.
17 Dkt. 14. On November 12, 2024, Defendant filed a response in opposition to the *Feller* plaintiffs'
18 motion to intervene and to dismiss, stay, or transfer this action. Dkt 34.

19     On November 1, 2024, Plaintiff filed the operative Second Amended Complaint (Dkt. 23)
20 adding allegations that Defendant also violated the VPPA through renting and/or selling its customers'
21 PII to non-Meta third-parties.

22     On November 4, 2024, Plaintiff filed a Motion for Preliminary Approval of Class Action
23 Settlement.  Dkt. 26.

24     On October 24, 2024, Defendant moved the *Feller* Court to enter a stay pending approval of
25 the Class Action Settlement, and on November 12, 2024, the *Feller* Court granted Defendant's motion
26 to stay the *Feller* Action and administratively closed the case. Decl. of Julian Hammond ISO
27 Plaintiffs' Opposition to Def.'s Motion ("Hammond Decl.") ¶ 2.

28

1     On December 4, 2024, the Court heard the *Feller* Plaintiffs' motion to intervene and dismiss, and Plaintiff's motion for preliminary approval of the class action settlement. Dkt 55. Following the hearing, the Court denied all three motions, with the motion for preliminary approval denied without prejudice. Dkt. 57. In denying the *Feller* Plaintiffs' motion to dismiss, stay and/or transfer, the Court found that the interests of judicial economy weighed in favor of denying the motion to dismiss, stay, or transfer because the instant case and the *Feller* Action were filed only a few days apart, the instant case had "moved further along" than the *Feller* Action, the claims in this case encompassed the claims in *Feller,* the *Feller* Action had been stayed, and there was therefore no risk of inconsistent rulings or wasted judicial resources. *Id.* at pp. 1, 3-4. Unlike with respect to the motion for preliminary approval, the Court did not state that its denial of the motion to transfer was without prejudice. *See Id.* at pp. 3-4.

In denying the motion for preliminary approval, the Court "encourage[d] all counsel – for the parties and for *Feller* – to meet and confer to determine if a revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims," or alternatively to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached after sufficient discovery, all showing why the settlement is fair, reasonable, and adequate." Dkt. 57 at 1.

Pursuant to the Court's Order, Plaintiff Hoang To met and conferred with Defendant regarding additional discovery as to the non-Meta VPPA claim. During the meet and confer process it became apparent to Plaintiff Hoang To that additional discovery, including third party discovery, was needed in order to properly evaluate the non-Meta pixel claims. However, the parties were unable to reach agreement on additional discovery, and Plaintiff Hoang To filed a motion on January 17, 2025, to open limited discovery. Dkt. 59. Defendant opposed Plaintiff's motion and took the position that this Court was no longer the appropriate forum in which to litigate this case. Defendant stated that it anticipated that the Southern District of Florida would lift the stay in the *Feller* Action in light on this Court's denial of the motion for preliminary approval. Dkt. 60. However, on January 28, 2025, following submission of a joint status report by the *Feller* Plaintiffs and Defendant apprising the *Feller* Court of the status of this case, the *Feller* Court ordered the *Feller* Action remain stayed "[b]ecause litigation

remains active in the *Hoang To* action on a number of fronts, including on matters that may be case-dispositive of this action" and <u>denied Defendant's request to submit a revised scheduling order</u> for the rest of the *Feller* case. *See* Dkt. 65.

Counsel for Plaintiff and the *Feller* Plaintiffs recently agreed to jointly prosecute this litigation. Hammond Decl. ¶ 6. To that end, Plaintiff filed a Third Amended Complaint on February 7, 2025 (Dkt. 68), after the Court granted Plaintiff leave to amend (Dkt. 67). The Third Amended Complaint adds two of three *Feller* plaintiffs as named plaintiffs in this case, names Alliance Entertainment, LLC (a defendant in the *Feller* Action, in addition to DirectToU, LLC) as the named Defendant, and adds additional factual allegations in support of the existing causes of action. On February 7, 2025, promptly following the filing of the Third Amended Complaint, the *Feller* plaintiffs filed a notice of dismissal in the *Feller* Action pursuant to Federal Rule of Civil Procedure 41(a)(1). Hammond Decl. ¶ 8.

### III. ARGUMENT

#### A. Legal Standard

The first-to-file doctrine is "a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district." *Church of Scientology of California*, 611 F.2d at 749. "When a complaint involves the "same parties and issues," a district court may decline jurisdiction in favor of the first filed action. *Browning v. Yahool, Inc.*, No. C04-01463-HRL, 2004 WL 2496183, at *5 (N.D. Cal. Nov. 4, 2004), citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Systems, Inc.*, 678 F.2d at 95. "However, the 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d at 95.

In determining whether to dismiss/stay/transfer an action under the first-to-file doctrine, courts are afforded "an ample degree of discretion, appropriate for disciplined and experienced judges[.]"

*Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183-84 (1952); *see also Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F .2d 622, 628 (9th Cir. 1991).

### B. The Court Should Deny Defendant's Motion as Moot

In its Motion, Defendant asks this Court to dismiss/stay/transfer this case to make way for the litigation to proceed in the *Feller* Action. However, the Court cannot grant Defendant the relief it seeks because the *Feller* Action has now been dismissed.  See *Church of Scientology of California,* 611 F.2d at 749 (first-to-file doctrine "permits one district to decline judgment on an issue <u>which is properly before another district</u>") (emphasis added).  On this basis alone, the Motion should be denied as Moot.

### C. Even if Defendant's Motion is Not Moot, The Court Should Deny It Because the Court Has Already Considered and Declined to Dismiss/Stay/Transfer this Case Under the First-Filed Doctrine

Even if the Motion were not moot – and it is – the Motion still fails because this Court has already considered and previously rejected an identical motion to dismiss, stay, or transfer on first-to-file grounds filed by the *Feller* plaintiffs as proposed intervenors.[3]  In denying the *Feller* plaintiffs' motion, the Court observed that the instant action and the *Feller* Action were filed only within a few days of each other, that the instant action has "moved further along" than the *Feller* Action, that the instant action covered the claims asserted in *Feller*, and that the Feller Action had been stayed and administratively closed, to allow this Court to consider settlement approval. Dkt. 57 at pp. 1, 3.  Based on these findings, the Court concluded that there was no risk of inconsistent rulings or wasted judicial resources, and that judicial economy weighed in favor of denying the motion to dismiss or transfer. *Id*. at pp. 3-4.  The current circumstances present an *even stronger set of facts* for denying the Motion to dismiss/stay/transfer under the first-filed doctrine. On January 28, 2025, the court presiding over the *Feller* Action opted to extend the stay of the *Feller* Action after being informed of this Court's denial of the motion for preliminary approval and the parties' subsequent filings. *See* Dkt. 65-1. And, after the filing of the Third Amended Complaint, the *Feller* plaintiffs dismissed their *Feller* Action.

---

[3] It bears noting that in denying the motion to dismiss/transfer filed by the *Feller* Plaintiffs' the Court did not state that dismissal was without prejudice. *See* Dkt. 57 at pp. 3-4.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-TO-FILE RULE - Case No. 3:24-cv-06447-WHO
-6-

Hammond Decl. ¶ 8. Accordingly, there is no threat of inconsistent rulings or wasted judicial resources if this litigation is allowed to proceed in this Court in a consolidated fashion.

///

### D. Additional Factors Support Denial of Defendant's Motion

Moreover, permitting the litigation to proceed in this Court in a consolidated fashion would also serve the interests of judicial efficiency, in several respects. First, this Court has now developed substantial familiarity with the allegations and issues underlying the claims in this litigation, including in the course of resolving Plaintiff's motion for preliminary approval (and the objections thereto), the *Feller* Plaintiffs' motion to intervene, and their motion to dismiss/stay/transfer, as well as in conducting multiple case management conferences. Second, in light of the significant motion practice described above, this case has "moved further along" than the *Feller* Action had prior to its dismissal, as this Court correctly recognized in its decision denying the *Feller* plaintiffs' motion to intervene and to dismiss, stay, or transfer on first-to-file grounds. Dkt. 57 at 1. Third, by continuing the stay of the *Feller* Action on January 28, 2025, over Defendant's objection, the court presiding over the *Feller* Action effectively stepped aside to allow this Court to preside over the litigation. And finally, by granting Plaintiff leave to file the Third Amended Complaint, which added the *Feller* plaintiffs and led to the dismissal of the *Feller* Action, this Court has already laid the groundwork for the litigation to proceed in a consolidated fashion in the instant forum, and there is no reason for the Court to second guess that decision.

## IV. CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

DATED: February 10, 2025                                                      Respectfully submitted,

                                                                                                                            s/ Julian Hammond
                                                                                                                           Julian Hammond
                                                                                                                   *Counsel for Plaintiffs and Putative Classes*