JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Tel.)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO; JEFFRY HEISE;** and **JOSEPH MULL,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTTOU, LLC;** and **ALLIANCE ENTERTAINMENT, LLC,** Delaware Limited Liability Companies,<br><br>Defendants. | Case No. 3:24-CV-06447-WHO<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT HAMMONDLAW, P.C. AND HEDIN LLP AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Judge:      Hon. William H. Orrick<br>Courtroom:   2 – 17th Floor<br>Hearing Date: April 9, 2025<br>Hearing Time: 2:00 p.m. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT** on April 9, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard, before the Honorable William H. Orrick in Courtroom 2, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs shall and hereby does, respectfully move the Court for entry of an Order, pursuant to Federal Rule of Civil Procedure 23(g), approving HammondLaw, P.C. and Hedin LLP to serve as Interim Co-Lead Class Counsel on behalf of the putative class in this action.

This Motion is based on: the Memorandum of Points and Authorities; the Declaration of Julian Hammond; Declaration of Frank Hedin; and the Proposed Order.

//

1

## **TABLE OF CONTENTS**

2   INTRODUCTION……………………………………………………………………1

3   BACKGROUND……………………………………………………………………...2

4   ARGUMENT …………………………………………………………………………4

5   I.   The Firms Thoroughly Identified and Investigated the Claims in This Litigation…..5

6   II.  The Firms Have Proven Track Records and Substantial Knowledge of the
        Applicable Law …………………………………………………………………...8

7
        A.  HammondLaw, P.C……………………………………………………………..8

8
        B.  Hedin LLP ………………………………………………………………...10

9
    III. The Firms Have and Will Continue to Commit all the Resources Necessary to
10      Effectively Prosecute this Litigation on Behalf of the Proposed Classes…………...13

11  IV. Additional Factors Favor Appointing the Firms……………………………………13

12  CONCLUSION …………………………………………………………………………15

13

14

15

16

17

18

19

20

21

22

23

24

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3    *Archer v. NBCUniversal Media,*
       No. 2:24-cv-10744 (C.D CAL Dec. 13, 2024) ........................................................................8

4
5    *Ashley Madison Data Breach Litigation,*
       MDL No. 2669 (E.D. Mo. April 6, 2016)) .............................................................................8

6    *Benbow v. SmileDirectClub, Inc.,*
       No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) .........................................................................11

7
8    *Betterhelp, Inc. Data Disclosure Cases,*
       No. 3:23-cv-01033-RS (N.D. Cal. July 24, 2024). ...............................................................9

9    *Chimeno-Buzzi v. Hollister Co.,*
       No. 14-cv-23120 (S.D. Fla.) ...............................................................................................11

10
11   *City of Providence, R.I. v. AbbVie Inc.,*
       No. 2020 WL 6049139, (S.D.N.Y. Oct. 13, 2020) ..............................................................14

12   *Data Breach Sec. Litig. Against Caesars Ent., Inc.,*
       No. 2:23-CV-01447-ART-BNW, 2024 WL 2959279, (D. Nev. June 12, 2024) .................14

13
14   *Donahue v. Everi Payments, Inc., et al.,*
       No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) ..................................................................11

15
16   *Edwards v. Hearst Communications, Inc.,*
       No. 1:15-cv-09279-AT-JLC (S.D.N.Y.) ..............................................................................11

17
18   *Farnham v. Caribou Coffee Co., Inc.,*
       No. 16-cv-295 (W.D. Wisc.) ...............................................................................................11

19   *Feller v. Alliance Entertainment, LLC,*
       No. 24-cv-61444-RAR (S.D. Fla.) .........................................................................................1

20
21   *Gallagher v. Bayer AG,*
       No. 14-CV-04601-WHO, 2015 WL 4932292, (N.D. Cal. Aug. 18, 2015). ...........................5

22
23   *Gola v. University of San Francisco,*
       No. CGC-18-565018 (Cal. Sup. Ct., San Francisco County March 3, 2021), ......................9

24   *Groover v. Prisoner Transp. Servs., LLC,*
       No. 2019 WL 3974143, (S.D. Fla. Aug. 22, 2019) (Bloom, J.) ...........................................10

*Horton v. GameStop Corp.*,
    380 F. Supp. 3d 679 (W.D. Mich. 2018) ...........................................................................12

*Kain v. The Economist Newspaper NA, Inc.*,
    No. 21-cv-11807 (E.D. Mich.) ..........................................................................................11

*Kokoszki v. Playboy Enters., Inc.*,
    No. 19-cv-10302 (E.D. Mich.) ..........................................................................................11

*Liggio v. Apple Federal Credit Union*,
    No. 18-cv-1059 (E.D. Va.) ................................................................................................11

*Lin v. Crain Commc'ns Inc.*,
    No. 19-11889, 2020 WL 248445, (E.D. Mich. Jan. 16, 2020) ..........................................12

*Luczak v. Nat'l Beverage Corp.*,
    No. 2018 WL 9847842, (S.D. Fla. Oct. 12, 2018) (Moore, J.), ........................................10

*Maxar Technologies Inc. Shareholder Litigation*,
    No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) ......................................................12

*Moeller v. The Week Publications, Inc.*,
    No. 22-cv-10666 (E.D. Mich.) ..........................................................................................11

*Olsen, et al. v. ContextLogic Inc.*,
    No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) ..................................................11

*Owens, et al. v. Bank of America, N.A., et al.*,
    No. 19-cv-20614 (S.D. Fla.) ..............................................................................................11

*Paraggua v. LinkedIn Corp.*,
    No. 5:12-CV-03088 EJD, 2012 WL 3763889, (N.D. Cal. Aug. 29, 2012) ........................4

*Plymouth County Retirement System v. Impinj, Inc., et al.*,
    No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) ..................................................................12

*Pratt et al. v. KSE Sportsman Media, Inc.*,
    No. 21-cv-11404 (E.D. Mich.) ..........................................................................................11

*Rivera et al. v. Google, LLC*,
    No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) ..........................................10

*Robinhood Outage Litigation*,
   No. 20-CV-01626-JD, 2020 WL 7330596, (N.D. Cal. July 14, 2020) ...............................14

*Schreiber et al. v. Mayo Foundation for Medical Education & Research*,
   No. 22-cv-00188 (W.D. Mich.) ..........................................................................................10

*Siciliano et al. v. Apple* Case,
   No. 1-13-cv-257676 (Cal. Super. Ct., Santa Clara County, April 21, 2017). ......................8

*Smith-Washington, et al. v. TaxAct, Inc.*,
   No. 23-cv-00830-VC (N.D. Cal. December 29, 2024) ..........................................................8

*Strano v. Kiplinger Washington Editors, Inc.*,
   No. 21-cv-12987 (E.D. Mich.) ............................................................................................11

*Stubhub Refund Litig.*,
   No. 20-MD-02951-HSG, 2020 WL 8669823, (N.D. Cal. Nov. 18, 2020).............................14

*White v. TransUnion, LLC*,
   239 F.R.D. 681,(C.D. Cal. 2006).............................................................................................4

**STATUTES**

Cal. Business & Professions Code §§ 17200 ........................................................................2

Michigan's Preservation of Personal Privacy Act, Mich. Comp. Laws § 445.771 ...............10

Video Privacy Protection Act, 18 U.S.C. § 2710 .....................................................................1

**TREATISES**

Manual for Complex Litigation (Fourth) § 21.11 .....................................................................4

MOORE'S FEDERAL PRACTICE §23.120.............................................................................5

**RULES**

Federal Rule of Civil Procedure 1............................................................................................4

Federal Rule of Civil Procedure 23 ...............................................................................5, 7, 13

Federal Rule of Civil Procedure 41..........................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs respectfully submit this motion for appointment of their counsel at HammondLaw, P.C. and Hedin LLP (collectively, the "Firms") to serve as co-interim counsel on behalf of the putative classes in this action.

### INTRODUCTION

Plaintiffs in this recently-consolidated action include Jonathan Hoang To, who initiated the case, and Jeffry Heise and Jonathan Mull, who brought another putative class action against the same Defendants, also for violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, in the Southern District of Florida. *See Feller v. Alliance Entertainment, LLC,* No. 24-cv-61444-RAR (S.D. Fla.) (the "*Feller* Action"). Following this Court's denial of preliminary approval of a proposed settlement entered into between Defendant DirectToU, LLC and Plaintiff Hoang To, counsel for Plaintiff Hoang To and counsel for the plaintiffs in the *Feller* Action reached an agreement to jointly prosecute this litigation, and accordingly filed a consolidated Third Amended Complaint (with leave of court) in this action that, *inter alia*, added the plaintiffs from the *Feller* Action as Plaintiffs and added Alliance Entertainment, LLC as a Defendant. The *Feller* plaintiffs subsequently dismissed the *Feller* Action.

As the Court encouraged in its order denying preliminary approval, Plaintiffs' counsel continues to engage in efforts with Defendants' counsel to negotiate a fair, reasonable, and adequate resolution to this litigation on behalf of the Proposed Class, including by attempting to reach agreement with Defendants' counsel to produce certain additional materials that the Firms require in order for continued settlement discussions to be productive. However, if a settlement cannot be negotiated, the Firms intend to vigorously prosecute this case on behalf of the classes, committing whatever resources are necessary to effectively do so.

Appointment of the Firms as interim class counsel pursuant to Rule 23(g) is warranted at this juncture to protect the interests of members of the putative class, and to ensure that the Firms are

authorized to continue negotiating potential resolutions on the classes' behalf going forward in the litigation.

On February 26, 2025, Plaintiffs' Counsel asked Defendants' counsel if they would oppose this motion. Defendants' counsel confirmed that they would oppose this Motion.

### BACKGROUND

On August 12, 2024, Plaintiff Hoang To filed this putative class action lawsuit in Alameda County Superior Court, alleging, on behalf of Plaintiff and a putative class of California consumers, that Defendant violated the VPPA and Cal. Business & Professions Code §§ 17200 et seq. ("UCL") by disclosing its customers' personally identifying information ("PII") through the Meta pixel. Defendant removed the case to this Court on September 12, 2024 (Dkt. 1) and Plaintiff subsequently filed a First Amended Complaint which added a putative nationwide class with a California subclass. Dkt. 10.

On October 23, 2024, the Plaintiff Hoang To and Defendant Directtou executed a Class Action Settlement Agreement.  See Dkt. 29-1. On October 28, 2024, plaintiffs in the *Feller* Action filed a motion to intervene and to dismiss, stay, or transfer the instant case to the Southern District of Florida pursuant to the first-to-file doctrine. Dkt. 14. On November 12, 2024, Defendants filed a response in opposition to the *Feller* plaintiffs' motion to intervene and to dismiss, stay, or transfer this action. Dkt 34.

On November 1, 2024, Plaintiff Hoang To filed the operative Second Amended Complaint (Dkt. 23) adding allegations that Defendant Directtou also violated the VPPA through renting and/or selling its customers' PII to non-Meta third-parties.

On November 4, 2024, Plaintiff Hoang To filed a Motion for Preliminary Approval of Class Action Settlement.  Dkt. 26.

On November 12, 2024, Defendants moved the *Feller* Court to enter a stay pending approval of the Class Action Settlement, and the same day, the *Feller* Court granted the Motion to stay the *Feller* Action and administratively closed the case. Dkt. 36.

On December 4, 2024, the Court heard the *Feller* Plaintiffs' motion to intervene and dismiss, and Plaintiff Hoang To's motion for preliminary approval of the class action settlement. Dkt 55. Following the hearing, the Court denied all three motions, with the motion for preliminary approval denied without prejudice. Dkt. 57. In denying the motion for preliminary approval, the Court "encourage[d] all counsel – for the parties and for *Feller* – to meet and confer to determine if a revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims," or alternatively to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached after sufficient discovery, all showing why the settlement is fair, reasonable, and adequate." Dkt. 57 at 1.

Pursuant to the Court's Order, Plaintiff Hoang To met and conferred with Defendant regarding additional discovery as to the non-Meta VPPA claim.  During the meet and confer process it became apparent to Plaintiff Hoang To that additional discovery, including third party discovery, was needed in order to properly evaluate the non-Meta pixel claims. However, the parties were unable to reach agreement on additional discovery, and Plaintiff Hoang To filed a motion on January 17, 2024, to open limited discovery.  Dkt. 59. Defendant opposed Plaintiff Hoang To's motion and took the position that this Court was no longer the appropriate forum in which to litigate this case. Defendant stated that it anticipated that the Southern District of Florida would lift the stay in the *Feller* Action in light on this Court's denial of the motion for preliminary approval. Dkt. 60. However, on January 28, 2025, following submission of a joint status report by the *Feller* Plaintiffs and Defendant apprising the Florifa Court of the status of this case, the Florida Court ordered the *Feller* Action remain stayed "[b]ecause litigation remains active in the *Hoang To* action on a number of fronts, including on matters that may be case-dispositive of this action" and denied Defendant's request to submit a revised scheduling order for the rest of the *Feller* case. *See* Dkt. 65.

Counsel for Plaintiff Hoang To and the *Feller* Plaintiffs recently agreed to jointly prosecute this litigation. To that end, Plaintiff filed a Third Amended Complaint on February 7, 2025 (Dkt. 68), after the Court granted Plaintiff leave to amend (Dkt. 67). The Third Amended Complaint added two of three *Feller* plaintiffs as named plaintiffs in this case, named Alliance Entertainment, LLC (a defendant in the *Feller* Action, in addition to DirectTou, LLC) as a named Defendant, and added additional factual allegations in support of the existing causes of action. On February 7, 2025, promptly following the filing of the Third Amended Complaint, the *Feller* plaintiffs filed a notice of dismissal in the *Feller* Action pursuant to Federal Rule of Civil Procedure 41(a)(1).

## ARGUMENT

Appointing the Firms to jointly represent the putative Class pursuant to Federal Rule of Civil Procedure 23(g) is necessary to protect the interests of the proposed Class at this juncture, would serve the interests of judicial economy, and will fulfill Rule 1's objective of ensuring "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 23(g)(3) provides: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (Davila, J.) (quoting *White v. TransUnion, LLC*, 239

1   F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))). As

2   this Court has previously found, the appointment of interim class counsel is appropriate even in the

3   absence of other lawsuits involving the same claims pending before another court. *Gallagher v. Bayer*

4   *AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015).

5       "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the

6   court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)." *Paraggua*, 2012

7   WL 3763889 at *1. Under Federal Rule of Civil Procedure 23(g)(1)(A), Courts consider:

8       (a) the work counsel has done in identifying or investigating potential claims in the action;
        (b) counsel's experience in handling class actions, other complex litigation, and the types of
9           claims asserted in the action;
        (c) counsel's knowledge of the applicable law; and
10      (d) the resources that counsel will commit to representing the class.

11   *Id*. The Court may also "consider other matters pertinent to counsel's ability to fairly and adequately

12   represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

13       Each of these factors weighs heavily in favor of appointing the Firms to represent the proposed

14   classes on an interim basis in this matter.

15   **I.     The Firms Thoroughly Identified and Investigated the Claims in This Litigation.**

16       While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be

17   determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel

18   can be a deciding factor:

19       In a case with a plaintiff class, the process of drafting the complaint requires some
        investigatory and analytical effort, tasks that strangers to the action most likely will not
20      have undertaken. All other things being equal, when an attorney has performed these or
        other investigative and analytical tasks before making the application for appointment,
21      he or she is in a better position to represent the class fairly and adequately than attorneys
        who did not undertake those tasks.

22   MOORE'S FEDERAL PRACTICE §23.120(3)(a) (3d. Ed. 2007).

23       Prior to filing suit, the Firms performed thorough investigations into the conduct underlying

24   Plaintiffs' claims and the strengths of those claims on the merits. Specifically, the attorneys at the Firms

(i) investigated and tracked, over a period of several years, Defendants' practices of advertising the availability of their customers' PII for rental, sale, and exchange on various data-brokerage websites; (ii) thoroughly analyzed Defendants' "data cards" accessible on these data-brokerage websites to determine the type of customer data being disclosed to third parties by Defendants;  (iii) researched the Meta Pixel online tracking technology, including how it operates, how to find it in website source code, and how to identify what information is being tracked and transmitted through it; (iv) consulted with digital forensics experts concerning the Meta Pixel tracking technology and Defendants' uses of it on their various consumer-facing websites, and had the experts prepare HAR files that evidenced the sharing of Defendant's customers' DVD and Blu-ray purchase data with Meta; (v) researched whether Defendants' disclosures to third parties in the data-brokerage marketplace and their use of tracking pixels violated the VPPA; (vi) researched Defendants' potential defenses to any VPPA claim, including those stemming from the terms of service and privacy policies accessible on their websites (including whether any customers assented to those terms or policies in the course of making purchases); (vii) communicated with and reviewed materials provided by numerous potential clients who interacted with and made purchases on Defendants' websites, in order to determine whether they were capable of adequately representing the interests of the proposed classes; (viii) investigated the adequacy of the named Plaintiffs to represent the putative classes and executed engagement agreements to represent them in this matter; and (ix) prepared the complaints on behalf of the proposed classes in the instant action and the *Feller* Action.  Declaration of Julian Hammond ("Hammond Decl."), filed herewith, ¶¶ 3-5; Declaration of Frank Hedin ("Hedin Decl."), filed herewith, ¶ 3.  These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state the courts should consider in appointing interim class counsel.

Following the initiation of the litigation, the plaintiffs served, and Defendant responded to, written discovery requests in the *Feller* Action. Hedin Decl., ¶ 4. Subpoenas to relevant third parties

were also served by the plaintiffs in the *Feller* Action. *Id*. The parties have briefed numerous motions in the instant action, including a motion for preliminary approval and motions to dismiss, stay, or transfer on first-to-file grounds. Hammond Decl., ¶ 6; Hedin Decl., ¶ 5. Although the Court denied the parties' motion for preliminary approval of a proposed class-action settlement without prejudice, Plaintiffs remained interested in exploring settlement further at the appropriate time, after they obtained the discovery necessary to properly evaluate the claims arising from Defendants' disclosures of their customers' data to third parties other than Meta. To that end, the Firms are actively engaged in discussions with Defendants' counsel in an effort to obtain these materials prior to the commencement of formal discovery, with the goal of resuming the parties' settlement negotiations in the near term. Hammond Decl., ¶ 7. Appointing the Firms as co-interim class counsel at this juncture will enable these negotiations to continue in an arm's-length, non-collusive manner, and will put counsel experienced in prosecuting similar data privacy actions at the helm of this litigation if an acceptable settlement cannot be negotiated.

The Advisory Committee Notes also contemplate that appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Rule 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Advisory Committee Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery ***must*** occur (and related motion practice will likely be necessary) prior to class certification and trial. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Discovery in this matter will be complex, nuanced, and require substantial specialized knowledge and experience to perform effectively and efficiently. Hammond Decl., ¶ 8; Hedin Decl., ¶ 6. The Firms' thorough investigation into these claims, as well as their

experience prosecuting prior similar matters (discussed further below), will enable them to effectively build and prosecute this case on behalf of the Classes, including in discovery and related motion practice.

Accordingly, the first Rule 23(g) factor weighs heavily in favor of appointing the Firms as co-interim class counsel on behalf of the putative Classes in this matter.

## II.    The Firms Have Proven Track Records and Substantial Knowledge of the Applicable Law.

### A.    HammondLaw, P.C.

Hammond Law's track record litigating class actions is impressive.  Since 2010, HammondLaw has settled 111 class actions and recovered over $140 million for injured consumers and employees. Of these cases, 57 were litigated by HammondLaw as sole class counsel, and 54 were litigated with co-counsel. Included are: a $23 million settlement reached on behalf of approximately 10.6 million consumers whose personal data was allegedly captured and shared by an online tax preparation company, *Smith-Washington, et al. v. TaxAct, Inc*., Case No. 23-cv-00830-VC (N.D. Cal. December 29, 2024) (objectors' appeal pending); and a $16 million settlement reach on behalf of nearly 4 million consumers whose Apple In App subscriptions automatically renewed without required consent in *Siciliano et al. v. Apple* Case, No. 1-13-cv-257676 (Cal. Super. Ct., Santa Clara County, April 21, 2017). Hammond Decl. ¶ 9.

HammondLaw attorneys are highly knowledgeable about the applicable law, having litigated complex class actions for over 20 years, and have the necessary specialized experience to represent plaintiffs and the class in this case. HammondLaw is currently litigating a similar VPPA case with Hedin LLP, *Archer v NBCUniversal Media*, Case No. 2:24-cv-10744 (December 13, 2024) (CA Central District); and regularly co-counsels with leading plaintiff class action law firms in consumer class actions. Hammond Decl. ¶¶ 12-13. In recognition of its expertise, HammondLaw was appointed to the Executive Committee in a consumer privacy class action against Ashley Madison brought on behalf of 37 million customers whose data was hacked (*In re Ashley Madison Data Breach Litigation,* MDL No.

2669 (E.D. Mo. April 6, 2016)) and which resulted in an $11.2 million class settlement; and a former HammondLaw partner (while employed with the firm) was recently appointed as Co-Lead Counsel in a consumer privacy class action against BetterHelp, Inc., on behalf of consumers whose personal data was allegedly captured and shared by an online mental health provider (*In Re Betterhelp, Inc. Data Disclosure Cases*, Case No. 3:23-cv-01033-RS (N.D. Cal. July 24, 2024). Hammond Decl., ¶ 11.

HammondLaw consists of three highly experienced attorneys. (A) <u>Julian Hammond</u> has twenty plus years of experience in commercial and complex class litigation. Having been a barrister in Australia, representing GlaxoSmithKline in the then-largest commercial litigation in Australia's history, Mr. Hammond transitioned his practice to California in 2010, and has since become a leading California class action attorney. As stated above, in the last 15 years, Mr. Hammond has acted as lead or co-lead counsel in over 100 class actions and has recovered over $140 million for employees and consumers throughout the country.  Mr. Hammond recently acted as first-chair trial counsel in *Gola v. University of San Francisco*, Case No. CGC-18-565018 (Cal. Sup. Ct., San Francisco County March 3, 2021), in which he won a $2.1 judgment on behalf of approximately 1,600 adjunct instructors, and an additional $1.3 million in fees and costs. HammondLaw successfully defended both rulings which were appealed up to the California Supreme Court. Hammond Decl. ¶¶ 15-16.   (B) <u>Polina Brandler</u> has over 13 years of complex class action litigation experience, in addition to 2 years of clerkship experience. Ms. Brandler has litigated over 90 class actions, and has worked on every stage of litigation, from expert discovery to depositions, through to mandatory settlement conferences and mediations, and successfully second chaired the above-referenced class action against the University of San Francisco. *Id.* ¶¶ 17-18. (B) <u>Ari Cherniak</u> has been with HammondLaw since 2012 and has extensive class action litigation experience. Mr. Cherniak's assists in managing all aspects of the class action litigation at HammondLaw, ensuring the smooth operation of the cases from inception through to final judgment. Mr. Cherniak has been

appointed along with other members of HammondLaw as class counsel in dozens of class actions since 2012. *Id.*, ¶¶ 19-20. HammondLaw's resume is attached as **Exhibit 1** to the Hammond Declaration.

### B.  Hedin LLP

Hedin LLP likewise has significant experience successfully prosecuting complex class actions, including for violation of similar data privacy laws, and brings substantial knowledge of the relevant legal and factual issues to bear for the Classes' benefit in this action.

Hedin LLP, formerly Hedin Hall, was founded in 2018, and is based in Miami, Florida. Hedin Decl. ¶ 7. Over the past seven years, courts have recognized the firm's "extensive experience in class actions," *Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (Moore, J.), and regularly noted the quality of the firm's work on behalf of its clients. *See, e.g.*, *Groover v. Prisoner Transp. Servs., LLC*, 2019 WL 3974143, at *2 (S.D. Fla. Aug. 22, 2019) (Bloom, J.) (noting that Hedin Hall "provided excellent and thorough representation in a case that was exceptionally time-consuming").[1]

Hedin LLP focuses on consumer and data privacy class actions and its lawyers have successfully prosecuted dozens of such matters in state and federal courts as court-appointed class counsel. Hedin Decl. ¶ 8; *see e.g., Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action alleging violations of Illinois's Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (counsel for class of consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA"), obtained $52.5 million non-reversionary class settlement with automatic payments (without the need to

---

[1] The Firm's representation in this matter was *pro bono* and assigned pursuant to the Southern District of Florida's Pro Bono Assistance Plan.

submit claim forms) to each of the approximately 67,000 class members); *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) (same, $50 million non-reversionary class settlement); *Kokoszki v. Playboy Enters., Inc.*, No. 19-cv-10302 (E.D. Mich.) (same, $3.8 million non-reversionary class settlement with automatic payments to all class members); *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (same, $9.5 non-reversionary class settlement with automatic payments to all class members); *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (same, $9.5 million non-reversionary class settlement with automatic payments to all class members); *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (same, $6.8 million non-reversionary class settlement with automatic payments to all class members); *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (same, $5 million non-reversionary class settlement with automatic payments to all class members); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), obtained $16 million non-reversionary class settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (same, $10 million non-reversionary class settlement); *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (same, $8.5 million non-reversionary class settlement); *Benbow v. SmileDirectClub, Inc.*, No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (same, $11.5 million class settlement); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, obtained $4.95 million non-reversionary class settlement with automatic payments to all class members); *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (same, $2.7 million non-reversionary class settlement); *In re Maxar Technologies*

*Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, obtained $36.5 million non-reversionary settlement for class); *Plymouth County Retirement System v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (same, obtained $20 million non-reversionary class settlement). Hedin Decl. ¶ 4.

Notably, in data-privacy class actions concerning publishers' disclosure of subscriber information in the data-brokerage marketplace—substantially the same conduct at issue in this case—Hedin LLP obtained groundbreaking decisions on two important issues under Michigan's Preservation of Personal Privacy Act ("PPPA"), Mich. Comp. Laws § 445.771 *et. seq.* that dramatically expanded the scope of the statute and led to the recovery of meaningful relief for consumers throughout Michigan. Hedin Decl. ¶ 8; *see Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) (holding, despite prior district court decision to the contrary on the same issue, that the version of the PPPA in effect prior to its July 2016 amendment applied to claims filed after the amendment's effective date); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020) (holding that Michigan-based publishers may be held liable for disclosing the data of all of their subscribers, even those outside Michigan). Hedin LLP's resume is attached as **Exhibit 1** to the Hedin Declaration.

The Firms are thus both well-suited to continue representing the affected members of the putative Classes in this matter given the significant amount of work the Firms have performed on this matter to date, as well as their extensive experience prosecuting the other similar consumer data-privacy matters outlined above.

Accordingly, the second and third Rule 23(g) factors also weigh heavily in favor of appointing the Firms as co-interim counsel on behalf of the putative Classes in this matter.

///

1

2    **III.    The Firms Have and Will Continue to Commit all the Resources Necessary to Effectively Prosecute this Litigation on Behalf of the Proposed Classes.**

3

4    The Firms are both well-established and successful and have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. The Firms have already demonstrated the will and ability to commit the necessary resources to investigate, develop, and prosecute a strong and well-supported case on behalf of members of the proposed classes in this case, and to explore potential resolutions on their behalf. Although virtually all of the Firms' cases are contingent and thus necessitate large financial outlays, which are either not recovered for many years or not recovered at all, neither of the Firms need or use third-party litigation funding, as both have the necessary capital to litigate this case to trial and beyond. Hammond Decl., ¶ 21; Hedin Decl., ¶ 11. The Firms' resources are not merely financial, but also include the substantial expertise and work-product they have developed in other similar cases, which will enable the Firms to streamline their prosecution of the instant litigation for the benefit of the putative classes. Hedin Decl., ¶ 11.

15

16    Additionally, the Firms follow protocols to avoid duplication of effort, including assigning different attorneys discrete tasks according to their respective level of skill and experience. The Firms maintain contemporaneous billing records recorded in 1/10 of an hour increments and do not practice block billing. This system allows for transparency and easy review to ensure the case is being litigated without duplication or wasted effort. Hammond Decl. ¶ 22; Hedin Decl. ¶ 12.

21    Accordingly, the fourth and final Rule 23(g) factor weighs heavily in favor of appointing the Firms as co-interim class counsel on behalf of the putative classes in this matter.

22    **IV.    Additional Factors Favor Appointing the Firms.**

23    In addition to the Rule 23(g)(1)(A) factors, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P.

23(g)(1)(B).  Several additional factors support appointing the Firms in this case. First, appointing the Firms as co-interim counsel would give members of the proposed classes the benefit of sophisticated and experienced counsel who, as discussed above, have a track record of achieving landmark results in data privacy class actions. Second, through their significant experience prosecuting complex class actions, the Firms have developed significant relationships with industry experts, regulatory personnel, and settlement administration experts. Hammond Decl., ¶ 14; Hedin Decl., ¶ 11. Third, both Firms employ attorneys with extensive trial experience, who have the ability to take this case to trial on behalf of the classes if necessary.  Hammond Decl., ¶ 15; Hedin Decl., ¶ 11. Fourth, the Firms have a strong and cordial working relationship with each other, as evidenced by their work done together in the litigation to date, and will continue to work together closely on this case. Hammond Decl., ¶ 12; Hedin Decl., ¶ 14.

Finally, the bench and bar have recognized the importance of considering diversity as a relevant factor in selecting interim class counsel.  *See e.g., In re Data Breach Sec. Litig. Against Caesars Ent., Inc.*, No. 2:23-CV-01447-ART-BNW, 2024 WL 2959279, at *5 (D. Nev. June 12, 2024) ("A proposed team's diversity is a factor the Court can consider in appointing interim class counsel."); *see also  In re Stubhub Refund Litig.*, No. 20-MD-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (appointing as co-lead interim counsel applicants who "demonstrated careful attention to creating a diverse team"); *In re Robinhood Outage Litigation*, No. 20-CV-01626-JD, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) (noting the need for diversity and how "the attorneys running this litigation should reflect the diversity of the proposed national class"); *City of Providence, R.I. v. AbbVie Inc.*, 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020). Several of the Firms' attorneys are members of underrepresented groups, and the Firms are both committed to ensuring that a diverse set of attorneys work on this matter. Hammond Decl., ¶ 17; Hedin Decl., ¶ 13.

1

2                                              **CONCLUSION**

3              For the foregoing reasons, Plaintiffs respectfully request that the Court appoint HammondLaw,

4      P.C. and Hedin LLP to serve as Interim Co-Lead Class Counsel on behalf of the putative class in this

5      matter pursuant to Rule 23(g).

6

7      DATED:   March 3, 2025                              Respectfully submitted,

8                                                          _____s/ Julian Hammond_____
                                                           Julian Hammond
9                                                          *Counsel for Plaintiffs and Putative Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24