JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Tel.)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO; JEFFRY HEISE;** and **JOSEPH MULL,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTTOU, LLC;** and **ALLIANCE ENTERTAINMENT, LLC,** Delaware Limited Liability Companies,<br><br>Defendants. | Case No. 3:24-CV-06447-WHO<br><br>**DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT HAMMONDLAW, P.C. AND HEDIN LLP AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Judge:          Hon. William H. Orrick<br>Courtroom:   2 – 17th Floor<br>Hearing Date: April 9, 2025<br>Hearing Time: 2:00 p.m. |

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 and based on my own personal knowledge, that the following statements are true:

1. I am a member in good standing of the State Bar of California and the Florida Bar, and the founding partner at the law firm Hedin LLP.

2. I make this declaration in support of my firm's Application for Appointment as Interim Co-Lead Class Counsel.

3. Prior to bringing suit on behalf of the plaintiffs and putative class in the related action *Feller et al. v. Alliance Entertainment, LLC, et al.,* No. 24-cv-61444-RAR (S.D. Fla.), my firm performed an extensive and time-consuming investigation into the conduct underlying these claims over a period of several years (dating back to 2019). Specifically, my firm (i) thoroughly investigated and reviewed current and historical versions of Defendants' data cards publicly accessible on Nextmark.com and other data-brokerage websites, over a period of several years dating back to 2019; (ii) researched numerous online trackers created by different technology companies, including learning how they operate, how to find them in website source code, and how to identify what information is being tracked and transmitted; (iii) retained a consulting expert and investigated Defendants' numerous websites and their use of tracking technologies on those website, including parsing through Defendants' websites' source code; (iv) researched whether Defendants' use of tracking pixels violated the VPPA; (v) communicated with and reviewed materials provided by numerous potential clients who interacted with and made purchases on Defendants' websites, in order to determine whether they were capable of adequately representing the interests of the proposed classes; (vi) investigated the adequacy of the named Plaintiffs to represent the putative classes and executed engagement agreements to represent them in this matter; and (vii) prepared the Class Action Complaint on behalf of the proposed classes.

4. After filing the *Feller* action, my firm vigorously litigated the action, including by serving comprehensive written discovery requests to Defendants, serving notices of deposition to Defendants' corporate representatives, serving third-party subpoenas for documents and deposition testimony to relevant third parties, consulting with potential experts, and preparing motions and other filings on behalf of the proposed classes. My firm also prepared and served first sets of requests for production of documents and interrogatories on Defendants, seeking razor-focused categories of

information, documents, communications, and electronically-stored information concerning each of the factual and legal issues relevant to their claim for violation of the VPPA, Defendants' likely defenses thereto, and the certification of the proposed classes pursuant to Rule 23. My firm also served notices of deposition of Defendants' corporate representatives.

5. After the parties to the instant *Hoang To* action reached a proposed class-wide settlement, my firm drafted and filed a detailed motion to dismiss, stay, or transfer, as well as objections to the motion for preliminary approval filed by the plaintiff in the *Hoang To* action. After the Court denied those motions, my firm reached an agreement to jointly prosecute this action with HammondLaw, P.C. and filed a consolidated Third Amended Complaint.

6. Discovery in this matter will be complex, nuanced, and require substantial specialized knowledge and experience to perform effectively and efficiently. My firm's experience prosecuting prior similar matters (discussed further below), will enable us to effectively build and prosecute this case on behalf of the Classes, including in discovery and related motion practice.

7. I co-founded Hedin LLP, then known as Hedin Hall LLP, in 2018. I previously served as law clerk to the Honorable William Q. Hayes, U.S. District Judge for the Southern District of California, and as an attorney at a Miami-based litigation boutique, where I started the firm's class-action practice.

8. Hedin LLP is based in Miami, Florida, with offices in San Francisco, California, and Washington D.C. The firm focuses on consumer and data privacy class actions and has successfully prosecuted dozens of such matters in state and federal courts as court-appointed class counsel. *See e.g., Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action alleging violations of Illinois's Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (counsel for class of consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA"), obtained $52.5 million non-reversionary class settlement with automatic payments (without the need to submit claim forms) to each of the approximately 67,000 class members); *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-

AT-JLC (S.D.N.Y.) (same, $50 million non-reversionary class settlement); *Kokoszki v. Playboy Enters., Inc.*, No. 19-cv-10302 (E.D. Mich.) (same, $3.8 million non-reversionary class settlement with automatic payments to all class members); *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (same, $9.5 non-reversionary class settlement with automatic payments to all class members); *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (same, $9.5 million non-reversionary class settlement with automatic payments to all class members); *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (same, $6.8 million non-reversionary class settlement with automatic payments to all class members); *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (same, $5 million non-reversionary class settlement with automatic payments to all class members); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), obtained $16 million non-reversionary class settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (same, $10 million non-reversionary class settlement); *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (same, $8.5 million non-reversionary class settlement); *Benbow v. SmileDirectClub, Inc.*, No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (same, $11.5 million class settlement); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, obtained $4.95 million non-reversionary class settlement with automatic payments to all class members); *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (same, $2.7 million non-reversionary class settlement); *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, obtained $36.5 million non-reversionary settlement for class); *Plymouth County Retirement System v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (same, obtained

$20 million non-reversionary class settlement). Over the past five years alone, the firm has recovered over $400 million in all-cash relief for the classes it has represented. *See* Ex. 1.

9. Notably, my firm has substantial experience litigating cases under state statutes analogous to the VPPA, based on conduct nearly identical to the conduct alleged in this case, including the monetization of customers' protected private information through consumer data markets. *See e.g.*, *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020); *Schreiber*, No. 22-cv-00188; *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of Michigan's Preservation of Personal Privacy Act ("PPPA"), Mich. Comp. Laws § 445.771 *et. seq.*, where firm negotiated $9.5 million all-cash non-reversionary settlement for class); *Kain v. The Economist Newspaper NA, Inc.,* No. 21-cv-11807 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of PPPA, where firm negotiated $9.5 million all-cash non-reversionary settlement for class*)*; *Strano v. Kiplinger Washington Editors, Inc.,* No. 21-cv-12987 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of PPPA, where firm negotiated $6.8 million all-cash non-reversionary settlement for class).

10. We also frequently represent indigent litigants on a *pro bono* basis. *E.g.*, *Groover v. U.S. Corrections, LLC, et al.*, No. 15-cv-61902-BB (S.D. Fla.) (representing plaintiff and putative class against country's largest private prisoner extradition companies in Section 1983 civil rights action alleging violations of the Eighth Amendment).

11. Hedin LLP draws from a team of highly experienced attorneys dedicated to representing plaintiffs in complex class action litigation with extensive experience in the Northern District of California and nationally, as well as a full team of non-lawyer professionals and support staff. The firm's attorneys have extensive trial experience and are well-equipped to take this case to trial on behalf of the classes if necessary. The firm also has ample resources available to devote to investigation, the hiring of experts, and whatever else may be necessary to most effectively prosecute this action on behalf of the proposed Class. The firm's resources are not merely financial but also include substantial

expertise and work-product developed in other similar cases. Through its significant experience prosecuting complex class actions, Hedin LLP has developed significant relationships with industry experts, regulatory personnel, and settlement administration experts. If appointed to represent the Class, Hedin LLP will continue to commit the same resources and effort to this case as it has committed to other, successful class action litigations.

12. My firm has robust timekeeping policies to ensure timely and detailed records of all billable time recorded in 1/10 of an hour increments. Time must be contemporaneously tracked by attorneys at each firm in time-keeping software. Time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent and its purpose, and its relationship to the matter. This system allows for transparency and easy review to ensure the case is being litigated without duplication or wasted effort.

13. Additionally, we recognize the importance of having a diverse group of attorneys work on behalf of its clients; more than half of the attorneys at Hedin LLP are members of underrepresented groups and we intend to employ a diverse group of attorneys to work on behalf of Class members in these matters.

14. Together with our co-counsel at HammondLaw, P.C., my firm is well suited to continue representing the Plaintiffs and members of the proposed Classes in these matters. We have a strong and cordial working relationship with HammondLaw, P.C., and is co-counseling with HammondLaw, P.C. in a similar VPPA class action pending in the Central District of California, *Archer v NBCUniversal Media*, Case No. 2:24-cv-10744 (December 13, 2024).

15. A copy of Hedin LLP's firm resume is attached as **Exhibit 1.**

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed this 3rd day of March 2025, in Miami, Florida.

*/s/ Frank S. Hedin*
Frank S. Hedin
