Teresa C. Chow (State Bar No. 237694)
BAKER & HOSTETLER LLP
1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067-4301
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email: tchow@bakerlaw.com

Bonnie Keane DelGobbo (*pro hac vice*)
Joel C. Griswold (*pro hac vice*)
BAKER & HOSTETLER LLP
One North Wacker Drive
Suite 3700
Chicago, IL 60606
Telephone:    312.416.6200
Facsimile:    312.416.6201
Email: bdelgobbo@bakerlaw.com
Email: jcgriswold@bakerlaw.com

*Attorneys for Defendants*
DIRECTTOU, LLC and ALLIANCE ENTERTAINMENT, LLC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN HOANG TO, JEFFRY HEISE, and JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTTOU, LLC and ALLIANCE ENTERTAINMENT, LLC,<br><br>Defendants. | **CASE NO.: 3:24-CV-06447-WHO**<br><br>**DIRECTTOU, LLC'S AND ALLIANCE ENTERTAINMENT, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Hearing:    June 4, 2025<br>Time:    2:00 PM |

Defendants DirectToU, LLC ("DirectToU") and Alliance Entertainment, LLC ("Alliance") (collectively, "Defendants") oppose Plaintiffs Jonathan Hoang To, Jeffrey Heise, and Joseph Mull's ("Plaintiffs") Motion to Appoint HammondLaw, P.C. and Hedin LLP as Interim Co-Lead Class Counsel (ECF No. 79) ("Motion to Appoint") because Plaintiffs have all agreed to arbitrate their claims on an individual basis. On March 10, 2025, Defendants moved to stay this case and compel individual arbitration. (*See* ECF Nos. 80, 80-1, 81, 82.). Because Plaintiffs' claims belong

in arbitration for all the reasons explained in that motion and the associated briefing and declarations, and because the arbitration agreement specifies that claims may be brought only on an individual basis, the relief Plaintiffs are seeking in relation to the Motion to Appoint is inappropriate. This case cannot proceed in litigation at all, much less on a class basis, and appointing anyone as interim class counsel consequently is inappropriate because it is inconsistent with Plaintiffs' contractual obligation to pursue their claims only in arbitration, and only on an individual basis.[1]

Defendants further note that Plaintiffs' Motion to Appoint makes misrepresentations about the status of the Parties' settlement discussions. In support of their Motion, Plaintiffs state that: "Plaintiffs' counsel continues to engage in efforts with Defendants' counsel to negotiate a fair, reasonable, and adequate resolution to this litigation on behalf of the Proposed Class" (ECF No. 79 at 1) and that "the Firms are actively engaged in discussions with Defendants' counsel … with the goal of resuming the parties' settlement negotiations in the near term" (ECF No. 79-1, Hammond Decl., ¶ 7). These representations are false. Defendant suggested a settlement conference with a magistrate judge in January 2025, and Plaintiffs' counsel refused to discuss settlement unless Defendant would first agree that Plaintiff could conduct third-party discovery. (ECF No. 60-1, Declaration of Bonnie Keane DelGobbo, ¶¶ 7-8.) Because Plaintiffs' counsel have employed a "my way or the highway" approach, no settlement discussions have taken place since that time.

Dated: March 17, 2025                           Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/ Bonnie Keane DelGobbo
         Bonnie Keane DelGobbo

*Attorneys for Defendants*
DIRECTTOU, LLC and ALLIANCE ENTERTAINMENT, LLC

---

[1] To the extent that this action remains pending in this Court, Defendants reserve all defenses on the merits and to class certification, including but not limited to defenses related to the adequacy of Plaintiffs and their counsel.