1  JULIAN HAMMOND (SBN 268489)
   jhammond@hammondlawpc.com
2  ARI CHERNIAK (SBN 290071)
   acherniak@hammondlawpc.com
3  POLINA BRANDLER (SBN 269086)
   pbrandler@hammondlawpc.com
4  HAMMONDLAW, P.C.
   1201 Pacific Ave, 6th Floor
5  Tacoma, WA 98402
   (310) 601-6766 (Tel.)
6  (310) 295-2385 (Fax)

7  FRANK S. HEDIN (SBN 291289)
   fhedin@hedinllp.com
8  HEDIN LLP
   1395 Brickell Ave, Suite 610
9  Miami, Florida 33131
   (305) 357-2107 (Office)
10 (305) 200-8801 (Fax)

11 *Counsel for Plaintiffs and the Putative Classes*

12

13

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

14

15 **JONATHAN HOANG TO; JEFFRY HEISE;** and **JOSEPH MULL,** individually and on behalf of all others similarly situated**,**

16

17                              Plaintiffs,

18 v.

19 **DIRECTTOU, LLC;** and **ALLIANCE ENTERTAINMENT, LLC,** Delaware Limited

20 Liability Companies,

21                              Defendants.

22

23

24

Case No. 3:24-CV-06447-WHO

**REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

Judge:        Hon. William H. Orrick
Courtroom:    2 – 17th Floor
Hearing Date: June 4, 2025
Hearing Time: 2:00 p.m.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Defendants do not dispute that Plaintiffs' Motion for Appointment as Interim Co-lead Class Counsel (the "Motion") satisfies the criteria set forth in Rule 23(g), effectively conceding that HammondLaw, P.C. and Hedin LLP are well qualified to serve in this role and that their appointment is appropriate. Defendants' sole argument in opposition to the Motion is that it would be premature to appoint interim class counsel because this case belongs in individual arbitration. This argument fails for multiple reasons. For one thing, as will be explained in Plaintiffs' forthcoming opposition to Defendants' motion to compel arbitration, any right to compel arbitration Defendants may have had has been waived several times over by their conduct in this litigation, and in any event no enforceable agreement to arbitrate exists between the parties in this matter.  But more fundamentally, the fact that Defendant has filed a potentially case-dispositive motion does not weigh against an appointment of interim class counsel at this juncture. An appointment of interim class counsel pursuant to Rule 23(g) by definition occurs at an early stage of litigation, prior to the court's resolution of potentially dispositive motions. The pendency of Defendants' motion to compel arbitration has no bearing on the issue of whether to appoint interim class counsel pursuant to Rule 23(g).

As to Defendants' allegations that Plaintiffs make "misrepresentations about the status of the Parties' settlement discussions" (ECF No. 86 at 2), Plaintiffs did no such thing. Plaintiffs remain interested in exploring settlement – on an informed basis – and have thus repeatedly sought the third-party discovery necessary to do so. Plaintiffs' counsel have also expressly communicated to Defendants' counsel that Plaintiffs remain interested in resuming the parties' settlement discussions once they obtain this discovery – discovery, we might add, that this Court previously found is necessary for them to adequately assess the strength and thus value of their VPPA claim arising from Defendants' disclosures to third parties other than Meta. Thus, Plaintiffs' stated "goal of resuming the parties' settlement negotiations in the near term" is totally accurate, not "false." (*Id.*)

DATED:  March 24, 2025                              Respectfully submitted,

                                                     _____s/ Julian Hammond_____

                                                Julian Hammond
                                                *Counsel for Plaintiffs and Putative Classes*