JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pblandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO; JEFFRY HEISE;** and **JOSEPH MULL,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTTOU, LLC;** and **ALLIANCE ENTERTAINMENT, LLC,** Delaware Limited Liability Companies,<br><br>Defendants. | Case No. 3:24-CV-06447-WHO<br><br>**DECLARATION OF JULIAN HAMMOND IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY AND COMPEL ARBITRATION**<br><br>Judge:          Hon. William H. Orrick<br>Courtroom:   2<br>Hearing Date: June 4, 2025<br>Hearing Time: 2:00 p.m. |

I, Julian Hammond, declare as follows:

1.      I am a member in good standing of the Bar of the State of California and counsel of record for Plaintiffs and the putative Class. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.      On August 12, 2024, Plaintiff Hoang To filed this putative class action lawsuit in the Superior Court for the County of Alameda.

3.      On September 3, 2024, Defendant's counsel reached out to me and asked if Plaintiff would voluntarily dismiss his class action in light of the earlier-filed *Feller* Action.  Defendant's counsel did not mention arbitration or ask Plaintiff to submit his dispute to arbitration. I responded that Plaintiff would not dismiss his case, and Defendant DirectToU then removed this action on September 12, 2024.

4.      In mid-October 2024, Defendant's counsel asked whether Plaintiff was interested in engaging in settlement discussions on a class basis.  I responded that Plaintiff was interested and stated that Defendant would need to provide class data.  Defendant then provided Plaintiff with class data and the parties started exchanging settlement offers and counteroffers that included both monetary relief and the terms of prospective relief.  On October 19, 2024, the Parties reached a settlement in principle, including a $1,750,000 cash fund, and prospective/injunctive relief by getting Defendant to remove all tracking tools from its websites, and by getting Defendant to agree to cease sharing its customers' personal viewing information, except as permitted under the VPPA and/or California law.

5.      Plaintiff's counsel later learned, through filings in the case by the Proposed Intervenors and Defendant DirectToU, that Defendant approached Plaintiff with an offer to engage in settlement discussions after the mediation in the *Feller* Action did not result in settlement.

6.      On December 11, 2024, the parties attended a hearing on Plaintiffs' motion for preliminary approval and Feller plaintiffs' motion to intervene.  On December 16, 2024, the Court denied both motions. In denying preliminary approval, the Court found that additional discovery was necessary for the Court to adequately assess the strength and value of the data brokers claims being settled.

7.      In late December 2024 and January 2025, the parties engaged in further discovery to assist Plaintiff to value the data brokers claim for settlement.  On January 17, 2024, Plaintiff filed a motion for limited discovery, seeking further discovery related to the data brokers claim.

8.      On January 28, 2025, after meeting and conferring, Defendant and Plaintiff filed a Joint Initial Case Management Statement. During the meet and confer process, Defendant included the following common questions in the CMC: "whether the VPPA is constitutional;" "whether Plaintiff or putative Class Members have suffered any injury;" "whether Plaintiffs or putative Class Members are entitled to any damages or other relief provided by law, and if so, the amount of damages;" and "whether the class may be certified and if so, the scope of any such class."   Defendant made no mention of arbitration.

I hereby declare under penalty of perjury of the laws of the United States that the foregoing statements are true and correct.  Executed on April 7, 2025.


                        /s/ Julian Hammond
                        Julian Hammond

DECLARATION ISO OPPOSITION TO MOTION TO COMPEL ARBITRATION
CASE No 3:24-CV-06447-WHO