JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ADRIAN BARNES (SBN 253131)
abarnes@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pblandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Office)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Attorneys for Plaintiffs and the Putative Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN HOANG TO; JEFFRY HEISE; and JOSEPH MULL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DIRECTTOU, LLC; and ALLIANCE ENTERTAINMENT, LLC, Delaware Limited Liability Companies, <br><br> Defendants. | Case No. 3:24-CV-06447-WHO <br><br> **DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** <br><br> Judge: Hon. William H. Orrick <br> Courtroom: 2 <br> Hearing Date: June 4, 2025 <br> Hearing Time: 2:00 p.m. |

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true:

1. I am a member in good standing of the Bar of the State of California and counsel of record for Plaintiffs and the putative classes in this matter. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I submit this declaration in order to provide relevant background and information regarding the proceedings and filings in the earlier-filed action filed against Defendants by Plaintiffs Heise, Mull, and Feller.

3. On August 8, 2024, by Plaintiffs Heise and Mull, represented by my firm, filed a Class Action Complaint against Defendants for violation of the Video Privacy Protection Act ("VPPA") in the Southern District of Florida, initiating the action titled *Feller v. Alliance Entertainment, LLC,* No. 24-cv-61444-RAR (S.D. Fla.) (the "*Feller* Action"). (*Feller*, ECF No. 1.) On August 13, 2024, Defendants waived service of the summons and Complaint. (*Feller*, ECF Nos. 11-12.).

4. On September 9, 2024, the parties to the *Feller* Action filed a Joint Scheduling Report in which they jointly proposed a timeline for discovery. (*Feller*, ECF No. 26.) A true and correct copy of the parties' Joint Scheduling Report filed in the *Feller* Action is attached hereto as **Exhibit A**.

5. On September 11, 2024, following the Scheduling Conference, the Court issued an Order setting a two-week jury trial beginning on October 6, 2025 and setting case deadlines. A true and correct copy of the Court's scheduling Order in the *Feller* Action is attached hereto as **Exhibit B**.

6. The parties to the *Feller* Action thereafter exchanged initial disclosures pursuant to Rule 26(a). A true and correct copy of the initial disclosures served by Defendants in the *Feller* Action is attached hereto as **Exhibit C**.

7. On September 12, 2024, the *Feller* plaintiffs served first sets of requests for production of documents and interrogatories to Defendants. Defendants served written responses and objections to the *Feller* plaintiffs' first sets of requests for production of documents and interrogatories on November 1, 2024, true and correct copies of which are attached hereto as **Composite Exhibit D**.

8. On September 13, 2024, the *Feller* plaintiffs served notices of deposition to Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6). Defendants served written responses and objections to the *Feller* plaintiffs' notices of deposition on November 11, 2024, true and correct copies of which are attached hereto as **Composite Exhibit E**.

9. On September 30, 2025, the parties to the *Feller* action filed a motion seeking appointment of a mediator (Hon. James F. Holderman (Ret.) of JAMS).

10. On October 4, 2024, Defendants served first sets of requests for production of documents and interrogatories to the *Feller* plaintiffs. True and correct copies of Defendants' first sets of requests for production of documents and interrogatories to the *Feller* plaintiffs are attached hereto as **Composite Exhibit F**.

11. On October 10, 2024, the *Feller* plaintiffs and Defendants attended a full day of mediation before the Hon. James F. Holderman (Ret.) of JAMS in an effort to resolve the matter. (*Feller*, ECF No. 35.) In advance of the mediation, the parties exchanged materials concerning insurance coverage and the size of the putative class and drafted and exchanged comprehensive mediation statements. The mediation before Judge Holderman did not produce a settlement, and the parties continued to negotiate during the following days. (*Feller*, ECF No. 35 (Mediation Report).)

12. On October 24, 2024, Defendants filed in the *Feller* Action an Expedited Motion to Stay Pending Preliminary Approval, requesting that the Court to put the case on ice for 120 days to afford time for the parties to the instant matter to finalize their proposed class-wide Settlement

Agreement and for this Court to decide whether to approve such settlement. (*Feller*, ECF No. 36.) A true and correct copy of the Defendants' Expedited Motion to Stay Pending Preliminary Approval in the *Feller* Action is attached hereto as **Exhibit G**.

13. On November 1, 2024, Defendants filed a motion to dismiss the *Feller* action pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Defendants asked the Court to issue a decision holding that the VPPA violates the First Amendment and/or that the *Feller* plaintiffs failed to allege facts plausibly suggestive of a claim for relief under the statute. (*Feller*, ECF No. 45.) A true and correct copy of the Defendants' motion to dismiss filed on November 1, 2024 in the *Feller* Action is attached hereto as **Exhibit H**.

14. On November 12, 2024, the Court presiding over the *Feller* Action held a hearing concerning Defendants' Expedited Motion to Stay Pending Preliminary Approval in the *Feller* Action. (*Feller*, ECF No. 52.) At the hearing, Defendants did not mention any agreement to arbitrate, that any of the plaintiffs in either of the actions had entered into any such agreement, or that Defendants intended to file a motion to compel any of the plaintiffs to individual arbitration pursuant to any such agreement.

15. Later on November 12, 2024, the Court presiding over the *Feller* Action issued an order granting Defendants' Expedited Motion to Stay Pending Preliminary Approval in the *Feller* Action, and ordered the parties to the *Feller* Action to submit a joint status report within 14 days to update the court on any developments in the instant matter. (*Feller,* ECF No. 53.)

16. On November 26, 2024, the parties to the *Feller* Action submitted a joint status report advising the court that the Court presiding over the instant matter had scheduled a hearing on the pending motions to intervene, to dismiss, stay, and transfer, and for preliminary approval. (*Feller*, ECF No. 54.)

17. On November 26, 2024, the court presiding over the *Feller* Action issued an order directing the parties to submit another joint status report on the instant matter, which it characterized as a "related action," within 60 days. (*Feller*, ECF No. 55.)

18. Following this Court's issuance of its order denying preliminary approval, counsel for Plaintiff Hoang To and counsel for Plaintiffs Heise and Feller (who were formerly plaintiffs in the *Feller* Action) reached an agreement to jointly prosecute this matter on behalf of the proposed classes.

19. On January 27, 2025, the parties filed a joint status report. (*Feller,* ECF No. 56.) A true and correct copy of the parties' joint status report filed on January 27, 2025 in the *Feller* Action is attached hereto as **Exhibit I**.

20. On January 28, 2025, the court presiding over the *Feller* Action issued an order indefinitely continuing the stay of that matter "[b]ecause litigation remains active in the *Hoang To* action on a number of fronts, including on matters that may be case-dispositive in this action[.]" (*Feller,* ECF No. 57.)

21. On February 7, 2025, Plaintiff Hoang To filed a Third Amended Complaint in the instant matter, which, *inter alia*, adds Jeffry Heise and Joseph Mull (two of the three plaintiffs in the *Feller* Action) as Plaintiffs in this case, to serve alongside Plaintiff Hoang To as putative representatives of the classes.

22. Later on February 7, 2025, the *Feller* plaintiffs filed a notice of voluntary dismissal without prejudice in the *Feller* Action pursuant to Rule 41(a)(1) and the court dismissed without prejudice the same day. (*Feller*, ECF Nos. 60, 61.)

I hereby declare under penalty of perjury of the laws of the United States that the foregoing statements are true and correct. Executed on April 7, 2025.

|   |   |
|---|---|
| 1 |  |
| 2 | _/s/ Frank S. Hedin_<br>Frank S. Hedin |

5
DECL. OF F. HEDIN ISO PLAINTIFFS' OPPOSITION TO DEFS.' MOTION TO COMPEL ARBITRATION
CASE NO 3:24-CV-06447-WHO