# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE ENTERTAINMENT, LLC; et al.,<br><br>Defendants. | Case No. 0:24-cv-61444-RAR |

## DEFENDANTS' RULE 26(A)(1) INITIAL DISCLOSURES

Defendants Alliance Entertainment, LLC ("Alliance") and DirectToU, LLC ("DirectToU"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby disclose as follows:

### Preliminary Statement

These disclosures are preliminary. Defendants will supplement these disclosures, in the event that it becomes necessary and to the extent such information has not already been disclosed in discovery, in accordance with the Federal Rules of Civil Procedure. To the extent that any documents disclosed contain or are based upon privileged subject matter, the disclosure of nonprivileged portions of such documents shall not constitute a waiver of any privilege or immunity with respect to the privileged subject matter.

### Initial Disclosures

**(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

| Name | Subjects of Information |
|---|---|
| Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull | Information relating to claims and defenses in this litigation including, but not limited to, each Plaintiff's use of Facebook, Plaintiffs' use of any Defendant's websites, including any videos purchased, the devices Plaintiffs have used to access Facebook and their associated browser settings, the devices Plaintiffs have used to access any Defendant's websites and their associated browser settings, whether Plaintiffs suffered any damages in connection with their claims, and Plaintiffs' pursuit of their claims on behalf of a class. |
| Corporate Representative of Alliance Entertainment, LLC<br><br>*May only be contacted through undersigned counsel* | Information relating to Plaintiffs' claims and Alliance's defenses in this litigation, including but not limited to information regarding Alliance's lack of ownership or control over the websites at issue in Plaintiffs' Complaint and Alliance's lack of involvement in DirectToU's sales to consumers. |
| Corporate Representative of DirectToU, LLC<br><br>*May only be contacted through undersigned counsel* | Information relating to Plaintiffs' claims and DirectToU's defenses in this litigation, including but not limited to information regarding DirectToU's marketing strategies, use of technology on websites at issue in Plaintiffs' Complaint, and DirectToU's business operations. |
| Any witness identified in Plaintiffs' 26(a)(1) disclosures, or otherwise disclosed by any party or third party during the course of discovery | Information disclosed in Plaintiffs' 26(a)(1) disclosures, or otherwise disclosed by any party or third party during the course of discovery. |

**(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

| Description of Document | Location |
|---|---|
| Documents concerning the websites at issue in Plaintiffs' Complaint as they pertain to Plaintiffs' claims and Defendants' defenses | DirectToU |
| Documents concerning any videos purchased by Plaintiffs from the websites at issue in Plaintiffs' Complaint | Plaintiffs and DirectToU |
| Terms of Service and Privacy Policy for the websites at issue in Plaintiffs' Complaint | DirectToU |
| Documents produced by Plaintiff or any third party during the course of this litigation | Plaintiff and/or third parties |

**(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Defendants do not seek damages at this time. Defendants reserve the right to file any claims and/or counter-claims against Plaintiffs that it has or may discover.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Defendants has produced the applicable insurance agreement.

Dated: October 21, 2024

Respectfully submitted,

*/s/ Bonnie Keane DelGobbo*
Joel Griswold (Florida Bar No. 1008827)
Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP
One North Wacker Drive
Suite 3700
Chicago, Illinois 60606
T: (312) 416-6200
F: (312) 416-6201
jcgriswold@bakerlaw.com

4869-6253-9494.1

bdelgobbo@bakerlaw.com

*Attorneys for Defendants*
*Alliance Entertainment, LLC*
*DirectToU, LLC,*
*d/b/a Collectors' Choice Music*

4869-6253-9494.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on October 21, 2024, the foregoing document was sent via email to all counsel of record.

                                                  */s/ Bonnie Keane DelGobbo*
                                                  Bonnie Keane DelGobbo

4869-6253-9494.1