# COMPOSITE EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-61444-RAR

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf of
all others similarly situated,

                Plaintiffs,

vs.

ALLIANCE ENTERTAINMENT, LLC; and
DIRECTTOU, LLC D/B/A COLLECTORS'
CHOICE MUSIC, CRITICS' CHOICE
VIDEO, MOVIES UNLIMITED,
DEEPDISCOUNT, AND WOW HD,

                Defendants.

### DEFENDANT ALLIANCE ENTERTAINMENT, LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

       Defendant Alliance Entertainment, LLC ("Defendant"), by and through its undersigned counsel, provide the following objections and responses ("Responses") to Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull's ("Plaintiffs") First Set of Requests for Production of Documents ("Requests") and in so doing, states as follows:

### PRELIMINARY STATEMENT

       Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. In responding to Plaintiffs' Requests, Defendant has made diligent efforts to identify the documents requested. Nonetheless, further investigation, as well as information and documents received from Plaintiffs and from others through discovery, might lead to the discovery of additional information and documents responsive to Plaintiffs' Requests. Moreover, despite Defendant's diligent efforts, there may be documents or information that Defendant is unable to locate and therefore cannot

produce. Defendant's responses to Plaintiffs' Requests are and have been made without waiving

or intending to waive, but to the contrary reserving: (a) the attorney-client privilege, work-product

immunity, and any other applicable privilege or immunity under state or federal law; (b) the right

to object, on the grounds of privilege, immunity, relevance, materiality, or any other proper

ground, to the use of the documents and information produced in response to Plaintiffs' Requests

in any subsequent proceeding in this or any other action; and (c) the right at any time to revise,

correct, add to, and clarify any of the objections and responses herein or the documents or

information produced pursuant to said objections and responses.

By responding to Plaintiffs' Requests, Defendant does not waive or intend to waive, but to

the contrary reserves all objections, qualifications and reservations set forth in these objections

and responses even though Defendant may, in the interest of the prompt and expeditious conduct

of discovery, provide information and documents over such objections, qualifications, and

reservations. Furthermore, by responding to Plaintiffs' Requests, Defendant does not admit or

adopt any of the facts, characterizations, definitions, or conclusions contained therein. These

Responses are made solely for the purposes of this action. Each is subject to all objections as to

competence, relevance, materiality, privilege, and/or admissibility and to any and all other

objections on any grounds that would require the exclusion of any statements contained in the

documents requested herein or statements made by a witness present and testifying in court or

other judicial proceeding referring to such documents, all of which objections and grounds are

expressly reserved and may be interposed at the time of trial.

## <u>GENERAL OBJECTIONS</u>

1.      Defendant objects to proceeding further with this case, including responding to

discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU,*

*LLC.*

2.      Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol.

3.      Defendant objects to the Requests that call for information constituting, reflecting, or disclosing any information protected by a privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work-product immunity, self-critical analysis privilege, and the consultant privilege.

4.      Defendant objects to the Requests that fail to define numerous words and phrases that have or could have multiple meanings, rendering such Requests unmanageably vague and ambiguous.

5.      Defendant objects to the Requests that seek information that is publicly available or is equally available to the Plaintiffs.

6.      Defendant objects to the Requests that seek information or documents not subject to discovery pursuant to or seek to impose requirements in excess of the Federal Code of Civil Procedure and the Local Rules of the Southern District of Florida.

7.      Defendant objects to the "Definitions" and "Instructions" to the extent they seek to impose requirements in excess of those required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Defendant will comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, in responding to discovery.

8.      Defendant objects to the Requests, and in particular to Instruction 1, to the extent that they seek production of electronically stored information that is not reasonably accessible due to undue burden or cost.

9.      Defendant objects that Instruction 3 is overbroad, unduly burdensome, not

proportional to the needs of the case, and attempts to impose obligations on Defendant that are greater than those imposed by the Federal Rules of Civil Procedure. Pursuant to FRCP 26, Defendant will produce documents as they are kept in the usual course of business and will produce ESI in a reasonably usable form.

10.     Defendant objects to the Requests to the extent that they seek the production of sensitive, confidential, or proprietary business information unless the disclosure is made subject to an appropriate protective order.

11.     Defendant objects that Plaintiffs' definition of "Pixel" and "Meta Pixel" is vague and ambiguous and assumes facts not in evidence to the extent it states that the Pixel "sends information to Meta." Defendant will disregard this part of the definition.

12.     Defendant objects that the use of "person" as defined by Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant will interpret the term "person" to mean natural persons.

13.     Defendant objects that the definition of "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to these words to have their ordinary meaning in the English language.

14.     Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased.

15.     Defendant objects that Plaintiffs' definition of the terms "YOU" or "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that these terms are defined to include "DirectToU, LLC d/b/a Collectors' Choice Music, Critics' Choice Video, Movies Unlimited, DeepDiscount, and WOW HD, together with all officers,

directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing."  Defendant further objects to the definition of "You" and "Yours" as overbroad and unduly burdensome because DirectToU (d/b/a Collectors' Choice Music, Critics' Choice Video, Movies Unlimited, DeepDiscount, and WOW HD) is a separately-named defendant in this Action and a distinct legal entity from Alliance Entertainment, LLC. Defendant further objects to the extent the definition purports to include WOW HD; WOW HD is targeted to a non-U.S. audience not covered by U.S. laws.  Defendant further objects to the extent that the definition purports to bring within its meaning Defendant's legal counsel who are properly excluded from discovery pursuant to the attorney-client privilege, work-product doctrine, and any other applicable privilege or immunity. Defendant will interpret these words to mean Alliance Entertainment, LLC, and its employees.

16.    Defendant objects that the definition of "Subject Websites" is vague, ambiguous, and assumes facts not in evidence insofar as it implies that Alliance "sell[s] video materials or services to consumers through moviesunlimited.com, ccvideo.com, and any other websites." Alliance Entertainment, LLC is a separate and distinct entity from DirectToU, LLC and does not own or operate ccvideo.com, moviesunlimited.com,  deepdiscount.com, or any other website that sells directly to consumers. Defendant further objects that the definition is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs only allege they visited the websites www.ccvideo.com and www.moviesunlimited.com.

17.    Defendant objects to the "Relevant Time Period" to the extent that it seeks documents or information prior to August 8, 2022; Defendant will not search for or produce such documents.

18.    Defendant objects to each of the Requests and the definitions contained therein to

the extent they seek class-wide merits-based discovery prior to certification of a class. Plaintiffs have not made the requisite prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are met or that discovery is likely to substantiate a representative action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents, communications and ESI concerning each of the Plaintiffs.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and attorney work-product doctrine; Defendant will not search for or produce such documents and will interpret this Request as not seeking communications between Defendant and its legal counsel. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

All documents, communications, and ESI concerning Your rental, sale, exchange, transmission, or other disclosure (or the rental, sale, exchange, transmission, or other disclosure by any other Person acting on Your behalf) of any Person's Video Purchase Information to any other Person, including but not limited to Meta, any data appender or aggregator, any data cooperative, any renter of a customer list, any party that exchanged other information for a customer list, or any other third party.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests documents relating to any website other than ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request..

**REQUEST FOR PRODUCTION NO. 3:**

All contracts, agreements, statements of work, work orders, order forms, or the like exchanged between You (or any other party acting on Your behalf) and any Person, including any data cooperatives, list managers, data aggregators or appenders, direct marketing associations, list brokers, or the like, concerning Your rental, sale, exchange, or transmission of Video Purchase

Information to any Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, communications and ESI sufficient to show the revenue and profit You generated from the rental, sale, exchange, transmission, or other form of disclosure of the Video Purchase Information of any Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant

objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications and ESI that You contend evidence the Informed Written Consent of any of the Plaintiffs, or of any other Person who purchased or otherwise requested or obtained video materials from You, to rent, sell, exchange, transmit, or otherwise disclose such Person's Video Purchase Information to any other Person.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and ESI concerning any efforts or attempts made by You to obtain Informed Written Consent from any of the Plaintiffs, or of any other Person who purchased or otherwise requested or obtained video materials from You, to rent, sell, exchange, transmit, or otherwise disclose such Person's Video Purchase Information to any other Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications sufficient to establish where you store and for how long you maintain information reflecting the purchases made by Persons on the Subject Websites, including such Persons' Video Purchase Information.

- 10 -

**RESPONSE:**   Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All of Your privacy policies, terms and conditions, or any other such documents that were accessible on any of the Subject Websites, as well as documents and ESI sufficient to show the form and manner in which any such documents were presented or otherwise made available to Persons who visited or made purchases on the Subject Websites, documents and ESI sufficient to show the ranges of dates during which each such version of each such document was accessible, and the form and manner in which each such document was presented or otherwise made available.

**RESPONSE:**   Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an

appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference

the General Objections. In addition to the General Objections, Defendant objects that this Request

is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that

it requests "all" documents, communications and ESI when fewer than "all" documents,

communications and ESI are sufficient to show the requested information. Defendant further

objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it requests information relating to any website other than

ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections,

Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers,

and consequently does not have any responsive documents pertaining to any direct-to-consumer

website.


## REQUEST FOR PRODUCTION NO. 9:

Documents, communications, and ESI sufficient to show the number of unique Persons
who placed one or more orders for DVDs, Blu-Ray, videocassettes, or other video materials on the
Subject Websites, as well as documents, communications, and ESI sufficient to show the total
number of such orders such Persons placed for DVDs, Blu-Ray, videocassettes, or other video
materials on the Subject Websites.

**RESPONSE:**    Defendant objects to proceeding further with this case, including

responding to discovery, pending completion of settlement approval proceedings in *Hoang To v.*

*DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an

appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference

the General Objections. In addition to the General Objections, Defendant objects that the reference

to "total number of such orders" is irrelevant, overbroad, unduly burdensome, and not proportional

to the needs of the case because VPPA claims accrue per person, not per disclosure. Defendant

objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the

needs of the case in its entirety because the "number of unique Persons who placed one or more

orders" has no bearing on whether any website visitor had a Facebook account, had their browser

set to allow cookies, used that same browser to visit Facebook's website prior to visiting a website

at issue in this case, and had information about their web browsing shared with Facebook.

Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not

proportional to the needs of the case to the extent it requests information relating to any website

other than ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing

objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to

consumers, does not disclose any consumer's purchasing history to anyone, and does not have

documents responsive to this Request.


**REQUEST FOR PRODUCTION NO. 10:**

All documents, communications, and ESI concerning the Meta Pixel, including the use of the Meta Pixel on any of the Subject Websites, the ranges of dates during which the Meta Pixel was in use on each of the Subject Websites, and the conditions under which the Meta Pixel, and its underlying events and parameters, shared (or caused the sharing of) Video Purchase Information with Meta on each of the Subject Websites.

**RESPONSE:** Defendant objects to proceeding further with this case, including

responding to discovery, pending completion of settlement approval proceedings in *Hoang To v.*

*DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an

appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference

the General Objections. In addition to the General Objections, Defendant objects that this Request

is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that

it requests "all" documents, communications and ESI when fewer than "all" documents,

communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects to the extent this Request seeks information about any period of time outside the statute of limitations in this case. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not have documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11:

All documents, communications, and ESI concerning Your decision to implement, and the installation of, the Meta Pixel, and its underlying events and parameters, on each of the Subject Websites.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than

ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not have documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12:

All documents, communications, and ESI, including all of the Video Purchase Information, that was shared with Meta via the Meta Pixel on each of the Subject Websites.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC.* Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, communications, and ESI concerning the effect that Your use of the Meta Pixel, including Your transmission of Video Purchase Information to Meta, has had on Your revenues, profits, projections or customer numbers.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and ESI concerning inquiries, comments or complaints received by You concerning the sharing of customer information with any third party.

**RESPONSE:**    Defendant objects to proceeding further with this case, including

responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is vague, ambiguous, overbroad, and unduly burdensome because "information" is undefined and not limited to that which identifies a person as having requested or obtained specific video materials or services from Defendant; Defendant will interpret "information" to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased. Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 15:

Website code, technical documentation, technical papers, and computer source code sufficient to show the manner in which the Subject Websites operated to collect and transmit Your customers' Video Purchase Information by or through the Meta Pixel, and its underlying events and parameters, installed on each of the Subject Websites.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v.*

*DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.    Defendant objects that this Request is  overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests "website code" and "computer source code." Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not have documents responsive to this Request**.**

### REQUEST FOR PRODUCTION NO. 16:

All documents, communications, and ESI regarding this Action or any other lawsuit or contemplated lawsuit alleging violations of the VPPA arising out of the use of the Meta Pixel, excluding privileged communications between You and Your counsel.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the reference to "any other lawsuit or contemplated lawsuit" is irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and designed to harass Defendant. Defendant objects that this Request seeks information which is covered by the attorney client privilege, attorney work product doctrine, and other applicable privileges and immunities from disclosure. Based on the foregoing objections, Defendant will not search for documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

Organizational charts and similar documents, communications, and ESI identifying Your affiliates, subsidiaries, or parents, as well as lists of the directors, officers, employees (and their titles or job positions) of You and each of Your affiliates, subsidiaries, or parents.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant also objects to this Request to the extent that it requests they create a document that does not already exist. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and designed to harass Defendant. Based on the foregoing objections, will not search for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, communications, and ESI sufficient to identify all of the Persons who requested or obtained video materials from You.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.  Defendant objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because the identity of "all of the Persons who requested or obtained video materials" has no bearing on whether information about any person was disclosed to any third party. Subject to and without waiving its objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not have documents concerning consumers responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, communications, and ESI sufficient to identify all of the Persons who

requested or obtained video materials from You and whose Video Purchase Information was rented, sold, transmitted, or otherwise disclosed by You (or by another Person on your behalf) to any other Person.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and does not have documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, communications, and ESI concerning any insurance agreement under which any Person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this Action or to indemnify or reimburse You for payments made to satisfy any such judgment.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v.*

*DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that this Request appears to seek information protected by the attorney-client privilege and the attorney work-product doctrine; Defendant will not provide such information and will interpret this Request as not seeking such information. Defendant objects that "All documents, communications, and ESI" are irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and designed to harass defendant; Defendant has already produced the only applicable insurance policy, and Fed. R. Civ. P. 26(a)(1)(A)(iv) does not require anything further. Subject to and without waiving the foregoing objections, Defendant states it has produced its only relevant insurance agreement.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show Your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

**RESPONSE:**   Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this

Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant further objects that this Request is vague and ambiguous to the extent it refers to "data retention policies." Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not disclose any consumer's purchasing history to anyone, and consequently does not have documents responsive to this Request that pertain to any websites or consumer data at issue in this case.

## REQUEST FOR PRODUCTION NO. 22:

All documents, communications, and ESI identified, referenced, or contemplated in Your answers to Plaintiffs' Interrogatories, or otherwise relied upon in answering Plaintiffs' Interrogatories.

**RESPONSE:**    Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in Hoang To v. DirectToU, LLC. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications, and ESI…contemplated." Subject to and without waiving the foregoing objections, Defendant states it does not have documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 23:

All documents, communications, and ESI that You intend to use to support any affirmative defense to Plaintiffs' claims alleged in the Action.

**RESPONSE:**   Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is premature because Defendant has not yet filed an answer asserting any affirmative defenses and discovery is ongoing. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and attorney work-product doctrine; Defendant will not search for or produce such documents and will interpret this Request as not seeking such documents. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will produce any evidence on which it intends to rely to support any affirmative defense(s) as it becomes known in the course of discovery. Defendant will make expert disclosures in accordance with the schedule set by the Court.


**REQUEST FOR PRODUCTION NO. 24:**

All documents, communications, and ESI that You intend to use to contest or oppose the certification of a class in the Action.

**RESPONSE:**   Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference

the General Objections. In addition to the General Objections, Defendant further objects to the

extent this Request seeks information protected by the attorney-client privilege and attorney work-

product doctrine; Defendant will not search for or produce such documents and will interpret this

Request as not seeking such documents. Defendant objects that this Request is premature because

discovery is ongoing. Subject to and without waiving the foregoing objections, if this case

proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will

produce any evidence on which it intends to rely to respond to any class certification motion as it

becomes known in the course of discovery. Defendant will make expert disclosures in accordance

with the schedule set by the Court.


Dated: November 1, 2024                    Respectfully submitted,
                                           BAKER & HOSTETLER LLP
                                           One North Wacker Drive
                                           Suite 3700
                                           Chicago, IL  60606-2859
                                           Telephone:   312.416.6200
                                           Facsimile:   312.416.6201

                                           *Attorneys for Defendants*


                                           By:    */s/Bonnie DelGobbo*_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on November 1, 2024, the foregoing document was sent via email to all counsel of record.


*/s/ Bonnie DelGobbo*
Bonnie DelGobbo

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-61444-RAR

DOUGLAS   FELLER;   JEFFRY   HEISE;
JOSEPH MULL, individually and on behalf of
all others similarly situated,

        Plaintiffs,

vs.

ALLIANCE   ENTERTAINMENT,   LLC;   and
DIRECTTOU,   LLC   D/B/A   COLLECTORS'
CHOICE   MUSIC,   CRITICS'   CHOICE
VIDEO,      MOVIES      UNLIMITED,
DEEPDISCOUNT, AND WOW HD,

        Defendants.

_____

### DEFENDANT ALLIANCE ENTERTAINMENT, LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

        Defendant Alliance Entertainment, LLC ("Defendant" or "Alliance"), by and through its

undersigned counsel, provides the following objections and responses ("Responses") to the First

Set of Interrogatories ("Interrogatories") propounded by Plaintiffs Douglas Feller, Jeffry Heise,

and Joseph Mull ("Plaintiffs"), and in so doing, states as follows:

### PRELIMINARY STATEMENT

        Defendant objects to proceeding further with this case, including responding to discovery,

pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. In

responding to Plaintiffs' Interrogatories, Defendant has made diligent efforts to identify the

information requested.  Nonetheless, further investigation, as well as information and documents

received from Plaintiffs and from others through discovery, might lead to the discovery of

additional information and documents responsive to Plaintiffs' Interrogatories.  Moreover, despite

Defendant's diligent efforts, there may be documents or information that Defendant is unable to locate and therefore cannot produce.

Defendant's responses to Plaintiffs' Interrogatories are and have been made without waiving or intending to waive, but to the contrary reserving: (a) the attorney-client privilege, work-product immunity, and any other applicable privilege or immunity under state or federal law; (b) the right to object, on the grounds of privilege, immunity, relevance, materiality, or any other proper ground, to the use of the documents and information produced in response to Plaintiffs' Interrogatories in any subsequent proceeding in this or any other action; and (c) the right at any time to revise, correct, add to, and clarify any of the objections and responses herein or the documents or information produced pursuant to said objections and Responses.

By responding to Plaintiffs' Interrogatories, Defendant does not waive or intend to waive, but to the contrary reserves all objections, qualifications and reservations set forth in these objections and responses even though Defendant may, in the interest of the prompt and expeditious conduct of discovery, provide information and documents over such objections, qualifications, and reservations. Furthermore, by responding to Plaintiffs' Interrogatories, Defendant does not admit or adopt any of the facts, characterizations, definitions, or conclusions contained therein. These Responses are made solely for the purposes of this action. Each is subject to all objections as to competence, relevance, materiality, privilege, and/or admissibility and to any and all other objections on any grounds that would require the exclusion of any statements contained in the documents requested herein or statements made by a witness present and testifying in court or other judicial proceeding referring to such documents, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

1.      Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in Hoang To v. DirectToU, LLC.

2.      Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol.

3.      Defendant objects to the Interrogatories that call for information constituting, reflecting, or disclosing any information protected by a privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work-product immunity, self-critical analysis privilege, and the consultant privilege.

4.      Defendant objects to the Interrogatories that fail to define numerous words and phrases that have or could have multiple meanings, rendering such Interrogatories unmanageably vague and ambiguous.

5.      Defendant objects to the Interrogatories that seek information that is publicly available or is equally available to the Plaintiff.

6.      Defendant objects to the Interrogatories that seek information or documents not subject to discovery pursuant to or seek to impose requirements in excess of the Federal Code of Civil Procedure and the Local Rules of the Southern District of Florida.

7.      Defendant objects to the "Definitions" and "Instructions" to the extent they seek to impose requirements in excess of those required by the Federal Code of Civil Procedure, the Florida Civil Practice Law & Rules, and the Local Rules of the Southern District of Florida. Defendant will comply with the Federal Code of Civil Procedure, the Florida Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, in responding to discovery.

8.      Defendant objects that Instruction 2 is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and attempts to impose obligations on Defendant that are greater than those imposed by the Federal Rules of Civil Procedure. When asserting a claim of privilege, Defendant will comply with the Federal Rules of Civil Procedure.

9.      Defendant objects to the Interrogatories to the extent that they seek production of electronically stored information that is not reasonably accessible due to undue burden or cost.

10.     Defendant objects to the Interrogatories to the extent that they seek the production of sensitive, confidential, or proprietary business information unless the disclosure is made subject to an appropriate protective order.

11.     Defendant objects that Plaintiffs' definition of "Pixel" and "Meta Pixel" is vague and ambiguous and assumes facts not in evidence to the extent it states that the Pixel "sends information to Meta." Defendant will disregard this part of the definition.

12.     Defendant objects that the use of "person" as defined by Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant will interpret the term "person" to mean natural persons.

13.     Defendant objects that the definition of "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to these words to have their ordinary meaning in the English language.

14.     Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased.

15.     Defendant objects that Plaintiffs' definition of the terms "YOU" or "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that these terms are defined to include "DirectToU, LLC d/b/a Collectors' Choice Music, Critics' Choice Video, Movies Unlimited, DeepDiscount, and WOW HD, together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing" because DirectToU is a separately-named defendant in this Action and a distinct legal entity from Alliance Entertainment, LLC. In addition, Defendant further objects to the extent the definition purports to include WOW HD; as Defendant understands WOW HD is targeted to a non-U.S. audience not covered by U.S. laws. Defendant further objects to the extent that the definition purports to bring within its meaning Defendant's legal counsel who are properly excluded from discovery pursuant to the attorney-client privilege, work-product doctrine, and any other applicable privilege or immunity. Defendant will interpret these words to mean Alliance Entertainment, LLC, and its employees.

16.     Defendant objects that the definition of "Subject Websites" is vague, ambiguous, and assumes facts not in evidence insofar as it implies that Alliance "sell[s] video materials or services to consumers through moviesunlimited.com, ccvideo.com, and any other websites." Alliance Entertainment, LLC is a separate and distinct entity from DirectToU, LLC and does not own or operate ccvideo.com, moviesunlimited.com, deepdiscount.com, or any other website that sells directly to consumers. Defendant further objects that the definition is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs only allege they visited the websites www.ccvideo.com and www.moviesunlimited.com.

17.     Defendant objects to each of the Interrogatories and the Definitions to the extent they seek information and/or documents that are private, personal, confidential, sensitive or

proprietary, or that constitute a trade secret. If Defendant provides such information, it will do so only subject to and following the entry of an appropriate protective order restricting the use and disclosure of such information.

18.    Defendant objects to each of the Interrogatories and the definitions contained therein to the extent they seek class-wide merits-based discovery prior to certification of a class. Plaintiffs have not made the requisite prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are met or that discovery is likely to substantiate a representative action.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with knowledge of Your disclosures of Video Purchase Information to any Person including Nextmark, Inc.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of "all persons with knowledge of." Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than

www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 2:**

Identify all Persons with knowledge of Your disclosures of Video Purchase Information to any data aggregator, data appender, or data cooperative.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of "all persons with knowledge of." Defendant objects that "data aggregator, data appender, or data cooperative" is vague and ambiguous. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 3:**

Describe every way in which You obtained or attempted to obtain Informed Written Consent from a Person prior to disclosing the Person's Video Purchase Information to any Person.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 4:**

Identify any Persons to which You disclosed Video Purchase Information and all data aggregators, data appenders, or data cooperatives to which You disclosed Video Purchase Information.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the terms "disclosed," "data aggregators," "data appenders," and "data cooperatives" are undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Interrogatory is irrelevant,

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 5:**

Identify every sales channel from which you sourced Video Purchase Information that you disclosed to any Person, and separately identify every sales channel sourced for such disclosures to data aggregators, data appenders, or data cooperatives.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the terms "disclosed," "sales channel," "sourced," "data aggregators," "data appenders," and "data cooperatives" are undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 6:**

State the total gross and net revenues derived from your disclosures of Your customer's Video Purchase Information through list rentals.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that the term "list rentals" is vague and undefined. Defendant further objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.


**INTERROGATORY NO. 7:**

Describe every means by which you attempted to obtain Informed Written Consent from Your customers and explain when in the sales transaction process You attempt to obtain Informed Written Consent.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is duplicative of Interrogatory 3. Defendant objects that this Interrogatory is vague and ambiguous because the term "sales transaction process" is undefined Defendant further objects that the terms "Video Purchase Information" and "Informed Written Consent" are vague and ambiguous and require making legal conclusions. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.


**INTERROGATORY NO. 8:**

Identify every instance where each of the Plaintiff's Video Purchase Information has been disclosed to a data aggregator, data appender, data cooperative, list broker, or list rental company.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the phrase "disclosed data aggregator, data appender, data cooperative, list broker, or list rental company" is undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant states that it is a

business-to-business wholesaler, does not sell directly to consumers, and never disclosed any named Plaintiff's purchasing history to anyone.

**INTERROGATORY NO. 9:**

Identify the number of disclosures of Video Purchase Information You made to any Person and the number of individuals who were the subject of such disclosures.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that the reference to "number of disclosures" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because VPPA claims accrue per person, not per disclosure. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 10:**

Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the disclosure of Video Purchase Information to any data aggregator, data appender, or data cooperative, or list broker, or list rental company.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory appears to seek information protected by the attorney-client privilege and the attorney work-product doctrine. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that "all persons in any way involved in the development, drafting or design of any policy or notice" is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.


**INTERROGATORY NO. 11:**

State all personal information pertaining to Plaintiffs that You possess, including but not limited to such information as Plaintiffs' names, addresses, e-mail addresses, dates of birth, social security numbers, educational backgrounds, employment histories, financial information, physical characteristics, ethnicities and religions, political affiliations, and prior purchase histories, not limited to pre-recorded video products and specify how you obtained that information.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to "all personal information pertaining to Plaintiffs" in Defendant's possession regardless of whether such information was shared with any party and regardless of whether such "personal information" identifies a person as having requested or obtained specific video materials or services from Defendant; such information has no connection to any claim or defense in this case. Defendant further objects that "how you obtained that information" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case because it is no relevance to any claim or defense.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not have any information pertaining to Plaintiffs.


**INTERROGATORY NO. 12:**

State the time period(s) for which You have used the Meta Pixel, including the underlying events collected by the Meta Pixel and its associated parameters, on the Subject Websites.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because "underlying events collected" and "associated parameters" are undefined. Defendant objects to the extent this Interrogatory seeks information about any period of time outside the statute of limitations in this

case. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites on which it has used Facebook Pixel.

**INTERROGATORY NO. 13:**

Identify by name Your officers, employees, vendors, and agents who had actual knowledge that Defendants' use of the Meta Pixel resulted in the disclosure of Your customers' Video Purchase Information to Meta, at the time such disclosure was allegedly made.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the use of the collective "Defendants" is vague and ambiguous; Defendant will interpret this to mean Alliance Entertainment LLC. Defendant objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of all "officers, employees, vendors, and agents." Defendant further objects that the term "actual knowledge" is vague and ambiguous in this context because it requires making legal conclusions. Defendant further objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that the definition of

"Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites on which it has used Facebook Pixel.

**INTERROGATORY NO. 14:**

Describe in what, if any, ways You have changed the functionality of the Meta Pixel installed on the Subject Websites, including adding, removing, or modifying categories of information, including underlying events and parameters it collects and sends or causes to be sent to Meta, along with the dates You made any changes.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that the terms "functionality" and "events and parameters" are vague and undefined. Defendant further objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites on which it has used Facebook Pixel.

**INTERROGATORY NO. 15:**

State the number of Persons who purchased prerecorded videos from each of the Subject Websites and whose information was disclosed to any Person during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC.* Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague, ambiguous, overbroad, and unduly burdensome because "information" is undefined and not limited to that which identifies a person as having requested or obtained specific video materials or services.. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and [www.moviesunlimited.com](www.moviesunlimited.com).

Subject to and without waiving the foregoing objections, Defendant states that it is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any website which sells directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**INTERROGATORY NO. 16:**

Identify each individual involved in or with responsibility for the development, programming, installation or maintenance of any computer program or code on the Subject Website, including the Meta Pixel, obtained from or through any company offering digital advertising, such as targeted or custom advertising, including Meta.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC.* Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome,

and not proportional to the needs of the case to the extent it requests information relating to the

"development, programming, installation or maintenance of any computer program or code" other

than Facebook Pixel because such information has no connection to any claim or defense in this

case. Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent it requests the

identity of "each individual involved in or with responsibility for." Defendant further objects that

this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the

case to the extent it requests information relating to any website other than www.ccvideo.com and

www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it is a

business-to-business wholesaler, does not sell directly to consumers, does not own or operate any

website which sells directly to consumers, and does not disclose any consumer's purchasing

history to anyone.

Dated:  November 1, 2024                Respectfully submitted,

                                        BAKER & HOSTETLER LLP

                                        By:    */s/Bonnie DelGobbo*_____
                                               Joel Griswold
                                               Bonnie DelGobbo
                                               One North Wacker Drive
                                               Suite 3700
                                               Chicago, IL 60606-2859
                                               Telephone:  312.416.6200
                                               Facsimile:   312.416.6201
                                               Email:   jcgriswold@bakerlaw.com
                                               bdelgobbo@bakerlaw.com

*Attorneys for Defendants*

# <u>VERIFICATION</u>

I, Bruce Ogilvie, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that I have reviewed the foregoing DEFENDANT ALLIANCE ENTERTAINMENT, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES and that the Responses are true and correct to the best of my knowledge, information, and belief.

Executed on: 11/1/2024 | 1:30 PM PDT _____    By: _____

DocuSigned by:

Bruce Ogilvie

9A88EED48B90497

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 1, 2024, the foregoing document was sent via email to all counsel of record.

*/s/ Bonnie DelGobbo*_____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 24-CV-61444-RAR

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf of
all others similarly situated,,

        Plaintiffs,

   v.

ALLIANCE ENTERTAINMENT, LLC; and
DIRECTTOU, LLC D/B/A COLLECTORS'
CHOICE MUSIC, CRITICS' CHOICE
VIDEO, MOVIES UNLIMITED,
DEEPDISCOUNT, AND WOW HD,

        Defendants.

## DEFENDANT DIRECTTOU, LLC'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

      Defendant DirectToU, LLC ("Defendant"), by and through its undersigned counsel, provide the following objections and responses ("Responses") to Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull's ("Plaintiffs") First Set of Requests for Production of Documents ("Requests") and in so doing, states as follows:

## PRELIMINARY STATEMENT

      Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. In responding to Plaintiffs' Requests, Defendant has made diligent efforts to identify the documents requested. Nonetheless, further investigation, as well as information and documents received from Plaintiffs and from others through discovery, might lead to the discovery of additional information and documents responsive to Plaintiffs' Requests. Moreover, despite Defendant's diligent efforts,

there may be documents or information that Defendant is unable to locate and therefore cannot produce. Defendant's responses to Plaintiffs' Requests are and have been made without waiving or intending to waive, but to the contrary reserving: (a) the attorney-client privilege, work-product immunity, and any other applicable privilege or immunity under state or federal law; (b) the right to object, on the grounds of privilege, immunity, relevance, materiality, or any other proper ground, to the use of the documents and information produced in response to Plaintiffs' Requests in any subsequent proceeding in this or any other action; and (c) the right at any time to revise, correct, add to, and clarify any of the objections and responses herein or the documents or information produced pursuant to said objections and responses.

By responding to Plaintiffs' Requests, Defendant does not waive or intend to waive, but to the contrary reserves all objections, qualifications and reservations set forth in these objections and responses even though Defendant may, in the interest of the prompt and expeditious conduct of discovery, provide information and documents over such objections, qualifications, and reservations. Furthermore, by responding to Plaintiffs' Requests, Defendant does not admit or adopt any of the facts, characterizations, definitions, or conclusions contained therein. These Responses are made solely for the purposes of this action. Each is subject to all objections as to competence, relevance, materiality, privilege, and/or admissibility and to any and all other objections on any grounds that would require the exclusion of any statements contained in the documents requested herein or statements made by a witness present and testifying in court or other judicial proceeding referring to such documents, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

1.     Defendant objects to proceeding further with this case, including responding to

discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC.*

2.      Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol.

3.      Defendant objects to the Requests that call for information constituting, reflecting, or disclosing any information protected by a privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work-product immunity, self-critical analysis privilege, and the consultant privilege.

4.      Defendant objects to the Requests that fail to define numerous words and phrases that have or could have multiple meanings, rendering such Requests unmanageably vague and ambiguous.

5.      Defendant objects to the Requests that seek information that is publicly available or is equally available to the Plaintiffs.

6.      Defendant objects to the Requests that seek information or documents not subject to discovery pursuant to or seek to impose requirements in excess of the Federal Code of Civil Procedure and the Local Rules of the Southern District of Florida.

7.      Defendant objects to the "Definitions" and "Instructions" to the extent they seek to impose requirements in excess of those required by the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida. Defendant will comply with the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, in responding to discovery.

8.      Defendant objects to the Requests, and in particular to Instruction 1, to the extent that they seek production of electronically stored information that is not reasonably accessible due

to undue burden or cost.

9.      Defendant objects that Instruction 3 is overbroad, unduly burdensome, not proportional to the needs of the case, and attempts to impose obligations on Defendant that are greater than those imposed by the Federal Rules of Civil Procedure. Pursuant to FRCP 26, Defendant will produce documents as they are kept in the usual course of business and will produce ESI in a reasonably usable form.

10.      Defendant objects to the Requests to the extent that they seek the production of sensitive, confidential, or proprietary business information unless the disclosure is made subject to an appropriate protective order.

11.      Defendant objects that Plaintiffs' definition of "Pixel" and "Meta Pixel" is vague and ambiguous and assumes facts not in evidence to the extent it states that the Pixel "sends information to Meta." Defendant will disregard this part of the definition.

12.      Defendant objects that the use of "person" as defined by Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant will interpret the term "person" to mean natural persons.

13.      Defendant objects that the definition of "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to these words to have their ordinary meaning in the English language.

14.      Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased.

15.      Defendant objects that Plaintiffs' definition of the terms "YOU" or "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that

these terms are defined to include Alliance Entertainment, LLC . . . together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing" because Alliance Entertainment, LLC is a separately-named defendant in this Action and a distinct legal entity from DirectToU. Defendant further objects to the extent the definition purports to include WOW HD; WOW HD is targeted to a non-U.S. audience not covered by U.S. laws. Defendant further objects to the extent that the definition purports to bring within its meaning Defendant's legal counsel who are properly excluded from discovery pursuant to the attorney-client privilege, work-product doctrine, and any other applicable privilege or immunity. Defendant will interpret these words to mean DirectToU, LLC, and its employees.

16.    Defendant objects that the definition of "Subject Websites" is vague, ambiguous, and assumes facts not in evidence insofar as it implies that DirectToU "sell[s] video materials or services to consumers through moviesunlimited.com, ccvideo.com, and any other websites." Defendant further objects that the definition is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs only allege they visited the websites www.ccvideo.com and www.moviesunlimited.com. Defendant will interpret "Subject Websites" to mean www.ccvideo.com and www.moviesunlimited.com.

17.    Defendant objects to the "Relevant Time Period" to the extent that it seeks documents or information prior to August 8, 2022; Defendant will not search for or produce such documents.

18.    Defendant objects to each of the Requests and the definitions contained therein to the extent they seek class-wide merits-based discovery prior to certification of a class. Plaintiffs have not made the requisite prima facie showing that the class action requirements of Federal Rule

of Civil Procedure 23 are met or that discovery is likely to substantiate a representative action.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents, communications and ESI concerning each of the Plaintiffs.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and attorney work-product doctrine; Defendant will not search for or produce such documents and will interpret this Request as not seeking communications between Defendant and its legal counsel. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will apply an agreed-upon set of search terms and then search the results for documents and communications concerning Plaintiffs from August 8, 2022 through the present.

### REQUEST FOR PRODUCTION NO. 2:

All documents, communications, and ESI concerning Your rental, sale, exchange, transmission, or other disclosure (or the rental, sale, exchange, transmission, or other disclosure by any other Person acting on Your behalf) of any Person's Video Purchase Information to any other Person, including but not limited to Meta, any data appender or aggregator, any data cooperative, any renter of a customer list, any party that exchanged other information for a customer list, or any other third party.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests documents relating to any website other than ccvideo.com and moviesunlimited.com; Defendant will not provide such information. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for non-privileged documents responsive to this Request for the time period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 3:**

All contracts, agreements, statements of work, work orders, order forms, or the like exchanged between You (or any other party acting on Your behalf) and any Person, including any data cooperatives, list managers, data aggregators or appenders, direct marketing associations, list brokers, or the like, concerning Your rental, sale, exchange, or transmission of Video Purchase Information to any Person.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol.  Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of a Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for documents responsive to this Request for the time period August 8, 2022 through the present.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, communications and ESI sufficient to show the revenue and profit You generated from the rental, sale, exchange, transmission, or other form of disclosure of the Video

Purchase Information of any Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant; Defendant will not search for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, communications and ESI that You contend evidence the Informed Written Consent of any of the Plaintiffs, or of any other Person who purchased or otherwise requested or obtained video materials from You, to rent, sell, exchange, transmit, or otherwise disclose such Person's Video Purchase Information to any other Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues,

Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com; Defendant will not provide such information. Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for documents responsive to this Request for the time period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 6:**

All documents, communications, and ESI concerning any efforts or attempts made by You to obtain Informed Written Consent from any of the Plaintiffs, or of any other Person who purchased or otherwise requested or obtained video materials from You, to rent, sell, exchange, transmit, or otherwise disclose such Person's Video Purchase Information to any other Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents,

communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com; Defendant will not provide such information. Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for documents responsive to this Request for the time period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 7:**

  All documents and communications sufficient to establish where you store and for how long you maintain information reflecting the purchases made by Persons on the Subject Websites, including such Persons' Video Purchase Information.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it

requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com; Defendant will not provide such information. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an acceptable Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for documents responsive to this Request for the time period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 8:**

All of Your privacy policies, terms and conditions, or any other such documents that were accessible on any of the Subject Websites, as well as documents and ESI sufficient to show the form and manner in which any such documents were presented or otherwise made available to Persons who visited or made purchases on the Subject Websites, documents and ESI sufficient to show the ranges of dates during which each such version of each such document was accessible, and the form and manner in which each such document was presented or otherwise made available.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com; Defendant will not provide such information. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search the results for documents responsive to this Request for the time period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 9:**

Documents, communications, and ESI sufficient to show the number of unique Persons who placed one or more orders for DVDs, Blu-Ray, videocassettes, or other video materials on the Subject Websites, as well as documents, communications, and ESI sufficient to show the total number of such orders such Persons placed for DVDs, Blu-Ray, videocassettes, or other video materials on the Subject Websites.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the reference to "total

number of such orders" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because VPPA claims accrue per person, not per disclosure. Defendant objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because the "number of unique Persons who placed one or more orders" has no bearing on whether any website visitor had a Facebook account, had their browser set to allow cookies, used that same browser to visit Facebook's website prior to visiting a website at issue in this case, and had information about their web browsing shared with Facebook. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Based on the foregoing objections, Defendant will not search for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, communications, and ESI concerning the Meta Pixel, including the use of the Meta Pixel on any of the Subject Websites, the ranges of dates during which the Meta Pixel was in use on each of the Subject Websites, and the conditions under which the Meta Pixel, and its underlying events and parameters, shared (or caused the sharing of) Video Purchase Information with Meta on each of the Subject Websites.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents,

communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects to the extent this Request seeks information about any period of time outside the statute of limitations in this case. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will apply an agreed-upon set of search terms and then search for and produce any non-privileged responsive documents for the period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, and ESI concerning Your decision to implement, and the installation of, the Meta Pixel, and its underlying events and parameters, on each of the Subject Websites.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it

requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant states it will apply an agreed-upon set of search terms and then search for and produce any non-privileged responsive documents for the period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, communications, and ESI, including all of the Video Purchase Information, that was shared with Meta via the Meta Pixel on each of the Subject Websites.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant

to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant states that it has no responsive documents because if any transmissions occurred, they would have been from a user's web browser directly to Facebook.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, communications, and ESI concerning the effect that Your use of the Meta Pixel, including Your transmission of Video Purchase Information to Meta, has had on Your revenues, profits, projections or customer numbers.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant; Defendant will not search for

documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, communications, and ESI concerning inquiries, comments or complaints received by You concerning the sharing of customer information with any third party.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is vague, ambiguous, overbroad, and unduly burdensome because "information" is undefined and not limited to that which identifies a person as having requested or obtained specific video materials or services from Defendant; Defendant will interpret "information" to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased. Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.  Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will apply an agreed-upon set of search terms and then search for and produce any non-privileged

responsive documents for the period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 15:**

Website code, technical documentation, technical papers, and computer source code sufficient to show the manner in which the Subject Websites operated to collect and transmit Your customers' Video Purchase Information by or through the Meta Pixel, and its underlying events and parameters, installed on each of the Subject Websites.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.   Defendant objects that this Request is  overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests "website code" and "computer source code"; Defendant will not produce such information. Subject to and without waiving the foregoing objections, .Defendant  will apply an agreed-upon set of search terms and then search for and produce any non-privileged responsive technical documentation and technical papers for the period August 8, 2022 through the present. With respect to documents pertaining to websites, this search would be limited to the websites ccvideo.com and moviesunlimited.com.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, communications, and ESI regarding this Action or any other lawsuit or contemplated lawsuit alleging violations of the VPPA arising out of the use of the Meta Pixel, excluding privileged communications between You and Your counsel.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.  Defendant objects that the reference to "any other lawsuit or contemplated lawsuit" is irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and designed to harass Defendant. Defendant objects that this Request seeks information which is covered by the attorney client privilege, attorney work product doctrine, and other applicable privileges and immunities from disclosure. Based on the foregoing objections, Defendant will not search for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Organizational charts and similar documents, communications, and ESI identifying Your affiliates, subsidiaries, or parents, as well as lists of the directors, officers, employees (and their titles or job positions) of You and each of Your affiliates, subsidiaries, or parents.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to

discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.  Defendant also objects to this Request to the extent that it requests they create a document that does not already exist. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and designed to harass Defendant. Based on the foregoing objections, will not search for documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, communications, and ESI sufficient to identify all of the Persons who requested or obtained video materials from You.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the

needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because the identity of "all of the Persons who requested or obtained video materials" has no bearing on whether information about any person was disclosed to any third party. Based on the foregoing objections, Defendant will not search for documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 19:

All documents, communications, and ESI sufficient to identify all of the Persons who requested or obtained video materials from You and whose Video Purchase Information was rented, sold, transmitted, or otherwise disclosed by You (or by another Person on your behalf) to any other Person.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all" documents, communications and ESI when fewer than "all" documents, communications and ESI are sufficient to show the requested information; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and

calls for a legal conclusion. Subject to and without waiving the foregoing objections, Defendant

states that to the best of its knowledge, Defendant does not have any records which would allow

Defendant to determine whether a third party actually accessed any data which would allow the

business to identify that a specific person bought a specific video title.


**REQUEST FOR PRODUCTION NO. 20:**

All documents, communications, and ESI concerning any insurance agreement under which any Person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this Action or to indemnify or reimburse You for payments made to satisfy any such judgment.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to

discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU,*

*LLC*. Defendant objects to producing documents or information prior to entry of an appropriate

Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General

Objections. In addition to the General Objections, Defendant objects that this Request is

overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it

requests "all" documents, communications and ESI when fewer than "all" documents,

communications and ESI are sufficient to show the requested information. Defendant objects that

this Request appears to seek information protected by the attorney-client privilege and the attorney

work-product doctrine; Defendant will not provide such information and will interpret this Request

as not seeking such information. Defendant objects that "All documents, communications, and

ESI" are irrelevant, overbroad, unduly burdensome, not proportional to the needs of the case, and

designed to harass defendant; Defendant has already produced the only applicable insurance

policy, and Fed. R. Civ. P. 26(a)(1)(A)(iv) does not require anything further. Subject to and without

waiving the foregoing objections, Defendant states it has produced its only relevant insurance

agreement.


**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show Your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than ccvideo.com and moviesunlimited.com.  Defendant further objects that this Request is vague and ambiguous to the extent it refers to "data retention policies." Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will produce is document retention and destruction policies, if any for the period August 8, 2022 through the present.


**REQUEST FOR PRODUCTION NO. 22:**

All documents, communications, and ESI identified, referenced, or contemplated in Your answers to Plaintiffs' Interrogatories, or otherwise relied upon in answering Plaintiffs' Interrogatories.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU,*

*LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it requests "all documents, communications, and ESI…contemplated"; if discovery continues, Defendant will meet and confer with Plaintiff regarding an appropriate set of search terms pursuant to the Parties' forthcoming ESI Protocol. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will produce any documents identified in its responses to interrogatories and further will apply an agreed-upon set of search terms and then search for and produce documents responsive to this Request for the period August 8, 2022 through the present.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, communications, and ESI that You intend to use to support any affirmative defense to Plaintiffs' claims alleged in the Action.

**RESPONSE:**  Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. Defendant objects that this Request is premature because Defendant has not yet filed an answer asserting any affirmative defenses and discovery is ongoing. Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and attorney work-product doctrine; Defendant will not search for or produce such documents and will interpret this Request as not seeking such documents. Subject to the foregoing objections, if this case

proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will produce any evidence on which it intends to rely to support any affirmative defense(s) as it becomes known in the course of discovery. Defendant will make expert disclosures in accordance with the schedule set by the Court.

## REQUEST FOR PRODUCTION NO. 24:

All documents, communications, and ESI that You intend to use to contest or oppose the certification of a class in the Action.

**RESPONSE:** Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects to the extent this Request seeks information protected by the attorney-client privilege and attorney work-product doctrine; Defendant will not search for or produce such documents and will interpret this Request as not seeking such documents. Defendant objects that this Request is premature because discovery is ongoing. Subject to and without waiving the foregoing objections, if this case proceeds, and subject to entry of an appropriate Protective Order and ESI Protocol, Defendant will produce any evidence on which it intends to rely to respond to any class certification motion as it becomes known in the course of discovery. Defendant will make expert disclosures in accordance with the schedule set by the Court.

Dated: November 1, 2024                         Respectfully submitted,
                                                BAKER & HOSTETLER LLP
                                                One North Wacker Drive
                                                Suite 3700

Chicago, IL  60606-2859
Telephone:   312.416.6200
Facsimile:   312.416.6201

*Attorneys for Defendants*


By:   */s/Bonnie DelGobbo*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 1, 2024, the foregoing document was sent via email to all counsel of record.


*/s/ Bonnie DelGobbo*
Bonnie DelGobbo

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 24-CV-61444-RAR

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf of
all others similarly situated,

              Plaintiff,

vs.

ALLIANCE ENTERTAINMENT, LLC; and
DIRECTTOU, LLC D/B/A COLLECTORS'
CHOICE MUSIC, CRITICS' CHOICE
VIDEO, MOVIES UNLIMITED,
DEEPDISCOUNT, AND WOW HD,

              Defendant.

_____

## DEFENDANT DIRECTTOU, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant DirectToU, LLC ("Defendant" or "DirectToU"), by and through its undersigned

counsel, provides the following objections and responses ("Responses") to the First Set of Special

Interrogatories ("Interrogatories") propounded by Plaintiffs Douglas Feller, Jeffry Heise, and

Joseph Mull ("Plaintiffs"), and in so doing, states as follows:

## PRELIMINARY STATEMENT

Defendant objects to proceeding further with this case, including responding to discovery,

pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. In

responding to Plaintiffs' Interrogatories, Defendant has made diligent efforts to identify the

information requested.  Nonetheless, further investigation, as well as information and documents

received from Plaintiffs and from others through discovery, might lead to the discovery of

additional information and documents responsive to Plaintiffs' Interrogatories.  Moreover, despite

Defendant's diligent efforts, there may be documents or information that Defendant is unable to locate and therefore cannot produce.

Defendant's responses to Plaintiffs' Interrogatories are and have been made without waiving or intending to waive, but to the contrary reserving: (a) the attorney-client privilege, work-product immunity, and any other applicable privilege or immunity under state or federal law; (b) the right to object, on the grounds of privilege, immunity, relevance, materiality, or any other proper ground, to the use of the documents and information produced in response to Plaintiffs' Interrogatories in any subsequent proceeding in this or any other action; and (c) the right at any time to revise, correct, add to, and clarify any of the objections and responses herein or the documents or information produced pursuant to said objections and Responses.

By responding to Plaintiffs' Interrogatories, Defendant does not waive or intend to waive, but to the contrary reserves all objections, qualifications and reservations set forth in these objections and responses even though Defendant may, in the interest of the prompt and expeditious conduct of discovery, provide information and documents over such objections, qualifications, and reservations. Furthermore, by responding to Plaintiffs' Interrogatories, Defendant does not admit or adopt any of the facts, characterizations, definitions, or conclusions contained therein. These Responses are made solely for the purposes of this action. Each is subject to all objections as to competence, relevance, materiality, privilege, and/or admissibility and to any and all other objections on any grounds that would require the exclusion of any statements contained in the documents requested herein or statements made by a witness present and testifying in court or other judicial proceeding referring to such documents, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1.      Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

2.      Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol.

3.      Defendant objects to the Interrogatories that call for information constituting, reflecting, or disclosing any information protected by a privilege or immunity, including, without limitation, the attorney-client privilege, the attorney work-product immunity, self-critical analysis privilege, and the consultant privilege.

4.      Defendant objects to the Interrogatories that fail to define numerous words and phrases that have or could have multiple meanings, rendering such Interrogatories unmanageably vague and ambiguous.

5.      Defendant objects to the Interrogatories that seek information that is publicly available or is equally available to the Plaintiff.

6.      Defendant objects to the Interrogatories that seek information or documents not subject to discovery pursuant to or seek to impose requirements in excess of the Federal Code of Civil Procedure and the Local Rules of the Southern District of Florida.

7.      Defendant objects to the "Definitions" and "Instructions" to the extent they seek to impose requirements in excess of those required by the Federal Code of Civil Procedure, the Florida Civil Practice Law & Rules, and the Local Rules of the Southern District of Florida. Defendant will comply with the Federal Code of Civil Procedure, the Florida Rules of Civil Procedure, and the Local Rules of the Southern District of Florida, in responding to discovery.

8.      Defendant objects that Instruction 2 is vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and attempts to impose obligations on Defendant that are greater than those imposed by the Federal Rules of Civil Procedure. When asserting a claim of privilege, Defendant will comply with the Federal Rules of Civil Procedure.

9.      Defendant objects to the Interrogatories to the extent that they seek production of electronically stored information that is not reasonably accessible due to undue burden or cost.

10.     Defendant objects to the Interrogatories to the extent that they seek the production of sensitive, confidential, or proprietary business information unless the disclosure is made subject to an appropriate protective order.

11.     Defendant objects that Plaintiffs' definition of "Pixel" and "Meta Pixel" is vague and ambiguous and assumes facts not in evidence to the extent it states that the Pixel "sends information to Meta." Defendant will disregard this part of the definition.

12.     Defendant objects that the use of "person" as defined by Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant will interpret the term "person" to mean natural persons.

13.     Defendant objects that the definition of "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to these words to have their ordinary meaning in the English language.

14.     Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased.

15.    Defendant objects that Plaintiffs' definition of the terms "YOU" or "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that these terms are defined to include Alliance Entertainment, LLC . . . together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing" because Alliance Entertainment, LLC is a separately-named defendant in this Action and a distinct legal entity from DirectToU. Defendant further objects to the extent the definition purports to include WOW HD; WOW HD is targeted to a non-U.S. audience not covered by U.S. laws. Defendant further objects to the extent that the definition purports to bring within its meaning Defendant's legal counsel who are properly excluded from discovery pursuant to the attorney-client privilege, work-product doctrine, and any other applicable privilege or immunity. Defendant will interpret these words to mean DirectToU, LLC, and its employees.

16.    Defendant objects that the definition of "Subject Websites" is vague, ambiguous, and assumes facts not in evidence insofar as it implies that DirectToU "sell[s] video materials or services to consumers through moviesunlimited.com, ccvideo.com, and any other websites." Defendant further objects that the definition is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs only allege they visited the websites www.ccvideo.com and www.moviesunlimited.com. Defendant will interpret "Subject Websites" to mean www.ccvideo.com and www.moviesunlimited.com.

17.    Defendant objects to each of the Interrogatories and the Definitions to the extent they seek information and/or documents that are private, personal, confidential, sensitive or proprietary, or that constitute a trade secret. If Defendant provides such information, it will do so

only subject to and following the entry of an appropriate protective order restricting the use and disclosure of such information.

18. Defendant objects to each of the Interrogatories and the definitions contained therein to the extent they seek class-wide merits-based discovery prior to certification of a class. Plaintiffs have not made the requisite prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are met or that discovery is likely to substantiate a representative action.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with knowledge of Your disclosures of Video Purchase Information to any Person including Nextmark, Inc.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of "all persons with knowledge of". Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that Nancy Bach

is the witness most knowledgeable about Defendant's relationship with Data Axle, Wiland, Epsilon, and Path2Response.

**INTERROGATORY NO. 2:**

Identify all Persons with knowledge of Your disclosures of Video Purchase Information to any data aggregator, data appender, or data cooperative.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of "all persons with knowledge of." Defendant objects that "data aggregator, data appender, or data cooperative" is vague and ambiguous. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant states that Nancy Bach is the witness most knowledgeable about Defendant's relationship with Data Axle, Wiland, Epsilon, and Path2Response.

**INTERROGATORY NO. 3:**

Describe every way in which You obtained or attempted to obtain Informed Written Consent from a Person prior to disclosing the Person's Video Purchase Information to any Person.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" and "Informed Written Consent" are vague, ambiguous, and call for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that a Privacy Policy is available on www.ccvideo.com and www.moviesunlimited.com that informs website visitors of its privacy practices. Additionally, users are required to affirmatively check a box indicating assent to the Privacy Policy when creating an account or making a purchase.


**INTERROGATORY NO. 4:**

Identify any Persons to which You disclosed Video Purchase Information and all data aggregators, data appenders, or data cooperatives to which You disclosed Video Purchase Information.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the terms "disclosed," "data aggregators," "data appenders," and "data cooperatives" are undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek

information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that it had relationships with Data Axle, Wiland, Epsilon, and Path2Response which involved the ability to share certain customer data. To the best of Defendant's knowledge, Defendant does not have any records which would allow Defendant to determine whether any of these businesses actually accessed any data which would allow the business to identify that a specific person bought a specific video title.

**INTERROGATORY NO. 5:**

Identify every sales channel from which you sourced Video Purchase Information that you disclosed to any Person, and separately identify every sales channel sourced for such disclosures to data aggregators, data appenders, or data cooperatives.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the terms "disclosed," "sales channel," "sourced," "data aggregators," "data appenders," "data cooperatives" and "sourced for such disclosures" are undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that its

relationships with Data Axle, Wiland, Epsilon, and Path2Response exclusively concern mail order catalog customers.

**INTERROGATORY NO. 6:**

State the total gross and net revenues derived from your disclosures of Your customer's Video Purchase Information through list rentals.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that the term "list rentals" is vague and undefined. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case, seeks confidential business information not relevant to any claims or defenses in this case, and is designed to harass Defendant because "the total gross and net revenues" have no bearing on Plaintiff's claims; Defendant will not provide such information.

**INTERROGATORY NO. 7:**

Describe every means by which you attempted to obtain Informed Written Consent from Your customers and explain when in the sales transaction process You attempt to obtain Informed Written Consent.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to proceeding further with this case, including responding to discovery,

pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects to the extent that this Interrogatory is duplicative of Interrogatory 3. Defendant objects that this Interrogatory is vague and ambiguous because the term "sales transaction process" is undefined. Defendant further objects that the terms "Video Purchase Information" and "Informed Written Consent" are vague and ambiguous and require making legal conclusions. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that a Privacy Policy is available on www.ccvideo.com and www.moviesunlimited.com that informs website visitors of its privacy practices. Additionally, users are required to affirmatively check a box indicating assent to the Privacy Policy when creating an account or making a purchase.


**INTERROGATORY NO. 8:**

Identify every instance where each of the Plaintiff's Video Purchase Information has been disclosed to a data aggregator, data appender, data cooperative, list broker, or list rental company.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because the phrase "disclosed data aggregator, data appender, data cooperative, list broker, or list rental company" is undefined. Defendant objects that the definition of "Video Purchase Information" is vague,

ambiguous, and calls for a legal conclusion.

Subject to and without waiving its objections, Defendant states that to the best of Defendant's knowledge, Defendant does not have any records which would allow Defendant to determine whether Data Axle, Wiland, Epsilon, or Path2Response accessed any data which would allow them to identify any specific video title that any specific Plaintiff purchased.

**INTERROGATORY NO. 9:**

Identify the number of disclosures of Video Purchase Information You made to any Person and the number of individuals who were the subject of such disclosures.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant further objects that the reference to "number of disclosures" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because VPPA claims accrue per person, not per disclosure. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving its objections, Defendant states that to the best of Defendant's knowledge, Defendant does not have any records which would allow Defendant to determine whether Data Axle, Wiland, Epsilon, or Path2Response accessed any data which would allow them to identify that a specific person bought a specific video title.

**INTERROGATORY NO. 10:**

Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the disclosure of Video Purchase Information to any data aggregator, data appender, or data cooperative, or list broker, or list rental company.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory appears to seek information protected by the attorney-client privilege and the attorney work-product doctrine. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant objects that "all persons in any way involved in the development, drafting or design of any policy or notice" is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that legal counsel developed the Privacy Policies available on www.ccvideo.com and www.moviesunlimited.com.

**INTERROGATORY NO. 11:**

State all personal information pertaining to Plaintiffs that You possess, including but not limited to such information as Plaintiffs' names, addresses, e-mail addresses, dates of birth, social security numbers, educational backgrounds, employment histories, financial information, physical characteristics, ethnicities and religions, political affiliations, and prior purchase histories, not

limited to pre-recorded video products and specify how you obtained that information.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to "all personal information pertaining to Plaintiffs" in Defendant's possession regardless of whether such information was shared with any party and regardless of whether such "personal information" identifies a person as having requested or obtained specific video materials or services from Defendant; such information has no connection to any claim or defense in this case. Defendant further objects that "how you obtained that information" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of this case because it is no relevance to any claim or defense.

Subject to and without waiving the foregoing objections, Defendant states it possesses Plaintiffs' names, addresses, email addresses, and purchase history because Plaintiffs provided that information to Defendant when making a purchase.


**INTERROGATORY NO. 12:**

State the time period(s) for which You have used the Meta Pixel, including the underlying events collected by the Meta Pixel and its associated parameters, on the Subject Websites.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague and ambiguous because "underlying events collected" and "associated parameters" are undefined. Defendant objects to the extent this Interrogatory seeks information about any period of time outside the statute of limitations in this case. Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to seek information about any websites other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that Facebook Pixel was on www.ccvideo.com and www.moviesunlimited.com from before August 8, 2022. Defendant states that the original installation of the Facebook Pixel was a standard installation following Facebook's guidelines. Updates were made in or around September 2024 and then the Facebook Pixel was removed from www.ccvideo.com and www.moviesunlimited.com on or about October 29, 2024.

**INTERROGATORY NO. 13:**

Identify by name Your officers, employees, vendors, and agents who had actual knowledge that Defendants' use of the Meta Pixel resulted in the disclosure of Your customers' Video Purchase Information to Meta, at the time such disclosure was allegedly made.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that the use of the collective "Defendants" is vague and ambiguous; Defendant will interpret this to mean DirectToU. Defendant objects that this Interrogatory is

vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of all "officers, employees, vendors, and agents." Defendant further objects that the term "actual knowledge" is vague and ambiguous in this context because it requires making legal conclusions. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Defendant states that to the best of its knowledge, no one at Defendant ever had knowledge indicating that use of Facebook Pixel would cause the disclosure of information which would permit an ordinary person to identify a specific individual as having requested or obtained specific video materials or services.

**INTERROGATORY NO. 14:**

Describe in what, if any, ways You have changed the functionality of the Meta Pixel installed on the Subject Websites, including adding, removing, or modifying categories of information, including underlying events and parameters it collects and sends or causes to be sent to Meta, along with the dates You made any changes.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that the terms "functionality" and "events and parameters" are vague and undefined. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests

information relating to any website other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that the original installation of the Facebook Pixel was a standard installation following Facebook's guidelines. Updates were made in or around September 2024 and then the Facebook Pixel was removed from www.ccvideo.com and www.moviesunlimited.com on or about October 29, 2024.

**INTERROGATORY NO. 15:**

State the number of Persons who purchased prerecorded videos from each of the Subject Websites and whose information was disclosed to any Person during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is vague, ambiguous, overbroad, and unduly burdensome because "information" is undefined and not limited to that which identifies a person as having requested or obtained specific video materials or services.. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states it has no way to determine how many individuals or which individuals, if any, had Facebook accounts, purchased video content on www.ccvideo.com or www.moviesunlimited.com using the same browser they used to access their Facebook account, and had their browsers set to allow the transmission of any information to Facebook.

**INTERROGATORY NO. 16:**

Identify each individual involved in or with responsibility for the development, programming, installation or maintenance of any computer program or code on the Subject Website, including the Meta Pixel, obtained from or through any company offering digital advertising, such as targeted or custom advertising, including Meta.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Interrogatory is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to the "development, programming, installation or maintenance of any computer program or code" other than Facebook Pixel because such information has no connection to any claim or defense in this case. Defendant further objects that this Interrogatory is vague, ambiguous, irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests the identity of "each individual involved in or with responsibility for." Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com.

Subject to and without waiving the foregoing objections, Defendant states that Nancy Bach, Tim Hinsley, Momoko Berg, and Lisa Norris are the employees most knowledgeable about Defendant's use of Facebook Pixel on www.ccvideo.com and www.moviesunlimited.com.

Dated: November 1, 2024                    Respectfully submitted,

                                           BAKER & HOSTETLER LLP

                                           By:    */s/Bonnie DelGobbo*  _____
                                                  Joel Griswold
                                                  Bonnie DelGobbo
                                                  One North Wacker Drive
                                                  Suite 3700
                                                  Chicago, IL 60606-2859
                                                  Telephone:  312.416.6200
                                                  Facsimile:  312.416.6201
                                                  Email:   jcgriswold@bakerlaw.com
                                                  bdelgobbo@bakerlaw.com

                                           *Attorneys for Defendants*

## <u>VERIFICATION</u>

I, Tim Hinsley, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that I have reviewed the foregoing DEFENDANT DIRECTTOU, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES and that the Responses are true and correct to the best of my knowledge, information, and belief.

Executed on: _____          By: _____

11/1/2024 | 1:56 PM PDT

DocuSigned by:

*Tim Hinsley*

A8444D5E23ED40E...

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on November 1, 2024, the foregoing document was sent via email to all counsel of record.

*/s/ Bonnie DelGobbo*