# COMPOSITE EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-61444-RAR**

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf of
all others similarly situated,,

        Plaintiffs,

    v.

ALLIANCE ENTERTAINMENT, LLC; and
DIRECTTOU, LLC D/B/A COLLECTORS'
CHOICE MUSIC, CRITICS' CHOICE
VIDEO, MOVIES UNLIMITED,
DEEPDISCOUNT, AND WOW HD,

        Defendants.

---

### ALLIANCE ENTERTAINMENT, LLC'S OBJECTIONS TO PLAINTIFFS' 30(B)(6) DESPOSITION NOTICE

Defendant Alliance Entertainment, LLC ("Defendant"), by and through its undersigned counsel, provide the following objections and responses ("Responses") to Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull's ("Plaintiffs") Federal Rule of Civil Procedure 30(b)(6) Notice of Taking Deposition ("Notice") as follows:

### PRELIMINARY STATEMENT

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. In responding to Plaintiffs' Notice, Defendant has made diligent efforts to identify the documents requested. Nonetheless, further investigation, as well as information and documents received from Plaintiffs and from others through discovery, might lead to the discovery of additional information and documents responsive to Plaintiffs' Notice. Moreover, despite Defendant's diligent efforts,

there may be documents or information that Defendant is unable to locate and therefore cannot produce. Defendant's responses to Plaintiffs' Notice are and have been made without waiving or intending to waive, but to the contrary reserving: (a) the attorney-client privilege, work-product immunity, and any other applicable privilege or immunity under state or federal law; (b) the right to object, on the grounds of privilege, immunity, relevance, materiality, or any other proper ground, to the use of the documents and information produced in response to Plaintiffs' Notice in any subsequent proceeding in this or any other action; and (c) the right at any time to revise, correct, add to, and clarify any of the objections and responses herein or the documents or information produced pursuant to said objections and responses.

By responding to Plaintiffs' Notice, Defendant does not waive or intend to waive, but to the contrary reserves all objections, qualifications and reservations set forth in these objections and responses even though Defendant may, in the interest of the prompt and expeditious conduct of discovery, provide information and documents over such objections, qualifications, and reservations. Furthermore, by responding to Plaintiffs' Notice, Defendant does not admit or adopt any of the facts, characterizations, definitions, or conclusions contained therein. These Responses are made solely for the purposes of this action. Each is subject to all objections as to competence, relevance, materiality, privilege, and/or admissibility and to any and all other objections on any grounds that would require the exclusion of any statements contained in the documents requested herein or statements made by a witness present and testifying in court or other judicial proceeding referring to such documents, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

2.      Defendant objects to proceeding with any deposition prior to entry of the Stipulation and Protective Order Governing Confidentiality of Discovery Material.

3.      Defendant objects to the Notice on the grounds that the deposition, as set by Plaintiffs, will occur prior to Defendant serving its production of documents in response to Plaintiffs' First Set of Requests for Production of Documents. To avoid duplicative depositions, Defendant will not produce its 30(b)(6) witness until after Defendant is able to serve its document production in response to Plaintiffs' First Set of Requests for Production of Documents.

4.      Defendant objects to the Deposition Notice on the grounds that the deposition was unilaterally scheduled, and the deponent and/or counsel is/are not available on the noticed date of November 15, 2024. Plaintiffs have represented that the depositions will be taken at a later date and if this case is not stayed, Defendant will meet and confer in good faith regarding a mutually agreeable deposition date and place for the deposition.

5.      Defendant objects to the Deposition Notice in its entirety, and to each Topic and Request included therein, to the extent that they seek to impose discovery obligations upon the deponent that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and/or any other applicable state, federal or local court rules.

6. Defendant objects that Plaintiffs' definition of "Pixel" and "Meta Pixel" is vague and ambiguous and assumes facts not in evidence to the extent it states that the Pixel "sends information to Meta." Defendant will disregard this part of the definition.

7. Defendant objects that the use of "person" as defined by Plaintiffs is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant will interpret the term "person" to mean natural persons or business entities.

8. Defendant objects that the definition of "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion.

9. Defendant objects that the definition of "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Defendant will interpret the term to mean information which identifies a customer's name, address, and the title of a specific video(s) they purchased.

10. Defendant objects that Plaintiffs' definition of the terms "YOU" or "YOUR" is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that these terms are defined to include "DirectToU, LLC d/b/a Collectors' Choice Music, Critics' Choice Video, Movies Unlimited, DeepDiscount, and WOW HD, together with all officers, directors, employees, agents, attorneys, affiliates, parents, subsidiaries, predecessors, successors, assigns, and any authorized dealers of any of the foregoing." Defendant further objects to the definition of "You" and "Yours" as overbroad and unduly burdensome because DirectToU, LLC is a separately-named defendant in this Action and a distinct legal entity from Alliance Entertainment, LLC. Defendant further objects to the extent the definition purports to include WOW HD; WOW HD has no domestic presence and does not sell to United States consumers. Defendant further objects to the extent that the definition purports to bring within its meaning Defendant's legal counsel who are properly excluded from discovery pursuant to the attorney-

client privilege, work-product doctrine, and any other applicable privilege or immunity. Defendant will interpret these words to mean Alliance Entertainment, LLC, and its employees.

11.    Defendant objects that the definition of "Subject Websites" is vague, ambiguous, and assumes facts not in evidence insofar as it implies that Defendant "sell[s] video materials or services to consumers through moviesunlimited.com, ccvideo.com, and any other websites." Defendant further objects that the definition is overbroad, unduly burdensome, and not proportional to the needs of the case because Plaintiffs only allege they visited the websites www.ccvideo.com and www.moviesunlimited.com. Defendant will interpret "Subject Websites" to mean www.ccvideo.com and www.moviesunlimited.com.

12.    Each general objection is incorporated in each of the responses below and each of the responses are made without waiver of the general objections listed above.

## OBJECTIONS TO TOPICS

**TOPIC NO. 1.**        The facts alleged in the Class Action Complaint.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Subject to and without waiving the foregoing objections, if this case proceeds, Defendant would produce a witness to testify concerning any facts alleged in the Complaint of which Defendant has knowledge, on a mutually agreeable date.

**TOPIC NO. 2.**        Defendant Alliance Entertainment, LLC's records pertaining to Plaintiffs.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the general objections, Defendant objects that this Topic erroneously implies that Defendant has records pertaining to Plaintiffs. Subject to and without waiving the foregoing objections, if this case proceeds, Defendant will produce a witness to testify generally concerning this Topic and Defendant's lack of any records pertaining to Plaintiffs on a mutually agreeable date.

**TOPIC NO. 3.**    All documents produced by Defendant Alliance Entertainment, LLC in response to any of Plaintiffs' Requests for Production.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects to the Topic as imposing unwarranted burden, oppression, and expense to the extent that it broadly includes all documents produced in this matter. Defendant objects that Alliance has not yet produced documents in this matter. Subject to and without waiving the foregoing objections, Defendant is unable to produce a witness to testify concerning this exceptionally broad Topic but is willing to meet and confer with Plaintiffs and to produce a witness to testify concerning specific documents

identified by Plaintiff after any document production, on a mutually agreeable date, should this case continue.

**TOPIC NO. 4.**        All documents and information relied upon by Defendant Alliance Entertainment, LLC in response to any of Plaintiffs' Interrogatories.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects to the Topic to the extent that it seeks information regarding objections prepared by counsel. Subject to and without waiving the foregoing objections, Defendant will produce a witness to testify generally concerning the factual responses that Defendant provided to Plaintiffs' First Set of Interrogatories, on a mutually agreeable date, should this case continue.

**TOPIC NO. 5.**        The contents of Defendant Alliance Entertainment, LLC's Fed. R. Civ. P. 26 initial disclosures.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Topic appears to

seek information protected by the attorney-client privilege and the attorney work-product doctrine; Defendant will not provide such information and will interpret this Topic as not seeking such information. Subject to and without waiving the foregoing objections, Defendant will produce a witness to testify regarding Defendant's Fed. R. Civ. P. 26 initial disclosures on a mutually agreeable date, should this case continue.

**TOPIC NO. 6.**       Defendant Alliance Entertainment, LLC's affirmative defenses to the Class Action Complaint.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Topic appears to seek information protected by the attorney-client privilege and the attorney work-product doctrine; Defendant will not provide such information and will interpret this Topic as not seeking such information. Defendant further objects that this Topic is premature because defendant has not yet filed an answer to the Complaint. Subject to and without waiving the foregoing objections, if this case continues, Defendant cannot produce a witness to testify concerning this Topic because Defendant has not yet filed an answer to the Complaint.

**TOPIC NO. 7.**       Defendant Alliance Entertainment, LLC's corporate structure, including its relationship with Defendant DirectToU, LLC.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Subject to the General Objections, Defendant will produce a witness to testify regarding this Topic on a mutually agreeable date, should this case continue.

**TOPIC NO. 8.**        The number of customers Defendant Alliance Entertainment, LLC served by way of the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that this Topic erroneously implies that Defendant owns or operates any website which sells directly to consumers or otherwise makes any sales directly to consumers. Subject to the and without waiving the foregoing objections, if this case continues, Defendant will provide a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 9.**　　　Your relationship with Meta, including the details regarding Your installation, use, and maintenance of the Meta Pixel on the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Subject to and without waiving the foregoing objections, if this case continues, Defendant will provide a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 10.**　　　The settings, configurations, and functionality of the Meta Pixel and the reasons for its installation on the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant does not own or operate any websites that use Facebook Pixel and has no knowledge

concerning this Topic.

**TOPIC NO. 11.**    Any changes to the settings, configurations, and functionality of the Meta Pixel on the Subject Websites, within the relevant period.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant restates and incorporates by reference the General Objections. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant does not own or operate any websites that use Facebook Pixel and has no knowledge concerning this Topic.

**TOPIC NO. 12.**    The use and functioning of any cookies that collected the FIDs of persons who visited Defendant Alliance Entertainments, LLC's websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General

Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that the term "FIDs" is vague and undefined; Defendant will interpret this to mean "Facebook IDs."

Subject to and without waiving the foregoing objections, Defendant states that if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant it is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 13.**     The number of unique FIDs collected by Defendant Alliance Entertainment, LLC or the Subject Websites within the relevant period.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that the term "FIDs" is vague and undefined; Defendant will interpret this to mean "Facebook IDs."

Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and otherwise has no information concerning this Topic.

**TOPIC NO. 14.**    The number of persons whose Video Purchase Information was rented, sold, exchanged, transmitted, or otherwise disclosed by Defendant Alliance Entertainment, LLC or the Subject Websites within the relevant period.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 15.**        Any monetization resulting from Defendant Alliance Entertainment, LLC's use of the Meta Pixel.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because information sought has no connection to any claim or defense in this case. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 16.**        Any monetization resulting from Defendant Alliance Entertainment, LLC's rental, sale, exchange, transmission, or other disclosure of Video Purchase Information to any affiliate or third party.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is

irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because information sought has no connection to any claim or defense in this case. Defendant objects that "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 17.**        The manner or process by which Defendant Alliance Entertainment, LLC collects, stores, and secures transactional data related to its websites, such as the time of the transaction, the item transacted, and user payment information, including the process by which such data is archived and maintained in either proprietary or third-party databases.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because information sought has no connection to any claim or defense in this case. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler and does not sell directly to

consumers.

**TOPIC NO. 18.**     The manner or process by which Defendant Alliance Entertainment, LLC collects, stores, and secures user interaction data regarding activity on Defendant Alliance Entertainment, LLC's websites, such as hosted video viewing information and activity history, including the process by which such data is archived and maintained in either proprietary or third-party databases.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant further objects that "user interaction data" is vague and undefined. Defendant further objects that this Request is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because Defendant does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone, and the information requested in this Topic has no bearing on any claims or defenses in this case. Based on the foregoing objections, Defendant will not produce a witness to testify on this Topic.

**TOPIC NO. 19.**     The specific code embedded on Defendant Alliance Entertainment, LLC's website with respect to using, recording, and processing user interaction data, activity logs, cookies, and tracking data records.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant further objects that "user interaction data, "activity logs, cookies, and data tracking records" is vague and undefined. Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because Defendant does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone, and the information requested in this Topic has no bearing on any claims or defenses in this case. Based on the foregoing objections, Defendant will not produce a witness to testify on this Topic.

**TOPIC NO. 20.**       Any contracts, agreements, statements of work, work orders, order forms, or the like with third parties related to Defendant Alliance Entertainment, LLC's use of the Meta Pixel on any of the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate

Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 21.**    Any contracts, agreements, statements of work, work orders, order forms, or the like with third parties related to Defendant Alliance Entertainment, LLC's rental, sale, exchange, transmission, or other disclosure of customer lists or Video Purchase Information to any affiliate or third party.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Topic is irrelevant, vague, ambiguous, overbroad, and unduly burdensome to the extent "customer lists" purports to seek information beyond that which is subject to the VPPA. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 22.**    All privacy policies accessible on any website owned by Defendant

Alliance Entertainment, LLC, or any affiliate's website owned by or related to Defendant Alliance Entertainment, LLC.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case in its entirety because Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and information about Defendant's business-to-business websites that are not at issue in this litigation has no relevant to any claim or defense. Based on the foregoing objections, Defendant will not provide a witness to testify concerning this Topic.

**TOPIC NO. 23.**    Measures Defendant took to inform Class Members of Defendant Alliance Entertainment, LLC's use of the Meta Pixel on any of the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General

Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 24.**    Measures Defendant took to inform Class Members of Defendant Alliance Entertainment, LLC's rental, sale, exchange, transmission, or other disclosure of Video Purchase Information to any affiliate or third party.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. Defendant objects that "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 25.**    The form and content of all versions of any document or form, web-based or otherwise, that Plaintiffs or any member of the putative Classes are alleged to have signed or submitted that You contend demonstrates such Person(s) gave Informed Written Consent to the conduct alleged in the Class Action Complaint.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Defendant objects that "Informed Written Consent" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant states that it will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 26.**    Any written policy Defendant Alliance Entertainment, LLC had regarding its use of the Meta Pixel on any of the Subject Websites.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate

Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case continues, Defendant states that it will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.

**TOPIC NO. 27.**    Any written policy Defendant Alliance Entertainment, LLC had regarding the rental, sale, exchange, transmission, or other disclosure of Video Purchase Information to any affiliate or third party.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant states that it will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 28.**    Any written policy Defendant Alliance Entertainment, LLC had regarding the collection, retention, and storage of information obtained via the Meta Pixel.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests information relating to any website other than www.ccvideo.com and www.moviesunlimited.com. Subject to and without waiving the foregoing objections, if this case continues, Defendant states that it will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, and does not own or operate any websites that use Facebook Pixel.


**TOPIC NO. 29.**    Defendant Alliance Entertainment, LLC's retention and storage of personally identifiable information as defined by the Video Privacy Protection Act, 18 U.S.C. § 2710.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant further objects that this Topic is vague, ambiguous, and calls for legal conclusions to the extent it refers to "personally identifiable

information as defined by the Video Privacy Protection Act, 18 U.S.C. § 2710." Based on the foregoing objections, Defendant will not produce a witness to testify on this Topic.

**TOPIC NO. 30.**      Defendant Alliance Entertainment, LLC's rental, sale, exchange, transmission, or other disclosure of Video Purchase Information to any affiliate or third party.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that "Video Purchase Information" is vague, ambiguous, and calls for a legal conclusion. Subject to and without waiving the foregoing objections, if this case continues, Defendant states that it will produce a witness to testify concerning this Topic who will confirm that Defendant is a business-to-business wholesaler, does not sell directly to consumers, does not own or operate any websites that use Facebook Pixel, and does not disclose any consumer's purchasing history to anyone.

**TOPIC NO. 31.**      Insurance policies of any sort, which may apply to satisfy any monetary judgment obtained in this action.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Subject to and without waiving the foregoing objections, if this

case continues, Defendant states it has already produced its insurance agreement and will produce a witness to testify regarding this Topic on a mutually agreeable date, should this case continue.

**TOPIC NO. 32.**    Defendant Alliance Entertainment, LLC's overall financial condition from the five years preceding the filing of this action to the present.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*. Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Topic is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information beyond the applicable statute of limitations in this case. Defendant further objects that its "overall financial condition" is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because information sought has no connection to any claim or defense in this case. Based on the foregoing objections, Defendant will not produce a witness to testify regarding this Topic.

**TOPIC NO. 33.**    Defendant Alliance Entertainment, LLC's data retention policies and any litigation hold or other actions Defendant Alliance Entertainment, LLC has taken following learning of this action to preserve potentially relevant documents and electronically stored information.

**OBJECTIONS:**

Defendant objects to proceeding further with this case, including responding to discovery, pending completion of settlement approval proceedings in *Hoang To v. DirectToU, LLC*.

Defendant objects to producing documents or information prior to entry of an appropriate Protective Order and ESI Protocol. Defendant restates and incorporates by reference the General Objections. In addition to the General Objections, Defendant objects that this Topic appears to seek information protected by the attorney-client privilege and the attorney work-product doctrine; Defendant will not provide such information and will interpret this Topic as not seeking such information. Subject to and without waiving the foregoing objections, if this case continues, Defendant will produce a witness to testify generally regarding its document preservation efforts and data retention policies.

Dated: November 11, 2024                           Respectfully submitted,

                                                   **BAKER & HOSTETLER LLP**
                                                   One North Wacker Drive
                                                   Suite 3700
                                                   Chicago, IL  60606-2859
                                                   Telephone:   312.416.6200
                                                   Facsimile:   312.416.6201

                                                   *Attorneys for Defendants*

                                                   By:    */s/Bonnie DelGobbo*
                                                          Bonnie DelGobbo

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on November 11, 2024, the foregoing document

was served on counsel for Plaintiffs via email.

FRANK S. HEDIN
ARUN G. RAVINDRAN
ELLIOT O. JACKSON
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
fhedin@hedinllp.com
aravindran@hedinllp.com
ejackson@hedinllp.com


*/s/ Bonnie DelGobbo*
Bonnie DelGobbo