# COMPOSITE EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 0:24-cv-61444-RAR |
| v. | |
| ALLIANCE ENTERTAINMENT, LLC; et al., | |
| Defendants. | |

**DEFENDANTS ALLIANCE ENTERTAINMENT, LLC AND DIRECTTOU, LLC'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS
DOUGLAS FELLER, JEFFRY HEISE, AND JOSEPH MULL**

Defendants Alliance Entertainment, LLC and DirectToU, LLC ("Defendants"), by their attorneys and pursuant to Federal Rule of Civil Procedure 26 and 34, respectfully serves the following requests for production of documents ("Document Requests") upon Plaintiffs Douglas Feller, Jeffrey Heise, and Joseph Mull ("Plaintiffs"). Defendants request that Plaintiffs produce the documents requested herein that are in Plaintiffs' possession, custody, or control—or in the possession, custody, or control of any of his representatives, attorneys or agents—to Defendants' attorneys at Baker & Hostetler, LLP, One North Wacker Drive, Suite 3700, Chicago, IL 60606, Attn: Bonnie Keane DelGobbo, within thirty (30) days after the date of service of this request.

**Instructions for Responding**

A.    You are required, in responding to these Document Requests, to obtain and furnish all information available to you and any of your current or former representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your

possession, custody, or control, or in the possession, custody, or control of any of your current or former representatives, employees, agents, servants, or attorneys.

      B.    These Document Requests are deemed to be continuing and to require the furnishing of additional, updated, or revised information as it may become available or is acquired by you or any of your current or former representatives, employees, agents, servants, or attorneys. Where knowledge or information in the possession of each Plaintiff is requested, such a request includes knowledge or information in the possession of each Plaintiff's current or former representatives, employees, agents, servants, and, unless privileged, attorneys. An incomplete or evasive answer is deemed to be a failure to answer.

      C.    All documents that are stored or maintained in files shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

      D.    If you object to part of any Document Request, please furnish information and documents responsive to the remaining part of the Document Request to which you have no objection.

      E.    Each Document Request refers to all information and documents that are either known by each Plaintiff to exist or that can be located or discovered by reasonably diligent efforts of each Plaintiff.

      F.    The documents produced in response to these Document Requests shall include all attachments and enclosures. All documents produced in response to these Document Requests shall be produced with their original document breaks, notwithstanding the fact that portions of the documents may contain information not requested.

      G.    References herein to the singular include the plural. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

H.      Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

(1) The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(2) The following information shall be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.

3

I.      Each Document Request shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom the Document Request is addressed. In addition, each Document Request should be considered as including a demand for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

J.      With respect to any document requested which was once in the possession, custody, or control of each Plaintiff, but no longer is, please indicate the date the document ceased to be in the possession, custody, or control of each Plaintiff, the manner in which it ceased to be in the possession, custody, or control of each Plaintiff, and the name and address of its present custodian. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

K.      Unless otherwise indicated, the time period covered by these Requests is from August 8. 2022, to the present.

### Definitions

A.      Browser. The term "browser" means any application for accessing websites including, but not limited to, Chrome, Internet Explorer, Safari, Mozilla Firefox, and Microsoft Edge.

B.      Device. The term "device" means any electronic device, including but not limited to computers, tablets, handheld devices, mobile phones, and the like, that Plaintiffs used to access the Website.

C.      Alliance. The term "Alliance" means Defendant Alliance Entertainment, LLC.

D.      DirectToU. The term "DirectToU" means Defendant DirectToU, LLC.

E.      Relating to.  The term "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

F.      Pixel. The term "Pixel" shall refer to the Facebook or Meta Pixel as alleged was used on the Website in Plaintiff's Complaint.

G.      Personally identifiable information/PII. The term "personally identifiable information" or "PII" means personally identifiable information as defined under 18 U.S.C. § 2710(a)(3).

H.      Possession/custody/control. The terms "possession, custody, or control" means the joint or individual possession, custody, or control by each Plaintiff or by any other person acting or purporting to act on behalf of each Plaintiff, whether as employee, attorney, accountant, sponsor, spokesperson, or otherwise.

I.      VPPA. The term "VPPA" means the Video Privacy Protection Act codified at 18 U.S.C. § 2701 *et seq.*

J.      Website. The term "Website" means the websites at issue in Plaintiffs' Complaint, including but not limited to https://www.moviesunlimited.com/, https://www.ccvideo.com/, https://www.deepdiscount.com/, https://www.ccmusic.com/, and https://www.wowhd.co.uk/.

## **REQUESTS FOR DOCUMENTS**

1.      For each Plaintiff, a forensic image of each of your Devices. A request is further made pursuant to Fed. R. Civ. P. 34(a)(1)(B) to make each of your Devices available for a forensic inspection by a vendor to be retained by Defendants at an agreed time and place.

2.      For each Plaintiff, all documents relating to your activity on Facebook during the time period for which you seek damages in your Complaint, including but not limited to a complete download of your Facebook activity and all information in your Facebook account. For each Plaintiff, a request is further made pursuant to Fed. R. Civ. P. 34(a)(1)(A) to make your Facebook account available for a forensic inspection by a vendor to be retained by Defendants at an agreed time and place.

3.      For each Plaintiff, all documents identified or requested to be identified in response to Defendants' First Set of Interrogatories to Plaintiffs.

4.      For each Plaintiff, all documents you relied upon in answering any Interrogatories served upon you in this action.

5.      For each Plaintiff, a true and correct copy of every form of identification (*i.e.*, driver's license, voter's registration card, birth certificate, and passport) that has been issued to or used by each Plaintiff in the seven years prior to the filing of the Complaint. Plaintiffs may produce such information confidentially.

6.      For each Plaintiff, documents sufficient to show each Plaintiff's residential address history for the past 10 years.

7.      For each Plaintiff, all statements taken by each Plaintiff or on each Plaintiff's behalf from any person or entity identified by any party in response to any Interrogatories or initial disclosures in this case.

6

8.      For each Plaintiff, all communications, including emails, text messages, social media direct messages, or other electronic communications, sent or received by you to or from anyone relating to your use of the Website or the events which form the basis of your claims against Defendants.

9.      For each Plaintiff, all communications, including emails, text messages, social media direct messages, or other electronic communications, sent by you to anyone relating to movies or videos you have viewed or your movie or video viewing preferences.

10.     For each Plaintiff, all documents related to each Plaintiff's use of the Website, including but not limited to all documents showing the pages each Plaintiff visited on the Website, any videos each Plaintiff watched on the Website, and/or the dates and times of such activity.

11.     For each Plaintiff, all documents that evidence or support your claim that Alliance or DirectToU shared personally identifiable information with any third-party.

12.     For each Plaintiff, all documents evidencing any personally identifiable information that you shared or uploaded to your Facebook account and/or the dates and times on which any personally identifiable information was added to or removed from your Facebook account.

13.     For each Plaintiff, all files, correspondence, notes, records, or other documents made or kept by you (or anyone on your behalf) regarding the subject matter or matters of this lawsuit.

14.     For each Plaintiff, all documents related to Alliance and DirectToU in each Plaintiff's possession, custody, or control.

15.     For each Plaintiff, all releases or settlement agreements between you and any other person or entity signed since January 1, 2019.

7

4892-3410-1225.1

16.     For each Plaintiff, all documents that evidence or support the establishment (including existence and amount) of damages you claim to have suffered as a result of anything Alliance and/or DirectToU did or failed to do, including but not limited to all statements, invoices, or bills received by each Plaintiff in relation to any loss or damage each Plaintiff claims he or she suffered from his or her use of the Website.

17.     For each Plaintiff, all applications, contracts, invoices, attorney retainer or fee agreements, descriptions of worked performed, notes, notices, or other documents reflecting any costs, charges, or expenses incurred by you, for which you are seeking reimbursement in this lawsuit, including attorney fees, costs, and expenses.

18.     For each Plaintiff, all documents, correspondence, declaration pages, interest rate charts, data compilations, tangible things, or any other evidentiary material on which a computation of damages is based, including materials bearing on the nature and extent of damages allegedly suffered.

19.     For each Plaintiff, all correspondence, bills, data, reports, invoices, records, notes, or other documents received from third parties or produced to you, formally or informally, in response to a request or subpoena from you regarding the subject matter of this lawsuit.

20.     For each Plaintiff, all pleadings, discovery responses, statements, awards, or deposition transcripts in any other lawsuit, arbitration, or mediation in which you are or were a party since January 1, 2019.

21.     For each Plaintiff, all reports, including factual observations, tests, supporting data, calculations, photographs, reports, analysis, correspondence, notes, computer printouts, databases, portions of scholarly works, opinions, or other documents prepared by or for each expert or lay opinion witness each Plaintiff expects to call at the trial of this cause. In the event such reports

8

have not been recorded or reduced to a tangible form, a request is hereby made that they be reduced

to a tangible form and produced.

22.    For each Plaintiff, all documents or tangible evidence of every sort, including but

not limited to, reports, analysis, correspondence, notes, computer printouts, databases, scholarly

works, or other documents provided by you or your attorney to any consulting expert whose

opinion or impressions have been reviewed by an expert expected to testify at trial.

23.    For each Plaintiff, all files, correspondence, notes, records, or other documents

which each Plaintiff expects to introduce as evidence at trial or which each Plaintiff intends to use

at trial in any matter.


Dated:  October 4, 2024                    Respectfully submitted,

                                           */s/ Joel Griswold*
                                           Joel Griswold (Florida Bar No. 1008827)
                                           Bonnie Keane DelGobbo (*pro hac vice*)
                                           Baker & Hostetler LLP
                                           One North Wacker Drive
                                           Suite 3700
                                           Chicago, Illinois 60606
                                           T: (312) 416-6200
                                           F: (312) 416-6201
                                           jcgriswold@bakerlaw.com
                                           bdelgobbo@bakerlaw.com

                                           *Attorneys for Defendants*
                                           *Alliance Entertainment, LLC*
                                           *DirectToU, LLC,*
                                           *d/b/a Collectors' Choice Music*

9

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on October 4, 2024, the foregoing document was sent via email to all counsel of record.

*/s/ Joel Griswold*_____
Joel Griswold

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

| | |
|---|---|
| DOUGLAS FELLER; JEFFRY HEISE; JOSEPH MULL, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 0:24-cv-61444-RAR |
| v. | |
| ALLIANCE ENTERTAINMENT, LLC; et al., | |
| Defendants. | |

**DEFENDANTS ALLIANCE ENTERTAINMENT, LLC AND DIRECTTOU, LLC'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFFS DOUGLAS FELLER, JEFFRY**
**HEISE, AND JOSEPH MULL**

Defendants Alliance Entertainment, LLC and DirectToU, LLC ("Defendants"), by their attorneys and pursuant to Federal Rule of Civil Procedure 26 and 33, respectfully serve the following interrogatories ("Interrogatories") upon Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull ("Plaintiffs").

**Instructions for Responding**

A.      You are required, in responding to these Interrogatories, to obtain and furnish all information available to you and any of your current or former representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession, custody, or control, or in the possession, custody, or control of any of your current or former representatives, employees, agents, servants, or attorneys.

B.      These Interrogatories are deemed to be continuing and to require the furnishing of additional, updated, or revised information as it may become available or is acquired by you or any of your current or former representatives, employees, agents, servants, or attorneys. Where

knowledge or information in the possession of each Plaintiff is requested, such a request includes knowledge or information in the possession of each Plaintiff's current or former representatives, employees, agents, servants, and, unless privileged, attorneys. An incomplete or evasive answer is deemed to be a failure to answer.

C.      Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reason(s) for objection shall be stated in lieu of an answer.

D.      If you object to part of any Interrogatory, please furnish information and Documents responsive to the remaining part of the Interrogatory to which you have no objection.

E.      Each Interrogatory refers to all information and Documents that are either known by each Plaintiff to exist or that can be located or discovered by reasonably diligent efforts of each Plaintiff.

F.      References herein to the singular include the plural. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

G.      Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, including but not limited to a deposition, and an answer is not provided on the basis of such assertion,

   (1) The person asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

   (2) The following information shall be provided in the objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the Court.

H.      With respect to any Document requested which was once in the possession, custody, or control of each Plaintiff, but no longer is, please indicate the date that Document ceased to be in the possession, custody, or control of each Plaintiff, the manner in which it ceased to be in the possession, custody, or control of each Plaintiff, and the name and address of its present custodian. If any Documents requested herein have been lost or destroyed, the Documents so lost or destroyed shall be identified by author, date and subject matter.

I.      Unless otherwise indicated, the time period covered by these Requests is from August 8, 2022, to the present.

## **Definitions**

A.      Browser. The term "browser" means any application for accessing websites including, but not limited to, Chrome, Internet Explorer, Safari, Mozilla Firefox, and Microsoft Edge.

B.      Device. The term "device" means any electronic device, including but not limited to computers, tablets, handheld devices, mobile phones, and the like, that Plaintiffs used to access the Website.

C.      Alliance. The term "Alliance" means Defendant Alliance Entertainment, LLC.

D.      DirectToU. The term "DirectToU" means Defendant DirectToU, LLC.

E.      Relating to.  The term "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

F.      Pixel. The term "Pixel" shall refer to the Facebook or Meta Pixel as alleged was used on the Website in Plaintiffs' Complaint.

G.      Personally identifiable information/PII. The term "personally identifiable information" or "PII" means personally identifiable information as defined under 18 U.S.C. § 2710(a)(3).

H.      Possession/custody/control. The terms "possession, custody, or control" means the joint or individual possession, custody, or control by each Plaintiff or by any other person acting or purporting to act on behalf of each Plaintiff, whether as employee, attorney, accountant, sponsor, spokesperson, or otherwise.

I.      VPPA. The term "VPPA" means the Video Privacy Protection Act codified at 18 U.S.C. § 2701 *et seq.*

J.      Website. The term "Website" means the websites at issue in Plaintiffs' Complaint operated by either Defendant, including but not limited to https://www.moviesunlimited.com/, https://www.ccvideo.com/, https://www.deepdiscount.com/, https://www.ccmusic.com/, and https://www.wowhd.co.uk/.

## INTERROGATORIES

1.      For each Plaintiff, Identify and describe all persons or entities whom you believe have knowledge of the facts relating to the claims and/or defenses that were or are asserted in this case and describe the facts of which you believe they have knowledge.

2.      For each Plaintiff, identify all persons with knowledge of facts concerning his use of the Website and/or his use of Facebook and describe the facts of which you believe they have knowledge.

3.      For each Plaintiff, identify all persons with knowledge of facts concerning any Devices and/or any browsers used by each Plaintiff to access the Website and describe the facts of which you believe they have knowledge.

4.      For each Plaintiff, identify all third parties that he contends his personally identifiable information was shared with by Alliance or DirectToU, including identifying which Defendant allegedly shared information with each third party.

5.      For each Plaintiff, identify and describe all of his personally identifiable information that each Plaintiff contends was shared with third parties by Alliance or DirectToU, including identifying which Defendant allegedly shared which information.

6.      For each Plaintiff, for each item or category of damages you claim to have suffered because of some action or inaction by Alliance or DirectToU, identify and describe the nature and amount of the damages sought from each Defendant, how the damages sought from each

Defendant were calculated, and the facts supporting your claim that the damages resulted from some action or inaction of Alliance or DirectToU.

Dated:  October 4, 2024

Respectfully submitted,

*/s/ Joel Griswold*
Joel Griswold (Florida Bar No. 1008827)
Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP
One North Wacker Drive
Suite 3700
Chicago, Illinois 60606
T: (312) 416-6200
F: (312) 416-6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

*Attorneys for Defendants*
*Alliance Entertainment, LLC*
*DirectToU, LLC,*
*d/b/a Collectors' Choice Music*

4890-7202-8905.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on October 4, 2024, the foregoing document was sent via email to all counsel of record.

_/s/ Joel Griswold_____

Joel Griswold