# EXHIBIT I

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-61444-RAR

DOUGLAS FELLER; JEFFRY HEISE;
JOSEPH MULL, individually and on behalf of all
others similarly situated,

Plaintiffs,

    v.

ALLIANCE ENTERTAINMENT, LLC; AND
DIRECTTOU, LLC D/B/A COLLECTORS'
CHOICE MUSIC, CRITICS' CHOICE VIDEO,
MOVIES UNLIMITED, DEEPDISCOUNT, AND
WOW HD,

Defendant.

---

### <u>JOINT STATUS REPORT</u>

Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull (collectively, "Plaintiffs"), and

Defendants Alliance Entertainment, LLC and DirectToU, LLC (collectively, "Defendants")

submit this Joint Status Report and state as follows:

<u>Plaintiffs' Position:</u>

On November 12, 2024, this Court stayed and administratively closed this action pending

resolution of a motion for preliminary approval of a proposed class action settlement filed in the

action *Hoang To v. DirectToU,* LLC, No 3:24-CV-06447-WHO (N.D. Cal.).

On December 16, 2024, the court presiding over the *Hoang To* action denied the motion

for preliminary approval of the proposed settlement, expressing concern about whether sufficient

discovery was obtained by the plaintiff, prior to entering into the proposed settlement, concerning

the issue of Defendant's alleged disclosures of customer information to third parties other than

Meta Platforms, Inc. ("Meta"). In its Order denying the motion for preliminary approval, the Court

"encourage[d] all counsel – for the parties and for *Feller* – to meet and confer to determine if a revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims," or alternatively to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached after sufficient discovery, all showing why the settlement is fair, reasonable, and adequate." *Hoang To*, ECF 57 at 1. Additionally, in the same Order, the court presiding over the *Hoang To* action denied the motion filed by the *Feller* Plaintiffs to dismiss, stay, or transfer (to this Court) the *Hoang To* action pursuant to the first-to-file doctrine – a motion that the Defendant opposed (*Hoang To*, ECF No. 34) – explaining that the *Hoang To* action "has moved further along." *Hoang To*, ECF No. 57 at 1.

Following the court's denial of the motion for preliminary approval, counsel for the plaintiff in *Hoang To* and the counsel for Plaintiffs in the instant *Feller* action reached an agreement to jointly prosecute this litigation going forward.

On January 17, 2025, the plaintiff in the *Hoang To* action filed a motion to open third-party discovery to enable the plaintiff to obtain sufficient discovery concerning Defendant's alleged disclosures of its customers' information to third parties other than Meta, as the court presiding over the *Hoang To* action has required. *Hoang To*, ECF No. 59. On January 21, 2025, Defendant filed a response in opposition to that motion. *Id.*, ECF No. 60.

On January 21, 2024, the court in the *Hoang To* action scheduled an initial case management conference for February 4, 2024, at which time the court "will address the request for third-party discovery and set a case schedule as necessary." *Hoang To*, ECF No. 61. The court further ordered the parties to submit a joint case management statement by January 28, 2025. The parties have prepared a joint case management statement that they intend to submit tomorrow.

On January 27, 2025, Defendant filed a motion to transfer the *Hoang To* action to this Court pursuant to the first-to-file doctrine – after having previously opposed the exact same motion filed by the *Feller* Plaintiffs. Both the Plaintiffs in this action and the plaintiff in the *Hoang To* action oppose transfer of the *Hoang To* action to this Court, and intend to file a response in opposition to Defendant's motion by the opposition deadline of February 10, 2025. Plaintiffs in both actions believe that the litigation should remain in the Northern District of California, where Judge Orrick expended considerable time analyzing the issues in this litigation in the course of resolving the parties' motion for preliminary approval. Moreover, as mentioned above, Defendant previously argued that the Northern District of California was the appropriate forum in opposing the *Feller* Plaintiffs' motion to dismiss, stay, or transfer to this Court the *Hoang To* action under the first-to-file rule, and the court presiding over the *Hoang To* action recently declined to transfer the case to this Court on first-to-file grounds (*Hoang To*, ECF No. 57). Litigation is not a game of ping pong, and Defendant should not be permitted to bounce back and forth on both sides of this issue.

Pursuant to the joint prosecution agreement between the plaintiffs' counsel in this action and the *Hoang To* action, the plaintiff in the *Hoang To* action plans to seek leave to amend his operative complaint, including to, *inter alia*, add the *Feller* Plaintiffs as named plaintiffs in the *Hoang To* case. Should that motion be granted, the *Feller* Plaintiffs will become plaintiffs in the *Hoang To* action and will thus promptly dismiss the instant *Feller* action so that the litigation may proceed in the Northern District of California. But to protect the interests of putative class members, the *Feller* Plaintiffs cannot dismiss this case until the court presiding over the *Hoang To* action decides the plaintiff's forthcoming motion for leave to amend.

In sum, all plaintiffs and their counsel agree that the litigation should proceed in a consolidated manner in the Northern District of California, where Judge Orrick has already expended considerable time familiarizing himself with the dispute and the relevant legal and factual issues. And all plaintiffs and their counsel expect that an amended complaint will be filed shortly in the *Hoang To* action that adds the *Feller* Plaintiffs to the *Hoang To* action, at which point the instant *Feller* action will be promptly dismissed.

Defendants' Position:

On December 16, 2024, the court presiding over *Hoang To v. DirectToU*, LLC, No 3:24-CV-06447-WHO (N.D. Cal.) denied without prejudice Plaintiff Hoang To's Motion for Preliminary Approval of Class Action Settlement. The court reasoned that Plaintiff Hoang To had "barely addressed" the non-Meta pixel claims in the briefing or at oral argument and that it consequently was "not clear to [the Court] that Hoang To had sufficient (or any) discovery regarding defendant's potential liability for disclosures to data brokers or that defendant provided sufficient information discovery" on this issue. (*Hoang To* ECF 57 at 5.) The Court "encourage[d] all counsel – for the parties and for *Feller* – to meet and confer to determine if a revised global settlement can be reached that appropriately accounts for the non-Meta pixel claims," or alternatively to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims and additional support demonstrating that the existing settlement was reached after sufficient discovery, all showing why the settlement is fair, reasonable, and adequate." (ECF 57 at 1.)

In compliance with the Court's order, and in compliance with Section 10.1 of the Parties' Class Action Settlement Agreement ("Settlement Agreement") (*Hoang To* ECF 26-2) which obligated Plaintiff Hoang To and DirectToU to work together in good faith to secure preliminary

approval and final approval of the settlement (ECF 26-2 at § 10.1), DirectToU continued working with Plaintiff Hoang To to provide additional informal discovery concerning the non-Meta pixel claims as well as justification for valuation of those claims.

On January 13, 2025, Plaintiff Hoang To's counsel for the first time made statements to DirectToU that seemed noncommittal as to whether Plaintiff Hoang To intended to pursue preliminary approval of the existing settlement agreement. The next day, on January 14, 2025, DirectToU suggested to Plaintiff Hoang To that Plaintiff Hoang To, Defendant, and the counsel in the *Feller* action participate in a joint settlement conference with a magistrate judge, in compliance with the other alternative that the *Hoang To* Court had raised in its December 16 Order should the parties not file a renewed motion for preliminary approval of the existing settlement agreement. Plaintiff Hoang To refused to further discuss settlement unless DirectToU would first agree that Plaintiff Hoang To could unilaterally seek third-party discovery from the companies with which DirectToU allegedly shared information, while other discovery and case proceedings remained stayed.

On January 17, 2025, Plaintiff Hoang To filed a motion asking the court to allow them to serve limited third-party discovery. (*Hoang To* ECF 59.) Attached to that motion was a declaration revealing that Plaintiff Hoang To and Plaintiffs Douglas Feller, Jeffry Heise, and Joseph Mull ("*Feller* Plaintiffs") have entered into a Joint Prosecution Agreement in relation to the pending cases. (Hoang To ECF 59-1 at ¶ 7.) DirectToU filed an opposition on January 21, 2025, explaining that because preliminary approval of the settlement had been denied and the parties had reached impasse on further settlement discussions, DirectToU intended to file a first-filed motion to dismiss the *Hoang To* case or alternatively to transfer it to the Southern District of Florida, where

this earlier-filed case in which the same third-party discovery that Hoang To is seeking leave to serve has already been served. (*Hoang To* ECF 60.)

On January 22, 2025, Plaintiff Hoang To's counsel stated that Plaintiff Hoang To would seek leave to file an amended complaint naming the *Feller* Plaintiffs as additional named plaintiffs. DirectToU intends to oppose amendment and move forward with its motion to dismiss, or alternatively to transfer or stay, the *Hoang To* action under the first-filed doctrine. Because preliminary approval of the class settlement was denied in the *Hoang To* action and the parties reached impasse on further settlement discussions, this *Feller* case is more advanced than the Hoang To action and should move forward. In particular, no response has yet been filed to the complaint in *Hoang To*, discovery has not yet commenced, and no case schedule has been set. In contrast, in this *Feller* action, Defendants have already responded to written discovery requests; the *Feller* Plaintiffs already served third-party discovery requests on Meta as well as on the data brokers with whom Defendants allegedly shared Plaintiffs' information (presumably the same third-party discovery that Plaintiff Hoang To now seeks to serve in the *Hoang To* action); Alliance and DirectToU filed a motion to dismiss the complaint on November 1, 2024 that was pending at the time this case was administratively closed; and the *Feller* Plaintiffs' responses to Defendants' discovery requests were due the day this case was administratively closed.

Defendants respectfully request that the Court grant the Parties 14 days to meet and confer and submit a revised scheduling order for the remainder of this case.

Dated: January 27, 2025

Respectfully submitted,

*/s/ Joel Griswold (w/ permission)*
Joel Griswold (Florida Bar No. 1008827)
Bonnie Keane DelGobbo (*pro hac vice*)
Baker & Hostetler LLP

One N. Wacker Dr., Ste. 3700
Chicago, Illinois 60606
T: (312) 416-6200
F: (312) 416-6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

*Attorneys for Defendants Alliance
Entertainment, LLC and DirectToU, LLC,
d/b/a Collectors' Choice Music*

Dated: January 27, 2025

Respectfully submitted,

*/s/ Frank S. Hedin*

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave, Suite 610
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinllp.com