JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
(310) 601-6766 (Tel.)
(310) 295-2385 (Fax)

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Counsel for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN HOANG TO**; **JEFFRY HEISE**; and **JOSEPH MULL**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRECTTOU, LLC**, a Delaware Limited Liability Company; and **ALLIANCE ENTERTAINMENT, LLC**, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. 3:24-CV-06447-WHO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION TO LIFT STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Judge:   Hon. William H. Orrick<br>Courtroom:   2<br>Hearing Date:   September 17, 2025<br>Hearing Time: 2:00 p.m. |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT** on September 17, 2025 at 2:00 p.m. or as soon thereafter as this matter may be heard before the Honorable William H. Orrick in Courtroom 2, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Jonathan Hoang To, Jeffry Heise, and Joseph Mull will respectfully move the Court to lift the stay imposed by the Court in its Order Granting Defendant's Motion to Compel Arbitration, Dkt. 93, for the limited purpose of pursuing preliminary and final approval of the proposed Class Action Settlement Agreement between the Parties, and for no other purpose. Lifting the stay is necessary to allow Plaintiffs to seek preliminary and final approval of a class action settlement entered into with Defendants DirectToU, LLC and Alliance Entertainment, LLC.  Defendants do not oppose this Motion.

Respectfully submitted,

DATED:   August 8, 2025                                     /s/ Julian Hammond
                                                                                               Julian Hammond
                                                                                               *Attorneys for Plaintiffs and Proposed Class Counsel*

# MEMORANDUM OF POINTS AND AUTHORITIES

On June 13, 2025, the Court issued an order granting Defendants' motion to compel individual arbitration, and stayed the case pending binding individual arbitration. (Dkt. 93, p. 9:22-23). On June 12, 2025, one day before the Court issued its Order, the parties entered into a proposed Class Action Settlement Agreement that resolves the individual and class claims alleged in Plaintiffs' operative Third Amended Complaint.

Plaintiffs now request that the Court lift the stay for the limited purpose of ruling on their concurrently filed Motion for Preliminary Approval of Class Action Settlement. Defendants do not oppose this request.

"'The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.'" *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2011 U.S. Dist. LEXIS 72847, at *4 (N.D. Cal. July 7, 2011) (citation omitted). The court may lift a stay "'[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate.'" *Id.*; see also *Evolutionary Intelligence, LLC v. LivingSocial, Inc.,* No. 13-cv-04205-WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014) (same).

Here, the circumstances have changed such that it is appropriate for the stay to be lifted for the limited purpose of pursuing preliminary and final approval of a class settlement. The parties have reached a proposed class-wide settlement, and lifting the stay is now appropriate to allow the Court to evaluate the proposed Settlement. Under the express terms of the Settlement, Defendants retain all arbitration-related rights should the Court not approve the Settlement or the Settlement does not otherwise become Final. Granting Plaintiffs' request will further the Ninth Circuit's "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Briseño v. Henderson*, 998 F.3d 1014, 1031 (9th Cir. 2021) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).

///

Accordingly, Plaintiffs respectfully request that the Court lift the stay for the limited purpose of pursuing preliminary and final approval of the Class Action Settlement Agreement.

Respectfully submitted,

DATED: August 8, 2025

/s/ Julian Hammond
Julian Hammond
*Attorneys for Plaintiff and Proposed Class Counsel*