1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**JONATHAN HOANG TO**; **JEFFRY HEISE**; and **JOSEPH MULL**, individually and on behalf of all others similarly situated,

   Plaintiffs,

   vs.

**DIRECTTOU, LLC**, a Delaware Limited Liability Company; and **ALLIANCE ENTERTAINMENT, LLC**, a Delaware Limited Liability Company,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:24-CV-06447-WHO

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

Judge:   Hon. William H. Orrick
Courtroom:  2

WHEREAS, a class action is pending before the Court entitled *Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC*; and

WHEREAS, Plaintiffs Jonathan Hoang To, Jeffry Heise, and Joseph Mull and Defendants DirectToU, LLC and Alliance Entertainment, LLC have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the Court having read and considered the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised on all aspects of this dispute,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final

1

Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law; and (e) nothing about Defendants' participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed a waiver of Defendants' right to compel individual arbitration should the Settlement Agreement not become Final, nor shall it be deemed a waiver of Defendants' right to compel individual arbitration of the claims of any person within the Settlement Class who excludes themselves from the Settlement in accordance with Paragraph 4.5.

**Final Approval Hearing**

5.      The Final Approval Hearing shall be held before this Court on _____, at _____ via Zoom [Zoom Webinar ID: 161 181 2513; Zoom Password: 478314] to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.      Class Counsel shall file papers in support of their Fee Award and Class Representative Incentive Award (collectively "Fee Petition") on or before _____ [Suggested date of 106 days after entry of this Order, (i.e. 14 days before the Objection/ Exclusion Deadline).

**Certification of the Settlement Class**

7.      For purposes of settlement only: (a) Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. and Frank Hedin of Hedin LLP are appointed Class Counsel for the Settlement Class; and (b) Jonathan Hoang To, Jeffry Heise, and Joseph Mull are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the

2

responsibilities of Class Counsel and that Plaintiffs Hoang To, Heise, and Mull will adequately protect the interests of the Settlement Class defined below.

8.     For purposes of settlement only, the Court conditionally certifies (i.e., finds that it will likely be able to certify) the following Settlement Class as defined in the Settlement Agreement:

> All persons who reside in the United States, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendants unlawfully disclosed to third parties Plaintiffs' and the Settlement Class's PII without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiffs and the Settlement Class members are entitled to uniform statutory damages under the VPPA); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action. Excluded from the Class are (1) any Judge presiding over this Action and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute

and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

9.      If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

### Notice and Administration

10.      The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including Settlement Claim Form (the "Claim Form") attached to the Settlement Agreement as **Exhibit A**, the notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and **Exhibits B** and **C** thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11.      The Court approves the request for the appointment of _____ as Settlement Administrator of the Settlement Agreement.

12.      Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement

4

Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

### Submission of Claims and Requests for Exclusion from Class

13.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within the time specified in the Notice. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Class. Any such person may do so if, on or before the Objection/ Exclusion Deadline of _____ [suggested date of 60 days after Notice Date] they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

14.     Any members of the Settlement Class who elect to exclude themselves or "opt out" of the settlement, must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, his/her signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of the Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be permitted.

15.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

### Appearances and Objections

16.     Any members of the Settlement Class who have not timely filed a request for  exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the

5

Settlement Agreement, or to the Attorneys fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

17.    To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of no later than sixty (60) days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including an attestation under penalty of perjury; his or her signature; and all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court. If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

18.    Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award for

6

the Class Representative.

19.     To be valid, objections must be filed with the Court and sent to the following: Class Counsel Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak, HammondLaw, P.C., 1201 Pacific Ave., 6th Floor, Tacoma, WA 98402; and Defense Counsel Joel Griswold and Bonnie Keane DelGobbo, Baker Hostetler, 1 N. Wacker Dr., Ste. 3700, Chicago, IL 60606. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

## **Further Matters**

20.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

22.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

23.     Any Settlement Class Member who does not timely and validly submit a claim:  shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be  bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders  and judgments in the Action relating thereto, including, without limitation, the Judgment or  Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or  unfavorable to the Class; and (c) shall forever be barred and enjoined from directly or indirectly   filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in  the United States or elsewhere, on their own behalf or in a representative capacity, that is based  upon or arises out of any or all of the Released Claims against any of the Defendants and the  other Released Parties, as more fully described in the Settlement Agreement.

24.     If the Settlement Agreement is not approved by the Court in complete accordance with its material terms, each party will have the option of having the Action revert to its status as if the Settlement

Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

25.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision relating to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto (including the Released Parties), shall not be deemed or construed to be an admission by any party (including the Released Parties) of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party (including the Released Parties) and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party (including the Released Parties) may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED, this _____day of _____, 2025.


_____
The Hon. William H. Orrick

**EXHIBIT A**

*Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC*

In the U.S. District Court for the Northern District of California
Case No. 3:24-cv-06447

**Settlement Claim Form**

> **If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [_____], or submitted online on or before [_____].**

Please read the full notice of this settlement (available at WEB ADDRESS) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

> **ONLINE:**    Submit this Claim Form at WEB ADDRESS.
>
> **MAIL:**        **[ADDRESS]**

## PART ONE: CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

|  |  |
|---|---|
| **FIRST NAME** | **LAST NAME** |

**STREET ADDRESS**

|  |  |  |
|---|---|---|
| **CITY** | **STATE** | **ZIP CODE** |

**EMAIL ADDRESS**

## PART TWO: COMPENSATION

You may be entitled to receive a payment if you are a member of the settlement class, you timely submit a valid claim form, and the settlement receives final approval. The payment will be sent in the form of a check, unless otherwise indicated. If you would like payment in a different form, please select **one** of the following options:

☐ **Prepaid Mastercard** – Enter the **email address** where you will receive the Prepaid Mastercard:

☐ **Venmo** – Enter the mobile number associated with your Venmo account: ___ - ___ - ____

☐ **Zelle** – Enter the email address or mobile number associated with your Zelle account:

_____

☐ **PayPal** – Enter your PayPal email address: _____

☐ **Physical Check** – Payment will be mailed to the address provided above.

## PART THREE: ATTESTATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that all of the information on this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.

|  |  |
|---|---|
| **SIGNATURE** | **DATE** |

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC*

**U.S. District Court for the Northern District of California, Case No. 3:24-cv-06447**

**Our Records Indicate You Have Purchased a Video or Videogame or Signed Up to Receive Notices About Videos or Videogames from DirectToU LLC and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are __not__ being sued. This is __not__ a solicitation from a lawyer.*

This notice is to inform you that a settlement has been reached in a class action lawsuit claiming that DirectToU LLC ("DirectToU") and Alliance Entertainment, LLC ("Alliance") (collectively, "Defendants") disclosed customers' personally identifiable information ("PII") to third parties, allegedly without consent in violation of the Video Privacy Protection Act (the "VPPA") and California law. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendants deny that they violated any law. The Court has not determined who is right. Rather, the parties have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are all persons who reside in the United States, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

**What Can I Get?** If the settlement is approved by the Court, Defendant will establish a Settlement Fund of $1,577,000.00 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* share of the Settlement Fund. The Settlement also requires Defendants to modify the Facebook Pixel settings on Defendants' Websites so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California, or a California state court of general jurisdiction).

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. You can file a claim by clicking [**here.**] Your payment will come by check unless you elect to receive payment electronically by a prepaid Mastercard, Venmo, Zelle, or PayPal.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator at the following address: [ADD ADDRESS]. Exclusion requests must be postmarked no later than **[objection/exclusion deadline]** and must include your name and address, your signature, the name and number of this case, and a statement that you wish to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than the address designated in this Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. No other person may sign on behalf of the Person seeking exclusion, including the Person's attorney. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendants over the legal issues in the lawsuit.

Alternatively, you may object to this Settlement. If you intend to object to this Settlement, you must present the objection in writing, which must be personally signed by you, and must include (1) your name and address; (2) an explanation of the basis upon which you claim to be a Settlement Class Member, including an attestation under penalty of perjury that you purchased a video from Defendants' websites; (3) all grounds for the objection, including citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court). No other person may sign on your behalf, including your attorney. If you or any of the Objecting Attorneys has objected to any class action settlement where you or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the Final Judgment shall be pursuant to appeal under the applicable appellate rules and not through a collateral attack. Your written objection must be filed in the U.S. District Court for the Northern District of California, Case No. 3:24-cv-06447, no later than **[objection/exclusion deadline]**.

You may not submit both an objection to the Settlement and a request to be excluded from the Settlement. If you submit both an objection to the Settlement and a request to be excluded from the Settlement, your objection will be deemed null and void.

Specific instructions about how to object to, or exclude yourself from, the Settlement are also available at **[WEB ADDRESS]**. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, as more fully described in the Settlement Agreement, your claims against Defendant and the Released Parties relating to the alleged collection and/or disclosure of your information by or to third parties will be released.

**Who Represents Me?** The Court has appointed lawyers Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. and Frank Hedin of Hedin LLP to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers, they will be paid from the settlement fund. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at **[a/p]**.m. on **[Month 00]**, 2025. Any changes to this date or time will be noted on the court docket for this case and on this website. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs, and decide whether to award the Class Representatives $5,000 each (for a total of $15,000) from the Settlement Fund for their service in helping to bring and settle this case. Class Counsel is entitled to seek up to 25% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement, go to **[WEB ADDRESS]**; contact the settlement administrator at 1-**[_]-[_]-[__]** or DirectToU Privacy Settlement Administrator, **[address]**; or email Class Counsel at [**EMAIL**].

# EXHIBIT C

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC, Case No. 3:24-cv-06447*

**Our Records Indicate You Have Purchased a Video or Videogame or Signed Up to Receive Notices About Videos or Videogames from DirectToU LLC and May Be Entitled to a Payment From a Class Action Settlement.**

*A court authorized this notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against DirectToU LLC ("DirectToU") and Alliance Entertainment, LLC ("Alliance") (collectively, "Defendants"). The class action lawsuit accuses Defendants of disclosing customers' personally identifiable information ("PII") to third parties, allegedly without consent in violation of the Video Privacy Protection Act (the "VPPA") and California law. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendants deny that they violated any law, but have agreed to the settlement to avoid the uncertainties and expenses associated with continuing the case.

- You are included if you are a person who resides in the United States, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval. Persons included in the Settlement will be eligible to receive a pro rata (meaning equal) portion of the Settlement Fund. The Settlement also requires Defendants to modify the Facebook Pixel settings on Defendants' Websites so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California or a California state court of general jurisdiction).

- Read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a payment |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendants about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you do not like the Settlement. |
| **DO NOTHING** | You won't get Your share of the Settlement Fund and You will give up your rights to sue the Defendants and Released Parties about the claims in this case. |

**Your rights and options, and the deadlines to exercise them, are explained in this Notice.**

BASIC INFORMATION

**1.    Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable William H. Orrick of the U.S. District Court for the Northern District of California, is overseeing this case. The case is called *Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC*. The persons who have sued are called the Plaintiffs. The Defendants are DirectToU, LLC and Alliance Entertainment, LLC.

**2.    What is a class action?**

In a class action, one or more people called the class representative (in this case, Jonathan Hoang To, Jeffry Heise, and Joseph Mull) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

**3.    What is this lawsuit about?**

This lawsuit claims that Defendants violated the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq. ("VPPA") and California law by disclosing personally identifiable information ("PII") to third parties via, allegedly without consent. The VPPA defines PII to include information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. The Defendants deny that they violated any law. The Court has not determined who is right. Rather, the Parties have

agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**4.    <u>Why is there a Settlement?</u>**

The Court has not decided whether the Plaintiffs or the Defendants should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

WHO'S INCLUDED IN THE SETTLEMENT?

**5.    <u>How do I know if I am in the Settlement Class?</u>**

The **Settlement Class** is defined as:

All persons who reside in the United States, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

THE SETTLEMENT BENEFITS

**6.    <u>What does the Settlement provide?</u>**

***Monetary Relief***: Defendants have agreed to create a Settlement Fund totaling $1,577,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys fees and costs and the Class Representative's Incentive Award will also come out of this fund (*see* Question 13).

***Prospective Changes***: In addition to this monetary relief, the Settlement also requires Defendants to modify the Facebook Pixel settings on Defendants' Websites so that specific product information is not shared with Facebook and to otherwise cease sharing customer transaction data with third parties except as permitted by the VPPA, unless and until the VPPA is amended, repealed, or otherwise invalidated (including by judicial decision on the use of website pixel technology by the United States Supreme Court, any federal court of appeals, a U.S. federal district court in California, or a California state court of general jurisdiction).

A detailed description of the settlement benefits can be found in the <u>Settlement Agreement</u>. [insert hyperlink]

7.     **How much will my payment be?**

If you are a member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. The amount of this payment will depend on how many of the Class Members file valid claims. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund. Based on historical claim rates, Class Counsel estimates the cash payment to be in the range of $____ to $____, which all depends on how many individuals submit a claim. The actual amount may be higher or lower than those estimates.

8.     **When will I get my Cash Payment?**

The hearing to consider the fairness of the settlement is scheduled for [**Final Approval Hearing Date**]. Any changes to this date or time will be noted on the Court docket for this case and on this website. If the Court approves the settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their cash payment approximately 45 days after the Settlement has been finally approved and any appeals process has expired or is complete. The payment will be made in the form of a check, unless you elect to receive payment by prepaid Mastercard, Venmo, Zelle, or PayPal, and all checks will expire and become void 180 days after they are issued.

HOW TO GET BENEFITS

9.     **How do I get a payment?**

If you are a Class Member and you want to get a payment, you **must** complete and submit a Claim Form by [**Claims Deadline**]. Claim Forms can be found and submitted by clicking here [**hyperlink**], or by printing and mailing a paper Claim Form, copies of which are available for download here [**hyperlink**].

We also encourage you to submit your claim on-line. Not only is it easier and more secure, but it is completely free and takes only minutes!

REMAINING IN THE SETTLEMENT

10.    **What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue Defendants and the Released Parties for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendants and Released Parties. You will be "releasing" the Defendants and certain of their affiliates described in Section 1.25 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims whether you submit a claim or not. The Settlement Agreement is available through the "Court Documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for

free or you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

**11.    <u>What happens if I do nothing at all?</u>**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendants or Released Parties for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

**12.    <u>Do I have a lawyer in the case?</u>**

The Court has appointed Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. and Frank Hedin of Hedin LLP to be the attorneys representing the Settlement Class. These attorneys are called Class Counsel. They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**13.    <u>How will the lawyers be paid?</u>**

Class Counsel's attorneys' fees, costs and expenses will be paid from the Settlement Fund in an amount determined and awarded by the Court. Class Counsel is entitled to seek no more than twenty-five percent of the Settlement Fund for these items, subject to Court approval.

As approved by the Court, the Class Representatives will be paid an Incentive Award from the Settlement Fund for helping to bring and settle the case. The Class Representative will seek no more than $5,000 each (for a total of $15,000) as an incentive award, but the Court may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**14.    <u>How do I get out of the Settlement?</u>**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that <u>you want to be excluded</u> from the *Hoang To et al v. DirectToU, LLC et al*, Case No. 3:24-cv-06447, settlement. Your letter or request for exclusion must also include your name, your address, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than [**objection/exclusion deadline**] to:

DirectToU Privacy Settlement
[**0000 Street**]
[**City, ST 00000**]

**15.** **If I don't exclude myself, can I sue the Defendants for the same thing later?**

No. If you don't exclude yourself, you give up any right to sue the Defendants and Released Parties for the claims being resolved by this Settlement.

**16.** **If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

OBJECTING TO THE SETTLEMENT

**17.** **How do I object to the Settlement?**

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Hoang To et al v. DirectToU, LLC et al*, Case 3:24-cv-06447, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name and address; an explanation of the basis upon which you claim to be a Settlement Class Member, including an attestation under penalty of perjury; the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection or who may profit from the pursuit of the objection; a statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court, as explained below in answer to Question Number 21); and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption and amount of payment received. If you intend to object and speak at the Final Approval Hearing (with or without a lawyer), these requirements may be excused by the Court upon a showing of good cause.

Class Counsel will file with the Court and post on this website its request for attorneys' fees no later than ==[two weeks prior to objection deadline].==

You must file the objection with the Court no later than [**objection deadline**].

**18.** **What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19.**    **When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **[time]** on **[Month 00]**, via Zoom [Zoom Webinar ID: 161 181 2513; Zoom Password: 478314]. Any changes to this date or time will be noted on the Court docket for this case and on this website.

The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys fees and expenses, and to consider the request for an incentive award to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check the Court docket and [WEB ADDRESS]. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

**20.**    **Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but you do not have to.

**21.**    **May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Hoang To et al v. DirectToU, LLC et al*" It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court no later than **[objection deadline]**. This requirement may be excused upon a showing of good cause.

## GETTING MORE INFORMATION

**22.**    **Where do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at [WEB ADDRESS]. You may also write with questions to DirectToU Privacy Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or email or call Class Counsel at [ADD EMAIL, ADD PHONE], if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.