UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN HOANG TO, et al.,

Plaintiffs,

v.

DIRECTTOU, LLC, et al.,

Defendants.

Case No. 24-cv-06447-WHO

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

Re: Dkt. No. 95

Plaintiffs Jonathan Hoang To, Jeffry Heise, and Joseph Mull and Defendants DirectToU, LLC and Alliance Entertainment, LLC have entered into a Class Action Settlement Agreement, and now seek preliminary approval of the Settlement Agreement under Fed. R. Civ. Proc. 23(e).

IT IS HEREBY ORDERED:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court, having read and considered the Settlement Agreement and having heard the parties and being fully advised on all aspects of this dispute, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement appears to be fair, reasonable, and adequate, within the range of possible approval, and

in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, arbitration, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including, for settlement purposes only, Rule 23 of the Federal Rules of Civil Procedure, (d) is not a finding or admission of liability by the Defendants or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law; and (e) nothing about Defendants' participation in settlement discussions, execution of the Settlement Agreement, and/or any actions taken and statements made in furtherance of the Settlement and/or the Settlement Agreement will be deemed a waiver of Defendants' right to compel individual arbitration should the Settlement Agreement not become Final, nor shall it be deemed a waiver of Defendants' right to compel individual arbitration of the claims of any person within the Settlement Class who excludes themselves from the Settlement in accordance with Paragraph 4.5.

## Final Approval Hearing

5. The Final Approval Hearing shall be held before this Court on January 28, 2026, at 2:00 p.m. via Zoom [Zoom Webinar ID: 161 181 2513; Zoom Password: 478314] to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6. Class Counsel shall file their motion in support of a Fee Award and Class Representative Incentive Awards (collectively "Fee Petition") at least fourteen days before the Objection/Opt-Out deadline.

**Certification of the Settlement Class**

7. For purposes of settlement only: (a) Julian Hammond, Adrian Barnes, Polina Brandler, and Ari Cherniak of HammondLaw, P.C. and Frank Hedin of Hedin LLP are appointed Class Counsel for the Settlement Class; and (b) Jonathan Hoang To, Jeffry Heise, and Joseph Mull are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Hoang To, Heise, and Mull will adequately protect the interests of the Settlement Class defined below.

8. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who reside in the United States, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2022 and the date of Preliminary Approval. Also included in the "Settlement Class" are all persons who reside in California, purchased a video or videogame from DirectToU or signed up to receive notices about videos or videogames from DirectToU, and about whom information which identified such persons as having requested or obtained specific video materials or services from Defendants may have been disclosed to a third party between August 8, 2020 and the date of Preliminary Approval.

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement appears to be fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether Defendants unlawfully disclosed to third parties Plaintiffs' and the Settlement Class's PII without consent in a manner that violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and whether Plaintiffs and the Settlement Class members are entitled to uniform statutory damages under the VPPA); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting

1  individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action. Excluded from the Class are (1) any Judge presiding over this Action and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

9. If the Settlement Agreement does not receive the Court's final approval or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification for settlement purposes shall be vacated, and the Class Representatives and the Settlement Class will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

10. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including Settlement Claim Form (the "Claim Form") attached to the Settlement Agreement (Dkt. No. 95-2) as **Exhibit A**, the notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and **Exhibits B** and **C** thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by

4

agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. The Court approves the request for the appointment of Angeion Group, LLC as Settlement Administrator of the Settlement Agreement.

12. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Submission of Claims and Requests for Exclusion from Class**

13. Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within the time specified in the Notice. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" of the Class. Any such person may do so if, on or before the Objection/ Exclusion Deadline that must be at least 60 days after the Notice Date they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

14. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the settlement, must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, his/her signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of the Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be permitted.

15. Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

16. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the Attorneys fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

17. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of no later than sixty (60) days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including an attestation under penalty of perjury; his or her signature; and all grounds for the objection; and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel)..

18. Objections must be filed with the Court.

**Further Matters**

19. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

6

20. Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. If the Settlement Agreement is not approved by the Court in complete accordance with its material terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

23. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision relating to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto (including the Released Parties), shall not be deemed or construed to be an admission by any party (including the Released Parties) of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party (including the Released Parties) and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party (including

1  the Released Parties) may elect to move the Court pursuant to the provisions of this paragraph, and
2  none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

Dated: September 22, 2025



William H. Orrick
United States District Judge