JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlawpc.com
HAMMONDLAW, P.C.
1201 Pacific Ave, 6th Floor
Tacoma, WA 98402
Tel. (310) 807-1666
Fax (310) 295-2385

FRANK S. HEDIN (SBN 291289)
fhedin@hedinllp.com
HEDIN LLP
1395 Brickell Ave, Suite 610
Miami, Florida 33131
(305) 357-2107 (Office)
(305) 200-8801 (Fax)

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

| | |
|---|---|
| **JONATHAN HOANG TO**; **JEFFRY HEISE**; and **JOSEPH MULL**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRECTTOU, LLC**, a Delaware Limited Liability Company; and **ALLIANCE ENTERTAINMENT, LLC**, a Delaware Limited Liability Company,<br><br>Defendants. | ) Case No. 3:24-CV-06447-WHO<br>)<br>) **DECLARATION OF JULIAN**<br>) **HAMMOND IN SUPPORT OF**<br>) **PLAINTIFFS' MOTION FOR**<br>) **APPROVAL OF ATTORNEYS' FEES,**<br>) **EXPENSE AWARD, AND SERVICE**<br>) **AWARDS**<br>)<br>) Judge:          Hon. William H. Orrick<br>) Courtroom:    2<br>) Hearing Date: January 28, 2026<br>) Hearing Time: 2:00 p.m.<br>)<br>)<br>)<br>) |

I, Julian Hammond, declare as follows:

1.      I am the principal of my own law firm HammondLaw, P.C. ("HammondLaw"). I am Counsel, along with Hedin Law, LLP, for the Plaintiffs and the Class in the above-captioned case. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.      I submit this declaration in support of Plaintiffs' Motion for Approval of Attorneys' Fees, Expense Award, and Service Awards.

### BENEFIT TO THE CLASS

3.      Defendant has agreed to pay $1,577,000 to settle claims of 291,128 Class Members (which includes 35,247 California Subclass Members). This represents a gross per-Class Member recovery of approximately $5.42 and net recovery of approximately $3.53. This recovery compares very favorably with the relief available to claimants in consumer actions in general and in VPPA settlements.

4.      In agreeing to prospective non-monetary relief, Defendants have agreed to modify the Meta pixel settings and have committed to not disclose customers' information, except as permitted under the VPPA and Cal. Civ. Code § 1799.3, and *to remain bound by these obligations*, unless these laws are amended, repealed, or invalidated. Defendants' agreement to cease the challenged practices will benefit all current and future consumers.

5.      Plaintiffs' counsel believes that the combined monetary and prospective relief (an important part of which has already been implemented by the Defendant) represents an excellent result for the Class (and the California Subclass) and achieves important goals of this lawsuit.

### CONTINGENT RISK

6.      Class Counsel undertook and litigated this case on a contingent fee basis, assuming a significant risk that the litigation would yield no recovery and leave us uncompensated for our many hours of work and substantial litigation expenses. Unlike attorneys who are paid on a monthly basis and have the ability to withdraw from a case if they go unpaid, Class Counsel committed to prosecuting this case despite the risk that we would neither recoup our costs nor be paid for our time.

7.      In light of the Court's order compelling Plaintiffs to individual arbitration, issued only one day after the parties negotiated the Settlement, it is clear that, absent this Settlement, class relief

1

would have been precluded. Class Members would have been required to pursue their claims in arbitration, which is a risky and cost-prohibitive process, which few, if any, would have proceeded with and from which they risked recovering nothing. Plaintiffs' counsel considers this Settlement to be overall an excellent result.

## SKILL DISPLAYED IN NEGOTIATING THE PROPOSED SETTLEMENT

8.    The Settlement in this action was reached slightly more than one year after the complaint was filed and finalized one day before Plaintiffs' claims were compelled to individual arbitration. It reflects the result of Class Counsel's diligent efforts, skill, and effective advocacy throughout the litigation and settlement process.  Plaintiffs would have recovered nothing for the class had they not acted swiftly to negotiate the proposed Settlement one day before the Court issued its order compelling individual arbitration.

9.    Additionally, there was a risk that the Court would dismiss Plaintiffs' VPPA claims by adopting the "ordinary person" standard held by the Second Circuit which requires that an ordinary person be able to identify a particular person as having viewed a particular video ordinary person in order for to plead a VPPA violation. Defendants could have contended that Plaintiffs do not plausibly allege that an ordinary person could identify a particular person through their Facebook ID and their claims should be dismissed. Defendant could have contended that the non-Meta pixel claims should also be dismissed because no one single spreadsheet contained both a particular consumer and the video title he/she purchased so an ordinary person would not be able to identify out the particular video purchased by a particular person.

10.    Plaintiffs also faced the risk of limited recovery based on provisions in Defendants' Terms of Use applicable to each of Defendants' websites that purports to limit Plaintiffs' and Class Members' recovery to the purchase price of goods purchased by each respective Class Member from Defendants; and other risks associated with class certification and trial. Instead, Defendants have agreed to pay a non-reversionary cash settlement of $1,577,000, to modify the Meta pixel settings on their websites, and to commit not disclose customers' information, except as permitted under the VPPA and Cal. Civ. Code § 1799.3, as well as *to remain bound by these obligations*, unless these laws are amended, repealed, or invalidated.

## CLASS COUNSEL'S EXPERIENCE

11.     The following paragraphs summarize the qualifications of each HammondLaw attorney who performed work on this case.

12.     I have more than twenty years of experience in commercial and complex class litigation. Having been a Barrister in Australia, representing GlaxoSmithKline in the then-largest commercial litigation in Australia's history, I transitioned my practice to California in 2010 and founded my own law firm, and has since become a leading California class action attorney.  I have obtained over $172 million for employees and consumers since 2010 in more than 110 class actions. Included among these was securing judgment in a class action against the University of San Francisco in 2020, and a successful defense of that judgment before the Court of Appeal in 2023. Also notable was a $16.5 million settlement for approximately four million consumers against Apple in relation to its automatic renewal policies. I currently represent consumers and patients in various privacy cases relating to the disclosure of information to Meta through the Pixel.

13.     I earned my bachelor's degree from the University of New South Wales, and my J.D., *summa cum laude,* from the University of Technology. I also received an LLM from New York University School of Law in 2001.

14.     **Adrian Barnes** has over 12 years of experience successfully representing consumers and employees in class-action cases. Adrian is currently pursuing litigation against a number of leading financial and healthcare companies for the unauthorized disclosure of customers' confidential financial and medical information. Adrian has represented clients before the National Labor Relations Board, the Public Employment Relations Board, and has litigated class actions to the Supreme Court. He has also obtained favorable settlements in multi-million-dollar class actions under California's wage and hour laws.

15.     Adrian earned his law degree from Columbia Law School, where he was on the editorial board of the Columbia Law Review, was a James Kent Scholar, and received the Emil Schlesinger Prize for the student most proficient in labor law. Prior to law school, Adrian earned a bachelor's degree in Rhetoric from the University of California, Berkeley, and a master's degree in English Literature from University College London.

16.    **Polina Brandler** has over 12 years of complex class action experience and a total of 15 years of legal experience, having spent the first two and a half years of her career as a judicial law clerk. Ms. Brandler has a wealth of litigation experience, having litigated over 30 class actions, and worked on every stage of litigation, from case research and investigation, pleadings and motion practice, expert discovery to depositions, through to mandatory settlement conferences and mediations, and recently successfully second chaired a class action trial against the University of San Francisco. Additionally, Ms. Brandler brings her formidable briefing skills to the table, being responsible for numerous motions and oppositions, including oppositions to motions to compel arbitration, and recent appellate briefs, in which HammondLaw was successful.

17.    Ms. Brandler received her bachelor's degree, cum laude, in 2005 from Macaulay Honors College at the City University of New York, and her J.D. from the Benjamin N. Cardozo School of Law in 2009.

18.    **Ari Cherniak** has been with HammondLaw since 2012 and has over 12 years of class action litigation experience. Mr. Cherniak assists in managing all aspects of the class action litigation at HammondLaw, including pre-filing case investigation and drafting pleadings, discovery, negotiating settlements and obtaining settlement approval, advising on compliance with applicable rules including procedural rules, local rules, standing orders, and guidelines, and ensures the smooth operation of the cases from inception through to final approval. Mr. Cherniak has been appointed along with other members of the HammondLaw Team as class counsel in over 70 class actions since 2012.

19.    Mr. Cherniak received his bachelor's degree from Towson University in 2007, and his J.D. from Tulane University Law School in 2011.

20.    **Steven Greenfield** earned his bachelor's degree from Yeshiva University in 1996, where he was valedictorian from the Sy Syms School of Business, his J.D. from the University of Pennsylvania Law School in 1999, an LLM in taxation from the New York University School of Law in 2002, and an MBA from Columbia University in 2007.  Mr. Greenfield has over seven years of legal experience, and over 20 years of professional experience. Mr. Greenfield has particular expertise in analyzing corporate structures, agreements (such as sales agreements), liability related to company sales, and insurance policies.

### CLASS COUNSEL'S LODESTAR FAR EXCEEDS THE REQUESTED FEES

21.    To achieve this excellent result, Class Counsel expended substantial effort on behalf of the Class until it ultimately yielded the proposed settlement.  My firm has devoted at least 505 hours to this case, without any guarantee of reimbursement, as follows:

| Timekeeper | Year Admitted | 2026 Rates | Hours | Lodestar |
|---|---|---|---|---|
| Julian Hammond, Principal | 2000 | $1,125.00 | 39.00 | $43,875.00 |
| Adrian Barnes, Counsel | 2007 | $940.00 | 116.80 | $109,792.00 |
| Polina Brandler, Counsel | 2010 | $910.00 | 176.50 | $160,615.00 |
| Ari Cherniak, Senior Associate | 2011 | $800.00 | 80.20 | $64,160.00 |
| Steven Greenfield, Attorney | 2000 | $660.00 | 92.60 | $61,116.00 |
| **Total** | | | **505.10** | **$439,558.00** |

22.    As stated in the declaration of Frank Hedin, my co-counsel, Hedin LLP, has devoted 1,130.7 hours to this case and the *Feller* action for a lodestar of $834,415. Our combined total lodestar is $1,273,973. This does not include the many hours Class Counsel will spend before the Settlement and approval process is concluded, including overseeing the notice process through to the end, preparing for and attending the hearing on final approval, and responding to any objections and potential appeals.

23.    Class Counsel seek an attorneys' fee award of $394,250, which is 25% of the Settlement Fund. Class Counsel's requested fee represents only 31% of their lodestar to date.

### SUMMARY OF THE WORK PERFORMED

24.    This section summarizes the work performed by my firm during different stages of the litigation, the hours spent on that work, and the resulting lodestar.

25.    **Initial Investigation / Pleadings:** Prior to filing the *Hoang To* Complaint, my firm conducted extensive independent investigation into the factual and legal basis of this lawsuit. Specifically, my firm analyzed Defendant's websites (www.deepdiscount.com, www.ccvideo.com, www.moviesunlimited.com) for presence of tracking tools, reviewed the steps consumers were required to take to sign up for an account with Defendants and/or make purchases, as well as other information available on Defendants' websites.  We also reviewed information provided by Plaintiff Hoang To about his purchases and reviewed changes to DirecToU's website over time including changes to Defendant's Terms of Use and Privacy Policy and changes to how the Facebook/Meta Pixel was configured throughout the relevant period, by reviewing historic versions of the website available on the internet archive known as the "Wayback Machine."  We analyzed dozens of orders on motions to dismiss and

summary judgment motions in VPPA cases both in and outside this district. We subsequently retained an expert to confirm our findings concerning the presence of tracking tools on DirectToU's website and the configuration of the tracking tools. The expert also prepared HAR files that evidenced the sharing of Defendant's customers' DVD and Blu-ray purchase data with Meta.

26. We then drafted a detailed 20-page Complaint alleging, on behalf of Plaintiff Hoang To and a putative class of California consumers, that DirectToU violated the VPPA and Cal. Business & Professions Code § 17200 et seq. ("UCL") by disclosing its customers' personally identifying information ("PII") through the Meta pixel. After DirectToU removed the case to this Court on September 12, 2024, Plaintiff Hoang To drafted and filed a detailed 23-page First Amended Complaint which added a putative nationwide class with a California subclass.

27. The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 2.10 | $2,362.50 |
| Polina Brandler | $910.00 | 2.40 | $2,184.00 |
| Ari Cherniak | $800.00 | 5.60 | $4,480.00 |
| Steven Greenfield | $660.00 | 29.80 | $19,668.00 |
| **TOTAL** | | **39.90** | **28,694.50** |

28. **First Class Action Settlement**: Following the filing of the initial Complaint, the parties began to engage in settlement discussions. Plaintiff obtained key information and data as part of informal discovery, including the size of the national Class and the California subclass, information about when the pixel was first installed on Defendant's websites. The parties exchanged a number of offers and counteroffers that included both monetary relief and the terms of prospective relief before reaching an agreement in principle. The Parties continued to negotiate and resolve numerous details associated with finalizing the Settlement, including the Notice Plan, the appropriate allocation of the Settlement Fund among Class Members, the claims process, and the distribution plan. On October 23, 2024, the Parties executed the first Class Action Settlement Agreement.

29. Plaintiff Hoang To then drafted a Second Amended Complaint, a detailed 31-page motion for preliminary approval of the class action settlement, and supporting declarations, which were filed with the Court along with the Settlement Agreement on November 4, 2024. The *Feller* plaintiffs opposed

that Motion on November 18, 2024, and Plaintiff Hoang To filed a Reply on November 25, 2024. Plaintiff Hoang To's Counsel attended a hearing on December 16, 2024, after which the Court denied preliminary approval without prejudice.

30.     The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 13.70 | $15,412.50 |
| Adrian Barnes | $940.00 | 88.20 | $82,908.00 |
| Polina Brandler | $910.00 | 61.90 | $56,329.00 |
| Ari Cherniak | $800.00 | 18.50 | $14,800.00 |
| Steven Greenfield | $660.00 | 27.20 | $17,952.00 |
| **TOTAL** | | **209.50** | **$187,401.50** |

31.     **Motion to Intervene and to Dismiss, Stay, or Transfer**: In October 2024, Counsel for Plaintiffs in *Feller, et al. v. Alliance Entertainment, LLC, et al.*, No. 24-cv-61444-RAR (S.D. Fla.) ("*Feller* Plaintiffs"). conferred with my firm regarding its intention to file a Motion to Intervene, which they did on October 28, 2024. Plaintiff Hoang To drafted a detailed opposition to that motion, which was filed on November 12, 2024, reviewed Defendants' opposition (which was also filed on November 12) and prepared for and attended the motion hearing on December 16, 2024 (concurrently with the hearing on Plaintiff's motion for preliminary approval). The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 3.50 | $3,937.50 |
| Adrian Barnes | $940.00 | 27.70 | $26,038.00 |
| Polina Brandler | $910.00 | 16.80 | $15,288.00 |
| Ari Cherniak | $800.00 | 2.10 | $1,680.00 |
| Steven Greenfield | $660.00 | 10.70 | $7,062.00 |
| **TOTAL** | | **60.80** | **$54,005.50** |

32.     **Discovery**: In the Court's Order denying preliminary approval without prejudice, the Court advised the parties to submit "a renewed motion for preliminary approval that provides a reasoned valuation for the non-Meta pixel claims". Accordingly, Plaintiff Hoang To met and conferred with Defendant regarding discovery necessary to value the disclosure of Class Members PII to non-Meta data

brokers. Defendant produced confidential informal discovery relevant to the data brokerage claims, which revealed that Defendants maintained spreadsheets with consumer data that data brokers could access, but no single spreadsheet contained information that could be used to match a particular consumer to the video title he/she purchased.  Plaintiff Hoang To then drafted and filed an administrative motion opening formal discovery so he could create a more robust record for settlement. Plaintiff Hoang To drafted document subpoenas to third-party data brokers, and sent out preservation letters out to Meta and other third-party data brokers. The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 3.60 | $4,050.00 |
| Polina Brandler | $910.00 | 15.60 | $14,196.00 |
| Ari Cherniak | $800.00 | 8.90 | $7,120.00 |
| Steven Greenfield | $660.00 | 16.60 | $10,596.00 |
| **TOTAL** | | **44.70** | **$36,322.00** |

33.    **Motion to Dismiss / Third Amended Complaint/ Motion for Lead Counsel**: On January 27, 2025, after settlement negotiations broke down, Defendants filed a Motion to Dismiss, Transfer, or Stay Under the First to File Rule, which sought to stay or dismiss the Hoang To action while the *Feller* action was litigated in Florida. On February 7, 2025, Plaintiffs filed the operative Third Amended Complaint, adding two of three *Feller* plaintiffs as named plaintiffs in this case, adding Alliance Entertainment, LLC (a defendant in the *Feller* Action along with DirectToU) as a named Defendant, and added additional factual allegations in support of the existing causes of action. Promptly following the filing of the Third Amended Complaint, the *Feller* plaintiffs filed a notice of dismissal in the *Feller* Action. The Third Amended Complaint, and the dismissal the *Feller* Action, rendered the Motion to Dismiss or Stay moot, and on February 11, 2025, Defendants withdrew that Motion.

34.    After counsel for Plaintiff Hoang to and the *Feller* Plaintiffs agreed to jointly prosecute this litigation on behalf of the proposed Classes, and dismissed the *Feller* Action, on March 3, 2025, Class Counsel filed a Motion for Appointment of Interim Co-Lead Counsel. Defendants opposed that Motion on March 17, 2025, and Plaintiffs filed a Reply on March 24, 2025. On June 13, 2025, the Court denied the Motion for Appointment of Interim Co-Lead Counsel.

35.    The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 2.10 | $2,362.50 |
| Polina Brandler | $910.00 | 6.80 | $6,188.00 |
| Ari Cherniak | $800.00 | 10.10 | $8,080.00 |
| TOTAL | | 19.00 | $16,630.50 |

36.    **Motion to Compel Arbitration**: On March 10, 2025, in response to Plaintiffs' Third Amended Complaint, Defendants filed a motion to compel Plaintiffs to individual arbitration. On April 7, 2025, Plaintiffs filed their 25-page opposition to the motion, along with supporting declarations and hundreds of pages of supporting evidence. On April 28, 2025, Defendants filed a reply. Following full briefing, the Court held a hearing on June 4, 2025. On June 13, 2025, the Court granted the Motion to Compel Arbitration (and at the same time it denied the Motion for Appointment of Interim Co-Lead Counsel). The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 7.70 | $8,662.50 |
| Polina Brandler | $910.00 | 35.30 | $32,123.00 |
| Ari Cherniak | $800.00 | 23.80 | $19,040.00 |
| Steven Greenfield | $660.00 | 8.30 | $5,478.00 |
| TOTAL | | 75.10 | $65,303.50 |

37.    **Second Class Action Settlement**: Based on the Court's questions and statements made during the June 4 hearing on Defendants' Motion to Compel Arbitration, Plaintiffs' counsel believed the Court was likely to grant the motion, and re-engaged with Defendants to explore a potential settlement. After further discussions over the following week, the parties reached an agreement on all material terms. On June 13, 2025, as stated above, the Court issued an Order granting Defendants' motion to compel arbitration, after which the parties executed the second Settlement Agreement.

38.    Plaintiffs' Counsel drafted a detailed second motion for preliminary approval, which the Court granted on September 22, 2025. Plaintiffs' Counsel then filed an administrative motion to increase the administrative costs of the settlement, which the Court granted, and then oversaw the notice and claims process.

39.    The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 3.50 | $3,937.50 |
| Polina Brandler | $910.00 | 19.30 | $17,563.50 |
| Ari Cherniak | $800.00 | 8.00 | $6,400.00 |
| **TOTAL** | | **30.80** | **$27,900.50** |

40.    **Work Not Captured In Other Categories**: My firm also spent time meeting and conferring with Defendants regarding the case schedule, conferences, and preparing and filing various stipulations.  The total time spent on these tasks, broken down by timekeeper, is as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Julian Hammond | $1,125.00 | 2.80 | $3,150.00 |
| Adrian Barnes | $940.00 | 0.90 | $846.00 |
| Polina Brandler | $910.00 | 18.40 | $16,744.00 |
| Ari Cherniak | $800.00 | 3.20 | $2,560.00 |
| **TOTAL** | | **25.30** | **$23,300.00** |

41.    **Anticipated Work to Be Performed**: The work detailed above does not include all the work Class Counsel will have to perform before the case is concluded.  Class Counsel will still need to finalize the instant motion, prepare and file the motion for final approval, prepare for and attending the Final Fairness Hearing, work with the administrator and Defendants' Counsel to ensure that the monetary benefit under the settlement is delivered to the Class Members, respond to any inquiries from the Class Members during this period, and perform any other necessary work until the settlement is fully implemented.

42.    Moreover, if there any objectors, Class Counsel will have to respond to their objections and if they file appeals, then Class Counsel anticipate they will spend hundreds of additional hours defending the Settlement Agreement on appeal.

### CLASS COUNSEL'S HOURLY RATE INFORMATION

43.    HammondLaw attorneys have extensive class action and complex litigation expertise. Our attorneys have consistently won unprecedented recoveries for consumers as well as employees, obtained crucial injunctive relief, caused changes in industry standards, and even caused the California

Legislature to pass new legislation. Their extensive experience and expertise (as well as the experience and expertise of our Co-Counsel) were instrumental in securing the excellent result in this case.

44.    HammondLaw is requesting that its time on this case be compensated on a percentage-of-the-fund basis, with a lodestar-multiplier cross-check in which Plaintiffs' Counsel's fees are viewed in light of the prevailing market rates. Based on my knowledge of billing rates and practices and surveys and court decisions that I have reviewed, I believe that HammondLaw's hourly billing rates are consistent with the rates charged by comparable attorneys for similar class action work and complex litigation, including particular firms that regularly prosecute or defend large and complex consumer class actions and other complex litigation; and that the rates we charge are reasonable for attorneys of our experience, reputation, and expertise practicing complex and class action litigation.

45.    My firm's slightly lower 2025 hourly rates (including $1,045 for Julian Hammond, $880 for Adrian Barnes, $850 for Polina Brandler, $745 for Ari Cherniak, and $615 for Steven Greenfield) were implicitly approved in *Guttierez, et al. v. Environmental Systems Research Institute, Inc.,* Case No. CIVSB2300014 (San Bernardino County Superior Court) (October 24, 2025).

46.    My firm's 2024 hourly rates ($975 for Julian Hammond, $825 for Adrian Barnes, $795 for Polina Brandler, and $695 for Ari Cherniak) were expressly approved in *Fox, et al. v. Verkada, Inc.,* Case No. 23-CIV-00193 (San Mateo Cnty. Super. Ct., November 5, 2024). These 2024 rates were also deemed "reasonable" by Judge Vincent Chhabria in *Smith-Washington, et al. v. TaxAct,* Case No. 3:23-cv-00830 (N.D. Cal.) (December 30, 2024).

47.    The 2024 hourly rates for me, Mr. Barnes, Ms. Brandler, and Mr. Cherniak, were explicitly approved in *Fligsten et al. v. Musicians Institute,* Case No. 21STCV38365 (Los Angeles Cnty. Super. Ct., August 7, 2024) (approving Class Counsel's 2024 hourly rates as reasonable and within the range of market rates that attorneys with similar levels of skill, experience and reputation for handling matters of similar complexity); *Peters v. Life Pacific University*, Case No. 22STCV06988 (Los Angeles Cnty. Super. Ct., April 26, 2024); *Teraoka v. California Baptist University*, Case No. CVRI2201866 (Riverside Cnty. Super. Ct., March 21, 2024) (same); and *Cathers v. Mount Saint Mary's University*, Case No. CVRI2202995 (Los Angeles Cnty. Super. Ct., Mar. 8, 2024) (same).

**CLASS COUNSEL'S EXPENSES**

48.     HammondLaw has incurred $13,981.17 in litigation expenses in this litigation to date in connection with the prosecution of this case. We have incurred these expenses knowing that we may never be reimbursed for them, and that any potential reimbursement could take many years.

49.     The following is a summary of expenses incurred by our firm, identified by the category of expense and the amount incurred:

| Category | Total Amount |
| --- | --- |
| Court Filing and Service Fees | $1,912.01 |
| Consulting expert fees | $9,200.00 |
| Research (Pacer, Westlaw) | $2,869.16 |
| **Total** | **$13,981.17** |

50.     In my declaration in support of preliminary approval, filed on August 8, 2025, I reported that my firm had incurred $10,077.51 in costs. The reason for the $3,903.66 discrepancy is that not all of the costs incurred by my firm were included in my prior declaration due to coding and/ or categorizing errors in the software we use to track litigation costs. Due to the same errors, some of the costs that included in my prior declaration were mislabeled, e.g., some expert costs and filing costs were mislabeled as research costs.

51.     Hedin LLP has incurred $14,698.75 in costs, and Class Counsel's combined litigation costs are $28,679.92. Class Counsel are seeking only $20,000 for their costs and will not be reimbursed for the remaining $8,679.92 that they incurred.

///

**REQUESTED SERVICE AWARD**

52.    Plaintiff Hoang To has expended significant time and effort representing the Class. Mr. Hoang To searched through his records to obtain receipts from Defendants' website and to figure out how long he had an account with Facebook; carefully reviewed his retainer agreement including the list of class representative duties; promptly responded to calls and emails from my firm and assisted us as needed; reviewed and approved the pleadings in this case; reviewed and approved two long-form Settlement Agreements, and an amendment to the second Settlement Agreement; and reviewed and discussed the Court's order granting preliminary approval with his attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 6, 2026

/s/ Julian Hammond
Julian Hammond

DECL. OF JULIAN HAMMOND ISO PLAINTIFFS' MOTION FOR FEES AND COSTS - CASE NO. 3:24-CV-06447-WHO