**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JONATHAN HOANG TO**; **JEFFRY HEISE**; and **JOSEPH MULL,** individually and on behalf of all others similarly situated**,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIRECTTOU, LLC,** a Delaware Limited Liability Company; and **ALLIANCE ENTERTAINMENT, LLC**, a Delaware Limited Liability Company<br><br>Defendants. | Case No. 3:24-CV-06447-WHO<br><br><br>**REVISED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

WHEREAS, a class action is pending before the Court entitled Jonathan Hoang To, Jeffry Heise, and Joseph Mull v. DirectToU, LLC and Alliance Entertainment, LLC; and

WHEREAS, Plaintiffs Jonathan Hoang To, Jeffry Heise, and Joseph Mull and Defendants DirectToU, LLC and Alliance Entertainment, LLC have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") and the Court having read and considered the Settlement Agreement and exhibits attached thereto (ECF Nos. 95-2, 102);

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement (ECF Nos. 95-2, 102), as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement (ECF No. 109), Plaintiffs' Motion for Fee and Service Awards (ECF No. 107), together with all the exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on April 22, 2026, and the record in the Action;

WHEREAS, the Parties submitted supplemental materials in compliance with the Court's April 22, 2026 Order, and good cause appearing:

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.      The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF Nos. 95-2, 102) and order granting Preliminary Approval (ECF No. 100), including (i) direct notice to the Settlement Class via email, based on the customer list provided by Defendant, and (ii) the creation of the Settlement Website fully complied with the requirements of due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

REVISED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 3:24-CV-06447-WHO

4.      This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of an arm's length negotiation between the Parties support this finding. The Court finds that these facts demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

5.      The Court has specifically considered the factors relevant to class action settlement approval.

6.      The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

7.      Accordingly, the Settlement is hereby finally approved in all respects. Any objections to the Settlement are hereby overruled.

8.      The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

9.      This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

REVISED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 3:24-CV-06447-WHO

10. The Court has considered the supplemental declaration of the Settlement Administrator regarding opt-out requests and the revised list of opt-outs submitted pursuant to the Court's April 22, 2026 Order.  In accordance with the Court's guidance that opt-outs should be accepted where there has been substantial compliance, the Court finds that the opt-outs identified as valid, as agreed upon by both Parties, satisfy that standard and are therefore effective. The final list of valid opt-outs is approved and incorporated by reference.

11. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), and anyone asserting an interest by, through, or on behalf of them ("Releasing Parties"), from any and all actual, existing, filed, fixed, or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, and/or obligations, whether in law or in equity, accrued, direct, individual or representative, of every nature and description whatsoever, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures based on the collection of information and/or the sharing of information by DirectToU, LLC, Alliance Entertainment, LLC, Project Panther Acquisition Corporation, Alliance Entertainment Holding Corporation, and/or any direct or indirect subsidiary of Alliance Entertainment Holding Corporation with third parties, including all claims that were alleged or brought or could have been alleged or brought in the Action.

12. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are

hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

13.    The Court has also considered Plaintiffs' Motion for Fee and Service Awards, as well as the supporting memorandum of law and declarations (ECF Nos. 106-106-5, 114), and adjudges that the requested amount of attorney fees, costs, and expenses is reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.    Ten percent (10%) of attorneys' fees, in the amount of $39,425.00, shall be held back until after the Post-Distribution Accounting.

15.    The Court has also considered Plaintiffs' Motion and Memorandum of Law and supporting declarations for an incentive award to the Class Representatives, Jonathan Hoang To, Jeffry Heise, and Joseph Mull. *See* ECF Nos. 106-106-5. The Court adjudges that the payment of an incentive award in the amount of $2,500 each to Plaintiffs Hoang To, Heise, and Mull to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See Id.* Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.    All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to the Settlement Fund, to be distributed pro rata to claiming Settlement Class Members, if practicable. If such a secondary distribution would result in Settlement Class Members receiving less than $10.00, or if a secondary distribution would be otherwise infeasible (as determined by the Settlement Administrator or by mutual agreement of the Parties), any uncashed funds will revert to Electronic Privacy Information Center ("EPIC"), which the Court approves as an appropriate *cy*

REVISED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 3:24-CV-06447-WHO

*pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17.    The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18.    Post-Distribution Accounting is to be filed by December 1, 2026.

19.    The Court will hold a further status conference on December 8, 2026, at 2:00 p.m.

20.    This Court hereby enters Final Judgment.

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
Hon. William H. Orrick
United States District Judge

REVISED [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
CASE NO. 3:24-CV-06447-WHO